BEFORE THE FINANCIAL INDUSTRY REGULATORY AUTHORITY
DISPUTE RESOLUTION

In the Matter of the Arbitration Between

SHARI ACKERMAN,
JAMES AND MARY ANNE MAJERIK,
AND FERRELL BUSH

FINRA Case No. 08-01188

Claimants,

v.

MORGAN KEEGAN & Co., Inc.

Respondent

## CLAIMANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The Claimants hereby request that the Respondent, pursuant to Rule 12506, 12507, and

12509 of the Code of Arbitration Procedure, provide the following documents and

information to the Claimants no later than thirty (30) days after the date of the service of

this request.

## CLAIMANT'S REQUESTS FOR
## DOCUMENTS THAT STILL REMAIN UNPRODUCED

### REQUEST NO. 1

**All of the two page glossy advertisements for any Targeted Securities, including**

**volumes one through the most recent volume published (please see Exhibit A for an**

**example of the advertisements requested).**

> Respondent's Response:   Respondent has produced copies of advertising
> pieces for the funds at issue for the time period which Claimants held the funds.
> Beyond the foregoing, Respondent objects to this Request because it is overbroad,
> unduly burdensome and harassing in design and effect, and it seeks irrelevant
> documents and information.

**Claimant's Response and Reason to Compel:**     Respondent has **not** produced the specific documents requested, despite the fact that specific examples were attached to *Claimant's First Request for Documents*. These documents go to the heart of Claimants' claim that the Funds at issue were sold by misleading, incomplete, and deceptive sales practices, and are therefore relevant and discoverable under FINRA rule 12507. These documents are also presumptively discoverable and non-objectionable under List 7 of the 99-90 Document Production Lists.

## REQUEST NO. 2

**Copies of all materials prepared, used, or reviewed by the Financial Advisor relating to any of the mutual fund transactions in the Claimants' accounts. This request includes, but is not limited to, research reports, prospectuses, other offering documents, advertising or promotional material, including documents intended or identified as being "for internal use only."**

> Respondent's Response:     Please refer to Respondent's Rule 12506 response to List 7, Item 1 and the documents produced therewith: *For each product at issue, for the time period during which Claimants held the products, Respondent is producing herewith, or will produce, copies the of prospectuses, Statements of Additional Information, annual and semi-annual reports, advertising pieces, and published commentaries by Jim Kelsoe. Beyond the foregoing, Respondent objects to this request as vague, ambiguous, overly broad and unduly burdensome and seeking irrelevant and immaterial documents and information.*

**Claimant's Response and Reason to Compel:**     Respondent has **not** produced the specific documents requested. These documents go to the heart of Claimants' claim that the Funds at issue were sold by misleading, incomplete, and deceptive sales practices, and are therefore relevant and discoverable under FINRA rule 12507. The documents that the Financial Advisor reviewed prior to recommending these Funds are relevant and

2

important to the issues of suitability and misrepresentation. These documents are also presumptively discoverable and non-objectionable under List 7, item 1 of the 99-90 Document Production Lists.

## REQUEST NO. 3

**All Fund Updates sent to holders of the funds in dispute for Time Period (See Exhibit B for a November 7, 2007 example).**

> Respondent's Response:   Respondent has produced copies the of prospectuses, Statements of Additional Information, annual and semi-annual reports, advertising pieces, and published commentaries by Jim Kelsoe for the funds at issue for the time period which Claimants held the funds. Beyond the foregoing, Respondent objects to this request as vague, overly broad and unduly burdensome, harassing in design and effect, and seeking irrelevant and immaterial documents and information.

**Claimant's Response and Reason to Compel:**   Respondent has **not** produced the specific documents requested. These documents go to the heart of Claimants' claim that the Funds at issue were sold by misleading, incomplete, and deceptive sales practices, and are therefore relevant and discoverable under FINRA rule 12507. The documents that the Financial Advisor reviewed prior to recommending these Funds are relevant and important to the issues of suitability and misrepresentation. These documents are also presumptively discoverable and non-objectionable under List 7, item 1 of the 99-90 Document Production Lists.

## REQUEST NO. 4

**All quarterly economic analyses and commentaries issued by Morgan Keegan in 2006, 2007, and through the filing date of the Statement of Claim.**

> Respondent's Response:   Please see Respondent's response to Request No. 3: *Respondent has produced copies the of prospectuses, Statements of Additional Information, annual and semi-annual reports, advertising pieces, and published commentaries by Jim Kelsoe for the funds at issue for the time period which*

3

*Claimants held the funds. Beyond the foregoing, Respondent objects to this request as vague, overly broad and unduly burdensome, harassing in design and effect, and seeking irrelevant and immaterial documents and information.*

**Claimant's Response and Reason to Compel:**    Respondent    has    produced

shareholder meeting notes and notes from the desk of Jim Kelsoe for July, 2007 through

January 28, 2008. Respondent has **not** produced any quarterly economic analyses and

commentaries or the corresponding shareholder meeting notes or Jim Kelsoe notes for

2006. These documents are relevant, material, and important to the Claimants' case

because Claimants were induced to purchase these Bond Funds under false pretenses in

2006, and the requested documents will provide information on what Morgan Keegan

knew about the Funds that they did not disclose to Claimants.

## REQUEST NO. 5

**All "Fixed Income Research" Reports in 2006, 2007, and through the filing date of the Statement of Claim.  This request includes, but is not limited to all of Dr. Ratajczak's Weekly Commentaries and Monthly Summaries, as well for the same time period (Please see Exhibit C and Exhibit D for an example).**

> Respondent's Response:    Please see Respondent's response to Request No. 3: *Respondent has produced copies the of prospectuses, Statements of Additional Information, annual and semi-annual reports, advertising pieces, and published commentaries by Jim Kelsoe for the funds at issue for the time period which Claimants held the funds. Beyond the foregoing, Respondent objects to this request as vague, overly broad and unduly burdensome, harassing in design and effect, and seeking irrelevant and immaterial documents and information.*

**Claimant's Response and Reason to Compel:**    Respondent has **not** produced any

"Fixed Income Research" Reports for any of the requested years. These documents are

relevant, material, and important to the Claimants' case because Claimants were induced

to purchase these Bond Funds under false pretenses, and the requested documents will

provide information on what Morgan Keegan knew about the Funds that they did not disclose to Claimants. Respondent cannot claim that this Request is vague, as specific examples of the requested documents were provided in exhibits to *Claimant's Request for Production of Documents.*

## REQUEST NO. 6

**All "Morgan Keegan Equity Research Sector Review Outlook" for 2006, 2007, and through the filing date of the Statement of claim.**

> Respondent's Response:      Please see Respondent's response to Request No. 3: *Respondent has produced copies the of prospectuses, Statements of Additional Information, annual and semi-annual reports, advertising pieces, and published commentaries by Jim Kelsoe for the funds at issue for the time period which Claimants held the funds. Beyond the foregoing, Respondent objects to this request as vague, overly broad and unduly burdensome, harassing in design and effect, and seeking irrelevant and immaterial documents and information.*

**Claimant's Response and Reason to Compel:**      Respondent has **not** produced the Morgan Keegan Equity Research Sector Review Outlook Reports for any of the requested years. These documents are relevant, material, and important to the Claimants' case because Claimants were induced to purchase these Bond Funds under false pretenses, and the requested documents will provide information on what Morgan Keegan knew about the Funds that they did not disclose to Claimants.

## REQUEST NO. 7

All blog entries, for 2006, 2007, and through the filing date of the Statement of Claim for Dr. Ratajczak at http://ratajczak.wordpress.com/2005/06/ (including the ones recently deleted).

> Respondent's Response:      Please see Respondent's response to Request No. 3: *Respondent has produced copies the of prospectuses, Statements of Additional Information, annual and semi-annual reports, advertising pieces, and published commentaries by Jim Kelsoe for the funds at issue for the time period which*

*Claimants held the funds. Beyond the foregoing, Respondent objects to this request as vague, overly broad and unduly burdensome, harassing in design and effect, and seeking irrelevant and immaterial documents and information.*

**Claimant's Response and Reason to Compel:**     Respondent has **not** produced the requested blog entries by Dr. Ratajczak for any of the requested years. These documents are relevant, material, and important to the Claimants' case because Claimants were induced to purchase these Bond Funds under false pretenses, and the requested documents will provide information on what Morgan Keegan knew about the Funds that they did not disclose to Claimants. Dr. Ratajcazk's blog entries understated the risk and overstated the safety of the Fund's underlying securities, and demonstrate Morgan Keegan's misrepresentations and fraudulent sales practices. The deleted blog entries will show that Morgan Keegan tried to "cover its tracks" when the truth about the Funds came to light.

## REQUEST NO. 8

**All documents, research reports, or other published documents generated by Morgan Keegan during the period of time the Claimants maintained accounts with Morgan Keegan related to asset allocation. This includes, but is not limited to, Morgan Keegan's asset allocation model and recommendation for all classes of investment objectives.**

> Respondent's Response:     Respondent has produced copies the of [sic] prospectuses, Statements of Additional Information, annual and semi-annual reports, advertising pieces, and published commentaries by Jim Kelsoe for the funds at issue for the time period which Claimants held the funds. Respondent has produced or will produce any documents relating to asset allocation that were actually sent to Claimants during the period at issue and can be located in the branch file for Claimants. Beyond the foregoing, Respondent objects to this request as overly broad and unduly burdensome, harassing in design and effect, and seeking irrelevant and immaterial documents and information.

**Claimant's Response and Reason to Compel:**   Respondent has **not** produced the requested documents. These documents are relevant, material, and important to the Claimants' case because Claimants were induced to purchase these Bond Funds under false pretenses, and the requested documents will provide information on what Morgan Keegan knew about the Funds that they did not disclose to Claimants. Respondent cannot object to the request and produce only documents "that were actually sent to Claimants during the period at issue and can be located in the branch file for Claimants." These documents were, or should have been available to the Claimants' Financial Advisor, and are relevant to the claims because they will support the Claimants' position that the Funds' asset allocations were misrepresented, the risk inherent in the Funds was understated, and the Funds were sold without fully disclosing the risks that would have been readily apparent to any of the financial professionals at Morgan Keegan who had access to or could have utilized these reports. These risks were not disclosed to the Claimants and could not have been discovered by the Claimants after reasonable inquiry. Additionally, these documents are presumably discoverable and non-objectionable under List 7 of the 99-90 Document Production Lists.

## REQUEST NO. 9

**All emails between Agent Kelsoe and David Tannehill, assistant portfolio manager at Morgan Keegan in 2006, 2007, and through the filing date of the Statement of Claim.**

Respondent's Response:   Respondent objects to this Request because it is vague, ambiguous, overbroad, unduly burdensome and harassing in design and effect and seeks irrelevant documents and information, The request is also objectionable because it seeks confidential and proprietary documents, and seeks to invade the confidential private affairs of uninvolved third parties, Finally,

Respondent objects to the extent the request seeks documents protected by the attorney client privilege and/or the work product doctrine.

**Claimant's Response and Reason to Compel:**    Respondent has **not** produced the requested documents. These documents are relevant, material, and important to the Claimants' case because Claimants were induced to purchase these Bond Funds under false pretenses, and the requested documents will provide information on what Morgan Keegan knew about the Funds that they did not disclose to Claimants. Respondent's objection that these are "confidential private affairs of uninvolved third parties" is baseless, as Jim Kelsoe was the mastermind behind the composition of the Funds, and David Tannehill helped to manage these Funds.   Both were employees of Morgan Keegan, acting within the scope of their business responsibility and duties, and any emails that reference the Funds at issue are relevant to the Claimants' case because they will prove that Morgan Keegan knew that the Funds were more risky and volatile than they disclosed to Claimants, and that there was a consistent pattern of fraud and misrepresentation at the highest executive levels of Morgan Keegan- a pattern that was unknown to and undiscoverable by the Claimants.

## REQUEST NO. 10

**All emails between Agent Kelsoe and Gary Stringer (CRD number 2917717) between February 1, 2007 through July 30, 2007.**

Respondent's Response:    Respondent objects to this Request because it is vague, ambiguous, overbroad, unduly burdensome and harassing in design and effect and seeks irrelevant documents and information. The request is also objectionable because it seeks confidential and proprietary documents, and seeks to invade the confidential private affairs of uninvolved third parties. Finally, Respondent objects to the extent the request seeks documents protected by the attorney client privilege and/or the work product doctrine.

**Claimant's Response and Reason to Compel:**       Respondent has **not** produced the requested documents. These documents are relevant, material, and important to the Claimants' case because Claimants were induced to purchase these Bond Funds under false pretenses, and the requested documents will provide information on what Morgan Keegan knew about the Funds that they did not disclose to Claimants. Respondent's objection that these are "confidential private affairs of uninvolved third parties" is baseless, as Jim Kelsoe was the mastermind behind the composition of the Funds, and Gary Stringer had knowledge of the Funds that is important to Claimants' claim.  Both were employees of Morgan Keegan, acting within the scope of their business responsibility and duties, and any emails that reference the Funds at issue are relevant to the Claimants' case because they will prove that Morgan Keegan knew that the Funds were more risky and volatile than they disclosed to Claimants, and that there was a consistent pattern of fraud and misrepresentation at the highest executive levels of Morgan Keegan- a pattern that was unknown to and undiscoverable by the Claimants.

## REQUEST NO. 18

**Copies of all emails sent from the Financial Advisor and/or any other employees of Morgan Keegan to the Claimant(s) or emails from the Claimant(s) to the Financial Advisor or any other employees of Morgan Keegan.  If these emails were not retained, please state so.**

> Respondent's Response:       Please refer to Respondent's Rule 12506 response to List 1, Item 5 and the documents produced therewith: *Respondent has produced or will be producing correspondence relating to the accounts at issue between Claimants and Richard Stevens, C.O. Paugh and Dean Paugh to the extent it exists and can be located. If Claimants corresponded about their RMK Fund investments with Morgan Keegan employees other than Richard Stevens, C. O. Paugh and Dean Paugh, please identify the persons, and Respondent will search for additional correspondence responsive to this request.* In addition, Respondent

requests Claimants' cooperation in responding to this request by asking Claimants to provide it with a list of all email addresses from or to which mails may have been sent.

**Claimant's Response and Reason to Compel:**   Claimants will provide Respondent with a list of email addresses in effect during the relevant time periods and, if applicable, a list of relevant Morgan Keegan Employees who were corresponded with. Claimants expect Respondent to produce the requested documents within a reasonable time after this information has been provided. However, as of this time, Respondent has produced no documents relevant to this request.

## REQUEST NO. 19

**All notes made by any of Morgan Keegan's employees, including the Financial Advisor (or any others acting on the Financial Advisor's behalf) including entries in any diary or calendar referencing the Claimant(s) or the Claimants' accounts in any manner.**

Respondent's Response:   Please refer to Respondent's Rule 12506 response to List 1, Item 6 and the documents produced therewith: *Respondent agrees to produce any nonprivileged notes relating to the accounts at issue, including diary or calendar entries, made by Richard Stevens, C. O. Paugh and Dean Paugh to the extent they exist and can be located.*

**Claimant's Response and Reason to Compel:**   Respondent has provided Broker's notes, but has not provided any diaries or calendars. These documents are presumptively discoverable and non-objectionable under List 1, number 6 of the 99-90 Document Production Lists.

## REQUEST NO. 20

**All recordings and notes that were made by the Financial Advisor and/or any other employees of Morgan Keegan of telephone calls or conversations with the**

10

Claimant(s). This includes, but is not limited to, all notes made by the Financial Advisor's supervisor.

> Respondent's Response: Please refer to Respondent's Rule 12506 response to List 1, Item 7 and the documents produced therewith: *Respondent agrees to produce nonprivileged recordings and notes of telephone calls or conversations about the accounts at issue between the Claimants and Richard Stevens, C. O. Paugh and Dean Paugh to the extent they exist and can be located. If Claimants had telephone calls or conversations about their RMK Fund investments with Morgan Keegan other than Richard Stevens, C. O. Paugh and Dean Paugh, please identify the persons, and Respondent will search for additional recordings or notes.*

**Claimant's Response and Reason to Compel:** Claimants will provide Respondent with a list of telephone numbers in effect during the relevant time periods and, if applicable, a list of relevant Morgan Keegan Employees who were corresponded with. Claimants expect Respondent to produce the requested documents within a reasonable time after this information has been provided. However, as of this time, Respondent has produced no documents relevant to this request.

## REQUEST NO. 23

**All sections of any Morgan Keegan mutual fund manual(s) that were in effect during the Time Period.**

> Respondent's Response: Please refer to Respondent's Rule 12506 response to List 1, Item 9 and the documents produced therewith: *Respondent objects to the production of any responsive documents without a Confidentiality Agreement inasmuch as such documents are confidential and proprietary; however, upon execution of a mutually agreeable Confidentiality Agreement, Respondent will provide the table of contents to the Compliance Manual and Written Supervisory Procedures which were in use from September 2002 to April 2008 to the extent such documents exist, are in Respondent's possession, custody and control and could be located after reasonable efforts. After Claimants identify those sections which they believe to be related to the claims alleged in the Statement of Claim, Morgan Keegan will either produce the requested sections or notify Claimants of any sections which it objects to providing. A proposed Confidentiality Agreement is enclosed herewith for Claimants' review. Respondent otherwise objects to this request to the extent it seeks indexes, bulletins, notices and broad categories of*

11

*manuals as such a request is overbroad, vague, ambiguous and unduly burdensome in scope and seeks irrelevant documents that are proprietary in nature.*

**Claimant's Response and Reason to Compel:**   Respondent   has   produced

compliance manuals in effect during the relevant time periods. However, Respondent has

**not** produced any Fund-specific manuals, indexes, bulletins, or notices regarding the

funds.  These documents are relevant to the Claimants' claim because the documents in

questions were or could have been used by the Financial Advisors and/or Morgan Keegan

personnel in their assessment and/or recommendation of these funds to clients.  These

documents contained information unknown and undiscoverable to the Claimants, that if

they had had access to, would have led them to not invest in the Funds at issue.

## REQUEST NO. 27

**The Financial Advisor's full and complete monthly commission runs for the months**

**the Claimants maintained accounts at Morgan Keegan.  Client names, other than**

**that of the Claimants, but not their account numbers, may be redacted.  If it is**

**asserted that Morgan Keegan does not have "commission runs" as that term is used**

**in the industry, then please identify the names of the documents that list the**

**Financial Advisor's commissions and fees by account number for all of the**

**Financial Advisor's clients at Morgan Keegan on a month by month basis, and**

**produce those documents.**

<u>Respondent's Response:</u>    Please refer to Respondent's Rule 12506 response to List 5, Item 1 and the documents produced therewith: *Respondent will produce documents sufficient to reflect commissions and/or compensation generated by the transactions at issue subject to the execution of a mutually agreeable confidentiality agreement (a proposed version of which is enclosed herewith). Respondent otherwise objects to this Request as overbroad,*

12

*unduly burdensome, unlimited with respect to a time period, and seeking a host of irrelevant documents and information.*

**Claimant's Response and Reason to Compel:**    Respondent has **not** produced the requested documents. These documents are important to the Claimants' claim of suitability because these documents will show that the Financial Advisor was more interested in pushing the Morgan Keegan proprietary funds to receive additional compensation from Morgan Keegan than he was in providing a suitable investment tailored to each Claimants' individual needs.

## REQUEST NO. 30

**All Forms RE-3, U-4, and U-5, including all amendments, all customer complaints identified in such forms, and all client complaints against the Financial Advisor handling the Claimants' accounts.**

> Respondent's Response:    Please refer to Respondent's Rule 12506 response to List 1, Item 8 and the documents produced therewith: *Respondent has produced or will be producing all Forms U-4, U-5 and RE-3, including all amendments, for Richard Stevens, C. O. Paugh and Dean Paugh during the time of their association with Morgan Keegan to the extent such documents exist, are in Respondent's possession, custody and control and could be located after reasonable efforts. Respondent otherwise objects to this request inasmuch as it is overly broad and seeks irrelevant and immaterial documents and information that would unnecessarily invade the private financial lives of third parties to this proceeding and would necessarily spawn expensive and time consuming mini-trials of collateral issues to this proceeding. Further, Respondent objects that the term "customer complaints of a similar nature" is vague and ambiguous. Notwithstanding said objections, Respondent will produce written letters of complaint or Statements of Claim, if any, which are identified in Richard Stevens, C. O. Paugh and Dean Paugh's Form U-4 and also allege similar conduct in connection with the investments at issue in this matter. Any identifying information with respect to other customers will be redacted.*

**Claimant's Response and Reason to Compel:**    Respondent has provided redacted documents, and Claimant objects to the redactions. These documents are presumptively

discoverable and non-objectionable under List 1, item 8 of the 99-90 Document Production Lists. The 99-90 lists do not provide for redactions; instead the list specifically provides: "**All** forms...including **all** amendments, and **all** customer complaints of a similar nature..." [emphasis added]. Respondent should therefore be directed to produce unredacted versions of the documents.

## REQUEST NO. 31

**The entire personnel file of the Financial Advisor. This request includes, but is not limited to, all customer complaints (regardless of whether it rose to a disclosable level or not), whether written or verbal, made in any fashion against the Financial Advisor two years prior to the Claimants opening an account through the filing date of the Statement of Claim.**

> <u>Respondent's Response:</u>      Respondent is producing herewith Forms RE-3, U-4 and U-5 (and all amendments) for Richard Stevens, Dean Paugh, and C. O. Paugh, the Financial Advisors assigned to Claimants' accounts during the time of their association with Respondent, that exist and could be located. To the extent they exist, Respondent will also produce non-privileged portions of Richard Stevens, Dean Paugh and C. O. Paugh's personnel files that pertain to Claimants or to Claimants' accounts. Beyond the foregoing, Respondent objects to this request on the grounds that it is overbroad, vague and ambiguous, seeks documents that are not relevant to this dispute and that are confidential and proprietary in nature, and is beyond the scope of document production contemplated by the Discovery Guide.

**Claimant's Response and Reason to Compel:** Respondent has not produced any documents in connection with this request that are not also responsive to Request 30. Respondent should be directed to produce such documents, if they exist, because these documents go directly to the Claimants' allegations of unsuitability, lack of supervision, and wrongdoing.

### REQUEST NO. 32

**Records of any disciplinary action ever taken against the Financial Advisor and the Financial Advisor's supervisors by any regulator or employer.**

> Respondent's Response:        Please refer to Respondent's Rule 12506 response to List 1, Item 12; *Respondent objects to this request inasmuch as it is overly broad and seeks irrelevant and immaterial documents and information that would unnecessarily invade the private financial lives of third parties to this proceeding and would necessarily spawn expensive and time consuming mini-trials of collateral issues to this proceeding. Notwithstanding said objections, Respondent states that to date, no such records have been located for Richard Stevens, C.O. Paugh and Dean Paugh after a good faith search.*

**Claimant's Response and Reason to Compel:** Respondent has **not** produced any documents in connection with this request. Respondent should be directed to produce such documents, if they exist, because these documents go directly to the Claimants' allegations of unsuitability, lack of supervision, and wrongdoing. Respondent's claim that this request "would unnecessarily invade the private financial lives of third parties" makes no sense in this conduct, as Claimant is simply trying to find out if the Financial Advisors in this case have had a history of similar complaints, which will help establish a pattern of wrongdoing. Providing such documents most certainly will not "spawn expensive and time consuming mini-trials of collateral issues to this proceeding," because any documents that show that the Financial Advisor has been

sanctioned or disciplined by the employer will provide proof of the Claimants'

allegations of unsuitability and broker misconduct as an agent of Morgan Keegan.

**REQUEST NO. 37**

**Any and all copies of the Financial Advisor's electronic calendar and contact**

**software, which reference the Claimant(s) of any of the Claimants' accounts.**

> Respondent's Response:    Please refer to Respondent's Rule 12506 response to
> List 1, Item 6 and the documents produced therewith: *Respondent agrees to*
> *produce any nonprivileged notes relating to the accounts at issue, including*
> *diary or calendar entries, made by Richard Stevens, C. O. Paugh and Dean*
> *Paugh to the extent they exist and can be located.*

**Claimant's Response and Reason to Compel:**    Respondent has provided Broker's

notes, but has **not** provided any diaries or calendars. These documents are presumptively

discoverable and non-objectionable under List 1, number 6 of the 99-90 Document

Production Lists.

**REQUEST NO. 42**

**All revenue sharing agreements between the fund company and Morgan Keegan.**

> Respondent's Response:    Respondent objects to this Request because it seeks
> documents that have no relevance to the claims at issue and because it is
> overbroad, unduly burdensome, and harassing in design and effect. This Request
> also seeks to invade the confidential private affairs of uninvolved third parties.

**Claimant's Response and Reason to Compel:**    Respondent has **not** produced any

documents responsive to this request. These documents are relevant because they will

provide proof to support Claimants' position that Morgan Keegan did not provide

adequate disclosure to the Claimants and actively misled them because Morgan Keegan

wanted to maximize its returns at the Claimants' expense. The documents requested will

also show that the true nature and overall risk of the Funds' investments were known to

Morgan Keegan but not adequately disclosed to Claimants.

**REQUEST NO. 43**

**Agent Kelsoe's compensation agreement for years 2001 through 2008. The Claimants and counsel are willing to sign a confidentiality agreement for the utilization of these documents exclusively for FINRA arbitration actions.**

> Respondent's Response:    Respondent objects to this request on the grounds that it is neither relevant nor likely to lead to the discovery of admissible evidence, it is an unreasonable invasion of privacy, and it is designed to harass and annoy. This Request also seeks to invade the confidential private affairs of uninvolved third parties.

**Claimant's Response and Reason to Compel:**    Respondent has **not** produced any documents responsive to this request. These documents will provide proof that Mr. Kelsoe, as the Fund Manager and agent of Morgan Keegan failed to disclose or actively misrepresented the risk and nature of investment in the Funds so that he could maximize his own financial gain, at the Claimants' expense. These documents provide strong evidence that Respondents' agents were acting in their own best interest, and not in the best interests of their clients, which is evidence of a breach of fiduciary duty.

**REQUEST NO. 52**

**All documents evidencing the date the Securities and Exchange Commission first contacted anyone at Morgan Keegan regarding any issues related to the firm's proprietary mutual funds.**

> Respondent's Response:    Respondent objects to this Request because it is overbroad, unduly burdensome and harassing in design and effect and seeks irrelevant information. The request is also objectionable because it seeks confidential and proprietary information. Finally, Respondent objects to the extent the request seeks documents protected by the attorney client privilege and/or the work product doctrine.

**Claimant's Response and Reason to Compel:**    Respondent has **not** provided any documents responsive to this request. The SEC, as the enforcement branch of FINRA,

has investigated Morgan Keegan in connection with the sale of the Funds at issue. The documents requested will help demonstrate a timeline when the problems surrounding the Funds became more widely-known, and will show that the Claimants could have had no way of unraveling the deceptions of Morgan Keegan or seeing through the misrepresentations that were made to them by Morgan Keegan and its agents.

## REQUEST NO. 53

**Produce all documents sent by any regulator to Morgan Keegan or sent by Morgan Keegan to any regulator concerning the firm's proprietary mutual funds between January 1, 2006 through the filing date of the Statement of Claim.**

> <u>Respondent's Response:</u>    Respondent objects to this Request because it is vague, ambiguous, overbroad, unduly burdensome and harassing in design and effect and seeks irrelevant documents and information. The request is also objectionable because it seeks confidential and proprietary documents, and seeks to invade the confidential private affairs of uninvolved third parties. Finally, Respondent objects to the extent the request seeks documents protected by the attorney client privilege and/or the work product doctrine.

<u>**Claimant's Response and Reason to Compel:**</u>    Respondent has **not** provided any documents responsive to this request. The SEC, as the enforcement branch of FINRA, has investigated Morgan Keegan in connection with the sale of the Funds at issue. The documents requested will demonstrate how that regulatory body's investigation of the problems surrounding the Funds came as a result of a massive wave of complaints and claims of wrongdoing by thousands of aggrieved investors.  Claimants are not the only investors affected by Morgan Keegan's deceptions, and the documents requested will show that the Claimants could have had no way of unraveling the deceptions of Morgan Keegan or seeing through the misrepresentations that were made to them by Morgan Keegan and its agents.

**REQUEST NO. 55**

**All documents entitled *Basic Fixed Income Overview & Internal Guidelines.***

> Respondent's Response:      Please refer to Respondent's Rule 12506 response to
> List 1, Item 9 and the documents produced therewith: *Respondent objects to the*
> *production of any responsive documents without a Confidentiality Agreement*
> *inasmuch as such documents are confidential and proprietary; however, upon*
> *execution of a mutually agreeable Confidentiality Agreement, Respondent will*
> *provide the table of contents to the Compliance Manual and Written*
> *Supervisory Procedures which were in use from September 2002 to April 2008*
> *to the extent such documents exist, are in Respondent's possession, custody*
> *and control and could be located after reasonable efforts. After Claimants*
> *identify those sections which they believe to be related to the claims alleged in*
> *the Statement of Claim, Morgan Keegan will either produce the requested*
> *sections or notify Claimants of any sections which it objects to providing. A*
> *proposed Confidentiality Agreement is enclosed herewith for Claimants'*
> *review. Respondent otherwise objects to this request to the extent it seeks*
> *indexes, bulletins, notices and broad categories of manuals as such a request*
> *is overbroad, vague, ambiguous and unduly burdensome in scope and seeks*
> *irrelevant documents that are proprietary in nature.*

**Claimant's Response and Reason to Compel:**      Respondent has **not** provided any

documents responsive to this request. The documents requested are specific and asked for

by name; they do not fall into the "indexes, bulletins, notices and broad categories of

manuals" objected to by Respondent. The documents in question will show the

internal guidelines that are required for Claimants to prove their claims of lack of

supervision and breach of fiduciary duty, and are therefore relevant and material.

**REQUEST NO. 60**

**All required forms under Section 16(a) of the Securities Exchange Act of 1934,**

**including, but not limited to Forms 3, 4 and 5 for Agent Kelsoe related to his**

**beneficial ownership in the Morgan Keegan mutual funds.   This request**

**encompasses both his original submission and the late/modified ones filed by Agent**

**Kelsoe as discussed in the May 2008 Notice and Proxy Statement.**

> Respondent's Response:      Respondent objects to this Request because it is
> vague, ambiguous, overbroad, unduly burdensome and harassing in design and
> effect and seeks irrelevant documents and information. The request is also
> objectionable because it seeks to invade the confidential private affairs of
> uninvolved third parties.

**Claimant's Response and Reason to Compel:**      Respondent has **not** provided any

documents responsive to this request. These documents will provide proof that Mr.

Kelsoe, as the Fund Manager and agent of Morgan Keegan failed to disclose or actively

misrepresented the risk and nature of investment in the Funds so that he could maximize

his own financial gain, at the Claimants' expense. These documents provide strong

evidence that Respondents' agents were acting in their own best interest, and not in the

best interests of their clients, which is evidence of a breach of fiduciary duty. These

documents were also referenced in public documents, but the exact documents were

never disclosed.   These documents will show that Morgan Keegan knew about the

problems and risks involved in the Funds and its agents took steps to reduce or eliminate

their personal positions in the Funds while leaving their clients to suffer vast losses,

which is a grievous breach of fiduciary duty, as alleged by Claimants.

## REQUEST NO. 61

**All documents related to the pricing valuation of the holdings in the funds**
**purchased by the Claimants.**

> Respondent's Response:      Please refer to Respondent's Rule 12506 response to
> List 7, Item 1 and the documents produced therewith: *For each product at issue,*
> *for the time period during which Claimants held the products, Respondent is*
> *producing herewith, or will produce, copies the of prospectuses, Statements of*
> *Additional Information, annual and semi-annual reports, advertising pieces,*
> *and published commentaries by Jim Kelsoe. Beyond the foregoing, Respondent*
> *objects to this request as vague, ambiguous, overly  broad and unduly*
> *burdensome and seeking irrelevant and immaterial documents and*
> *information.* Respondent otherwise objects to this request because it is overbroad,
> unduly burdensome and is harassing in design and effect. The request is also

objectionable on the basis that it seeks confidential and proprietary documents and potentially seeks documents protected by the attorney-client privilege and/or the work product doctrine.

**Claimant's Response and Reason to Compel:**      Respondent has **not** provided any

documents responsive to this request. Documents relating to the pricing valuation of the

Funds are crucial to the Claimants' case. These documents will show that the valuation of

the funds was well outside any reasonable estimate of value and that the Funds were in no

way valued or priced correctly.  Claimants would have had no way to place the correct

valuation on their Funds and assess the risk they were taking, while these documents

were readily available to Morgan Keegan, and the faulty valuation provided inducement

for the Claimants to buy the Funds.  These documents are the heart of the Claimants'

misrepresentation case because the deliberate over-valuation of the Funds was a reason

that the Claimants purchased the Funds. Morgan Keegan knew that the Funds were worth

less than they were valued at, and did not disclose this to the Claimants, resulting in

fraud.

## REQUEST NO. 62

**All notes and recordings related to meetings of the Morgan Asset Management Advisor Valuation Committee.**

> Respondent's Response:      Respondent objects to this request because it is overbroad, unduly burdensome and is harassing in design and effect. The request is also objectionable on the basis that it seeks confidential and proprietary documents and potentially seeks documents protected by the attorney-client privilege and/or the work product doctrine. Finally, Respondent objects to this request because it seeks to invade the confidential private affairs of uninvolved third parties.

**Claimant's Response and Reason to Compel:**      Respondent has **not** provided any

documents responsive to this request. Documents relating to the pricing valuation of the

Funds are crucial to the Claimants' case. These documents will show that the valuation of

the funds was well outside any reasonable estimate of value and that the Funds were in no

way valued or priced correctly.  Claimants would have had no way to place the correct

valuation on their Funds and assess the risk they were taking, while these documents

were readily available to Morgan Keegan, and the faulty valuation provided inducement

for the Claimants to buy the Funds.  These documents are the heart of the Claimants'

misrepresentation case because the deliberate over-valuation of the Funds was a reason

that the Claimants purchased the Funds. Morgan Keegan knew that the Funds were worth

less than they were valued at, and did not disclose this to the Claimants, resulting in

fraud.

## REQUEST NO. 63

**All emails between Agent Kelsoe and any member of the Morgan Asset
Management Advisor Valuation Committee.**

> Respondent's Response:      Respondent objects to this request because it is
> overbroad, unduly burdensome and is harassing in design and effect. The request
> is also objectionable on the basis that it seeks confidential and proprietary
> documents and potentially seeks documents protected by the attorney-client
> privilege and/or the work product doctrine. Finally, Respondent objects to this
> request because it seeks to invade the confidential private affairs of uninvolved
> third parties.

**Claimant's Response and Reason to Compel:**      Respondent has **not** provided any

documents responsive to this request. Documents relating to the pricing valuation of the

Funds are crucial to the Claimants' case. These documents will show that the valuation of

the funds was well outside any reasonable estimate of value and that the Funds were in no

way valued or priced correctly, and this fact was known to and not disclosed by the Fund

manager. Claimants would have had no way to place the correct valuation on their Funds

and assess the risk they were taking, while these documents were readily available to
Morgan Keegan, and the faulty valuation provided inducement for the Claimants to buy
the Funds. These documents are the heart of the Claimants' misrepresentation case
because the deliberate over-valuation of the Funds was a reason that the Claimants
purchased the Funds. Morgan Keegan knew that the Funds were worth less than they
were valued at, and did not disclose this to the Claimants, resulting in fraud. Kelsoe is not
an "uninvolved third party," as he was the Morgan Keegan employee in charge of
managing the Funds at issue, and his conduct is both relevant and important to the
Claimants' case against Morgan Keegan.

## REQUEST NO. 64

All emails from Michael Gibbs, Managing Director at Morgan Keegan, to the Financial
Advisors during 2007 and 2008 that reference Morgan Keegan fixed income funds.

> Respondent's Response:    Respondent objects to this request because it is
> overbroad, unduly burdensome, seeks irrelevant documents and information and
> is harassing in design and effect. The request is also objectionable on the basis
> that it seeks confidential and proprietary documents and potentially socks
> documents protected by the attorney-client privilege and/or the work product
> doctrine, Finally, Respondent objects to this request because it seeks to invade the
> confidential private affairs of uninvolved third parties.

**Claimant's Response and Reason to Compel:**    Respondent has **not** provided any
documents responsive to this request. Internal emails from the Managing Director of
Morgan Keegan to the financial advisors at Morgan Keegan will show that, despite
higher executive's knowledge of the risk and overvaluation of the Morgan Keegan Funds,
this information was not shared with or disclosed to the Financial Advisors. These
documents will also prove that, despite strong evidence that the Funds were going to lose
a lot of money and ultimately collapse, the Financial Advisors were still being told to sell

23

them to their clients. These documents demonstrate fraud, breach of fiduciary duty, negligence, lack of supervision, and bolster Claimants' allegations of wrongdoing.

**REQUEST NO. 66**

**All recordings of Agent Kelsoe's conference calls with firm's Financial Advisors. This request includes, but is not limited to, the conference calls held on the following days:**

March 25, 2008

March 11, 2008

February 19, 2008

January 8, 2008

January 2, 2008

December 18, 2007

December 11, 2007

December 4, 2007

November 27, 2008

November 20, 2007

November 13, 2007

November 6, 2007

October 30, 2007

October 23, 2007

October 19, 2007

October 16, 2007

October 9, 2007

**October 2, 2007**

**September 25, 2007**

**September 18, 2007**

**September 11, 2007**

**September 4, 2007**

**August 21, 2007**

**August 13, 2007**

**July 17, 2007**

**June 14, 2007**

**April 3, 2007**

**February 27, 2007**

<u>Respondent's Response:</u>     Respondent objects to this request because it is overbroad, unduly burdensome and is harassing in design and effect. This request is also objectionable because it seeks confidential and proprietary information, and it potentially seeks documents protected by the attorney/client privilege and/or the work product doctrine. However, Respondent has produced or will produce any notes taken by the Financial Advisors during Mr. Kelsoe's conference calls as they relate to Claimants during the period at issue and can be located in the branch file for Claimants.

**Claimant's Response and Reason to Compel:** Respondent has **not** provided any

documents responsive to this request. These recordings from the Fund Manager to the

financial advisors at Morgan Keegan will show that, despite executive knowledge of the

risk and overvaluation of the Morgan Keegan Funds, this information was not shared

with or disclosed to the Financial Advisors. These documents will also prove that, despite

strong evidence that the Funds were going to lose a lot of money and ultimately collapse,

the Financial Advisors were still being told to sell them to their clients. These documents

demonstrate fraud, breach of fiduciary duty, negligence, lack of supervision, and bolster

25

Claimants' allegations of wrongdoing. Respondent's objection seems to indicate that if the Financial Advisor failed to take notes or put them in the client file, that his judgment and valuation of the Funds, as applicable to the Claimants, was irrelevant. These conference calls will dramatically highlight the disconnect between what was happening in the Funds in reality, and the misrepresentations being made at the highest executive levels to shore up Morgan Keegan's failing position. These misrepresentations affected the Claimants, and so the documents are both relevant and discoverable.

## RESPONDENT'S GENERAL OBJECTIONS

For the sake of Completeness, Claimants reproduce Respondent's general objections below, should they become relevant to any argument over the documents requested in this Motion to Compel:

1.      Respondent objects to any Request that seeks: (i) information or documents protected by the attorney/client privilege, the work product doctrine or other applicable privilege; (ii) information or documents protected from disclosure by applicable law or regulation; (iii) documents prepared, assembled or obtained by or for counsel in anticipation of litigation or arbitration; (iv) documents that are irrelevant: to the claims at issue; (v) documents that are confidential and/or proprietary in nature absent the execution of a mutually agreeable Confidentiality Agreement; and/or (vi) the production of documents or information already in the custody or control of Claimants.

2.      Respondent is producing non-objectionable responsive documents, as further specified herein, only to the extent that such documents exist, are relevant, are in Respondent's possession, custody and control, could be located after reasonable efforts and are not protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege.

3.      Respondent objects to any Request that seeks documents or information regarding other customers as such a Request seeks to invade the confidential private affairs of uninvolved third parties and would necessarily spawn expensive and time consuming mini-trials of issues collateral to this proceeding.

4.      Respondent objects to any Request that seeks documents and information that fall within the scope of the issues raised by pending class actions related to the funds at issue inasmuch as discovery in the class actions is currently stayed.

5.     Claimants' claims appear similar to those pending in various putative class actions filed in the United States District Court for the Western District of Tennessee on behalf of purchasers of the RMK Funds, NASD Rule 12204, as adopted by FINRA, prohibits claimants from proceeding with claims based upon the same facts, law, and defendants as are involved in a putative class action unless the party bringing the arbitration files either:

      (1)     a copy of a notice filed with the court in which the class action is pending that the party will not participate in the class action or in any recovery that may result from the class action, or has withdrawn from the class according to any conditions set by the court, or

      (2)     a notice that the party will not participate in the class action *or* in any recovery that may result from the class action.(NASD Rule 12204.)

6.     Respondent has made good faith efforts to locate and produce non-privileged, non-objectionable documents within the time provided by FINRA Rule 12507. Additionally, a number of documents sought by these Requests are outside of the document retention time period established by law and SRO regulations. Accordingly, many documents may no longer be available and/or accessible. Respondent's investigation and efforts to ensure complete production are ongoing, To the extent any additional non-privileged, non-objectionable responsive documents are located, they will be produced.

7.     Respondent objects to any Request that seeks to expand Respondent's discovery obligations and/or purports to require Respondent to search for and produce documents which are in the possession, custody or control of Respondent's affiliates, subsidiaries and parents or other third parties who are not parties to this dispute.

8.     Respondent objects to the Requests to the extent they seek documents outside of the time period of September 2002 to April 2008 as such Requests are overly broad and unduly burdensome. Unless otherwise indicated herein, Respondent will produce non-objectionable responsive documents, as more specifically stated below, for the time period of September 2002 through April 2008 to the extent such documents exist, are relevant, are in Respondent's possession, custody and control, can be located after reasonable efforts and are not protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

9.     All responses below are qualified by these General Objections which are incorporated into each of the specific responses below, as though set forth in each specific response in full.

## CONCLUSION

**PLEASE TAKE NOTICE** that Claimants have done everything in their power to obtain the requested documents without resort to panel intervention and has been unable to do so for the documents in question. While Claimants and Respondent have been able to work out various issues regarding discovery and production, only the foregoing issues are still outstanding, and Claimant fully expects that many of the documents requested herein will be produced by Respondent prior to any hearing on this Motion to Dismiss.

**PLEASE TAKE FURTHER NOTICE,** that if the Respondent fails to provide any of the items herein before demanded, the Claimants will move to preclude the introduction of any evidence of the same at the time of hearing.

Dated: November 7, 2008

Respectfully submitted,

Eric O'Steen
Debra Brewer Hayes
Milton Fried
The Hayes Law Firm, P.C.
4265 San Felipe, Ste. 1000
Houston, TX  77027
Phone:  (713) 862-2152
Fax: (713) 861-7466
dhayes@dhayeslaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing was served in the manner indicated below, to the following, this 7th day of November, 2008:

**Via Fax and Email**

Andrea Morgan Greene
**Maynard Cooper & Gale, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1229(W)
205-254-1999(F)

**Eric O'Steen**