IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION ) ) ) ) | Case No. 2:09-md-2009-SHM<br><br>**ORAL ARGUMENT REQUESTED** |
| This Document Relates to: ) ) | |
| *In re Regions Morgan Keegan Open-End Mutual Fund Litigation* ) ) ) | |
| No. 2:07-cv-02784-SHM-dvk ) ) | |

**MOTION TO DISMISS OF MORGAN KEEGAN & COMPANY, INC.,
MORGAN ASSET MANAGEMENT, INC. AND MK HOLDING, INC.**

Defendants Morgan Keegan & Company, Inc. ("Morgan Keegan"), Morgan Asset Management, Inc. ("MAM"), and MK Holding, Inc., respectfully file this motion to dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("CAC"). A memorandum of law and the Declaration of Matthew M. Curley are submitted herewith in support of this motion.

Dismissal of Plaintiffs' CAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is warranted as the CAC fails to meet the pleading requirements of Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4.

As an initial matter, Plaintiffs lack standing to pursue their claims under the Securities Act of 1933 ("1933 Act"), the Securities Exchange Act of 1934 ("1934 Act"), and the Investment Company Act of 1940 (the "ICA"). Plaintiffs premise these claims on allegations of mismanagement and purport to bring these claims on behalf of "holders" of securities, which are insufficient allegations to state a claim under the federal securities laws.

Furthermore, Plaintiffs' claims under §§ 11 and 12(a)(2) of the 1933 Act, 15 U.S.C. §§ 77k, 77l(a)(2) (Counts I and II asserted against Morgan Keegan and MAM), must be dismissed because Plaintiffs have failed to plead that the Funds' registration statements contained any actionable misrepresentations or omissions.  Plaintiffs likewise fail to allege facts sufficient to show that either MAM or Morgan Keegan is a statutory seller under § 12(a)(2), as required.  In addition to these fundamental flaws, Plaintiffs' own allegations establish an absence of any loss caused by any alleged misstatement or omission, an absence which bars their recovery on any of their claims.

Plaintiffs' claims under § 10(b) of the 1934 Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5 (Counts V and VI asserted against Morgan Keegan and MAM), likewise fail because Plaintiffs have alleged no fraudulent conduct on the part of MAM or Morgan Keegan, and have failed to plead any facts giving rise to a strong inference of scienter.

Because Plaintiffs have failed to plead primary violations of §§ 11 and 12(a)(2) of the 1933 Act or § 10(b) of the 1934 Act, their claims for control person liability under § 15 of the 1933 Act, 15 U.S.C. § 77(o) (Count III asserted against Morgan Keegan, MAM and MK Holding), and § 20(a) of the 1934 Act, 15 U.S.C. § 78t (Count VII asserted against Morgan Keegan, MAM and MK Holding), also fail as a matter of law.  Furthermore, Plaintiffs have failed to plead any facts demonstrating that MAM, Morgan Keegan, or MK Holding is a control person with respect to any alleged primary violator.

Finally, Plaintiffs' claims under various provision of the ICA, 15 U.S.C. § 80b-1 *et seq.* (Count IV against Morgan Keegan, MAM and MK Holding), necessarily fail because the ICA does not provide for a private right of action.

As such, Morgan Keegan, MAM and MK Holding respectfully request that Plaintiffs' CAC be dismissed with prejudice.

DATED this 11th day of February 2010.

        Respectfully submitted,

        BASS, BERRY & SIMS PLC

By: /s/ Matthew M. Curley
    Michael L. Dagley
    Matthew M. Curley
    Britt K. Latham
    W. Brantley Phillips, Jr.
    BASS BERRY & SIMS PLC
    150 Third Avenue South, Suite 2800
    Nashville, TN 37201
    (615) 742-6200

    Shepherd D. Tate
    Michael A. Brady
    BASS, BERRY & SIMS PLC
    100 Peabody Place, Suite 900
    Memphis, Tennessee   38103-3672
    (901) 543-5900

    *Attorneys for Morgan Keegan & Company, Inc., Morgan Asset Management, Inc., and MK Holding, Inc.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 11, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

**APPERSON CRUMP PLC**
CHARLES D. REAVES
JEROME A. BROADHURST
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119-3954

**KIRKLAND & ELLIS, LLP**
TIMOTHY DUFFY, ESQ.
EMILY NICKLIN, ESQ.
KRISTOPHER RITTER, ESQ.
300 North LaSalle
Chicago, IL 60654

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
VERNON J. VANDER WEIDE
THOMAS V. SEIFERT
333 South Seventh St., Suite 1140
Minneapolis, MN 55402-2422

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
LEO BEARMAN, ESQ.
EUGENE PODESTA, ESQ.
165 Madison Avenue
First Tennessee Building
Memphis, TN 38103

**LOCKRIDGE GRINDAL NAUEN PLLP**
RICHARD A. LOCKRIDGE
GREGG M. FISHBEIN
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

**K&L GATES LLP**
JEFFREY B. MALETTA, ESQ.
NICOLE A. BAKER, ESQ.
1601 K Street, NW
Washington, D.C.  20006-1600

**ZIMMERMAN REED, P.L.L.P.**
CAROLYN G. ANDERSON
TIMOTHY J. BECKER
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

**SUTHERLAND ASBILL & BRENNAN, LLP**
S. LAWRENCE POLK
999 Peachtree Street NE
Atlanta, GA 30309

**MAYNARD COOPER & GALE PC**
PETER S. FRUIN
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

**SULLIVAN & CROMWELL LLP**
DAVID B. TULCHIN
DAVID E. SWARTS
125 Broad Street
New York, New York 1004

**PAUL HASTINGS JANOFSKY & WALKER LLP**
Kevin C. Logue
Asa R. Danes
Park Avenue Tower
75 E. 55th Street
New York, NY 10022

                                                    /s/ Matthew M. Curley