IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION, </br></br>This Document Relates to: </br></br>*In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, </br></br>    No. 2:07-cv-02784-SHM-dvk | Case No. 2:09-md-2009-SHM |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FILED BY ALLEN B. MORGAN, JR., J. KENNETH ALDERMAN, CARTER E. ANTHONY, BRIAN B. SULLIVAN, JOSEPH C. WELLER, JOHN T. WELLER, G. DOUGLAS EDWARDS, CHARLES D. MAXWELL, DAVID M. GEORGE, MICHELE F. WOOD, JAMES C. KELSOE, JR., DAVID H. TANNEHILL, THOMAS R. GAMBLE**

SUTHERLAND, ASBILL & BRENNAN LLP
S. Lawrence Polk
999 Peachtree Street, NE
Atlanta, GA 30309
(404)853-8000
Larry.Polk@sutherland.com

*Attorney for Allen B. Morgan, Jr., J. Kenneth Alderman, Carter E. Anthony, Brian B. Sullivan, Joseph C. Weller, John T. Weller, G. Douglas Edwards, Charles D. Maxwell, David M. George, Michele F. Wood, James C. Kelsoe, Jr., David H. Tannehill and Thomas R. Gamble*

Defendants Allen B. Morgan, Jr., J. Kenneth Alderman, Carter E. Anthony, Brian B. Sullivan, Joseph C. Weller, John T. Weller, G. Douglas Edwards, Charles D. Maxwell, David M. George, Michele F. Wood, James C. Kelsoe, Jr., David H. Tannehill and Thomas R. Gamble (collectively, the "Individual Defendants") respectfully submit this memorandum in support of their Motion to Dismiss Plaintiffs Consolidated Amended Complaint ("CAC").[1]

## PRELIMINARY STATEMENT

Plaintiffs allege that the Individual Defendants participated in a fraudulent scheme to misrepresent the risk associated with an investment in three mutual funds: Regions Morgan Keegan Select Short Term Bond Fund (the "Short Term Bond Fund"), Regions Morgan Keegan Select Intermediate Bond Fund (the "Intermediate Bond Fund") and Regions Morgan Keegan Select High Income Fund (the "High Income Fund," and, collectively, the "Open-End Funds" or the "Funds").  Each of the Funds is a series of Morgan Keegan Select Fund, Inc. ("MK Select"), which is an open-end investment management company organized under the laws of the state of Maryland and pursuant to the Investment Company Act of 1940 (the "ICA").[2]  According to Plaintiffs, when the "true nature" of the Funds' holdings came to light in the summer of 2007, the value of the Funds' shares plummeted, and Plaintiffs, who were investors in the Funds, suffered losses.

Plaintiffs' allegations ignore recent market events, as the world continues to reel from a multi-year recession and global credit crisis caused by the evaporation of the previously liquid market for debt and asset-backed securities that constituted a significant percentage of the Funds'

---

[1] The Individual Defendants incorporate and adopt the arguments of Morgan Keegan & Company, Inc., Morgan Asset Management, Inc., and MK Holding, Inc., the Independent Directors, and Regions Financial Corporation in their respective motions to dismiss and memoranda of law to the extent such arguments are applicable to the claims asserted against the Individual Defendants.

[2] The name of the Funds and the investment company at issue in this action changed on July 29, 2008, upon shareholder approval of Hyperion Brookfield Management, Inc., as the new investment adviser to the Funds.

portfolios. Because the value of the Funds' respective shares was directly tied to the value of the Funds' holdings, the Funds' share values declined sharply. Nevertheless, despite the near-universal losses suffered by all investors in the face of the deteriorating credit markets, and notwithstanding the fact that the Funds' offering documents disclosed the very risk factors that ultimately materialized and caused Plaintiffs' losses, Plaintiffs improperly seek a guarantee of their original investment packaged as claims for violations of the federal securities laws.

As set forth in more detail in the motion to dismiss and supporting memorandum of law filed by Morgan Keegan & Company, Inc. ("Morgan Keegan"), Morgan Asset Management, Inc. ("MAM"), and MK Holding, Inc. ("MK Holding"), Plaintiffs lack standing to pursue many of the claims asserted in their putative class action, as these claims are impermissible claims of mismanagement and claims premised on the "holding" of securities. And, in addition to this shortcoming, Plaintiffs satisfy none of the applicable pleading requirements necessary to survive a motion to dismiss, as the Funds' offering documents disclosed all required information concerning an investment in the Funds.

With respect to the Individual Defendants specifically, Plaintiffs fail to allege, with the requisite particularity, that any of the Individual Defendants participated in the sale or solicitation of shares of the Funds. Moreover, the CAC is devoid of any allegations that any of the Individual Defendants had any involvement whatsoever in any purportedly fraudulent misrepresentations or omissions in the Funds' public filings or that these Defendants otherwise are "control persons" under the federal securities laws. Plaintiffs likewise may not assert claims against the Individual Defendants under the ICA, as no private right of action exists under that statute with respect to the claims Plaintiffs assert.

For the reasons set forth herein, Plaintiffs claims under the Securities Act of 1933 (the "1933 Act"), Securities Exchange Act of 1934 (the "1934 Act") and the ICA must be dismissed.

3

**ARGUMENT**

Despite its prolixity, Plaintiffs' CAC is tellingly vague regarding the claims and allegations asserted against any particular Individual Defendant. Nonetheless, Plaintiffs appear to be asserting claims under §§ 12(a)(2) and 15 of the 1933 Act and § 20 of the 1934 Act against these Defendants.[3] As discussed below, Plaintiffs fail to satisfy the applicable pleading requirements with respect to such claims.[4]

**I.    Plaintiffs do not have standing to pursue the claims asserted herein.**

As set forth in the motion to dismiss filed by Morgan Keegan, MAM and MK Holding, Plaintiffs lack standing to aset claims under the federal securities laws.

First, Plaintiffs' claims are premised almost entirely on alleged mismanagement of the Funds. Such claims may not be asserted directly by shareholders; rather, these claims constitute claims seeking recovery for injuries to MK Select and the Funds and must be pursued

---

[3]    Plaintiffs define "Morgan Management" and "Morgan Keegan" to include "as relevant, their respective officers and employees names as Defendants, including John Doe One through Twenty." (CAC ¶ 88.) Plaintiffs also use to term "RMK Defendants" for the purpose of asserting claims for "direct liability on the part of the Funds' officers and directors . . . unless otherwise alleged." (Id.) Plaintiffs affirmatively exclude "Defendant Officers and Directors" from Plaintiffs' claims under § 11 of the 1933 Act (Count I) and do not include the Individual Defendants among those defendants against which Plaintiffs purport to assert claims under § 10(b) of the 1934 Act. To the extent Plaintiffs purport to assert claims against the Individual Defendants under the rubric of claims asserted against any of the corporate defendants, such pleading is improper and fails to provide the Individual Defendants with fair notice of such claims.

[4]    The pleading requirements applicable to Plaintiffs' CAC include Rule 9(b) and the PSLRA, as Plaintiffs allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of their claims. (See, e.g., CAC ¶ 103 (premising liability on the part of Defendants as part of a "fraudulent scheme").) See In re Daou Sys., Inc. Sec. Litig., 411 F.3d 1006, 1027 (9th Cir. 2005) (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003)); In re Goodyear Tire & Rubber Co. Deriv. Litig., 2007 WL 43557, *10 (N.D. Ohio Jan. 5, 2007) (dismissing derivative action where the "allegations sound in securities fraud and are not pleaded with the particularity required by Fed. R. Civ. P. 9(b), let alone the heightened standard of the PSLRA"). Plaintiffs must therefore "(1) specify the statements that [they] contend were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Indiana State District Council of Laborers v. Omnicare, Inc., 583 F.3d 935, 942-43 (6th Cir. 2009) (quoting Frank v. Dana Corp., 547 F.3d 564, 570 (6th Cir. 2008)). The PSLRA also requires that Plaintiffs plead scienter on the part of each Individual Defendant. See, e.g., In re SCB Computer Tech., Inc., 149 F. Supp. 2d 334, 344 (W.D. Tenn. 2001) (quoting 15 U.S.C. § 78u(b)(2)).

derivatively. See Sante Fe Indus. v. Green, 430 U.S. 462, 474-79 (1977); Strougo v. Bassini, 282 F.3d 162, 171 (2d Cir. 2002).

Second, Plaintiffs purport to bring claims on behalf of individuals who neither purchased nor sold securities during the class period. As stated by the U.S. Supreme Court in Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 754-55 (1975), individuals who merely hold securities lack standing under the federal securities laws. Finally, Plaintiffs purport to bring claims under various sections of the ICA, none of which provide for a private right of action.[5]

## II. Plaintiffs fail to plead that any of the Individual Defendants were statutory "sellers" within the meaning of Section 12(a)(2).

Under § 12(a)(2) of the 1933 Act, a seller who "offers or sells a security . . . by means of a prospectus or oral communication, which includes an untrue statement of material fact or omits to state a material fact necessary in order to make the statements . . . not misleading," shall be liable to any "person purchasing such security from him." 15 U.S.C. § 77l(a)(2). To state a claim under § 12(a)(2) against the Individual Defendants, Plaintiffs must plead particular facts demonstrating that each Individual Defendant is a "seller," meaning either "the owner who passed title, or other interest in the security, to the buyer for value," and/or "the person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." Pinter v. Dahl, 486 U.S. 622, 642, 647 (1988).

Here, it is undisputed that the Individual Defendants are not traditional "sellers," meaning that they did not pass title of shares of the Funds to Plaintiffs. Therefore, Plaintiffs must plead that each individual is a statutory "seller," meaning that they "solicited" the purchase of securities "motivated at least in part" by financial gain. The CAC, however, contains no

---

[5] To the extent this Court does imply a private right of action under any provision of the ICA, Plaintiffs plead no facts demonstrating liability on the part of any Individual Defendant. As further discussed infra, this lack of specificity is fatal to all of Plaintiffs' claims and warrants dismissal of the CAC in its entirety.

5

allegation that any of the Individual Defendants solicited the purchase of the Funds' shares within the meaning of the statute. Plaintiffs offer only the bare conclusion that "[t]he § 12 Defendants actively solicited the sale of the Funds' shares to serve their own financial interests." (CAC ¶ 712.) This is insufficient to state a claim. "[T]he complaint must allege by whom the plaintiffs were solicited and from whom they purchased shares; these assertions must be supported by *specific factual allegations demonstrating a direct relationship between the defendant and the plaintiff-purchaser*." In re Royal Ahold N.V. Sec. & ERISA Litig., 351 F. Supp. 2d 334, 406 (D. Md. 2004) (emphasis supplied); see also Mabon, Nugent & Co. v. Borey, 127 B.R. 727, (S.D.N.Y. 1991) (rejecting plaintiffs' characterization of directors and officers of an issuer as "statutory sellers" merely by virtue of their positions, and holding that a court must "look not to the complaint's conclusory characterizations of each defendant as a seller or offeror, but rather to the particular allegations of what each defendant did"); Pompano-Windy City Partners, Ltd. v. Bear Stearns & Co., Inc., 794 F.Supp. 1265, 1284-85 (S.D.N.Y. 1992) (same).

Absent specific factual allegations of a direct relationship between Plaintiffs and the Individual Defendants, Plaintiffs' § 12(a)(2) claims against the Individual Defendants are insufficient and must be dismissed.

### III. Plaintiffs fail to plead that any Individual Defendants are "control persons" within the meaning of § 15 of the 1933 Act or § 20 of the 1934 Act.

Finally, Plaintiffs' have failed to plead facts demonstrating that any of the Individual Defendants were "control persons" within the meaning of § 15 of the 1933 Act or § 20 of the 1934 Act. They purport to bring claims "against the officers and directors of the Funds and the Company, as controlling persons of the Company/Funds . . . and certain of the individual Defendants as officers and directors of Morgan Management, Morgan Keegan, Holding, Regions Bank, and Regions with respect to" Plaintiffs' claims under §§ 11 and 12(a)(2) of the 1933 Act and § 20 of the 1934 Act. (CAC ¶¶ 717, 758.) These claims fail as a matter of law.

First, Plaintiffs have failed to establish a primary violation of § 11 or § 12(a)(2) of the 1933 Act (with respect to claims under § 15), or of § 10(b) of the 1934 Act (with respect to claims under § 20(a)), by any Defendant.  See P.R. Diamonds, Inc. v. Chandler, 364 F.3d 671, 696 (6th Cir. 2004).

Second, even if this Court were to find that Plaintiffs had successfully pleaded a primary violation, Plaintiffs do not adequately allege that any of the Individual Defendants are "control persons" with respect to any alleged primary violator, meaning that any of the individuals could and did exercise actual control over the operations of the controlled party.  See Sanders Confectionery Prods. v. Heller Fin., Inc., 973 F.2d 474, 486 (6th Cir. 1992); P.R. Diamonds, Inc., 364 F.3d at 696-97.

Plaintiffs must establish that a Defendant possessed both "power to control the specific transaction or activity upon which the primary violation is predicated" as well as "actual participation (i.e., exercise [of] control) in the operations of the primary violator."  See Azzolini v. CorTS Trust II for Provident Fin. Trust I, 2005 U.S. Dist. LEXIS 31853 (E.D. Tenn. Sept. 16, 2005) (citations omitted); In re Prison Realty Sec. Litig., 117 F. Supp. 2d 681, 692 (M.D. Tenn. 2000) (same).[6]  At a bare minimum, Plaintiffs are expected to name each individual officer and director they allege to be a control person and plead facts demonstrating how each individual both had the capacity to control a primary violator and in fact exercised that control.  Merely stating that an individual was a control person by virtue of his or her position as an officer or director does not suffice.  See Thiemann v. OHSL Fin. Corp., 2001 WL 34128240, *9 (S.D. Ohio July 25, 2001) ("[C]ontrol person liability is contingent upon actual participation in the

---

[6]    Courts have observed that for the most part, the pleading requirements under §§ 15 and 20(a) are substantially identical.  Moreover, courts have required a plaintiff to allege facts showing "culpable participation":  that the "controlling person was in some meaningful sense a culpable participant in the primary violation."  In re Worldcom, Inc. Securities Litig., 2004 U.S. Dist. LEXIS 8661 (S.D.N.Y. May 19, 2004) (quoting Boguslavsky v. Kaplan, 159 F.3f 715, 720 (2d Cir. 1998)); see also In re Refco, Inc. Sec. Litig., 503 F. Supp. 2d 611, 660 n.43 (S.D.N.Y. 2007).

7

corporation's operation. Merely occupying a position as a director is insufficient to impose control person liability.") (citations omitted); see also Herm v. Stafford, 663 F.2d 669, 684 (6th Cir. 1981) ("There must be some showing of actual participation in the corporation's operation or some influence before the consequences of control may be imposed.").

Plaintiffs make only conclusory allegations that certain unspecified Individual Defendants were "controlling persons of the Funds by virtue of his or her position as a director or senior officer of the Company, the Funds, Morgan Management, [or] Morgan Keegan." (Id. ¶ 723.) Plaintiffs offer no particularized allegations of control regarding any Individual Defendants in support of their claim under § 15 of the 1933 Act or § 20 of the 1934 Act. (Id. ¶¶ 758-766.) As such, this pleading fails to state a claim for control person liability under either § 15 of the 1933 Act or § 20 of the 1934 Act.

## CONCLUSION

Based on the reasons set forth herein, the Individual Defendants respectfully request that this Court dismiss the claims in the CAC asserted against these Defendants with prejudice.

DATED this 12th day of February 2010.

Respectfully submitted,

SUTHERLAND, ASBILL &
BRENNAN LLP

/s/ S. Lawrence Polk
999 Peachtree Street, NE
Atlanta, GA 30309
(404)853-8000
Larry.Polk@sutherland.com

*Attorney for Allen B. Morgan, Jr., J. Kenneth Alderman, Carter E. Anthony, Brian B. Sullivan, Joseph C. Weller, John T. Weller, G. Douglas Edwards, Charles D. Maxwell, David M. George, Michele F. Wood, James C. Kelsoe, Jr., David H. Tannehill and Thomas R. Gamble*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

**APPERSON CRUMP PLC**
CHARLES D. REAVES
JEROME A. BROADHURST
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119-3954

**KIRKLAND & ELLIS, LLP**
TIMOTHY DUFFY, ESQ.
EMILY NICKLIN, ESQ.
KRISTOPHER RITTER, ESQ.
300 North LaSalle
Chicago, IL 60654

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
VERNON J. VANDER WEIDE
THOMAS V. SEIFERT
333 South Seventh St., Suite 1140
Minneapolis, MN 55402-2422

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
LEO BEARMAN, ESQ.
EUGENE PODESTA, ESQ.
165 Madison Avenue
Memphis, TN 38103

**LOCKRIDGE GRINDAL NAUEN PLLP**
RICHARD A. LOCKRIDGE
GREGG M. FISHBEIN
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

**K&L GATES LLP**
JEFFREY B. MALETTA, ESQ.
NICOLE A. BAKER, ESQ.
1601 K Street, NW
Washington, D.C.  20006-1600

**ZIMMERMAN REED, P.L.L.P.**
CAROLYN G. ANDERSON
TIMOTHY J. BECKER
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

**BASS BERRY & SIMS PLC**
MICHAEL L. DAGLEY
MATTHEW M. CURLEY
150 Third Avenue North, Suite 2800
Nashville, TN 37201

**MAYNARD COOPER & GALE PC**
PETER S. FRUIN
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

**SULLIVAN & CROMWELL LLP**
DAVID B. TULCHIN
DAVID E. SWARTS
125 Broad Street
New York, New York 1004

**PAUL HASTINGS JANOFSKY & WALKER LLP**
Kevin C. Logue
Asa R. Danes
Park Avenue Tower
75 E. 55th Street
New York, NY 10022

/s/ S. Lawrence Polk