IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

_____
                                                          )
IN RE REGIONS MORGAN KEEGAN          )          MDL Docket No. 2009
SECURITIES, DERIVATIVE and ERISA        )
LITIGATION                                             )
                                                          )
This Document Relates to:                        )
                                                          )
*In re Regions Morgan Keegan Open-End*     )
*Mutual Fund Litigation*,                            )
                                                          )
        No. 2:07-cv-02784-SHM-dvk          )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY
HELIOS SELECT FUND, INC.,
HELIOS SELECT SHORT TERM BOND FUND,
HELIOS SELECT INTERMEDIATE BOND FUND AND
HELIOS SELECT HIGH INCOME FUND**

Kevin C. Logue
Asa R. Danes
PAUL, HASTINGS, JANOFSKY &
        WALKER LLP
75 East 55th Street
New York, New York 10022
Tel:  (212) 318-6000
Fax: (212) 319-4090
kevinlogue@paulhastings.com
asadanes@paulhastings.com

*Attorneys for Defendants
Helios Select Fund, Inc.,
Helios Select Short Term Bond Fund,
Helios Select Intermediate Bond Fund and
Helios Select High Income Fund (formerly
Morgan Keegan Select Fund, Inc., Regions
Morgan Keegan Select Short Term Bond
Fund, Regions Morgan Keegan Select
Intermediate Bond Fund and Regions
Morgan Keegan Select High Income Fund,
respectively)*

## <u>TABLE OF CONTENTS</u>

**Page**

ARGUMENT ....................................................................................................................2

I.  THE FUND DEFENDANTS JOIN IN DESIGNATED PORTIONS OF THE
    MOTIONS TO DISMISS FILED BY OTHER DEFENDANTS ........................................2

II.  PLAINTIFFS' SECTION 11 CLAIM (COUNT I) SHOULD BE DISMISSED AS
     AGAINST ALL THE FUND DEFENDANTS ...................................................................2

    A.  Plaintiffs have not alleged a material misstatement or omission ...........................2

    B.  The Section 11 claim should be dismissed because the absence of causation
        is established by the CAC itself ............................................................................4

    C.  Plaintiffs' Section 11 claim is time barred...........................................................5

    D.  Plaintiffs lack standing to assert "Holder" claims................................................6

    E.  The Funds are not proper Section 11 defendants ..................................................7

III.  TO THE EXTENT THAT PLAINTIFFS' SECTION 12(a)(2) CLAIM (COUNT II)
      IS DIRECTED AT THE FUND DEFENDANTS, IT SHOULD BE DISMISSED ............8

IV.  PLAINTIFFS' SECTION 10(b) AND RULE 10b-5 CLAIM (COUNT V)
     SHOULD BE DISMISSED AS AGAINST ALL THE FUND DEFENDANTS .................9

    A.  Plaintiffs fail to identify a material misstatement or omission attributable to
        the Fund Defendants ............................................................................................9

    B.  Plaintiffs fail to plead the requisite element of scienter as to the Fund
        Defendants .........................................................................................................10

    C.  Plaintiffs cannot maintain their claim as holders and fail to plead the
        requisite connection with the purchase or sale...................................................11

    D.  Plaintiffs fail to adequately plead loss causation ...............................................12

    E.  The Funds are not proper defendants as to the purported 1934 Act claims............12

V.  NO PRIVATE RIGHT OF ACTION EXISTS WITH RESPECT TO §§ 13, 22, 30,
    34(B) OR 47(B) OF THE ICA AND SUCH CLAIMS MUST BE DISMISSED .............13

CONCLUSION .............................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Akerman v. Oryx Communications, Inc.*,
   810 F.2d 336 (2d Cir. 1987) ........................................................................ 4

*Alexander* v. *Sandoval*,
   532 U.S. 275 (2001) .................................................................................. 13

*Azzolini* v. *CorTS Trust II for Provident Fin'l Trust I*,
   2005 WL 3448053 (E.D. Tenn. Dec. 14, 2005) ...................................... 4

*Bellikoff* v. *Eaton Vance Corp.*,
   481 F. 3d 110 (2d Cir. 2007) .................................................................. 13

*Blackmoss Investments, Inc.* v. *ACA Capital Holdings, Inc.*,
   2010 WL 148617 (S.D.N.Y. Jan. 14, 2010) ............................................ 3

*Blue Chip Stamps* v. *Manor Drug Stores*,
   421 U.S. 723 (1975) ........................................................................ 6-7, 11

*Brick v. Dominion Mortgage & Realty Trust*,
   442 F. Supp. 283 (W.D.N.Y. 1977) ........................................................ 6

*City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*,
   399 F.3d 651 (6th Cir. 2005) ................................................................ 10

*Davidco Investors, LLC v. Anchor Glass Container Corp.*,
   2006 WL 547989 (M.D. Fla. Mar. 6, 2006) .......................................... 5

*Finkel v. Stratton Corp.*,
   962 F.2d 169 (2d Cir. 1992) ) ................................................................ 6

*Dura Pharm., Inc.* v. *Broudo*,
   544 U.S. 336 (2005) ........................................................................ 4, 11

*GFL Advantage Fund, Ltd.* v. *Colkitt*,
   272 F.3d 189 (3d Cir. 2001) ................................................................ 14

*Herman & MacLean* v. *Huddleston*,
   459 U.S. 375 (1983) ................................................................................ 7

# TABLE OF AUTHORITIES
*(continued)*

**Page(s)**

## CASES
*(continued)*

*In re Alamosa Holdings, Inc.*,
382 F. Supp. 2d 832 (N.D. Tex. 2005) ...................................................................... 5

*In re Comshare, Inc. Sec. Litig.*,
183 F.3d 542 (6th Cir. 1999) ..................................................................... 10, 11

*In re Eaton Vance Mut. Funds Fee Litig.*,
380 F. Supp. 2d 222 (S.D.N.Y. 2005) .................................................................. 13

*In re Global Crossing, Ltd. Secs. Litig.*,
313 F. Supp. 2d 189 (S.D.N.Y. 2003) ................................................................... 6

*In re Huffy Corp. Sec. Litig.*,
577 F. Supp. 2d 968 (S.D. Ohio 2008) ............................................................. 9-10

*In re JP Morgan Chase Sec. Litig.*,
363 F. Supp. 2d 595 (S.D.N.Y. 2005) ................................................................... 3

*In re McKesson HBOC Secs. Litig.*,
126 F. Supp.2d 1248 (N.D. Cal. 2000) ................................................................ 4

*In re Merrill Lynch & Co. Research Reports Secs. Litig.* ("Merrill Lynch I"),
272 F. Supp. 2d 243 (S.D.N.Y. 2003) ...................................................... 4, 5, 9, 13

*In re Merrill Lynch & Co. Research Reports Secs. Litig.*,
289 F. Supp. 2d 429 (S.D.N.Y. 2003) ............................................................... 4-5

*In re Merrill Lynch Investment Mgmt. Funds Sec. Litig.*,
434 F. Supp. 2d 233 (S.D.N.Y. 2006) ............................................................. 4, 11

*In re Salomon Smith Barney Mut. Funds Fee Litig.*,
441 F. Supp. 2d 579 (S.D.N.Y. 2006) ................................................................. 13

*In re Van Wagoner Funds, Inc. Sec. Litig.*,
382 F. Supp. 2d 1173 (N.D. Cal. 2004) .............................................................. 13

*In re Worldcom, Inc. Sec. Litig.*,
346 F. Supp. 2d 628 (S.D.N.Y. 2004) ................................................................... 3

*Indiana State District Council of Laborers* v. *Omnicare, Inc.*,
583 F.3d 935 (6th Cir. 2009) ............................................................................... 3

# TABLE OF AUTHORITIES

*(continued)*

**Page(s)**

## CASES

*(continued)*

*Jacobs* v. *Bremner*,
   378 F. Supp. 2d 861 (N.D. Ill. 2005) ........................................................................... 13

*Korland* v. *Capital Research and Mgmt Co.*,
   2009 WL 936612 (C.D. Cal. 2009) ............................................................................. 13

*Olmsted* v. *Pruco Life Ins. Co.*,
   283 F.3d 429 (2d Cir. 2002) ....................................................................................... 13

*P.R. Diamonds, Inc.* v. *Chandler*,
   364 F.3d 671 (6th Cir. 2004) ................................................................................. 10, 11

*Rosenzweig v. Azurix Corp.*,
   332 F.3d 854 (5th Cir.2003) ........................................................................................ 8

*Simmons* v. *Wolfson*,
   428 F.2d 455 (6th Cir. 1970) ........................................................................................ 7

*Stafford v. Bakke*,
   2005 WL 1656855 (S.D. Ind. July 5, 2007) ................................................................. 5

*Stoneridge Inv. Partners LLC* v. *Scientific-Atlanta, Inc.*,
   552 U.S. 148 (2008) ...................................................................................................... 9

*Tragenza v. Great Am. Commc's Co.*,
   12 F.3d 717, 722 (7th Cir. 1993) .................................................................................. 6

*Tellabs, Inc.* v. *Makor Issues & Rights, LTD*,
   551 U.S. 308 (2007) ............................................................................................ 9, 10, 11

*Zerman* v. *Jacobs*,
   510 F. Supp. 132 (S.D.N.Y. 1981) ............................................................................. 14

## STATUTES

15 U.S.C. § 77k ................................................................................................... *passim*

15 U.S.C. § 77l ......................................................................................................... 1, 8

15 U.S.C. § 77m ...................................................................................................... 5, 8

15 U.S.C. § 78j(b) .......................................................................................................... 1

# TABLE OF AUTHORITIES
*(continued)*

**Page(s)**

### STATUTES
*(continued)*

15 U.S.C. § 78u-4 ........................................................................................... 9, 10

15 U.S.C. § 80a-33 ............................................................................................ 13

15 U.S.C. § 80a-46 ............................................................................................ 14

15 U.S.C. § 80b-1, *et seq.* .................................................................................. 1

### RULES AND REGULATIONS

Rule 9(b), Fed. R. Civ. P. ................................................................................. 3, 9

Rule 12(b)(6), Fed. R. Civ. P. ............................................................................ 4

17 C.F.R. § 240.10b-5 ........................................................................................ 1

Defendants Helios Select Fund, Inc. (formerly Morgan Keegan Select Fund, Inc., and referred to herein as the "Company"), Helios Select Short Term Bond Fund (formerly Regions Morgan Keegan Select Short Term Bond Fund and referred to herein as the "Short Term Fund"), Helios Select Intermediate Bond Fund (formerly Regions Morgan Keegan Select Intermediate Bond Fund and referred to herein as the "Intermediate Fund") and Helios Select High Income Fund (formerly Regions Morgan Keegan Select High Income Fund and referred to herein as the "High Income Fund") respectfully submit this memorandum of law in support of their motion to dismiss plaintiffs' consolidated amended complaint, filed on November 30, 2009 (Docket No. 218) (the "CAC"). The Short Term Fund, the Intermediate Fund and the High Income Fund are collectively referred to herein as the "Funds", and together with the Company, as the "Fund Defendants."

Plaintiffs purport to assert three counts in the CAC against the Fund Defendants, namely, (i) Count I, alleging violations of Section 11 of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. § 77k (*see* CAC ¶ 684); (ii) Count IV, alleging violations of Sections 13, 22, 30, 34(b) and 47(b) of the Investment Company Act of 1940 (the "ICA"), 15 U.S.C. § 80b-1 *et seq.* (*see* CAC ¶ 725); and (iii) Count V, alleging violations of Section 10(b) of the Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 (*see* CAC ¶ 742).[1] For the reasons discussed more fully below, and for the reasons stated in the separate memoranda of law filed in support of the motions to dismiss the CAC by co-defendants in this action, in which the Fund Defendants join in part, as referenced more

---

[1] In the CAC, the heading of Count II (alleging violations of Section 12(a)(2) of the 1933 Act, 15 U.S.C. § 77l(a)(2)) states that it relates to all defendants except Regions Financial Corporation, PricewaterhouseCoopers LLP and MK Holding, Inc., but Paragraph 708 of the CAC only defines the "§ 12 Defendants" as Morgan Keegan & Company, Inc., Morgan Asset Management, Inc. and Regions Bank. For the reasons stated below in Section III, however, to the extent plaintiffs purport to direct Count II at the Fund Defendants, plaintiffs have failed to state a claim against the Fund Defendants with respect to Section 12(a)(2) of the 1933 Act.

specifically below, the CAC fails to state any claim against the Fund Defendants and should be

dismissed with prejudice.

## ARGUMENT

**I.   THE FUND DEFENDANTS JOIN IN DESIGNATED PORTIONS OF THE MOTIONS TO DISMISS FILED BY OTHER DEFENDANTS**

In the interest of avoiding duplicative submissions, the Fund Defendants join in and

incorporate by reference certain designated portions of the memoranda of law in support of the

motion to dismiss the CAC by defendants Morgan Keegan & Company, Inc., Morgan Asset

Management, Inc. and MK Holding, Inc. filed on February 11, 2010 (Docket No. 222-1) (the

"Morgan Keegan Brief").  The Fund Defendants reference below the specific arguments (and page

designations) from the Morgan Keegan Brief in which the Fund Defendants join.  For the reasons

stated therein, and below, plaintiffs fail to state any claim against the Fund Defendants.  In short,

all claims against the Fund Defendants should be dismissed with prejudice.

**II.   PLAINTIFFS' SECTION 11 CLAIM (COUNT I) SHOULD BE DISMISSED AS AGAINST ALL THE FUND DEFENDANTS**

### A.   Plaintiffs have not alleged a material misstatement or omission

Among other reasons, plaintiffs' Section 11 claim fails because they have not alleged

adequately a material misstatement or omission in the registration statement.  *See* 15 U.S.C. § 77k.

As stated in greater detail in the Morgan Keegan Brief (at 20-46), plaintiffs' allegations are based

principally on alleged omissions of material facts, but the registration statement disclosed the risks

of investing in the Funds and provided all of the information required by the securities laws and

regulations of the Securities and Exchange Commission ("SEC").  (*See* Morgan Keegan Brief at

20-46.)  Also, plaintiffs cannot recover directly under the federal securities laws for their claims of

mismanagement.[2]  (*See* Morgan Keegan Brief at 15-19.)  The plaintiffs allege that the Funds'

offering documents failed to disclose information concerning the general risk associated with an

investment in the Funds and the risk associated with liquidity, concentration and pricing of the

Funds' portfolio securities.  (CAC ¶¶ 370-401.)  However, the offering documents disclosed the

risks associated with investing in the Funds, and plaintiffs have failed to allege a material

misstatement or omission that would state a claim under Section 11 of the 1933 Act.

Moreover, plaintiffs may not rely on hindsight but rather must allege facts that show a

defendant "possessed the omitted information at the time the registration statement became

effective."  *In re JP Morgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 635 (S.D.N.Y. 2005).

Indeed, "[t]he securities laws do not require clairvoyance in the preparation of offering documents,

and a misstatement or omission can only be actionable where it was material as of the date the

offering documents became effective."  *Blackmoss Investments, Inc.* v. *ACA Capital Holdings,*

*Inc.*, 2010 WL 148617, at *7 (S.D.N.Y. Jan. 14, 2010) (internal quotation marks and citations

omitted).[3]  In addition, there is no obligation to disclose general economic matters or other things

that have become "matters of general public knowledge."  *In re Worldcom, Inc. Sec. Litig.*, 346 F.

Supp. 2d 628, 687 (S.D.N.Y. 2004) (quoting *Seibert* v. *Sperry Rand Corp.*, 586 F.2d 949, 952 (2d

Cir. 1978)).

---

[2] As the Fund Defendants have advised the Court in connection with the pending derivative action, *Landers v. Morgan Asset Management, Inc.*, Civ. A. No. 2:08-cv-02260-SHM-dvk (W.D. Tenn.), the new board of directors that took office effective July 29, 2008 is investigating matters alleged in the putative derivative actions.  However, as noted above, those allegations do not give rise to a direct securities law claim against the Fund Defendants.

[3] As stated in the Morgan Keegan Brief (at 22 n.18), plaintiffs must describe each alleged omission with the particularity required by Rule 9(b) because plaintiffs allege that the Funds' misrepresentations and omissions were fraudulent (*see, e.g.*, CAC ¶¶ 103, 104).  *See Indiana State District Council of Laborers v. Omnicare, Inc.*, 583 F.3d 935, 948 (6th Cir. 2009).

B.      **The Section 11 claim should be dismissed because the absence of causation is established by the CAC itself**

As stated in greater detail in the Morgan Keegan Brief (at 49-53), subsection (e) of Section 11 provides defendants with an express "loss causation" (or "negative causation") defense, according to which defendants are not liable for any portion of a security's decline in value that was not caused by the alleged misstatement or omission. *See* 15 U.S.C. § 77k(e); *see also Akerman v. Oryx Communications, Inc.*, 810 F.2d 336, 341 (2d Cir. 1987) ("[S]ection 11(e) expressly creates an affirmative defense of disproving causation."). Private securities actions are designed "not to provide investors with broad insurance against market losses, but to protect them against those economic losses that *misrepresentations actually cause.*" *Dura Pharm., Inc.* v. *Broudo*, 544 U.S. 336, 345 (2005) (emphasis supplied). Because the federal securities laws are not a guarantee against losses, "loss causation" requires a direct, causal connection between the alleged misrepresentation and the plaintiffs' loss; "[t]o 'touch upon' a loss is not to *cause* a loss, and it is the latter that the law requires." *Id.* at 343. Where the loss is not caused by the alleged misrepresentations or omissions, plaintiffs' claims are barred. 15 U.S.C. § 77k(e); *Dura* 544 U.S. at 345; *see also Azzolini* v. *CorTS Trust II for Provident Fin'l Trust I*, 2005 WL 3448053, *5 (E.D. Tenn. Dec. 14, 2005) (dismissing action "[i]f it is apparent on the face of the complaint the decline in share value is not related to any material misstatement and/or omission"); *In re Merrill Lynch Inv. Mgmt. Funds Sec. Litig.,* 434 F. Supp. 2d 233, 238-39 (S.D.N.Y. 2006) (1933 and 1934 Act claims dismissed for failure to plead loss causation).

Dismissal of a Section 11 claim is warranted pursuant to Fed. R. Civ. P. 12(b)(6) where, as here, the negative causation defense is apparent on the face of the complaint. *See In re McKesson HBOC Secs. Litig.*, 126 F. Supp.2d 1248, 1262 (N.D. Cal. 2000); *see also In re Merrill Lynch & Co. Research Reports Secs. Litig.*, 272 F. Supp. 2d 243, 255 (S.D.N.Y. 2003) (hereinafter "*Merrill Lynch I*"); *In re Merrill Lynch & Co. Research Reports Secs. Litig.*, 289 F. Supp. 2d 429, 437

(S.D.N.Y. 2003); *In re Alamosa Holdings, Inc.*, 382 F. Supp. 2d 832, 866 (N.D. Tex. 2005);

*Davidco Investors, LLC v. Anchor Glass Container Corp.*, 2006 WL 547989, at *25 (M.D. Fla.

Mar. 6, 2006).  In particular, dismissal is proper where the complaint alleges that the price of the

security declined in response to factors besides the allegedly omitted information.  *See, e.g.,*

*Stafford v. Bakke*, 2005 WL 1656855, at *5 (S.D. Ind. July 5, 2007) (dismissing § 11 claim where

complaint alleged that other disclosures caused the losses); *In re Alamosa Holdings, Inc.*, 382 F.

Supp. at 865-66 (dismissing § 11 claim where complaint alleged that security price plummeted in

response to disclosure unrelated to any information allegedly omitted or misrepresented in the

challenged registration statement).

        Plaintiffs contend in the CAC that their losses were caused by mismanagement and market

forces, not any purported misstatements or omissions in the registration statement.  (*See, e.g.,*

CAC at ¶ 4 (discussing "shifting market sentiments" that caused the Funds to become unsalable in

2007); CAC ¶¶ 5, 306-318 (stating that the Funds lost money because portfolio securities declined

in value as the result of the credit crisis, exacerbated by massive redemptions); CAC ¶¶ 318-21

(stating the Funds lost value because their managers made bad investments);  CAC ¶ 340 (alleging

that defendants knew or should have known in early 2007 that the credit crisis would strike, but

"failed to take measures necessary to avoid or minimize the losses the Funds' shareholders

incurred later in 2007 and 2008".)  Accordingly, dismissal is warranted where, as here, the CAC

itself establishes that any decline in the value of the security in question was not caused by the

material omissions or misstatements in the registration statement.  S*ee, e.g., Merrill Lynch I*, 272

F. Supp. 2d at 255.

        **C.      Plaintiffs' Section 11 claim is time barred**

        Claims under Sections 11 of the 1933 Act are subject to a three-year statute of repose.  *See*

5 U.S.C. § 77m.  Such claims must be brought within three years of the effective date of the

registration statement pursuant to which the security was offered.[4]  *See Finkel v. Stratton Corp.*, 962 F.2d 169, 173 (2d Cir. 1992); *In re Global Crossing, Ltd. Secs. Litig.*, 313 F. Supp. 2d 189, 198 (S.D.N.Y. 2003); *Brick v. Dominion Mortgage & Realty Trust,* 442 F. Supp. 283, 290 (W.D.N.Y. 1977).  Thus, in order to state a viable claim under Section 11 of the 1933 Act, plaintiffs must allege that they acquired securities pursuant to a registration statement in which a material misstatement or omission was made, the effective date of which was no earlier than December 7, 2004 – three years prior to the filing of the original complaint in this lawsuit on December 7, 2007.  Applying the three-year statute of repose to plaintiffs' claims eliminates those based on the November 1, 2004 amendment to the registration statement, which became effective more than three years prior to the date on which this suit was filed.  Thus, any claims based on the November 1, 2004 prospectus should be dismissed.

### D.      Plaintiffs lack standing to assert "Holder" claims

As stated in greater detail in the Morgan Keegan Brief (at 19-20), plaintiffs do not have standing to pursue claims based on allegations premised on a shareholder's "holding" of securities.  (*See* Morgan Keegan Brief at 19-20.)  Section 11 of the 1933 Act provides a claim for those "acquiring" a security pursuant to a registration statement in which the defendant has made a material misrepresentation or omission.  15 U.S.C. §77k(a).  Plaintiffs attempt to allege two classes of plaintiffs, and purport to define the second class of persons as consisting of persons "who refrained from redeeming" from March 1, 2007 to April 30, 2008.  (*See* CAC ¶ 2.)  These claims are purportedly brought under Section 11 of the 1933 Act and Section 10(b) of the 1934 Act.  (CAC ¶¶ 697-707 (§ 11 claim); 742-57 (§ 10(b) claims).)  But in *Blue Chip Stamps* v. *Manor*

---

[4]  Claims for violations of Section 11 of the 1933 Act are also governed by a one-year statute of limitations, which requires plaintiffs to file claims within one year of actual or inquiry notice of the existence of the alleged misrepresentations and omissions.  *See* 15 U.S.C. § 77m.  The relatively brief limitations period for securities claims prevents investors from continuing to speculate on a security after they are put on notice of alleged wrongdoing. *See Tragenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 722 (7th Cir. 1993).

*Drug Stores*, 421 U.S. 723, 754-55 (1975), the Supreme Court held that holders of securities are barred from bringing an action under Section 10(b) and Rule 10b-5 because a person must be a "purchaser or seller" of securities to have standing to assert such claims.  Plaintiffs allege that shareholders held their shares and did not redeem them at earlier higher NAVs because of the alleged misrepresentations and/or omissions.  (CAC ¶¶ 747, 751.)  The class definition includes investors "[w]ho refrained from redeeming the Funds' shares."  (CAC ¶ 2(a)(2).)  These allegations make clear that plaintiffs "are actual shareholders in the issuer who allege that they decided not to sell their shares . . . ."  *Blue Chip Stamps*, 421 U.S. at 737.  Thus, they have no claim under Section 10(b) or Rule 10b-5.  The rule set out in *Blue Chip Stamps* also applies to plaintiffs' claim under Section 11 of the 1933 Act.  *See Simmons* v. *Wolfson*,  428 F.2d 455, 456 (6th Cir. 1970) (holding that "[o]nly purchasers have standing" under the 1933 Act).  Accordingly, plaintiffs' purported "holder" claims should be dismissed.

> **E.**     **The Funds are not proper Section 11 defendants**

Plaintiffs' claims against the Funds should be dismissed, because the Funds are not proper parties to this action.  Plaintiffs have not alleged that the Funds signed the registration statement, nor could they; therefore, the Funds are not liable under Section 11.  *See* 15 U.S.C. § 77k(a); *Herman & MacLean v. Huddleston*, 459 U.S. 375, 381 n.13 (1983) ("A Section 11 action can be brought only against the issuer, its directors or partners, underwriters, and accountants who are named as having prepared or certified the registration statement.").  Moreover, the Funds are portfolios or "series" of the Company's shares of common stock; they are not legal entities separate from the Company. (*See* CAC ¶ 36.)  Furthermore, plaintiffs concede that "[t]he Company/Funds had no employees or officers; all of its management was provided by either Morgan Management or Morgan Keegan, or both."  (CAC ¶ 97.)  Plaintiffs have not alleged any

facts showing that the Funds made any misrepresentations or omissions that would give rise to liability under the 1933 Act.  Accordingly, the claims against the Funds should be dismissed.

## III.   TO THE EXTENT THAT PLAINTIFFS' SECTION 12(a)(2) CLAIM (COUNT II) IS DIRECTED AT THE FUND DEFENDANTS, IT SHOULD BE DISMISSED

Plaintiffs have not stated a claim against the Fund Defendants pursuant to Section 12(a)(2) of the 1933 Act, 15 U.S.C. 77*l*(a)(2).  As noted in footnote 1 above, the heading of Count II (CAC at p. 752), alleging violations of Section 12(a)(2) of the 1933 Act, states that it relates to all defendants except Regions Financial Corporation, PricewaterhouseCoopers LLP and MK Holding, Inc., but Paragraph 708 of the CAC only defines the "§ 12 Defendants" as Morgan Keegan & Company, Inc., Morgan Asset Management, Inc. and Regions Bank.  (CAC ¶ 708.)  Thus, plaintiffs have not named the Fund Defendants in this claim, and the Section 12(a)(2) claim should be dismissed on this basis alone.

To the extent plaintiffs purport to assert a claim under Section 12(a)(2) against the Fund Defendants, that claim should be dismissed for the reasons stated above in Section II, with respect to plaintiffs' Section 11 claims, specifically Plaintiffs have not alleged a material misstatement or omission (*see* 15 U.S.C. § 77*l*(a)(2)), lack of causation is established by the CAC itself (*see* 15 U.S.C. § 77*l*(b)), and claims under Sections 12 of the 1933 Act are also subject to a three-year statute of repose and one-year statute of limitations (*see* 15 U.S.C. § 77m).  (*See* Section II, *supra*.)

In addition to omitting any reference to the Fund Defendants in the definition of "§ 12 Defendants," plaintiffs offer nothing more than generalized allegations against the "§ 12 Defendants" and do not specify any actions taken by any defendant to sell or solicit the purchase of shares to plaintiffs.  (CAC ¶ 708.)  *See, e.g., Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 871 (5th Cir.2003) (holding that "[t]he issuer may only be liable under § 12(a)(2) if the plaintiff alleges that an issuer's role was not the usual one; that it went farther and became a vendor's agent."

(internal quotation omitted)); *Merrill Lynch I*, 272 F. Supp. at 255 ("The Plaintiff's claim against the Defendants under Section 12(a)(2) of the Securities Act also fails because plaintiff has not sufficiently alleged that she purchased the mutual fund shares directly from any of the Defendants.").

Finally, as noted above, the Funds are not separate legal entities, as plaintiffs acknowledge in the CAC.  (*See* CAC ¶¶ 36, 97.)  Thus, for the reasons discussed above, the Funds also are not proper parties to these claims.

## IV.  PLAINTIFFS' SECTION 10(b) AND RULE 10b-5 CLAIM (COUNT V) SHOULD BE DISMISSED AS AGAINST ALL THE FUND DEFENDANTS

Plaintiffs' claims fail to satisfy the heightened pleading standards of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA"), and Rule 9(b) of the Federal Rules of Civil Procedure.  A Section 10(b) claim requires a plaintiff to plead and prove with specificity *as to each defendant* (1) a material misrepresentation or omission by that defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. *See Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (2008).

### A.  Plaintiffs fail to identify a material misstatement or omission attributable to the Fund Defendants

As stated above in Section II(A) and in the Morgan Keegan Brief (at 14, 20-46), plaintiffs have failed to allege with the requisite particularity any material misstatement or omission by any defendant.  Further, plaintiffs' failure in this regard is particularly notable because they make no attempt to specify the Fund Defendants' role in the allegedly fraudulent scheme.  15 U.S.C. §78u-4(b)(1); *see also Tellabs, Inc.* v. *Makor Issues & Rights, Ltd*, 551 U.S. 308, at 318-19 (2007). Rule 9(b) and the PSLRA require plaintiffs to plead separately *each defendant's* involvement in making each allegedly fraudulent statement.  *See In re Huffy Corp. Sec. Litig.*, 577 F. Supp. 2d

968, 985 (S.D. Ohio 2008) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 365 (2d Cir. 2004)).  Plaintiffs' specific acknowledgment that "[t]he Company/Funds had no employees or officers; all of [their] management was provided by either Morgan Management or Morgan Keegan, or both," (CAC ¶ 97) makes clear that, as to the Fund Defendants, plaintiffs cannot make the "statement-by-statement analysis" on a defendant-by defendant basis that is required.  *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 682 (6th Cir. 2005).  Because the Fund Defendants are not alleged to have made any material misstatement or omission, plaintiffs' claims must be dismissed on this basis alone.

    **B.**    **Plaintiffs fail to plead the requisite element of scienter as to the Fund Defendants**

Under the PSLRA, a plaintiff is obligated to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2); *see also PR Diamonds, Inc.* v. *Chandler*, 364 F.3d 671, 682 (6th Cir. 2004); *In re Comshare, Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999).  For purposes of a Section 10(b) action, the required state of mind is "'an intent to deceive, manipulate or defraud.'"  *Tellabs*, 551 U.S. at 32 (quoting *Ernst & Ernst* v. *Hochfelder*, 425 U.S. 185, 193 n.12 (1976)).  "[S]peculation and conclusory allegations" do not suffice.  *Comshare*, 183 F.3d at 553.  Rather, as the Supreme Court recently held, the strong inference of scienter "must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent."  *Tellabs*, 551 U.S. at 314.

To satisfy the scienter pleading requirement, a plaintiff must allege with particularity that the defendant acted knowingly or recklessly.  *Comshare*, 183 F.3d at 552; *PR Diamonds, Inc.*, 364 F.3d at 681.  Recklessness is "highly unreasonable conduct which is an extreme departure from the standards of ordinary care," and is "akin to conscious disregard." *PR Diamonds, Inc.*, 364 F.3d at 681.  More specifically, the Sixth Circuit has articulated nine factors that are "probative of

scienter in securities fraud actions." *PR Diamonds, Inc.*, 364 F.3d at 682–83.[5]  Plaintiffs have made no attempt to allege any of these factors as to the Fund Defendants.  Rather, the CAC merely states that all defendants "knew, should have known, or recklessly disregarded" information contrary to the alleged misstatements.  (CAC ¶ 394, *see also* ¶¶ 104, 372, 375, 378, 382, 385, 748.)  Such conclusory statements are insufficient to plead scienter.  *See Tellabs,* 551 U.S. at 314-15; *Comshare*, 183 F.3d at 553.

Indeed, there are no specific allegations whatsoever as to the Fund Defendants that would permit an inference of scienter.  As previously noted, plaintiffs concede that "[t]he Company/Funds had no employees or officers; all of its management was provided by either Morgan Management or Morgan Keegan, or both," (CAC ¶ 97).  Nor do they explain the motive or required state of mind of any of the Fund Defendants.

    **C.**    **Plaintiffs cannot maintain their claim as holders and fail to plead the requisite connection with the purchase or sale**

As set forth above and in the Morgan Keegan Brief (at 19-20, 47), plaintiffs' 1934 Act clams fail as a matter of law because plaintiffs purport to bring those claims in their capacity as holders of shares.  *See Blue Chip Stamps*, 421 U.S. at 754-55.  Additionally, in light of plaintiffs' failure to adequately plead any misstatement or omissions attributable to the Fund Defendants,

---

[5]  The factors probative of scienter are:

(1) insider trading at a suspicious time or in an unusual amount; (2) divergence between internal reports and external statements on the same subject; (3) closeness in time of an allegedly fraudulent statement or omission and the later disclosure of inconsistent information; (4) evidence of bribery by a top company official; (5) existence of an ancillary lawsuit charging fraud by a company and the company's quick settlement of that suit; (6) disregard of the most current factual information before making statements; (7) disclosure of accounting information in such a way that its negative implications could only be understood by someone with a high degree of sophistication; (8) the personal interest of certain directors in not informing disinterested directors of an impending sale of stock; and (9) the self-interested motivation of defendants in the form of saving their salaries and jobs.

*PR Diamonds, Inc.*, 364 F.3d at 682-83.

plaintiffs have not alleged a connection between any purported misrepresentation or omission and the purchase or sale of shares in the Funds.

### D.     Plaintiffs fail to adequately plead loss causation

As stated above in Section II(B), with respect to plaintiffs' Section 11 claim, and in the Morgan Keegan Brief (at 49-53), plaintiffs' have failed adequately to allege loss causation with respect to their 1934 Act claims.  A decline in price does not establish loss causation, because a "lower price may reflect, not the earlier misrepresentation, but changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events, which taken separately or together account for some or all of that lower price."  *Dura*, 544 U.S. at 343.  The CAC acknowledges that the drop in the value of the Funds was because of a sudden lack of a market for the mortgage-backed securities held by the Funds.  (CAC ¶¶ 120-21.)  This is precisely the type of "changed economic circumstances" that cuts off any causal connection to plaintiffs' loss.  *Dura*, 544 U.S. at 343; *see also In re Merrill Lynch Inv. Mgmt. Funds Sec. Litig.,* 434 F. Supp. 2d at 238-39 (1933 and 1934 Act claims dismissed for failure to plead loss causation).

### E.     The Funds are not proper defendants as to the purported 1934 Act claims

As stated above in Section II(E), plaintiffs' claims against the Funds should be dismissed, because the Funds are not proper parties to this action.  Accordingly, even though plaintiffs purport to assert claims against the "Company/Funds" (*see* CAC ¶ 742), the claims against the Funds should be dismissed because plaintiffs admit that the Funds are portfolios or "series" of the Company's shares of common stock and are not legal entities separate from the Company (*see* CAC ¶ 36).  Furthermore, plaintiffs concede that "[t]he Company/Funds had no employees or officers; all of its management was provided by either Morgan Management or Morgan Keegan, or both."  (CAC ¶ 97.)  Plaintiffs have not alleged any facts showing that the Funds made any

misrepresentations or omissions that would give rise to liability under Section 10(b) of the 1934 Act, or Rule 10b-5. Accordingly, the claims against the Funds should be dismissed.

## V.   NO PRIVATE RIGHT OF ACTION EXISTS WITH RESPECT TO §§ 13, 22, 30, 34(b) OR 47(b) OF THE ICA AND SUCH CLAIMS MUST BE DISMISSED.

Count IV of the CAC purports to assert claims against all defendants for violations of Sections 13, 22, 30 34(b), and 47(b) of the ICA. (*See* CAC ¶¶ 725-41.) It is well established that no private right of action exists for any of these provisions other than Section 47(b), which is a remedial provision concerning illegal contracts and is not relevant here.

Following the Supreme Court's decision in *Alexander* v. *Sandoval*, 532 U.S. 275 (2001), courts routinely dismiss claims under the ICA that have not been expressly authorized by Congress. *See*, *e.g.*, *Bellikoff* v. *Eaton Vance Corp.*, 481 F. 3d 110, 115-17 (2d Cir. 2007); *Olmsted* v. *Pruco Life Ins. Co.*, 283 F.3d 429, 436 (2d Cir. 2002); *In re Salomon Smith Barney Mut. Funds Fee Litig.*, 441 F. Supp. 2d 579, 592-93 & n.12 (S.D.N.Y. 2006) (collecting cases); *Korland* v. *Capital Research and Mgmt Co.*, 2009 WL 936612 at *4 (C.D. Cal. Feb. 10, 2009) (collecting additional cases); *Jacobs* v. *Bremner*, 378 F. Supp. 2d 861, 866 (N.D. Ill. 2005) (Sections 36(a) and (b)); *Merrill Lynch I*, 272 F. Supp. 2d at 255-56 (Section 34(b)); *In re Van Wagoner Funds, Inc. Sec. Litig.*, 382 F. Supp. 2d 1173, 1189 (N.D. Cal. 2004) (Section 34(b)).

This Court likewise should decline to create a private right of action under the sections of the ICA at issue here, because (i) these sections do not explicitly provide for a private right of action, (ii) these sections contain no rights-creating language, (iii) the ICA provides an alternative enforcement method authorizing SEC enforcement of all sections of the ICA, and (iv) Section 36(b), not at issue here, explicitly provides for a private right of action. *See, e.g., In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 231 (S.D.N.Y. 2000); *Merrill Lynch I*, 272 F. Supp. 2d at 257-58; *see also* 15 U.S.C. § 80a-33(b).

Section 47(b) provides that a "contract that is made, or whose performance involves, a violation of [the ICA], is unenforceable by either party . . . unless a court finds that under the circumstances enforcement would produce a more equitable result than nonenforcement and would not be inconsistent with the purposes of [the ICA]." 15 U.S.C. § 80a-46(b).  While plaintiffs assert that, as a result of purported violations of the ICA sections cited in the CAC, they are entitled, "pursuant to § 47(b) . . . to rescind their purchases or holdings of the Funds' shares during the class period or are otherwise entitled to damages," (CAC ¶ 735), no remedy under Section 47(b) is available to plaintiffs given the CAC's failure to allege that plaintiffs are or were parties to any contract that is illegal on its face or that could not be performed without a violation of the federal securities laws.  *See*, *e.g.*, *GFL Advantage Fund, Ltd.* v. *Colkitt*, 272 F.3d 189, 200-202 (3d Cir. 2001) (under the voidability provisions of the federal securities laws "only unlawful *contracts* may be rescinded, not unlawful *transactions* made pursuant to lawful contracts") (citation and internal quotation marks omitted); *Zerman* v. *Jacobs*, 510 F. Supp. 132, 135 (S.D.N.Y. 1981), *aff'd*, 672 F.2d 901 (2d Cir. 1981).  Finally, as noted above, plaintiffs acknowledge that he Funds are not separate legal entities, and as such, the Funds are not proper parties to these claims for this reason as well.  Accordingly, for all these reasons, plaintiffs' ICA claims should be dismissed.

## CONCLUSION

For the reasons set forth herein, the Fund Defendants respectfully request that this Court dismiss plaintiffs' claims against the Fund Defendants with prejudice.

DATED this 12th day of February, 2010.                Respectfully submitted,


/s/Kevin C. Logue
Kevin C. Logue
Asa R. Danes
PAUL, HASTINGS, JANOFSKY &
    WALKER LLP
75 East 55th Street
New York, New York 10022
Tel:  (212) 318-6000
Fax: (212) 319-4090
kevinlogue@paulhastings.com
asadanes@paulhastings.com

*Attorneys for Defendants*
*Helios Select Fund, Inc.,*
*Helios Select Short Term Bond Fund,*
*Helios Select Intermediate Bond Fund and*
*Helios Select High Income Fund (formerly*
*Morgan Keegan Select Fund, Inc., Regions*
*Morgan Keegan Select Short Term Bond*
*Fund, Regions Morgan Keegan Select*
*Intermediate Bond Fund and Regions Morgan*
*Keegan Select High Income Fund,*
*respectively)*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

**APPERSON, CRUMP & MAXWELL, PLC**
CHARLES D. REAVES
JEROME A. BROADHURST
6070 Poplar Avenue, 6th Floor
Memphis, TN 38119-3954

**KIRKLAND & ELLIS, LLP**
TIMOTHY DUFFY, ESQ.
EMILY NICKLIN, ESQ.
KRISTOPHER RITTER, ESQ.
300 North LaSalle
Chicago, IL 60654

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
VERNON J. VANDER WEIDE
THOMAS V. SEIFERT
333 South Seventh St., Suite 1140
Minneapolis, MN 55402-2422

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
LEO BEARMAN, ESQ.
EUGENE PODESTA, ESQ.
165 Madison Avenue
First Tennessee Building
Memphis, TN 38103

**LOCKRIDGE GRINDAL NAUEN PLLP**
RICHARD A. LOCKRIDGE
GREGG M. FISHBEIN
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

**K&L GATES LLP**
JEFFREY B. MALETTA, ESQ.
NICOLE A. BAKER, ESQ.
1601 K Street, NW
Washington, D.C. 20006-1600

**ZIMMERMAN REED, P.L.L.P.**
CAROLYN G. ANDERSON
TIMOTHY J. BECKER
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

**SUTHERLAND ASBILL & BRENNAN, LLP**
S. LAWRENCE POLK
999 Peachtree Street NE
Atlanta, GA 30309

**MAYNARD COOPER & GALE PC**
PETER S. FRUIN
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

**SULLIVAN & CROMWELL LLP**
DAVID B. TULCHIN
DAVID E. SWARTS
125 Broad Street
New York, New York 1004

**BASS BERRY & SIMS PLC**
MICHAEL L. DAGLEY
MATTHEW M. CURLEY
BRITT K. LATHAM
W. BRANTLEY PHILLIPS, JR.
150 Third Avenue South, Suite 2800
Nashville, TN 37201

**BASS BERRY & SIMS PLC**
SHEPHERD D. TATE
MICHAEL A. BRADY
100 Peabody Place, Suite 900
Memphis, Tennessee 38103-3672

/s/Kevin C. Logue
Kevin C. Logue