IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION, | Case No. 2:09-md-2009-SHM |
| This Document Relates to: | |
| *In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, | |
| No. 2:07-cv-02784-SHM-dvk | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FILED BY ALLEN B. MORGAN, JR., J. KENNETH ALDERMAN,
CARTER E. ANTHONY, BRIAN B. SULLIVAN, JOSEPH C. WELLER,
JOHN T. WELLER, G. DOUGLAS EDWARDS, CHARLES D. MAXWELL,
DAVID M. GEORGE, MICHELE F. WOOD, JAMES C. KELSOE, JR.,
<u>DAVID H. TANNEHILL, AND THOMAS R. GAMBLE</u>**

SUTHERLAND, ASBILL &
BRENNAN LLP
S. Lawrence Polk
999 Peachtree Street, NE
Atlanta, GA 30309
(404)853-8000
Larry.Polk@sutherland.com

*Attorney for Allen B. Morgan, Jr., J. Kenneth Alderman, Carter E. Anthony, Brian B. Sullivan, Joseph C. Weller, John T. Weller, G. Douglas Edwards, Charles D. Maxwell, David M. George, Michele F. Wood, James C. Kelsoe, Jr., David H. Tannehill and Thomas R. Gamble*

Defendants Allen B. Morgan, Jr., J. Kenneth Alderman, Carter E. Anthony, Brian B. Sullivan, Joseph C. Weller, John T. Weller, G. Douglas Edwards, Charles D. Maxwell, David M. George, Michele F. Wood, James C. Kelsoe, Jr., David H. Tannehill and Thomas R. Gamble (collectively, the "Individual Defendants") respectfully submit this reply memorandum in further support of their Motion to Dismiss Plaintiffs Consolidated Amended Complaint ("CAC"), and in opposition to Plaintiffs' Consolidated Memorandum in Opposition to Defendants' Motions to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("Opposition" or "Opp'n") (Docket No. 238).

The Individual Defendants primarily rest on the arguments in their opening brief, which Plaintiffs have failed to refute, and incorporate and adopt the arguments of Morgan Keegan & Company, Inc., Morgan Asset Management, Inc. ("MAM"), and MK Holding, Inc., the Independent Directors, Regions Financial Corporation, and PricewaterhouseCoopers ("PwC") in their respective motions to dismiss and memoranda of law to the extent such arguments are applicable to the claims asserted against the Individual Defendants.

## I.     Plaintiffs lack standing to pursue their claims.

First, Plaintiffs' claims are premised almost entirely on alleged mismanagement of the Funds.  As set forth at length by the other Defendants, claims for securities fraud may not be premised on allegations of mismanagement. *See Santa Fe Indus.* v. *Green*, 430 U.S. 462, 474-79 (1977).  Moreover, claims of mismanagement may not be asserted directly by shareholders; rather, these claims seek recovery for injuries to MK Select and the Funds and must be pursued derivatively.  *See Strougo* v. *Bassini*, 282 F.3d 162, 171 (2d Cir. 2002).  (*See also* Memorandum of Law in Support of Motion to Dismiss Filed by the Individual Defendants ("Ind. Defs.' Mem.") at 4-5.)  As such, Plaintiffs' claims are improper and fail as a matter of law.

Plaintiffs also lack standing because they purport to bring claims on behalf of individuals who neither purchased nor sold securities during the class period.  Mere holders of securities lack standing to bring claims under the federal securities laws.  *See Blue Chip Stamps* v. *Manor Drug Stores*, 421 U.S. 723, 754-55 (1975); *Ashland, Inc.* v. *Morgan Stanley & Co., Inc.*, -- F. Supp. 2d --, 2010 WL 1253932, *10 (S.D.N.Y. March 30, 2010).  Finally, Plaintiffs purport to bring claims under various sections of the ICA, none of which provides for a private right of action.

## II.     Plaintiffs fail to satisfy applicable pleading requirements.

Plaintiffs' claims sound in fraud.  Their allegations, including those concerning purported misrepresentations and omissions in the Funds' Registration Statements, must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and the PSLRA.  Plaintiffs' CAC fails to meet this standard.  (Ind. Defs.' Mem. at 4.)  Plaintiffs' allegations are so vague and conclusory that they do not even meet the more lenient pleading requirements of Federal Rule of Civil Procedure 8(a).  *See Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007); *Ashcroft* v. *Iqbal*, 129 S. Ct. 1937 (2009).

## III.    Plaintiffs concede that none of the Individual Defendants were statutory "sellers" under § 12(a)(2) of the 1933 Act.

Plaintiffs have failed to establish that any of the Individual Defendants are statutory "sellers" under § 12(a)(2) of the 1933 Act, and fail to respond to any of the arguments advanced by the Individual Defendants in their initial memorandum.  (*See* Ind. Defs.' Mem. at 5-6; *see also* Pls.' Opp'n at 34-36, 122-126 (claiming only that "MAM/MK and RB Were Sellers under § 12(a)(2)").)  Any claims asserted against the Individual Defendants under § 12(a)(2) are therefore abandoned, and must be dismissed.[1]

---

[1] Plaintiffs do not contest Defendants' position that claims asserted against MAM, Morgan Keegan, or Regions may not be considered claims asserted against the Individual Defendants by virtue of their alleged employment by any of these corporate entities.  (*See* Ind. Defs.' Mem. at 4 n.3.)

### IV. Plaintiffs point to no facts demonstrating that the Individual Defendants are "control persons" under § 15 of the 1933 Act or § 20 of the 1934 Act.

Finally, Plaintiffs' have failed to plead facts demonstrating that any of the Individual Defendants were "control persons" under § 15 of the 1933 Act or § 20 of the 1934 Act. As set forth in the other Defendants' respective memoranda, Plaintiffs have failed to plead a primary violation of the securities laws, which is a prerequisite to control person liability. Additionally, Plaintiffs have failed establish that *each* Individual Defendant possessed both "power to control the specific transaction or activity upon which the primary violation is predicated" as well as "actual participation (i.e., exercise [of] control) in the operations of the primary violator." *Azzolini* v. *CorTS Trust II for Provident Fin. Trust I*, 2005 U.S. Dist. LEXIS 31853, at *42 (E.D. Tenn. Sept. 16, 2005) (quoting *In re Prison Realty Sec. Litig.*, 117 F. Supp. 2d 681, 692 (M.D. Tenn. 2000) (citing *Sanders Confectionary Prods. v. Heller Fin., Inc.*, 973 F.2d 474, 486 (6th Cir. 1992)).

Plaintiffs' theory of control-person liability rests entirely on the following line of reasoning: Because "the Funds had no management," and because "MAM/MK managed and controlled the Funds," MAM and MK must have done so "through these Defendants, all of whom were employed by and were also officers of," Morgan Keegan, MAM, and Regions. (Pls.' Opp'n at 47-48.) Plaintiffs concede that the only *facts* alleged were "each of the Individual Defendants' [held] positions with the Funds and MAM/MK, which descriptions indicate their functions." (*Id.*)

Plaintiffs, however, cannot rely solely on an inference of control drawn from an individual's position as an officer or director of a company alleged to have violated the federal securities laws. *See*, *e.g.*, *Desai* v. *Gen. Growth Props.*, 654 F. Supp. 2d 836, 863 (N.D. Ill. Sept. 17, 2009) (holding that where a plaintiff "'self-servingly pleads a bare legal conclusion that the

4

. . . defendants were control persons,' without alleging facts other than defendants' status to support their conclusion, a count for control person liability is improperly pleaded and must be dismissed" (quotations omitted)); *In re Downey Sec. Litig.*, 2009 WL 2767670, *15 (C.D. Cal. Aug. 21, 2009) (holding that similar "boilerplate allegations are insufficient to state a claim for control person liability").[2]

Here, the inference of control is even more attenuated. Plaintiffs' allege that the inference of control should be drawn primarily from the fact that these individuals were officers, directors, and employees of *other companies*, that in turn purportedly controlled the Funds. Plaintiffs offer no particularized allegations of control regarding any Individual Defendant in support of their claim under § 15 of the 1933 Act or § 20 of the 1934 Act. As such, the CAC fails to state a claim for control person liability under either § 15 of the 1933 Act or § 20 of the 1934 Act.

## **CONCLUSION**

Based on the reasons set forth herein, the Individual Defendants respectfully request that this Court dismiss the claims in the CAC asserted against these Defendants with prejudice.

DATED this 28th day of May 2010.

---

[2] The cases cited by Plaintiffs are not relevant, in light of the fact that Plaintiffs in this case are subject to a heightened pleading standard. (Pls.' Opp'n at 131-33.) Even if this Court were to assume that the pleading requirements of Rule 8(a) applied to Plaintiffs' control person claims, Plaintiffs' claims fail. In the wake of the Supreme Court's decisions in *Twombly* and *Iqbal*, Plaintiffs may not rely on "control person allegations [which] are limited to legal conclusions and therefore are not entitled to the presumption of truth." *Graham* v. *Barriger*, 2009 WL 3852461, *19 (S.D.N.Y. Nov. 17, 2009) (citing *Iqbal*, 129 S.Ct. at 1949-50).

Respectfully submitted,

SUTHERLAND, ASBILL & BRENNAN LLP

/s/ S. Lawrence Polk
999 Peachtree Street, NE
Atlanta, GA 30309
(404)853-8000
Larry.Polk@sutherland.com

*Attorney for Allen B. Morgan, Jr., J. Kenneth Alderman, Carter E. Anthony, Brian B. Sullivan, Joseph C. Weller, John T. Weller, G. Douglas Edwards, Charles D. Maxwell, David M. George, Michele F. Wood, James C. Kelsoe, Jr., David H. Tannehill and Thomas R. Gamble*

## CERTIFICATE OF SERVICE

       I hereby certify that on May 28, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

**APPERSON CRUMP PLC**
CHARLES D. REAVES
JEROME A. BROADHURST
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119-3954

**KIRKLAND & ELLIS, LLP**
TIMOTHY DUFFY, ESQ.
EMILY NICKLIN, ESQ.
KRISTOPHER RITTER, ESQ.
300 North LaSalle
Chicago, IL 60654

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
VERNON J. VANDER WEIDE
THOMAS V. SEIFERT
333 South Seventh St., Suite 1140
Minneapolis, MN 55402-2422

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
LEO BEARMAN, ESQ.
EUGENE PODESTA, ESQ.
165 Madison Avenue
Memphis, TN 38103

**LOCKRIDGE GRINDAL NAUEN PLLP**
RICHARD A. LOCKRIDGE
GREGG M. FISHBEIN
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

**K&L GATES LLP**
JEFFREY B. MALETTA, ESQ.
NICOLE A. BAKER, ESQ.
1601 K Street, NW
Washington, D.C.  20006-1600

**ZIMMERMAN REED, P.L.L.P.**
CAROLYN G. ANDERSON
TIMOTHY J. BECKER
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

**BASS BERRY & SIMS PLC**
MICHAEL L. DAGLEY
MATTHEW M. CURLEY
150 Third Avenue North, Suite 2800
Nashville, TN 37201

**MAYNARD COOPER & GALE PC**
PETER S. FRUIN
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

**SULLIVAN & CROMWELL LLP**
DAVID B. TULCHIN
DAVID E. SWARTS
125 Broad Street
New York, New York 1004

**PAUL HASTINGS JANOFSKY & WALKER LLP**
Kevin C. Logue
Asa R. Danes
Park Avenue Tower
75 E. 55th Street
New York, NY 10022

/s/ S. Lawrence Polk

8609369.1