# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## MEMPHIS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br><br>*In re Regions Morgan Keegan*<br>*Open-End Mutual Fund Litigation*<br>No. 2:07-cv-02784-SHM-dkv | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: MDL Docket No. 2009<br>Hon. Samuel H. Mays, Jr. |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## REGIONS FINANCIAL CORPORATION'S AND REGIONS BANK'S
## <u>REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS</u>

Peter S. Fruin
**MAYNARD, COOPER AND GALE, P.C.**
1901 6th Avenue North, Suite 1900
Birmingham, Alabama  35203
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
Email:  pfruin@maynardcooper.com

David B. Tulchin
David E. Swarts
Margaret E. Bartlett
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email:  tulchind@sullcrom.com

*Attorneys for Regions Financial Corp.*
*and Regions Bank*

May 28, 2010

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

ARGUMENT ...................................................................................................................1

I.    PLAINTIFFS' SECTION 11 AND 12(a)(2) CLAIMS (COUNTS I AND II) FAIL BECAUSE REGIONS BANK IS NOT A PROPER DEFENDANT ...........................................................................................1

II.    PLAINTIFFS HAVE FAILED TO ADEQUATELY STATE A CLAIM UNDER SECTION 10(b) AND RULE 10b-5 ......................................2

    A.    Plaintiffs Have Alleged No Misstatements or Omissions ................2

    B.    Plaintiffs Also Fail to Plead Scienter .............................................3

III.    "HOLDER" CLAIMS ARE NOT COGNIZABLE UNDER THE SECURITIES LAW .............................................................................4

IV.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR CONTROL PERSON LIABILITY ...............................................................5

CONCLUSION .............................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Arlington Heights* v. *Poder*,
　　712 F. Supp. 680 (N.D. Ill. 1989) .................................................................5

*Atkinson* v. *Morgan Asset Management, Inc.*,
　　664 F. Supp. 2d 898 (W.D. Tenn. 2009) ......................................................4

*Blue Chip Stamps* v. *Manor Drug Stores*,
　　421 U.S. 723 (1975) .......................................................................................4

*Congregation of the Passion* v. *Kidder Peabody & Co.*,
　　800 F.2d 177 (7th Cir. 1986) .........................................................................4

*Herman & MacLean* v. *Huddleston*,
　　459 U.S. 375 (1983) .......................................................................................1

*In re Huffy Corp. Sec. Litig.*,
　　577 F. Supp. 2d 968 (S.D. Ohio 2008) .........................................................3

*In re Prison Realty Sec. Litig.*,
　　117 F. Supp. 2d 681 (M.D. Tenn. 2000) .......................................................2

*Norris* v. *Wirtz*,
　　719 F.2d 256 (7th Cir. 1983) .........................................................................5

*O'Brien* v. *Cont'l Ill. Nat'l Bank & Trust Co.*,
　　593 F.2d 54 (7th Cir. 1979) ...........................................................................5

*PR Diamonds, Inc.* v. *Chandler*,
　　364 F.3d 671 (6th Cir. 2004) .........................................................................3

*Sanders Confectionary Prods., Inc.* v. *Heller Fin., Inc.*,
　　973 F.2d 474 (6th Cir. 1992) .........................................................................6

*Southland Sec. Corp.* v. *INSpire Ins. Solutions, Inc.*,
　　365 F.3d 353 (2d Cir. 2004) ..........................................................................3

*Tellabs, Inc.* v. *Makor Issues & Rights, Inc.*,
　　551 U.S. 308 (2007) .......................................................................................3

*Tower Bank & Trust Co.* v. *Bank One, N.A.*,
　　2006 WL 2092332 (N.D. Ind. July 26, 2006) ..............................................5

# TABLE OF AUTHORITIES
*(Continued)*

**Page(s)**

### STATUTES

Section 11 of the Securities Act of 1933,
    15 U.S.C. § 77k .................................................................................................................4

Section 12 of the Securities Act of 1933,
    15 U.S.C. § 77*l* .............................................................................................................1, 2

Section 15 of the Securities Act of 1933,
    15 U.S.C. § 77o .................................................................................................................5

Section 10(b) of the Securities Exchange Act of 1934,
    15 U.S.C. § 78j(b) .........................................................................................................2, 4

Section 20 of the Securities Exchange Act of 1934,
    15 U.S.C. § 78t .................................................................................................................5

Private Securities Litigation Reform Act of 1995,
    15 U.S.C. § 78u-4 .........................................................................................................2, 3

### RULES

Rule 9, FED. R. CIV. P. ...............................................................................................2, 3

Rule 10b-5, 17 C.F.R. § 240.10b-5 .............................................................................2, 4

Defendants Regions Financial Corporation ("Regions Financial") and Regions Bank respectfully submit this reply memorandum in further support of their motion to dismiss the Consolidated Amended Class Action Complaint ("complaint") in this action.

In their 140-page brief in opposition to defendants' various motions to dismiss ("Opp."), plaintiffs concentrate their attention on arguments made by Morgan Keegan and Morgan Asset Management ("MAM") and have little or nothing to say in response to the separate arguments made by Regions Financial and Regions Bank. Indeed, the claims against the Regions parties are made on the mistaken premise that Regions is automatically liable for the alleged misconduct of Morgan Keegan and MAM, and this error is hardly even addressed by plaintiffs in their massive brief.

## ARGUMENT

**I.   PLAINTIFFS' SECTION 11 AND 12(a)(2) CLAIMS (COUNTS I AND II) FAIL BECAUSE REGIONS BANK IS NOT A PROPER DEFENDANT.**

Plaintiffs' opposition fails to offer any meaningful response to Regions Bank's argument that a Section 11 claim "can be brought only against the issuer, its directors or partners, underwriters and accountants who are named as having prepared or certified the registration statement." *Herman & MacLean* v. *Huddleston*, 459 U.S. 375, 382 n.13 (1983). The complaint does not (and could not) allege that Regions Bank was any of those things.[1]

Plaintiffs' opposition also fails to refute Regions Bank's argument that it was not a "statutory seller" of securities under Section 12(a)(2) of the Securities Act. (Memorandum of Law in Support of Motion to Dismiss by Regions Financial Corporation and Regions Bank, filed

---

[1]      Regions Financial is not named as a defendant with respect to either Count I or II.

February 12, 2010 ("Regions Brief") at 8.)  Plaintiffs concede that Section 12(a)(2) applies only

to "one who 'offers or sells a security'" (Opp. at 122-23 (citing 15 U.S.C. § 77l(a)(2))) and the

complaint never alleges that Regions Bank sold shares in the Morgan Keegan mutual funds at

issue (the "Funds").  This is dispositive.  Plaintiffs' only argument is to offer the irrelevancy that

Regions Bank employees allegedly "marketed" the Funds and "referred bank customers" to

Morgan Keegan sales agents.  (Opp. at 35 and n.40.)  As demonstrated in the opening brief

(p. 8), this falls far short of what is required to state a claim under Section 12(a)(2) because

plaintiffs have not alleged "direct and active participation in the solicitation of the immediate

sale."  *In re Prison Realty Sec. Litig.*, 117 F. Supp. 2d 681, 691 (M.D. Tenn. 2000).  Having

neither sold, nor actively solicited the sales of, the Funds' shares, Regions Bank is not a statutory

seller under Section 12(a)(2) and thus Count II should be dismissed as against it.

## II.   PLAINTIFFS HAVE FAILED TO ADEQUATELY STATE A CLAIM UNDER SECTION 10(b) AND RULE 10b-5.

Plaintiffs have failed to satisfy the heightened pleading requirements of Rule 9(b)

of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995

("PSLRA"), identifying no allegedly misleading statement made by, nor any scienter on the part

of, Regions Bank.  Accordingly, plaintiffs' Section 10(b) and Rule 10b-5 claims (Counts V and

VI) against Regions Bank also should be dismissed.[2]

### A.   Plaintiffs Have Alleged No Misstatements or Omissions

The complaint fails to identify a single allegedly misleading statement or

omission ever made by Regions Bank, but rather makes only allegations of misleading

---

[2]      Regions Financial is not named as a defendant in these Counts.

disclosures by the Funds.[3]  (*See* Regions Brief at 9-11.)  After conceding that the alleged

misstatements were not made by Regions Bank, plaintiffs fall back on vague allegations of

control person status, relying exclusively on the corporate relationship among Regions Bank,

Morgan Keegan, MAM and the Funds in an attempt to attribute to Regions Bank misstatements

allegedly made by others.  (Opp. at 37-38.)  This falls far short of the particularity demanded by

Rule 9(b) and the PSLRA, which require plaintiffs to plead each defendant's involvement in

making each allegedly fraudulent statement.  *In re Huffy Corp. Sec. Litig.*, 577 F. Supp. 2d 968,

985 (S.D. Ohio 2008) (citing *Southland Sec. Corp.* v. *INSpire Ins. Solutions, Inc.*, 365 F.3d 353,

365 (2d Cir. 2004)).  Plaintiffs here have entirely failed to meet this standard and Counts V and

VI against Regions Bank should thus be dismissed.

**B.      Plaintiffs Also Fail to Plead Scienter**

To adequately plead scienter, plaintiffs must allege with particularity that Regions

Bank acted knowingly or recklessly.  *PR Diamonds, Inc.* v. *Chandler*, 364 F.3d 671, 682 (6th

Cir. 2004).[4]  As the Supreme Court's 2007 decision in *Tellabs, Inc.* v. *Makor Issues & Rights,*

*Inc.* makes clear:  "[A]n inference of scienter must be more than merely plausible or

reasonable—it must be cogent and at least as compelling as any opposing inference of

nonfraudulent intent."  551 U.S. 308, 314 (2007).  Here, plaintiffs' claims are mere "fraud by

hindsight" claims that cannot form a basis for liability.  (Regions Brief at 11-13.)  Indeed, the

---

[3]      Plaintiffs' allegations that the Funds' disclosures were false or misleading fail in any
event.  (*See* Reply Memorandum in Support of Motion to Dismiss by Morgan Asset
Management, Inc., Morgan Keegan & Company, Inc., and MK Holdings Inc., filed this date
("Morgan Keegan Reply") at 13-24.)  The Morgan Keegan Reply is incorporated herein by
reference.

[4]      Plaintiffs do not argue that Regions Bank acted recklessly, but only that "Defendants
acted knowingly."  (Opp. at 40.)

only allegation to which plaintiffs point in an attempt to create an inference of scienter is that

Regions Financial sold its EquiFirst mortgage business at a loss in 2006.  (Opp. at 42-43.)  This

creates no inference of scienter, as it indicates neither reckless nor knowing intent to engage in

any fraudulent conduct, and plaintiffs fail entirely to explain how Regions Financial's decision to

sell a subsidiary in 2006 that was unrelated to the Funds and to the allegations in this action

could give rise to any such inference.  (Regions Brief at 12-13.)

## III.    "HOLDER" CLAIMS ARE NOT COGNIZABLE UNDER THE SECURITIES LAW.

The complaint purports to bring a Section 10(b) and Rule 10b-5 claim on behalf

of a putative "Fiduciary Subclass" consisting of beneficiaries of certain trust accounts that

continued to hold shares in the Funds.  (Count VI.)  This Count fails as a matter of law because

only purchasers or sellers of securities during the relevant period (not mere holders) have

standing to assert such claims.  *Blue Chip Stamps* v. *Manor Drug Stores*, 421 U.S. 723, 754-55

(1975).  In a recent related case, this Court ruled squarely that plaintiffs' holder claims must fail

where, as here, "Plaintiffs do not complain that, during the stated class period, they purchased or

sold shares of the Funds because of misleading information Defendants provided.  Plaintiffs'

complaint is that they *would have* sold their shares if the Defendants had not made material

omissions in their disclosures."  *Atkinson* v. *Morgan Asset Management, Inc.*, 664 F. Supp. 2d

898, 904 (W.D. Tenn. 2009) (emphasis in original).[5]

Count VI further fails because these putative plaintiffs were merely beneficiaries

of trust accounts and as such "[t]here was no investment decision to be made by plaintiffs."

---

[5]      Plaintiffs' Section 11 (Count I) and Section 10(b) (Count V) claims purportedly brought on behalf of a class of "holders" of shares of the Funds generally (*see*, *e.g.*, complaint ¶¶ 2(a)(2), 106, 107) fail for the same reason.  (*See also* Morgan Keegan Reply at 7-8.)

*Congregation of the Passion* v. *Kidder Peabody & Co.*, 800 F.2d 177, 181 (7th Cir. 1986)

(quoting *O'Brien* v. *Cont'l Ill. Nat'l Bank & Trust Co.*, 593 F.2d 54, 60 (7th Cir. 1979)).

Although plaintiffs attempt to distinguish *O'Brien*, the cases they cite are inapposite because in

each, unlike here, plaintiffs were empowered to make the relevant investment decision and were

not merely beneficiaries of a trust that held the securities.  *See* Opp. at 110-12 (citing *Norris* v.

*Wirtz*, 719 F.2d 256, 261 (7th Cir. 1983) ("plaintiff . . . had the authority to make the investment

decisions involving the securities sales in which the alleged misrepresentations were made");

*Tower Bank & Trust Co.* v. *Bank One, N.A.*, 2006 WL 2092332, at *3-4 (N.D. Ind. July 26,

2006) (defendant "specifically *sought out* the consent [of plaintiffs] in order to effectuate the

purchase and sale [of securities]" (emphasis in original)); *Arlington Heights* v. *Poder*, 712 F.

Supp. 680, 684 (N.D. Ill. 1989) (plaintiffs never delegated authority to trade)).  Thus, Count VI

should be dismissed for this reason as well.

## IV.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR CONTROL PERSON LIABILITY.

Notwithstanding plaintiffs' protestations to the contrary, their opposition confirms

that their control person liability claims against Regions Financial under Section 15 of the

Securities Act (Count III) and Section 20(e) of the Exchange Act (Count VII) are based entirely

on allegations that Regions Financial is the corporate parent of Morgan Keegan and MAM.

(Opp. at 48-49, 128-30.)[6]  To state a claim under these statutes, a plaintiff must plead "that the

defendant . . . actually participated in (*i.e.*, exercised control over) the operations of the [primary

violator] in general and that the defendant possessed the power to control the specific transaction

---

[6]     Plaintiffs make no argument concerning Regions Bank and as such apparently have abandoned their control person claim as to Regions Bank (Count III).

or activity upon which the primary violation is predicated." *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 486 (6th Cir. 1992) (citation omitted).  The complaint contains no such allegation, and plaintiffs fail even to contend that it does.  Therefore, Counts III and VII should be dismissed as to Regions Financial.[7]

---

[7]     In their opening brief, Regions Bank and Regions Financial also argued that plaintiffs' claims under the Investment Company Act of 1940 (Count VI) fail because that Act does not provide for a private right of action under these circumstances (Regions Brief at 14) and further, that plaintiffs' claims fail because the complaint fails to establish loss causation, as required under the securities laws (Regions Brief at 17-18).  Because the opposition offers no response to these arguments unique to Regions Bank and Regions Financial, and to avoid unnecessary repetition, Regions Bank and Regions Financial incorporate by reference the arguments made in the Morgan Keegan Reply.  (Morgan Keegan Reply at 37-38, 40-41.)

**CONCLUSION**

For the reasons set forth herein and in the opening brief, the complaint should be

dismissed with prejudice.

Dated:  May 28, 2010

Respectfully submitted,


 /s/ Peter S. Fruin
Peter S. Fruin
**MAYNARD, COOPER AND GALE, P.C.**
1901 6th Avenue North, Suite 1900
Birmingham, Alabama  35203
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
Email:  pfruin@maynardcooper.com

David B. Tulchin
David E. Swarts
Margaret E. Bartlett
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email:  tulchind@sullcrom.com

*Attorneys for Regions Financial Corp.*
*and Regions Bank*

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that the above and foregoing was electronically filed this the 28th day of May 2010, using the CM/ECF system which will automatically serve a copy of this pleading on all parties of record.


                                          /s/  Peter S. Fruin
                                         Of Counsel