IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____
                                                     )
IN RE REGIONS MORGAN KEEGAN      )     Case No. 2:09-md-2009-SHM
SECURITIES, DERIVATIVE & ERISA      )
LITIGATION,                                      )
                                                     )
This Document Relates to:                     )
                                                     )
*In re Regions Morgan Keegan Open-End*     )
*Mutual Fund Litigation*,                      )
                                                     )
          No. 2:07-cv-02784-SHM-dvk     )
_____)


**ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION
COMPLAINT FILED BY MORGAN KEEGAN & COMPANY, INC., MORGAN ASSET
MANAGEMENT, INC., MK HOLDING, INC., AND THE INDIVIDUAL DEFENDANTS**

        Defendants Morgan Keegan & Company, Inc. ("Morgan Keegan"), Morgan Asset

Management, Inc. ("MAM"), MK Holding, Inc. ("MK Holding"), and Allen B. Morgan Jr., J.

Kenneth Alderman, Brian B. Sullivan, Joseph C. Weller, J. Thompson Weller, G. Douglas Edwards,

Charles D. Maxwell, David M. George, Michele F. Wood, James C. Kelsoe, Jr., David H.

Tannehill, and Thomas R. Gamble (the "Individual Defendants") (collectively, the "Defendants"),

for their Answer to Plaintiffs' Consolidated Amended Class Action Complaint ("CAC") (Docket

No. 218), state as follows:

        1.          Defendants admit the allegations contained in the first sentence of Paragraph

1 of the CAC.  The remainder of Paragraph 1 consists of legal conclusions and characterization of

documents to which no response is required.  To the extent a response is required, the docket entries

and accompanying documents referenced in Paragraph 1, including but not limited to the Court's

Consolidation Orders, dated September 23, 2008 (Docket Entry No. 154) and September 30, 2009

(Docket Entry No. 211), speak for themselves.

2.          Paragraph 2 of the CAC is a definitional paragraph stating legal conclusions to which no response is required.  In addition, no response is required to the allegations contained in Paragraph 2(a)(2), and any similar allegations in Paragraphs 2(b) and 2(c), by virtue of the Court's Order dated September 30, 2010 (Docket Entry No. 272) (hereinafter "Order") granting in part Defendants' Motions to Dismiss and dismissing certain allegations with prejudice.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 2 of the CAC.

3-4.          Paragraphs 3-4 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 3-4 of the CAC.

5.          Defendants deny the allegations contained in Paragraph 5 of the CAC, except to state that the Funds suffered losses during the global financial crisis, and that the public record regarding the prices at which RMK Select Short Term Bond Fund ("Short Term Fund"), RMK Select Intermediate Bond Fund ("Intermediate Fund"), and RMK Select High Income Fund ("High Income Fund") (collectively, the "Funds") traded—that is, the Funds' net asset values per share ("NAVs")—on any specific date or within any specific date range speaks for themselves.

6.          Paragraph 6 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 6 of the CAC.

7.          Defendants deny the allegations contained in Paragraph 7 of the CAC, except to state that the *Commercial Appeal* article referenced therein speaks for itself.

8.          Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the CAC.

9.          No response is required to the allegations contained in Paragraphs 9(b)-(c) of the CAC by virtue of the Court's Order dismissing those allegations.  Defendants deny the

allegations contained in Paragraph 9(a) of the CAC, except to admit that Plaintiffs purport to bring claims under §§ 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act," or the "1933 Act").

10.     Defendants deny the allegations contained in Paragraph 10 of the CAC, except to admit that venue is proper in this Court.

11.     Paragraph 11 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 11 of the CAC except to admit that they used the means and instrumentalities of interstate commerce, including the United States mails and interstate telephone facilities.

12-30.     Defendants deny information or knowledge sufficient to confirm the exact amounts invested during the specified time period by each named Plaintiff as set forth in Paragraphs 12-30 of the CAC, except to state that no response is required to any allegations that Plaintiffs "refrained from redeeming" or "did not redeem" securities by virtue of the Court's Order dismissing those allegations with prejudice.

31-33.     No response is required to the allegations contained in Paragraphs 31-33 of the CAC due to the Court's Order dismissing with prejudice allegations that Plaintiffs "refrained from redeeming" or "did not redeem" securities.

34.     Defendants deny information or knowledge sufficient to confirm the exact amounts invested during the specified time period by named Plaintiffs, as set forth in Paragraph 34(a) of the CAC.  No response is required to the allegations contained in Paragraph 34(b) of the CAC due to the Court's Order dismissing with prejudice allegations that Plaintiffs "refrained from redeeming" or "did not redeem" securities.

35.     Paragraph 35 of the CAC is a definitional paragraph to which no response is required.  Defendants further state that the Court's Order Appointing Lead Plaintiffs in this Action

speaks for itself.  (Docket Entry No. 211).

36.          Defendants admit that MK Select was an open-end investment company organized on or about October 1998.  The last two sentences of Paragraph 36 of the CAC contain legal conclusions and statements of law to which no response is required.  To the extent a response is required, Defendants admit that the Funds issued redeemable shares as set forth in their Registration Statements (defined in this Answer to refer to all parts of the registration statements and amendments thereto, including the Funds' prospectuses, statements of additional information ("SAIs"), and supplements).

37.          Defendants deny the allegations contained in the first sentence of Paragraph 37 of the CAC, except to state that the High Income Fund and the Intermediate Fund began operation on or about March 22, 1999.  Defendants further state that the Short Term Fund changed its name to RMK Select Short Term Bond Fund on or about November 1, 2005.  Defendants deny the allegations contained in the second sentence of Paragraph 37 of the CAC, except to state that Plaintiffs purport to bring claims involving all three Funds.  Defendants deny the allegations contained in the third sentence of Paragraph 37 of the CAC, except to state that a Prospectus Supplement dated December 12, 2002 stated that effective December 31, 2002, "Morgan Keegan & Company, Inc., the distributor for the [the Funds] will no longer offer shares of [the High Income Fund] to new investors.  Shareholders of the [High Income] Fund as of December 31, 2002 will be able to purchase additional shares of the [High Income] Fund after December 31, 2002."

38.          Paragraph 38 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 38 of the CAC, except to state that the Funds issued redeemable securities, the terms and conditions of which are set forth in MK Select's Articles of Incorporation and the Funds' Registration Statements, SEC Filings, and other public disclosures, which speak for themselves.

39.         Defendants deny the allegations contained in Paragraph 39 of the CAC, except to state that the Funds suffered losses during the global financial crisis of 2007-2008, and to state that on February 24, 2010, the SEC issued an "Order Under Section 8(f) of the ICA Declaring that [MK Select] Has Ceased To Be An Investment Company." Fund shareholders approved the Funds' plan of liquidation on May 29, 2009, and liquidating distributions were made to shareholders on June 16, 2009 (Short Term Fund), June 17, 2009 (High Income Fund), and June 18, 2009 (Intermediate Fund). The Funds filed an application to deregister on July 2, 2009, and amended the application on September 17, 2009.

40-41.      Defendants deny the allegations contained in Paragraphs 40-41 of the CAC, except to state as follows: MAM is a registered investment advisor and a corporate affiliate of Morgan Keegan. MAM served as investment adviser to the Funds offered as a series of MK Select until on or about July 29, 2008, when Hyperion Brookfield Asset Management, Inc. replaced MAM. MAM provided investment advisory services to the Funds pursuant to Investment Advisory Service Agreement between MAM and MK Select, the terms of which speaks for themselves. MAM's principal offices are located in Birmingham, Alabama.

42.         Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the CAC, except to state that at various points in time, MAM has served as a financial advisor to both Regions Morgan Keegan Trust and numerous mutual funds affiliated with Morgan Keegan. Upon information and belief, Capital Management Group ("CMG") was an unincorporated division of Regions Bank that was reorganized into MAM. Defendants further state that any referenced Trust Servicing Agreement speaks for itself.

43.         Defendants deny the allegations contained in Paragraph 43 of the CAC, except to refer to Defendants' Answer to Paragraphs 40-41 of the CAC and to state that at various

points in time, MAM served as a financial advisor to Regions Morgan Keegan Trust, mutual funds affiliated with Morgan Keegan, and individual accounts. Defendants further state that the unspecified "press releases" referred to in the CAC speak for themselves, to the extent they exist.

44.        Defendants admit the allegations contained in Paragraph 44 of the CAC.

45.        Defendants deny the allegations contained in Paragraph 45 of the CAC, except to state as follows:  Morgan Keegan is a regional investment broker-dealer with its principal offices in Memphis, Tennessee, and a wholly-owned subsidiary of Regions Financial Corporation ("Regions Financial").  Pursuant to a Fund Accounting Service Agreement, the terms of which speak for themselves, Morgan Keegan provided certain accounting services to the Funds.  Morgan Keegan also served as distributor of the Funds' shares and performed certain administrative services for the Funds, as set forth in the Funds' Registration Statements, SEC Filings, and other public filings, which also speak for themselves.  Finally, Defendants state that Morgan Keegan provided an individual to serve as the Funds' Chief Compliance Officer, for which Morgan Keegan received no additional compensation.  Defendants further state that the position of the Funds' Chief Compliance Officer and the position of MAM's Chief Compliance Officer were held by the same individual.

46.        Defendants deny the allegations contained in Paragraph 46 of the CAC except to state that the Funds' November 1, 2006 Statement of Additional Information ("SAI"), Advisory Agreement, and Transfer Agency and Service Agreement referenced in Paragraph 46 of the CAC speak for themselves.

47.        Defendants deny the allegations contained in Paragraph 47 of the CAC, except to state that the terms of any 12b-1 Distribution Plans referenced in Paragraph 47 of the CAC speak for themselves.

48.        Defendants admit the allegations contained in the first sentence of Paragraph 48 of the CAC.  Defendants deny the allegations contained in the second sentence of Paragraph 48

of the CAC.

49-51.          Defendants deny the allegations contained in Paragraphs 49-51 of the CAC except to state that the Funds' SEC filings, including any referenced annual and semi-annual reports, speak for themselves.  Any Form 10-Q report issued by Regions Financial likewise speaks for itself.  Finally, the allegations contained in Paragraphs 50-51 of the CAC are vague to the extent Plaintiffs fail to identify a specific source of the quoted statements.

52.          Defendants deny the allegations contained in Paragraph 52 of the CAC, except to state that any referenced Regions Financial Form 10-K annual reports or shareholder communications from Morgan Keegan speak for themselves.

53.          Defendants admit, upon information and belief, the first two sentences of Paragraph 53 of the CAC.  Defendants deny the allegations contained in the last sentence of Paragraph 53 of the CAC.

54.          The first sentence of Paragraph 54 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations, except to state that upon information and belief, Regions Morgan Keegan Trust FSB is a federally chartered savings bank formerly known as Morgan Keegan Trust Company.  Defendants deny the allegations contained in the second sentence of Paragraph 54 of the CAC, except to state that MAM provided investment advisory services to Regions Bank and Regions Morgan Keegan Trust pursuant to the Investment Advisory Service Agreement, the terms of which speak for themselves.

55-56.          Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 55-56 of the CAC, because Plaintiffs have failed to specify the source of this data.  Defendants further state that to the extent Plaintiffs have obtained their data regarding Regions Trust's ownership or purchase of shares in the Funds from the Funds'

Registration Statements or any other public disclosures, Defendants respectfully refer the Court to those documents, which speak for themselves.

57.         Defendants deny the allegations contained in Paragraph 57 of the CAC, except to state that Morgan Keegan has a Wealth Management Group.

58.         No response is required to the allegations contained in Paragraph 58 of the CAC because it consists of a diagram that purports to summarize allegations already contained in the CAC, to which Defendants have already responded *supra*.  To the extent a response is required, Defendants state that Paragraph 58 generally appears to accurately depict the corporate organization of Regions Financial and certain of its subsidiaries.

59.         Defendants admit the allegations contained in the first two sentences of Paragraph 59 of the CAC.  Defendants deny the third and fourth sentences of Paragraph 59 of the CAC, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.  The last sentence of Paragraph 59 of the CAC contains legal conclusions to which no response is required.

60.         Defendants admit the allegations contained in the first four sentences of Paragraph 60 of the CAC.  Defendants deny the remaining allegations contained in Paragraph 60 of the CAC, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves, and to further state that the remainder of Paragraph 60 of the CAC contains legal conclusions to which no response is required.

61.         Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the CAC, except to state that the allegations appear to recite information contained in the Funds' Registration Statements, SEC filings, and other public disclosures, which speak for themselves.  The last sentence of Paragraph 61 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required,

Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 61.

62.    Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the CAC, except to state that the allegations appear to recite information contained in the Funds' Registration Statements, SEC filings, and other public disclosures, which speak for themselves.  The last sentence of Paragraph 62 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 62.

63.    Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the CAC, except to state that the allegations appear to recite information contained in the Funds' Registration Statements, SEC filings, and other public disclosures, which speak for themselves.  The last sentence of Paragraph 63 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 63.

64.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the CAC, except to state that the allegations appear to recite select information from the Funds' Nov. 1, 2007 SAI, which speaks for itself.  The last sentence of Paragraph 64 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 64.

65.        Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the CAC, except to state that the allegations appear to recite information contained in the Funds' Registration Statements, SEC filings, and other public disclosures, which speak for themselves.   The last sentence of Paragraph 65 of the CAC contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 65.

66.        Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the CAC, except to state that the allegations appear to recite information contained in the Funds' Registration Statements, SEC filings, and other public disclosures, which speak for themselves.   The last sentence of Paragraph 66 of the CAC contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 66.

67.        Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the CAC, except to state that the allegations appear to recite information contained in the Funds' Registration Statements, SEC filings, and other public disclosures, which speak for themselves.   The last sentence of Paragraph 67 of the CAC contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 67.

68.        The first two sentences of Paragraph 68 of the CAC contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations except to state that the Funds had an Audit Committee consisting entirely of

10

Independent Directors, as defined in the ICA.  Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last three sentences of Paragraph 68 of the CAC, except to admit upon information and belief that the Audit Committee met with representatives of management, and to state that the remaining information appears to be taken from the Funds' Registration Statements, SEC filings, and other public disclosures, which speak for themselves.

69.          Defendants deny the allegations contained in Paragraph 69 of the CAC, except to state that any statements purportedly from the Funds' annual reports speak for themselves.

70.          Paragraph 70 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 70 of the CAC, except to state that the Funds' Board had an Independent Directors Committee that consisted entirely of Independent Directors as defined in the ICA.

71.          Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the CAC, except to state as follows:  The Funds had a Qualified Legal Compliance Committee ("QLCC") that consisted entirely of Independent Directors, as defined in the ICA.  An SEC filing dated October 31, 2008 disclosed that the Funds' Audit Committee was acting as the Funds' QLCC, and held five meetings during the fiscal period ended April 30, 2008.  The remaining allegations appear to contain certain information taken from the Funds' Registration Statements, SEC filings, and other public disclosures, which speak for themselves.

72-74.          Paragraphs 72-74 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 72-74 of the CAC.

75.      Upon information and belief, Defendants admit the first four sentences of Paragraph 75.  Defendants deny the last two sentences of Paragraph 75, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.

76.      Defendants admit the first five sentences of paragraph 76, except to state that upon information and belief Mr. Sullivan became President and Chief Investment Officer of the Funds and MAM in or about November 2006.  Defendants deny the remaining allegations contained in Paragraph 76, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.

77.      Defendants deny the allegations contained in Paragraph 77 of the CAC, except to state as follows:  Joseph C. Weller served as Treasurer and Assistant Secretary of the Funds from 1999 until October 2006.  From 1969 until 2006, he was Executive Vice President and Chief Financial Officer, Treasurer and Secretary, and Executive Managing Director of Morgan Keegan.  Mr. Weller also served as a director of MAM from 1993 until 2006.  Mr. Weller is a resident of Tennessee.  Defendants further state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.

78.      Defendants deny the first two sentences of Paragraph 78 of the CAC, except to state that Mr. Weller served as Treasurer and Assistant Secretary of the Funds from approximately November 2006 until the Funds were transferred to Hyperion, and also has served as Managing Director, Senior Vice President, and Controller of the subsidiary companies of Morgan Keegan.  Defendants admit the third sentence of Paragraph 78 of the CAC, except to state that Mr. Weller also was previously affiliated with MetLife.  Defendants deny the remaining allegations contained in Paragraph 78 of the CAC, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.

79.     Defendants deny the allegations contained in Paragraph 79 of the CAC, except to state as follows:  G. Douglas Edwards served as President of Morgan Keegan from 2001-2003, and President and Chief Executive Officer from 2003 until 2008, when he retired.  Mr. Edwards also served as President of Morgan Keegan's Fixed Income Capital Markets Group from 1996-2003, and also served as Vice Chairman of Morgan Keegan from 1995 until his retirement, and a Director of Morgan Keegan from 1999 until his retirement.

80.     Defendants admit the first four sentences of Paragraph 80.  The last sentence of Paragraph 80 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the last sentence of Paragraph 80 of the CAC.

81.     Defendants deny the allegations contained in Paragraph 81 of the CAC, except to state as follows:  David M. George served as Chief Compliance Officer of the Funds until 2006, and was also a Senior Vice President of Morgan Keegan.  Defendants further state that Mr. George is a member of the NASD (now FINRA) District 5 Focus Group and the Securities Industry Association's Compliance and Legal Division (now SIFMA).

82.     Defendants deny the allegations contained in the first three sentences of Paragraph 82 of the CAC, except to state as follows:  Michele F. Wood served as Chief Compliance Officer of the Funds from 2006 until they were transferred to Hyperion, and as Chief Compliance Officer of MAM from April 2006 until June 2010.  Ms. Wood served as a First Vice President of Morgan Keegan from 2004 until 2006, and a Senior Vice President from 2006 until 2010.  She is currently a Senior Attorney and Managing Director of Morgan Keegan.  She receives her salary from Morgan Keegan.  Ms. Wood is a resident of Tennessee.  Defendants admit the allegations contained in the fifth sentence of Paragraph 82 of the CAC.

83.         Defendants deny the allegations contained in Paragraph 83 of the CAC, except to state as follows:  James C. Kelsoe, Jr. served as Senior Portfolio Manager of the Funds and of MAM and was registered with FINRA as a representative of Morgan Keegan.  Mr. Kelsoe is a resident of Tennessee.  Defendants further state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.

84.         Defendants deny the allegations contained in Paragraph 84 of the CAC, except to state as follows:  David H. Tannehill served as Assistant Portfolio Manager of the Funds and of MAM.  Mr. Tannehill is a resident of Tennessee.  The Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.

85.         Upon information and belief, Defendants admit the allegations contained in Paragraph 85 of the CAC.

86.         Defendants deny the allegations contained in Paragraph 86 of the CAC, except to admit that Paragraph 86 of the CAC appears to recite selected language from disclosures made in the Funds' November 1, 2007 SAI, which speaks for itself.

87.         To the extent a response is required, Defendants deny the allegations contained in Paragraph 87 of the CAC.

88.         Paragraph 88 of the CAC is a definitional paragraph and/or contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 88 of the CAC.

89-91.         Defendants deny the allegations contained in Paragraphs 89-91 of the CAC, except to state that information referenced in Paragraphs 89-91 of the CAC is contained in the Funds' Registration Statements, which speak for themselves.

92.         Defendants deny the allegations contained in Paragraph 92 of the CAC, except to refer to Defendants' responses to Paragraphs 89-91 of the CAC.

93.        Paragraph 93 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 93 of the CAC, except to state that on or about July 29, 2008 Hyperion Brookfield Asset Management, Inc. replaced MAM as investment adviser to the Funds, and the Funds have since been liquidated.

94.        Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the CAC, except to state that PWC is a national public accounting and auditing firm that served as the independent outside auditor to the Funds, and that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.

95.        Defendants deny the allegations contained in Paragraph 95 of the CAC.

96.        Defendants deny the allegations contained in Paragraph 96 of the CAC, except to refer to Defendants' Answer to Paragraphs 75-85 of the CAC.

97-99.     Paragraphs 97-99 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 97-99 of the CAC.

100-104.   Paragraphs 100-104 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 100-104 of the CAC.

105.       Defendants admit the allegations contained in Paragraph 105 of the CAC, except to state that according to the SEC's website, the ticker symbol for the Short Term Fund Class A shares should be listed as MSBIX, and the ticker symbol for the Short Term Fund Class I shares should be listed as MSTBX.

106-112.        Defendants deny the allegations contained in Paragraphs 106-112 of the CAC, except to state that Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of themselves and others as described in Paragraphs 106-112 of the CAC; however, they deny that Plaintiffs and the proposed class satisfy the requirements for class certification. Moreover, to the extent Plaintiffs purport to represent a class of individuals who did not purchase or sell shares in the Funds during the class period, but who rather "held," "refrained from redeeming," or "did not redeem" shares during the class period, such a class is barred by the Court's Order dismissing such claims with prejudice.  Defendants further state that any information taken from Morgan Keegan's website, referenced in Paragraph 110 of the CAC, speaks for itself.

113-115.        Defendants deny the allegations contained in Paragraphs 113-115 of the CAC except to admit that the Intermediate Fund and the High Income Fund began operations in 1999 and the Short Term Fund became a series of MK Select in 2005, and to state that the information contained in Paragraphs 113-115 of the CAC is publicly available information contained in the Funds' Registration Statements, SEC filings, and other public disclosures, which speak for themselves.

116-118.        Defendants deny the allegations contained in Paragraphs 116-118 of the CAC, except to state that the public record regarding the price at which the Funds traded—in this case, the Funds' NAV per share—on any given day or within any given date range speaks for itself.

119.        Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the CAC.  Plaintiffs have failed to specify criteria they used for purposes of their comparison.

120-125.        Paragraphs 120-125 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 120-125 of the CAC, except to admit that market events affected all fixed

income mutual funds.

126.         Defendants deny the allegations contained in Paragraph 126 of the CAC, except to state that the Funds invested in multiple categories of securities, including asset-backed and mortgage-backed securities, as set forth in the Funds' Registration Statements, SEC filings, and other public disclosures, which speak for themselves.

127.         Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 127 of the CAC because Plaintiffs have failed to specify any criteria used for purposes of their comparison.  Defendants deny the remainder of the allegations contained in Paragraph 127 of the CAC, except to state that the referenced article from *The Birmingham News* speaks for itself.

128.         The allegations contained in Paragraph 128 of the CAC consist of statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 128 of the CAC.

129-134.      Defendants deny the allegations contained in Paragraphs 129-134 of the CAC, except to state that the Funds' relevant sales materials referenced therein speak for themselves.

135-137.      Defendants deny the allegations contained in Paragraphs 135-137 of the CAC, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures referenced therein speak for themselves.

138.         Defendants deny the allegations contained in Paragraph 138 of the CAC, except to state that the Funds' relevant sales materials referenced therein speak for themselves.

139.         Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the CAC, because Plaintiffs do not specify the website that purports to be the source of their allegations.  Defendants further state that any

statement contained on any website—to the extent it exists—is a matter of public record and speaks for itself.

140.     The first sentence of Paragraph 140 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first sentence of Paragraph 140 of the CAC.  Defendants deny the allegations contained in the second sentence of Paragraph 140 of the CAC, except to state that any Morningstar report or rating, Fund Registration Statement, SEC filing, or other public disclosure referenced therein speaks for itself.

141.     Defendants deny the allegations contained in Paragraph 141 of the CAC, except to state that any Morningstar rating or other statement that allegedly appeared on Morgan Keegan's website speaks for itself.

142.     Defendants deny the allegations contained in Paragraph 142 of the CAC, except to state that the referenced "Seeking Alpha" article speaks for itself.

143.     Paragraph 143 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 143 of the CAC.

144.     The first sentence of Paragraph 144 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first sentence of Paragraph 144 of the CAC.  Defendants deny the allegations contained in the second sentence of Paragraph 144, except to state that the referenced *Commercial Appeal* article speaks for itself.

145-160.     Defendants deny the allegations contained in Paragraphs 145-160 of the CAC, including any characterizations contained therein, except to state that the various letters, articles, and reports cited in Paragraphs 145-160 are a matter of public record and speak for

themselves.  Defendants further state that any information regarding the Funds' assets, composition, performance, and NAV per share taken from the Funds' Registration Statements, SEC filings—including the referenced annual report—and other public disclosures referenced in Paragraphs 145-160 likewise speaks for itself.

161.     Paragraph 161 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 161 of the CAC, except to state that any applicable SEC guidelines referenced therein speak for themselves.

162-165.     Defendants deny the allegations contained in Paragraphs 162-165 of the CAC, except to state as follows:  the investment guidelines and restrictions applicable to the Funds are set forth in the Funds' Registration Statements, and asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  These documents are matters of public record and speak for themselves.

166-167.     Paragraphs 166-167 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraphs 166-167 of the CAC.

168.     Defendants deny the allegations contained in Paragraph 168 of the CAC, except to state that investment guidelines and restrictions applicable to the Funds are set forth in the Funds' Registration Statements, which speak for themselves.

169-171.     Paragraphs 169-171 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 169-171 of the CAC, except to state that applicable "SEC guidance" speaks for itself, and that investment guidelines and restrictions applicable to the Funds are set forth in the Funds' Registration Statements, which speak for themselves.

172-174.        Defendants deny the allegations contained in Paragraphs 172-174, except to state that the Funds' November 1, 2006 SAI speaks for itself.

175-179.        Paragraphs 175-182 contain legal conclusions to which no response is required.  To the extent a responses is required, Defendants deny the allegations contained in Paragraphs 175-179 of the CAC, except to state that applicable SEC regulations or guidelines governing investments by mutual funds in illiquid or restricted securities, as well as the fair-valuation of securities, speak for themselves.

180-187.        Paragraphs 180-187 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 180-188 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.  To the extent Plaintiffs purport to draw the data contained in Paragraph 183 of the CAC, or any other information regarding the Funds, from the Funds' Registration Statements, SEC filings, or other public disclosures, those documents speak for themselves.

188-190.        Defendants deny the allegations contained in Paragraphs 188-190 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

191.        Paragraph 191 of the CAC contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 191 of the CAC.

192-194.        Defendants deny the allegations contained in Paragraphs 192-194 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant

times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

195.     Paragraph 195 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 195 of the CAC, except to state as follows:  The allegations are vague and ambiguous because Plaintiffs do not specify the securities to which their allegations pertain.  Registration statements, SEC filings and other public disclosures concerning individual securities in which the Funds invested are matters of public record and speak for themselves.  Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and also speak for themselves.

196.     Defendants deny the allegations contained in Paragraph 196 of the CAC, except to state as follows:  Registration statements, SEC filings, and other public disclosures concerning individual securities in which the Funds invested are matters of public record and speak for themselves.  Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

197-199.     Paragraphs 197-199 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 197-199 of the CAC, except to state as follows:  The allegations contained in Paragraphs 197-199 of the CAC are vague and ambiguous because Plaintiffs do not specify the securities to which their allegations pertain, other than the one security named in Paragraph 199 of the CAC.  SEC filings and other public disclosures concerning individual securities in which the Funds invested are matters of public record and speak for

themselves.  Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

200-201.    Paragraphs 200-201 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 200-201 of the CAC.

202.    Defendants deny the allegations contained in Paragraph 202 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

203.    Paragraph 203 of the CAC contains statements of opinion, argument, and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 203 of the CAC, except to state that AICPA SOP 93-1 speaks for itself.

204.    Defendants deny the allegations contained in Paragraph 204 of the CAC, except to state that the Funds' Registration Statements speak for themselves, and that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and also speak for themselves.

205-206.    Defendants deny the allegations contained in Paragraphs 205-206 of the CAC.

207.    Defendants deny the allegations contained in Paragraph 207 of the CAC, except to state that certain securities were at times held by more than one of the open-end and/or closed-end Funds in the Regions Morgan Keegan fund complex.

208-210.     Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 208-210 of the CAC, because Plaintiffs do not indicate the source of their information.   To the extent any information was taken from the Bloomberg quotation system, that information is a matter of public record and speaks for itself.

211-215.     Paragraphs 211-215 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 211-215 of the CAC, except to state that the November 2006 SAI referenced in Paragraph 214 of the CAC speaks for itself.

216-219.     Paragraphs 216-219 of the CAC contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 216-219 of the CAC, except to state that applicable SEC guidance speaks for itself.

220.     Defendants deny the allegations contained in Paragraph 220 of the CAC, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.

221.     Defendants deny the allegations contained in Paragraph 221 of the CAC, except to state that the Funds' June 20, 2005 annual report speaks for itself.   Defendants also state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and also speak for themselves.

222.     Paragraph 222 of the CAC contains statements of opinion, argument and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 222 of the CAC, except to state that SEC Form N-1A and the Funds' Registration Statements, SEC filings, and other public disclosures speak for

themselves.

223-226.       Paragraphs 223-226 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 223-226 of the CAC, except to state as follows:  the Funds' Registration Statements, SEC filings and other public disclosures contained information regarding the fair valuation of securities, and speak for themselves.  Defendants also state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and also speak for themselves.

227-228.       Defendants deny the allegations contained in Paragraphs 227-228 of the CAC, except to state that any NT-NSAR filed by the Funds speaks for itself.

229.       Defendants deny the allegations contained in Paragraph 229 of the CAC, except to state that any referenced Reuters report speaks for itself.

230-234.       Defendants deny the allegations contained in Paragraphs 230-234 of the CAC, except to state that in or about August 2007, the Funds engaged Hyperion Brookfield Asset Management, Inc. as a valuation consultant, and that the Funds' referenced prospectus supplement, annual report, and letters to shareholders speak for themselves.

235.       Defendants deny the allegations contained in Paragraph 235 of the CAC, except to state that prospectuses relating to securities purchased by the Funds speak for themselves.

236-237.       Paragraphs 236-237 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 236-237 of the CAC.

238-239.       Defendants deny the allegations contained in Paragraphs 238-239, except to state that public disclosures, terms, and market quotations relating to securities purchased by the

Funds speak for themselves.

240-241.    Defendants deny the allegations contained in Paragraphs 240-241 of the CAC, except to state that SOP 93-1 speaks for itself.

242-247.    Paragraphs 242-247 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 242-247 of the CAC.

248-250.    Defendants deny the allegations contained in Paragraphs 248-250 of the CAC, except to state as follows:  Plaintiffs have failed to adequately specify the source of their data, including which securities were considered in their analysis.  Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves, and the registration statements, SEC filings, and other public disclosures concerning individual securities held by the Funds likewise speak for themselves.  Finally, the Funds' performance, as measured by their NAVs, is a matter of public record.

251-252.    Paragraphs 251-252 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 251-252 of the CAC, except to state as follows:  It is unclear which securities Plaintiffs' claim should be classified as "restricted" or "illiquid."  Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves, and the registration statements, SEC filings, and other public disclosures concerning individual securities held by the Funds likewise speak for themselves.

253-254.    Defendants deny the allegations contained in Paragraphs 253-254 of the CAC, except to state as follows:  Asset schedules reflecting the Funds' portfolio composition at all

relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.  To the extent Plaintiffs relied upon the Funds' Registration Statements, SEC filings, or other public disclosures, such documents speak for themselves.  Finally, Registration statements, including prospectuses, SEC filings, and any other public disclosures concerning individual securities held by the Funds likewise speak for themselves.  Paragraph 254(c) contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 254(c).

255.        Paragraph 255 of the CAC is a statement of opinion, argument, and/or legal conclusion to which no response is required.

256-262.        Defendants deny the allegations contained in Paragraphs 256-262 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves, and that the registration statements, including prospectuses, SEC filings, and other public disclosures concerning individual securities held by the Funds likewise speak for themselves.  Defendants further state that Plaintiffs have failed to adequately specify the source of their allegations, and it is unclear to which securities Plaintiffs' allegations relate, with the exception of the single security specified in Paragraph 260.

263.        Paragraph 263 of the CAC is a definitional or illustrative paragraph to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 263 of the CAC, except to state that the source of Plaintiffs' data is unclear.

264.        Paragraph 264 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 264 of the CAC, except to state that any Registration Statements, SEC filings, or other public disclosures referenced therein speak for themselves, and to

state that Plaintiffs' selective quotation from a small number of securities does not accurately reflect the risk of the Funds' portfolio as a whole.

265.      Defendants deny the allegations contained in Paragraph 265 of the CAC, except to state that the Funds were permitted to invest in CMOs, CLOs, and CDOs, the Funds' Registration Statements contain extensive descriptions of the types of securities in which the Funds might invest and speak for themselves, and that the referenced *Wall Street Journal* article speaks for itself.  Finally, the Funds' portfolio composition at any given time are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

266.      Paragraph 266 of the CAC is vague, unclear, and contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 266 of the CAC.

267.      In response to the allegations contained in Paragraph 267 of the CAC, Defendants state that the Funds' Nov. 1, 2006 Prospectus speaks for itself.  Defendants deny any implications being made as a result of these allegations.

268-269.      The allegations contained in Paragraphs 268-269 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in 268-269 of the CAC.

270-271.      Defendants deny the allegations contained in Paragraphs 270-271 of the CAC, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.

272.      Paragraph 272 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 272 of the CAC.

273.        Defendants deny the allegations contained in Paragraph 273 of the CAC, and specifically deny that the Funds were ever in violation of any referenced investment restriction. Defendants further state that the investment guidelines and restrictions contained in the Funds' Registration Statements speak for themselves.

274-276.        Paragraphs 274-276 of the CAC contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 274-276, and further state that no "mortgage-loan industry" exists for purposes of the concentration requirement, and that information published on Bloomberg is a matter of public record and speaks for itself.

277.        Defendants deny the allegations contained in Paragraph 277 of the CAC, except to state that any referenced Fund's public disclosures speak for themselves.

278-281.        Defendants deny the allegations contained in Paragraphs 278-281 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

282-283.        Paragraphs 282-283 of the CAC contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 282-283, specifically deny that the Funds were ever in violation of the concentration restriction, and state as follows:   The Funds' relevant risk disclosures and actual investment guidelines and restrictions are set forth in the Funds' Registration Statements and speak for themselves.   Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

284-291.     Defendants deny the allegations contained in Paragraphs 284-291 of the CAC, except to state that Defendants categorically reject as unsound any conclusions contained in the article authored by Craig McCann, which is a promotional piece used by Mr. McCann to solicit business as a testifying expert witness in lawsuits and arbitrations against Defendants, including the present action.  Defendants further state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.

292.     Defendants deny the allegations contained in Paragraph 292 of the CAC, including the characterization of the Funds' investments.  Defendants further state that any public statement by Hyperion Brookfield Asset Management, Inc. ("HBAM") speaks for itself.

293-295.     Defendants deny the allegations contained in Paragraphs 293-295 of the CAC, except to state that the Funds' registrations statements, SEC filings, and other public disclosures speak for themselves.

296.     Paragraph 296 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 296.

297.     Paragraph 297 of the CAC contains statements of opinion, argument, legal conclusions, and a hypothetical to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 297.

298-300.     Defendants deny the allegations contained in Paragraph 298-300 of the CAC, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.

301.     Paragraph 301 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations contained in Paragraph 301, and also refer to Defendants' Answer to Paragraphs 249-262 of the CAC.

302-304.    Defendants deny the allegations contained in Paragraphs 302-304 of the CAC, except to state that the Funds' Registrations Statements, SEC filings, and other public disclosures speak for themselves.  Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and also speak for themselves.

305.    Paragraph 305 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 305.

306-307.    Defendants deny the allegations contained in Paragraphs 306-307 of the CAC, except to state that the Funds experienced a substantial amount of net redemptions from mid-2007 until early 2008.  Defendants further state that Plaintiffs have failed to specify the source of the data contained in Paragraph 306 of the CAC, and that information reflecting the amount of Fund redemptions appears in the Funds' annual and semi-annual reports and speaks for itself.  Finally, Defendants state that the prospectus supplement dated August 13, 2007 referenced in Paragraph 307 of the CAC speaks for itself.

308-317.    Defendants deny the allegations contained in Paragraphs 308-317 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times and the Funds' performance are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.  The Funds' NAV per share at any point in time—and over any extended period of time—is also a matter of public record.  Likewise, any Morningstar Reports are a matter of public record and speak for themselves.  Defendants further state that the source of Plaintiffs' data and the definition of "net redemptions" is unclear.  As

set forth *supra* in response to Paragraphs 284-291 of the CAC, Defendants deny any and all assertions and/or conclusions contained in the McCann article.  Defendants admit that, as required by Form N-1A, the Short Term Fund's performance was compared against the Lehman Brothers 1-3 Year U.S. Government Credit Index, the Intermediate Fund's performance was compared against the Lehman Brothers Intermediate U.S. Aggregate Index, and the High Income Fund's performance was compared against the Lehman Brothers Ba U.S. High Yield Index.

318-321.    The allegations contained in Paragraphs 318-321 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 318-321 of the CAC.

322.    Defendants deny the allegations contained in Paragraph 322 of the CAC and state that it is speculative and an incomplete hypothetical.

323.    The allegations contained in Paragraph 323 of the CAC are statements of opinion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 323 of the CAC, except to state that the Funds' August 30, 2007 Form NT-N-SAR and the September 15, 2007 Reuters' report speak for themselves, and that Defendants admit that the Funds filed their annual report for the period ended June 30, 2007 on October 4, 2007, according to the SEC's website and the date of the report.

324.    Defendants deny any allegations contained in Paragraph 324 of the CAC, except to state that the Funds' NAV per share at any given point in time or over a specified date range are a matter of public record and speak for themselves.

325-327.    Defendants deny the allegations contained in Paragraphs 325-327 of the CAC, except to state that information reflecting the Funds' redemptions is contained in the Funds' annual and semi-annual reports, which speak for themselves, and that any Morningstar reports

referenced in Paragraphs 326-327 of the CAC are matters of public record and speak for themselves. Defendants further state that they cannot verify the accuracy of the data contained in Paragraph 325 of the CAC because Plaintiffs do not provide the source of the data.

328.     Defendants deny the allegations contained in Paragraph 328 of the CAC, except to state that redemptions forced the Funds to sell securities in a declining market, as the unforeseen and unprecedented global credit and financial crisis unfolded.

329.     Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 329 of the CAC, except admit upon information and belief that Equifirst was a subsidiary of Regions Bank until the time of its sale.

330-331.     Defendants deny the allegations contained in Paragraphs 330-331 of the CAC, except to state that Regions Financial's SEC filings, public disclosures, and any other public announcements referenced therein speak for themselves.

332.     Defendants deny the allegations contained in Paragraph 332 of the CAC, except to state that the *Birmingham News* article speaks for itself.

333.     Defendants deny the allegations contained in Paragraph 333 of the CAC, except to state that the referenced *Wall Street Journal* article speaks for itself.

334-337.     Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 334-337 of the CAC, except to state that Regions Financial's and Regions Bank's SEC filings and public disclosures referenced therein speak for themselves.

338.     Defendants deny the allegations contained in Paragraph 338 of the CAC.

339-340.     Paragraphs 339-340 of the CAC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 339-340 of the CAC, except to state that Regions Financial is the ultimate

parent company of Regions Bank, Morgan Keegan, and MAM.  Defendants further state that the identity of the individuals serving as directors of these entities is a matter of public record and speaks for itself, and that one individual served on the Funds' board of directors and also served as a director of Regions Financial.

341.        Defendants deny the allegations contained in Paragraph 341 of the CAC, except to state that the performance of any referenced financial "index" is a matter of public record and therefore speaks for itself.

342-345.        Paragraphs 342-345 of the CAC purport to summarize previous allegations and contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 342-345 of the CAC, except to refer to Defendants' Answer to Paragraphs 183, 197-215, 216-247, 249-263, 267-305, and 641-642 of the CAC.

346-348.        Defendants deny the allegations contained in Paragraphs 346-348 of the CAC, including any characterizations contained therein, except to admit that Mr. Kelsoe and Mr. Tannehill served as the Funds' Portfolio Manager and Assistant Portfolio Manager, respectively. Defendants further refer to their Answer to Paragraphs 79, 83-84 of the CAC.

349-350.        Defendants deny the allegations contained in Paragraphs 349-350 of the CAC, except to state that the Funds were permitted to invest in mortgage-backed and asset-backed securities.

351-354.        Defendants deny the allegations contained in Paragraphs 351-354 of the CAC, except to state that the Funds purchased securities from United Capital Markets ("UCM"), and to state that any referenced "published article" speaks for itself.  Plaintiffs also fail to specify the Morgan Keegan official or employees referenced in these paragraphs.

355.     Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 355 of the CAC.

356-362.     Defendants deny the allegations contained in Paragraphs 356-362 of the CAC, except to state that the "incisivemedia-credit US Credit" article speaks for itself.

363.     Defendants deny the allegations contained in Paragraph 363 of the CAC, except to state that the Funds purchased securities from UCM.

364.     Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 364 of the CAC.  Defendants deny the allegations contained in the second sentence of Paragraph 364 of the CAC, except to state that the Morningstar report speaks for itself.

365-367.     Defendants deny information or knowledge sufficient to form a belief regarding the truth of the allegations contained in Paragraphs 365-367 of the CAC, and further state that the referenced "publication"—presumably the "incisive media" article—speaks for itself.

368.     Defendants deny information or knowledge sufficient to form a belief regarding the truth of the allegations contained in Paragraph 368 of the CAC, and further state that the CNNMoney.com article speaks for itself.

369.     Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 369 of the CAC.

370-385.     The allegations contained in Paragraphs 370-385 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 370-385 of the CAC, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures speak for themselves.  The SEC requirements cited within Paragraphs 370-385 of the CAC and the statements attributed to those requirements likewise speak for themselves.  Defendants further state that SEC Form N-1A

discusses which information is required to be included in a prospectus and an SAI, respectively, and that the Funds' SAIs were incorporated by reference into the Funds' prospectuses, thereby placing investors on notice of information contained in both parts of the Funds' Registration Statements. Defendants also refer to and incorporate their responses to the other paragraphs in the CAC referenced in Paragraphs 370-385 of the CAC referenced herein.

386-392.    The allegations contained in Paragraphs 386-392 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 386-392 of the CAC, except to state that the Funds' NAV per share at any point in time, or over any period of time, is a matter of public record and therefore speaks for itself, and that the Funds' Registration Statements, SEC filings, and other public disclosures likewise speak for themselves.  To the extent these allegations are based on an article authored by Craig McCann, Defendants refer to and incorporate their responses to Paragraphs 284-291 of the CAC.

393.    Defendants deny the allegations contained in Paragraph 393 of the CAC, except to state that any referenced unspecified "website" is a matter of public record and speaks for itself.

394-395.    Paragraphs 394-395 of the CAC contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 394-395 of the CAC.  Defendants also respectfully refer the Court to their responses to the Paragraphs of the CAC cited therein.

396.    Defendants admit the allegations contained in Paragraph 396 of the CAC.

397.    The allegations contained in Paragraph 397 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 397 of the CAC.

398-399.        Defendants deny the allegations contained in Paragraphs 397-399 of the CAC, except to state that the Funds' returns over any period of time and management's discussion of Fund performance are a matter of public record and therefore speak for themselves, and that the Funds performed successfully by any measure of performance until the onset of the unprecedented and unforeseen global credit and financial crisis in mid to late 2007.

400.        Defendants deny the allegations contained in Paragraph 400 of the CAC, except to state that the Funds' November 2006 prospectus speaks for itself.

401.        Paragraph 401 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 401 of the CAC.

402.        Paragraph 402 of the CAC is a definitional paragraph to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 402 of the CAC, except to state that the role of MAM and Morgan Keegan with respect to the Funds referenced therein is set forth in each Fund's respective Registration Statements and other SEC filings, which speak for themselves.  The terms of the services provided by MAM and Morgan Keegan to the Funds at issue in this litigation are set forth in the Advisory Agreement, the Fund Accounting Services Agreement, the Fund Administration Agreement, and the Underwriting Agreement, the terms of which speak for themselves.

403.        Defendants deny the allegations contained in Paragraph 403 of the CAC, including any appendix referenced therein, except to state that the Funds' NAV on any given date and returns over any period of time are matters of public record and therefore speak for themselves.

404-419.        Paragraphs 404-419 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 404-419 of the CAC, including the

appendices referenced therein, except to state that the referenced Funds' NAV on any given date, returns over any period of time, and risk disclosures and portfolio composition as set forth in the respective Funds' Registration Statements, SEC filings, and other public disclosures are matters of public record and speak for themselves.

420.        Defendants deny the allegations contained in Paragraph 420 of the CAC, except to state that the referenced Fund's prospectus and the ArkansasBusiness.com article speak for themselves.

## ALLEGATIONS RELATED TO PWC

The majority of the allegations contained in Paragraphs 421-610 of the CAC concern the actions and/or knowledge of Defendant Pricewaterhouse Coopers ("PWC"), the Funds' outside independent auditor, and are not directed to any of the Defendants.   Therefore, no response is required.   To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of each and every allegation concerning PWC's actions or knowledge contained in Paragraphs 421-610 of the CAC.   Otherwise, to the extent any of the allegations contained in Paragraphs 421-610 can be construed as implicating Defendants, Defendants respond as follows:

421.        Upon information and belief, Defendants admit the allegations contained in Paragraph 421 of the CAC.

422-430.        Paragraphs 422-430 of the CAC contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 422-430 of the CAC, except to state that any applicable SEC regulations, Generally Accepted Accounting Principles ("GAAP"), and Generally Accepted Auditing Standards ("GAAS") referenced therein speak for themselves, including but not limited to SEC Regulation S-X and any interpretive releases relating thereto, the AICPA Guide, any applicable AICPA

Statements on Auditing Standards, and any applicable AICPA Statements of Position.

431.        Defendants admit the allegations contained in the first sentence of Paragraph 431 of the CAC.  The second sentence of Paragraph 431 contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in the second sentence of Paragraph 431, except to state that any applicable GAAP principles speak for themselves.

432.        The first sentence of Paragraph 432 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 432 of the CAC.  Upon information and belief, Defendants admit the second sentence of Paragraph 432 of the CAC.

433.        Paragraph 433 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 433 of the CAC, except to state that investment companies are governed by the ICA and applicable SEC rules and regulations, and the Funds' investment guidelines and restrictions are set forth in the Funds' Registration Statements, the terms of which speak for themselves.

434-468.        Paragraphs 434-468 of the CAC contain legal conclusions and/or statements of argument or opinion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 434-468 of the CAC, except to state that the referenced provisions of the ICA, AICPA Guide, Statements of Auditing Standards, SEC Codifications, SEC Forms, and any other applicable rules and regulations speak for themselves.

469-472.        Defendants deny the allegations contained in Paragraphs 469-472 of the CAC, except to state that the Funds' annual, semi-annual, and quarterly reports, including the Funds' financial statements, speak for themselves.

473-476.     Paragraphs 473-478 of the CAC contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 473-476 of the CAC.

477.     Paragraph 477 of the CAC contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 477 of the CAC, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures contain information regarding the fair valuation of securities and speak for themselves.

478.     Paragraph 478 of the CAC contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 478 of the CAC.

479-480.     Defendants deny the allegations contained in Paragraphs 479-480 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

481-498.     Paragraphs 481-498 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 481-498 of the CAC, except to state that any applicable SEC regulations, Generally Accepted Accounting Principles ("GAAP"), and Generally Accepted Auditing Standards ("GAAS") speak for themselves, including but not limited to SEC Regulation S-X and any interpretive releases relating thereto, SEC codifications, any applicable provisions of the AICPA Guide, any applicable AICPA Statements on Auditing Standards, and any applicable AICPA Statement of Position.   Defendants further state that any referenced Fund disclosures speak for themselves, and object to certain allegations as speculative.

499.        Defendants deny the allegations contained in Paragraph 499 of the CAC, except to state that the referenced SEC Codification contained in Paragraph 499 of the CAC speaks for itself.

500-505.        Paragraphs 500-505 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 500-505 of the CAC, except to state that that any referenced provision of the AICPA Guide speaks for itself.

506-507.        Defendants deny the allegations contained in Paragraphs 506-507 of the CAC, except to state that the Funds' actual investment guidelines and restrictions contained in the Funds' Registration Statements speak for themselves.

508-513.        Paragraphs 508-513 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 508-513 of the CAC, except to state that that SOP 94-6 speaks for itself.

514.        Defendants deny the allegations contained in Paragraph 514, except to state that the referenced Statement of Financial Auditing Standards contained in Paragraph 514 of the CAC speaks for itself.

515.        Paragraph 515 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 515 of the CAC, except to state that SOP 94-6 speaks for itself.

516-518.        Paragraphs 516-518 of the CAC contain statements of opinion, argument, speculation, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 516-518.

519-542.        Paragraphs 519-542 of the CAC contain statements of opinion, argument, definition, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 519-542 of the CAC, except to state that any applicable SEC regulations, Generally Accepted Accounting Principles ("GAAP"), and Generally Accepted Auditing Standards ("GAAS") speak for themselves, including but not limited to SEC Regulation S-X and any interpretive releases relating thereto, SEC codifications, any applicable provisions of the AICPA Guide, any applicable AICPA Statements on Financial Auditing Standards, and any applicable AICPA Statement of Position.  Defendants further state that PWC provided the Funds' officers and directors with a management letter in connection with its audits, and any management letter speaks for itself.

543-544.        Defendants deny the allegations contained in Paragraphs 543-544 of the CAC, except to state that any statements by PWC that appeared in the Funds' Registration Statements, SEC filings—including annual reports—or other public disclosures as referenced or quoted in Paragraphs 543-544 speak for themselves.

545-546.        Defendants deny the allegations contained in Paragraphs 545-546 of the CAC, except to state that the Funds' Registration Statements, SEC filings—including annual reports—and other public disclosures speak for themselves.  Defendants admit, upon information and belief, the last sentence of Paragraph 545.

547.        Paragraph 547 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 547 of the CAC, except to state that the Funds' NAVs, distributions, and performance data at any given point in time or over a specified date range are a matter of public record and speak for themselves, and to admit that the volatility experienced by the Funds in 2007 and 2008 was unprecedented and unforeseeable.

548.     Defendants deny the allegations contained in the first two sentences of Paragraph 548 of the CAC, except to state that the Funds' Registration Statements, annual reports, and financial statements speak for themselves.  Upon information and belief, Defendants admit the allegations contained in the last sentence of Paragraph 548.

549.   Defendants admit the allegations contained in Paragraph 549 of the CAC as to Defendants but deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 549 as to other defendants.

550.     Upon information and belief, Defendants admit the allegations contained in Paragraph 550 of the CAC.

551-552.     Paragraphs 551-552 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 551-552 of the CAC, except to state that the referenced provisions of the AICPA Guide and Statements of Financial Auditing Standards and the Funds' annual financial statements speak for themselves.

553-554.     Defendants deny the allegations contained in Paragraphs 553-554 of the CAC, except to state that MK Select Fund, Inc.'s Articles of Incorporation speak for themselves, and that the Funds' dividend distributions and net investment income at any relevant time are a matter of public record and speak for themselves.

555-560.     Paragraphs 555-560 of the CAC contain statements of opinion, argument, speculation, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 555-560 of the CAC.

561.     Defendants deny the allegations contained in Paragraph 561 of the CAC, including any characterizations contained therein, except to admit, upon information and belief, that PWC has not withdrawn its audit reports or opinions on the Funds' financial statements for fiscal

year 2006, 2005, or 2004.

562-564.     Defendants deny the allegations contained Paragraphs 562-564 of the CAC, except to state that the referenced SEC Accounting Series Releases, Financial Reporting Release, and "AU Section" contained in Paragraphs 562-564 of the CAC speak for themselves.

565-571.     Paragraphs 565-571 of the CAC contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 565-571, except to state that that any applicable SEC regulations and/or codifications, Generally Accepted Accounting Principles ("GAAP"), and Generally Accepted Auditing Standards ("GAAS") speak for themselves, including but not limited to SEC Regulation S-X and any the interpretive releases relating thereto, any applicable AICPA Guides, AICPA Statements on Financial Auditing Standards, AICPA Statement of Position, FASB Statements of Financial Accounting Concepts, or Accounting Principles Board Opinions.   Likewise, the Funds' Registrations Statements, SEC filings, financial statements, and other public disclosures speak for themselves.

572.     Upon information and belief, Defendants admit the allegations contained in the first sentence of Paragraph 572 of the CAC.   The second sentence of Paragraph 572 of the CAC contains statements of opinion and/or argument to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in the second sentence of Paragraph 572 of the CAC on the grounds that the allegations are vague and ambiguous.

573-574.     Defendants deny the allegations contained in Paragraphs 573-574, except to state that the referenced FASB Statements and "AU Section" of GAAS speak for themselves.

575-578.     Paragraphs 575-578 of the CAC contain statements of opinion, argument, speculation, and legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 575-578 of the CAC.

579-580.        Paragraphs 579-580 of the CAC contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 579-580 of the CAC, except to state that AU Section 561 speaks for itself.

581.        Defendants deny the allegations contained in Paragraph 581 of the CAC, except to state that AU Section 311 speaks for itself.

582.        Paragraph 582 of the CAC contains statements of opinion, argument, and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 582 of the CAC.

583.        Defendants deny the allegations contained in Paragraph 583 of the CAC, except to state that "AU Section 230" and Securities Act Release No. 6349 speak for themselves.

584.        Paragraph 584 of the CAC contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 584 of the CAC.

585.        Defendants deny the allegations contained in Paragraph 585, except to state that AU Section 336 speaks for itself.

586.        Paragraph 586 of the CAC contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 586 of the CAC.

587.        Defendants deny the allegations contained in Paragraph 587 of the CAC, except to state that AU Section 333 speaks for itself.

588-590.        Paragraphs 588-590 of the CAC contain statements of argument, opinion, and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 588-590 of the CAC, except to state that referenced AU Sections 312 and 333, and SEC Staff Accounting Bulletin No. 99 speak for

themselves.

591.        Paragraph 591 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 591 of the CAC, except to state that AU Section 325 speaks for itself.

592.        Defendants deny the allegations contained in Paragraph 592 of the CAC, except to state that AU Section 325 speaks for itself.

593-594.        Paragraphs 593-594 of the CAC contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 593-594 of the CAC, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures, as referenced in Paragraph 183 of the CAC cited herein, speak for themselves.

595-596.        Defendants deny the allegations contained in Paragraph 595-596 of the CAC, except to state that AU Section 316 and AU Section 329 speak for themselves.

597-598.        Paragraphs 597-598 of the CAC contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 597-598 of the CAC.

599.        Defendants deny the allegations contained in Paragraph 599 of the CAC, except to state that AU Section 411 speaks for itself.

600.        Paragraph 600 of the CAC contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 600 of the CAC.   Defendants also repeat and incorporate herein their responses to allegations already addressed in prior paragraphs of the CAC.

601.        Defendants admit the allegations contained in the first sentence of Paragraph 601 of the CAC.   Defendants deny the allegations contained in the second sentence of Paragraph

601 of the CAC, except to state that the Funds' financial statements referenced therein speak for themselves.

602.        Defendants deny the allegations contained in Paragraph 602 of the CAC, except to state that Accounting Series Release No. 173 speaks for itself.

603-607.        Paragraphs 603-607 of the CAC contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 603-607 of the CAC, except to state that AU Section 508, the relevant provisions of GAAP and GAAS, and any statements issued by PWC speak for themselves.

608.        Defendants deny the allegations contained in Paragraph 608 of the CAC, except to state that the Funds' Registration Statements, all materials contained or incorporated therein, and any report by PWC speak for themselves.

609.        The first sentence of Paragraph 609 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first sentence of Paragraph 609 of the CAC, except to state that AU Section 711 speaks for itself.  Defendants deny the remainder of the allegations contained in Paragraph 609 of the CAC, except to state that AU Section 711 speaks for itself.

610.        Paragraph 610 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 610 of the CAC, except to state that the relevant provisions of the federal securities laws speak for themselves.

611-617.        Paragraphs 611-617 of the CAC contain statements of general legal principals and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 611-617 of the CAC, except to

state that the relevant provisions of law governing the fiduciary and other legal responsibilities of officers and directors under Maryland law, federal law, GAAP, GAAS, or otherwise, and any policies or procedures referenced in Paragraphs 611-617, speak for themselves.

618.      Defendants deny the allegations contained in Paragraph 618 of the CAC, except to admit that MAM served as the Funds' Investment Adviser and performed certain investment advisory services for the Funds pursuant to the Advisory Agreement, the terms of which speak for themselves.

619.      Defendants deny the allegations contained in Paragraph 619 of the CAC, except to state that Morgan Keegan served as underwriter and distributor for the Funds pursuant to the Underwriting Agreement, the terms of which speak for themselves.

620.      Paragraph 620 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 620 of the CAC, except to state that the terms of the Underwriting Agreement speak for themselves.

621.      Defendants deny the allegations contained in Paragraph 621 of the CAC on the grounds that it is vague and ambiguous, except to state that, generally, Morgan Keegan brokers receive a commission on securities sold or purchased at the time of purchase or sale.

622.      Defendants deny the allegations contained in Paragraph 622 of the CAC.

623-625.      Defendants deny the allegations contained in Paragraphs 623-625 of the CAC, except to state that Morgan Keegan served as underwriter and distributor for the Funds pursuant to the Underwriting Agreement, the terms of which speak for themselves.

626-627.      Defendants deny the allegations contained in Paragraphs 626-627 of the CAC, except to state that Morgan Keegan provided certain accounting and other services to the Funds pursuant to the Fund Accounting Service Agreement, the terms of which speak for

47

themselves.

628.        Paragraph 628 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 628 of the CAC, except to state that the terms of the Fund Accounting Service Agreement speak for themselves.

629-630.        Defendants deny the allegations contained in Paragraphs 629-630 of the CAC, except to state that Morgan Keegan provided certain administrative and other services to the Funds pursuant to an Administration Agreement, the terms of which speak for themselves.   The Fund Accounting Services Agreement likewise speaks for itself.

631.        Paragraph 631 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 631 of the CAC, except to state that the terms of the Administration Agreement speak for themselves.

632-634.        Paragraphs 632-634 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 632-634 of the CAC.

635-642.        Defendants deny the allegations contained in Paragraphs 635-642 of the CAC, except to state that MAM provided investment advisory services for Regions Bank and Regions Morgan Keegan Trust pursuant to the Investment Advisory Service Agreements, the terms of which speak for themselves.

643-644.        Paragraphs 643-644 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 643-644, except to state that MAM provided investment advisory services for Regions Bank and Regions Morgan Keegan Trust pursuant to the Investment Advisory Service

Agreements, the terms of which speak for themselves.

645.         Defendants deny the allegations contained in Paragraph 645 of the CAC, including any characterizations contained therein, except to state that MAM and Morgan Keegan were compensated for different services provided to the Funds pursuant to separate agreements, which are addressed elsewhere herein, the terms of which speak for themselves.

646-650.      Defendants deny the allegations contained in Paragraphs 645-652 of the CAC, except to state that the reference to "public filings and statements" in Paragraph 650 of the CAC is vague, and to state that Regions Financial's public disclosures, including Form 10-K annual reports, speak for themselves.

651.         Defendants deny the allegations contained in Paragraph 651 of the CAC, except to admit that Morgan Keegan and its affiliated entities, including the Funds, performed well until the onset of the global credit and financial crisis in mid to late 2007.  Defendants further state that Regions Financial's public disclosures, including Form 10-K annual reports, speak for themselves.

652.         Defendants deny the allegations contained in Paragraph 652 of the CAC, except to state that the reference to an unspecified "newspaper report" is vague.  To the extent such a newspaper report exists, it speaks for itself.

653.         Defendants deny the allegations contained in Paragraph 653 of the CAC.

654-658.      Defendants deny the allegations contained in Paragraphs 654-658 of the CAC, except to state that Regions Financial's public disclosures, including any Form 10-K annual reports, speak for themselves.

659.         Defendants deny the allegations contained in Paragraph 659 of the CAC.

660.         Defendants deny the allegations contained in Paragraph 660 of the CAC, except to state that MAM provided investment advisory services to the Funds pursuant to the

Advisory Agreement, the terms of which speak for themselves.

661.        Defendants deny the allegations contained in Paragraph 661 of the CAC, except to state that the terms of the Investment Advisory Service Agreements speak for themselves.

662.        Defendants deny the allegations contained in Paragraph 662 of the CAC.

663.        Paragraph 663 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 663 of the CAC, except to state that relevant provisions of Maryland and/or federal law govern whether or not a fiduciary duty exists, and to state that the terms of the Fund Accounting Service Agreement, the Investment Advisory Service Agreement, the Advisory Agreement, the Administration Agreement, and the Underwriting Agreement speak for themselves.

664-665.      Defendants deny the allegations contained in Paragraph 664-665 of the CAC, except to state that the terms of the Advisory Agreement and the Investment Advisory Service Agreement speak for themselves.

666.        Paragraph 666 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 666 of the CAC, except to state that the referenced Alabama statutes speak for themselves.

667.        Paragraph 667 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 667 of the CAC.  Defendants further incorporate and reiterate their previous response to Paragraph 663 of the CAC.

668.        Defendants deny the allegations contained in Paragraph 668 of the CAC, except to state that the Amended Order Appointing Trustee *ad Litem* speaks for itself, and that all other filings and proceedings in the referenced Jefferson County, Alabama Probate Court action are

a matter of public record.

669-670.      Paragraphs 669-670 of the CAC contain statements of opinion, argument, and speculation to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 669-670 of the CAC, except to state that the terms of the relevant Investment Advisory Service Agreements speak for themselves.

671-672.      Defendants deny the allegations contained in Paragraphs 671-672 of the CAC, except to state that the referenced provisions of the ICA and statements from the SEC's website speak for themselves.

673.      Paragraph 673 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 673 of the CAC, except to state that the terms of the statutory safe harbor speak for themselves.

## CLAIMS

674-675.      Paragraphs 674-675 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 674-675 of the CAC.

676.      Defendants deny the allegations contained in Paragraph 676 of the CAC, except to state that the Funds issued and sold shares pursuant to the terms set forth in the Funds' Registration Statements, SEC filings, and other public disclosures, and during the purported Class Period, as defined by Plaintiffs.

677.      Paragraph 677 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 677, except to state that the Funds issued redeemable securities pursuant to the terms set forth in the Funds' Registration Statements and in accordance with applicable principles of state and

federal law, including the Securities Act of 1933, the Securities Exchange Act of 1934, and the Investment Company Act of 1940, all of which speak for themselves.

678-683.   Paragraphs 678-683 of the CAC contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 678-683 of the CAC, except to state that the referenced provisions of the ICA and Rules promulgated under the Securities Act speak for themselves.

## COUNT I

684.   Paragraph 684 of the CAC is a definitional paragraph to which no response is required.

685.   Defendants deny the allegations contained in Paragraph 685 of the CAC and incorporate, as though fully set forth herein, each and every response made in response to Paragraphs 1-684 of the CAC.

686.   Defendants deny the allegations contained in Paragraph 686 of the CAC on the grounds that the allegations are compound and vague, except to state that certain Defendants participated in the preparation of portions of the Funds' Registration Statements.

687.   The allegations contained in Paragraph 687 of the CAC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 687 of the CAC on the grounds that the allegations are compound and vague, except to state that Morgan Keegan served as the Funds' underwriter and/or distributor pursuant to an Underwriting Agreement, the terms of which speak for themselves.

688.   Defendants deny the allegations contained in Paragraph 688 of the CAC.

689-691.   Defendants deny the allegations contained in Paragraphs 689-691 of the CAC, except to state that the referenced provisions of the ICA and the Funds' Registration Statements speak for themselves.

692.     Defendants deny the allegations contained in Paragraph 692 of the CAC on the grounds that the Funds' Registration Statements did not contain any misrepresentations or omissions.

693-694.     No response is required to the allegations contained in Paragraphs 693-694 of the CAC because these allegations are not directed to any of the Defendants and in any event constitute legal conclusions.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 693-694 of the CAC as to Defendants.

695.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 695 that concern the knowledge and/or reliance of any parties other than Defendants, except to state that Defendants relied on PWC's expertise consistent with PWC's capacity as the Funds' independent outside auditor.

696.     Defendants deny the allegations contained in Paragraph 696 of the CAC.

697.     Defendants deny the allegations contained in Paragraph 697 of the CAC, except to state that accurate and complete information regarding each Fund's shareholders' right to receive dividends is contained in the Funds' Registration Statements and other SEC filings, which speak for themselves.

698-706.     Paragraphs 698-706 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 698-706 of the CAC, except to state that the Funds' Registration Statements, SEC Filings, and other public disclosures, as well as applicable provisions of the ICA and the Securities Act of 1933, speak for themselves.  Moreover, this Court has rejected Plaintiffs' argument that Plaintiffs are entitled to recover as holders of a "put option."

707.     Defendants deny the allegations contained in Paragraph 707 of the CAC.

**COUNT II**

708.        Paragraph 708 of the CAC is a definitional paragraph to which no response is required.

709.        Defendants deny the allegations contained in Paragraph 709 of the CAC and incorporate, as though fully set forth herein, each and every response made in response to Paragraphs 1-708 of the CAC.

710.        Defendants deny the allegations contained in Paragraph 710 of the CAC.

711-715.        Paragraphs 711-715 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 711-715 of the CAC, except to state that MAM was compensated according to the terms of the Advisory Agreement, and that Morgan Keegan was compensated according to the terms of the Fund Administration Agreement, Fund Accounting Services Agreement, and Underwriting Agreement.  The terms of the agreements speak for themselves.

716.        Defendants deny the allegations contained in Paragraph 716 of the CAC.

**COUNT III**

717.        Paragraph 717 of the CAC is a definitional paragraph to which no response is required.

718.        Defendants deny the allegations contained in Paragraph 718 of the CAC and incorporate, as though fully set forth herein, each and every response made in response to Paragraphs 1-717 of the CAC.

719.        Defendants deny the allegations contained in the first two sentences of Paragraph 719 of the CAC, except to state that information about the selection of directors is set forth in the Funds' Registration Statements and SEC filings, which speak for themselves.  The last sentence of Paragraph 719 of the CAC contains legal conclusions to which no response is required.

To the extent a response is required, Defendants deny the allegations contained in the last sentence of Paragraph 719 of the CAC.

720.     Defendants deny the allegations contained in Paragraph 720 of the CAC.

721.     Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations regarding Regions Financial's knowledge contained in Paragraph 721 of the CAC.  Defendants deny the remainder of the allegations contained in Paragraph 721 of the CAC.

722-724.     Paragraphs 722-724 of the CAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 722-724 of the CAC, except to state that the Funds' investment objectives, guidelines, and restrictions speak for themselves.

## COUNTS IV-VII

725-766.     No response is required to the allegations contained in Paragraphs 725-766 of the CAC, by virtue of the Court's Order (Docket Entry No. 272) dismissing those allegations with prejudice.

## PRAYER FOR RELIEF

Defendants deny each and every allegation contained in the CAC under the heading "Prayer for Relief."  Defendants deny that Plaintiffs are entitled to any of the requested relief contained in paragraphs A-G of the CAC's "Prayer for Relief" or to any other relief.  Defendants further state that the CAC should be dismissed.

## GENERAL DENIAL

Defendants hereby deny any and all remaining allegations contained in the CAC that are not expressly admitted or otherwise addressed in the foregoing responses.

**AND NOW**, having fully answered Plaintiffs' CAC, Defendants state the following affirmative defenses, without assuming the burden of proof as to any such defenses that would otherwise rest with Plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' CAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel. Certain of these named Plaintiffs have pursued a separate putative class action making identical allegations, which was dismissed with prejudice by this Court.  *See Atkinson v. Morgan Asset Mgmt, Inc.*, 664 F. Supp. 2d 898 (W.D. Tenn. 2009).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because they are not maintainable as a class action.  Among other things, Plaintiffs have failed to meet the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a), in that the claims of certain class members will be subject to unique defenses based on their individual situations or on the information contained in the various Fund Registration Statements pursuant to which they purchased their shares.  Moreover, Lead Plaintiffs may also be inadequate class representatives due to the potential conflict of interest inherent in their simultaneous pursuit of a putative shareholder derivative action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim Defendants failed to disclose was publicly available information contained in the Funds' Registration Statements, SEC filings, or other public disclosures, or because Defendants otherwise had no duty to disclose this information under the federal securities laws.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim Defendants failed to disclose was not material.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the one-year statute of limitations applicable to claims under the Securities Act of 1933.  Plaintiffs were on notice or aware of facts allegedly giving rise to a claim for relief more than one year prior to filing suit.  For example, the information which they allege to have been misrepresented or omitted was in fact disclosed to them in the Funds' Registration Statements, SEC Filings, or other public disclosures more than a year prior to bringing this Action, or was otherwise a matter of public record.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the three-year statute of repose applicable to claims under the Securities Act of 1933.  For example, Plaintiffs' claims concerning the Funds' 2004 Registration Statement were brought more than three years after the filing of that registration statement.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because, within the meaning of 15 U.S.C. § 77k(a), at the time Plaintiffs acquired the securities in question, Plaintiffs knew of the alleged untruths or omissions that form the basis of this Action.  For example, much of the information allegedly misrepresented or omitted was in fact accurately disclosed to investors in the Funds' Registration Statements, SEC filings, and other public disclosures, or otherwise was a matter of public record.  Alternatively, Plaintiffs learned of the alleged untruths or omissions that form the basis of this Action after acquiring the securities in question, but nonetheless continued to hold such securities.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because, within the meaning of 15 U.S.C. § 77k(a), part or all of Plaintiffs' alleged damages were caused by external market factors and not an alleged misrepresentation or omission for which Defendants are liable. Specifically, the global credit and financial crisis that affected the securities market from mid to late 2007 until 2009 caused a widespread price decline in all securities, including the fixed income securities in which the Funds invested. The financial crisis, which was the worst since the Great Depression, caused Plaintiffs' losses—not any alleged misconduct by Defendants. In addition, because mutual fund share prices are calculated according to fund net asset value, there cannot be the requisite causal connection between a decline in a Fund's share price and the alleged misrepresentations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because, within the meaning of 15 U.S.C. § 77k(b), Defendants had, after reasonable investigation, reasonable grounds to believe, and did believe, at the time that the Registration Statements in question became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under 15 U.S.C. §§ 77l(2) and 77o are barred in whole or in part because Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission in the Funds' Registration Statements.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs' losses were caused by intervening and/or superceding factors for which Defendants are not responsible. Specifically, the global credit and financial crisis that affected the securities market from mid to late 2007 until 2009

caused a widespread price decline in all securities, including the fixed income securities in which the Funds invested.  The financial crisis, which was the worst since the Great Depression, caused Plaintiffs' losses—not any alleged misconduct by Defendants.  In addition, because mutual fund share prices are calculated according to fund NAV, there cannot be the requisite causal connection between a decline in a fund's share price and the alleged misrepresentations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs would not be entitled under any circumstances to an award of attorney's fees, costs, or interest incurred prior to the commencement of this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

The CAC alleges only corporate mismanagement that is not cognizable under the federal securities laws.  The ICA mandates the disclosure of a mutual fund's fundamental and other investment policies and imposes certain limits on the extent to which these policies can be changed. *See* 15 U.S.C. § 80a-8, 15 U.S.C. § 80a-13(a).  Without conceding that any such breach occurred, breaching a fundamental investment policy or a trust or contract term is not the same thing as misstating what the policy or term is.  Such a claim of corporate mismanagement is not cognizable under the disclosure remedies of the federal securities laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, and/or waiver, because, *inter alia*, Plaintiffs were or should have been aware of the nature of the Funds' portfolio investments and nonetheless purchased or continued to hold fund shares.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of ratification, agreement, acquiescence, or consent to Defendants' alleged conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to act reasonably to mitigate their alleged damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

For similar reasons, Plaintiffs' claims are barred by laches.  In light of, *inter alia*, Plaintiffs' actual or constructive knowledge of the Funds' investments, Plaintiffs filed this action in an unreasonable and inexcusable length of time from the date they knew or reasonably should have known of their claims against Defendants.  Plaintiffs' and the putative class members' delay has operated to the prejudice or injury of Defendants.  To allow Plaintiffs and the putative class members at this late date to assert these claims for relief against Defendants would be unjust.

## NINTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith conformity with applicable SEC rules, regulations, and orders, including without limitation the requirements of Form N-1A, and therefore are not subject to liability under the federal securities laws.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants herein adopt each of the Affirmative and/or Additional Defenses pleaded by the other answering Defendants to the extent such defenses operate to exculpate Defendants from liability or damage and to the extent such defenses are not inconsistent with, and are applicable to Defendants.  Because discovery has not yet occurred in this action, Defendants further reserve the right to assert other and further defenses as may later become known to counsel.

**WHEREFORE**, having fully answered Plaintiffs' CAC in this action, Defendants respectfully request:  (i) that said CAC be dismissed in its entirety; (ii) that the Court enter a judgment in favor of Defendants and against Plaintiffs; (iii) an award to Defendants of their costs, including discretionary costs, and attorneys' fees; and (iv) such other relief as the Court deems just and proper.

Respectfully submitted,


/s/ Matthew M. Curley
Michael L. Dagley
Matthew M. Curley
Britt K. Latham
W. Brantley Phillips, Jr.
BASS BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN  37201
(615)742-6200

Shepherd D. Tate
Michael A. Brady
BASS, BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, TN  38103-3672
(901) 543-5900

*Attorneys for Morgan Asset Management, Inc.,
Morgan Keegan & Company, Inc., and MK
Holding, Inc.*


SUTHERLAND, ASBILL
& BRENNAN, LLP

/s/ S. Lawrence Polk
S. Lawrence Polk
999 Peachtree Street N.E.
Atlanta, GA 30309-3996
(404) 853-8000

*Attorney for Allen B. Morgan, Jr.,
J. Kenneth Alderman, Brian B. Sullivan,
Joseph C. Weller, J. Thompson Weller,
G. Douglas Edwards, Charles D. Maxwell,
David M. George, Michele F. Wood,
James  C. Kelsoe, Jr., David H. Tannehill,
and Thomas R. Gamble*

## CERTIFICATE OF SERVICE

I hereby certify that on  January 31, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

**APPERSON CRUMP PLC**
CHARLES D. REAVES
JEROME A. BROADHURST
6070 Poplar Avenue, Sixth Floor
Memphis, TN  38119-3954

**KIRKLAND & ELLIS, LLP**
TIMOTHY DUFFY
EMILY NICKLIN
KRISTOPHER RITTER
300 North LaSalle
Chicago, IL  60654

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
VERNON J. VANDER WEIDE
THOMAS V. SEIFERT
333 South Seventh St., Suite 1140
Minneapolis, MN  55402-2422

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
LEO BEARMAN
EUGENE PODESTA.
165 Madison Avenue
First Tennessee Building
Memphis, TN  38103

**LOCKRIDGE GRINDAL NAUEN PLLP**
RICHARD A. LOCKRIDGE
GREGG M. FISHBEIN
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401

**K&L GATES LLP**
JEFFREY B. MALETTA
NICOLE A. BAKER
1601 K Street, NW
Washington, D.C.  20006-1600

**ZIMMERMAN REED, P.L.L.P.**
CAROLYN G. ANDERSON
TIMOTHY J. BECKER
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402

**SUTHERLAND ASBILL & BRENNAN, LLP**
S. LAWRENCE POLK
999 Peachtree Street NE
Atlanta, GA  30309

**MAYNARD COOPER & GALE PC**
PETER S. FRUIN
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203

**SULLIVAN & CROMWELL LLP**
DAVID B. TULCHIN
DAVID E. SWARTS
125 Broad Street
New York, New York  1004

**PAUL HASTINGS JANOFSKY & WALKER LLP**
KEVIN C. LOGUE
75 E. 55th Street
New York, NY  10022

**PURSLEY LOWERY MEEKS LLP**
R. HAL MEEKS
ROBIN A. BESAW
260 Peachtree Street NW
Atlanta, GA 30303

/s/ Matthew M. Curley