IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | | |
|---|---|---|
| In re REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | ) ) ) ) | |
| This Document Relates to: | ) ) | Case No: 2:09-md-2009-SHM |
| *In re Regions Morgan Keegan Open-End Mutual Fund Litigation* NO. 2:07-cv-02784-SHM-dkv | ) ) ) | |

**CARTER ANTHONY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

**COMES NOW** Defendant Carter Anthony ("Anthony") and answers Plaintiff's Consolidated Amended Class Action Complaint as follows[1]:

Defendant Anthony hereby incorporates as if fully set forth herein the Answer to Plaintiff's Consolidated Amended Class Action Complaint filed by Morgan Keegan & Company, Inc., Morgan Asset Management, Inc., MK Holding, Inc., and the Individual Defendants, except with regard to the following specific paragraphs that Defendant Anthony responds as follows:

75. Anthony admits he was President of Morgan Asset Management and an officer of the Funds until sometime in 2006. Subject to verifying dates, the first four sentences of this paragraph appear to be true. Further, he admits his electronic signature was applied to various public filings, but the documents are the best evidence and he has no current recollection if the specific iterated documents bear his name. Anthony denies the remaining allegations of this paragraph.

96. With respect to paragraph 96, Anthony admits he was an officer of Morgan Asset Management and the Company, as defined, but the specific dates will have to be verified. On information and belief, the balance of the allegations in this paragraph are true.

To the extent an answer is required to Plaintiff's prayer for relief, Anthony denies the statements contained therein and requests that the Court deny all relief requested by plaintiffs and dismiss Plaintiff's Consolidated Amended Class Action Complaint as to Anthony with prejudice.

## DEMAND FOR JURY TRIAL

Defendant Anthony demands a trial by jury of all triable issues.

---

[1] Anthony reserves the right to amend, modify, or supplement this Answer as the case proceeds.

## AFFIRMATIVE DEFENSES

Anthony sets forth below his affirmative defenses. Each affirmative defense is asserted as to all causes of action against Anthony. By setting forth these affirmative defenses, Anthony does not assume the burden of proving any fact, issue or element of a cause of action where such burden belongs to Plaintiffs. Anthony reserves this right to amend or supplement this Answer with additional defenses upon further discovery concerning these claims.

1. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2. Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted under Section 11 of the Securities Act.

3. Plaintiffs' claims are barred, in whole or in part, by the lack of causation between Anthony's alleged conduct and the alleged damages.

4. Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

5. Plaintiffs' Complaint is barred by estoppel and assumption of the risk.

6. Plaintiffs have failed to plead fraud with particularity.

7. Plaintiffs lack personal jurisdiction over this Defendant.

8. This Defendant appears especially for purposes of responding to this Complaint, as Defendant has not been served with summons and process. Defendant reserves defenses of sufficiency of service of process.

9. Anthony reserves the right to add or modify its affirmative defenses as discovery proceeds.

10. Anthony specifically incorporates the affirmative defenses asserted by all Co-Defendants.

**WHEREFORE** having fully answered, Defendant Anthony respectfully prays that Plaintiffs' Complaint be dismissed, or alternatively that judgment be had in favor of Defendant Anthony with all costs cast on Plaintiffs.

Respectfully submitted this 31st day of January, 2011.

PURSLEY LOWERY MEEKS LLP

260 Peachtree Street, NW
Suite 2000
Atlanta, GA 30303
(404) 880-7180
(404) 880-7199 – fax

/s/ R. HAL MEEKS, JR.
R. Hal Meeks, Jr.
Georgia Bar No. 500825
hmeeks@plmllp.com
Robin A. Besaw
Georgia Bar No. 223540
rbesaw@plmllp.com
*Attorneys for Defendant Carter E. Anthony*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **Carter Anthony's Answer and Affirmative Defenses to Plaintiffs' Consolidated Amended Class Action Complaint** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Charles Durham Reaves, Esq.
Jerome A. Broadhurst, Esq.
APPERSON CRUMP, PLC

Carolyn G. Anderson, Esq.
Timothy J. Becker, Esq.
ZIMMERMAN REED, PLLP

Matthew M. Curley, Esq.
Michael L. Dagley, Esq.
BASS BERRY & SIMS PLC

David B. Tulchin, Esq.
D. Andrew Pietro, Esq.
David E. Swarts, Esq.
SULLIVAN & CROMWELL, LLP

Steven Lawrence Polk, Esq.
SUTHERLAND ASBILL & BRENNAN LLP

Emily Nicklin, Esq.
Timothy A. Duffy, Esq.
Kristopher S. Ritter, Esq.
KIRKLAND & ELLIS LLP

Gregg M. Fishbein, Esq.
Richard A. Lockridge, Esq.
LOCKRIDGE GRINDAL NAUEN PLLP

Thomas V. Seifert, Esq.
Vernon J. Vander Weide
HEAD SEIFERT & VANDER WEIDE, P.C.

Michael A. Brady, Esq.
Shepherd D. Tate, Esq.
BASS BERRY & SIMS PLC

Peter S. Fruin, Esq.
Scott S. Brown, Esq.
MAYNARD COOPER & GALE, PC

Jeffrey B. Maletta, Esq.
Nichole A. Baker, Esq.
K & L GATES LLP

Eugene J. Podesta, Jr., Esq.
Leo Maurice Bearman, Jr., Esq.
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ

This 31st day of January, 2011.

PURSLEY LOWERY MEEKS LLP

/s/ ROBIN A. BESAW
Robin A. Besaw