IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION, | ) ) ) ) | Case No. 2:09-md-2009-SHM |
|  | ) |  |
| This Document Relates to: | ) |  |
|  | ) |  |
| *In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, | ) ) | |
|  | ) |  |
| No. 2:07-cv-02784-SHM-dvk | ) |  |

_____

**ANSWER
TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
BY REGIONS FINANCIAL CORPORATION AND REGIONS BANK**

COME NOW Defendants Regions Financial Corporation ("Regions Financial") and Regions

Bank (collectively "Defendants") and, for their Answer to Plaintiffs' Consolidated Amended Class

Action Complaint ("CAC") (Docket No. 218), state the following:

**INTRODUCTION**

1.      Defendants admit the allegations contained in the first sentence of Paragraph 1.

The remainder of Paragraph 1 consists of legal conclusions and characterization of documents to

which no response is required.  To the extent a response is required, the docket entries and

accompanying documents referenced in Paragraph 1, including but not limited to the Court's

Consolidation Orders, dated September 23, 2008 (Docket Entry No. 154) and September 30, 2009

(Docket Entry No. 211), speak for themselves.

2.      Paragraph 2 is a definitional paragraph stating legal conclusions to which no

response is required.  In addition, no response is required to the allegations contained in Paragraph

2(a)(2) and any similar allegations in Paragraphs 2(b) and 2(c), by virtue of the Court's Order dated

September 30, 2010 (Docket Entry No. 272) (hereinafter "Order") granting in part Defendants' Motions to Dismiss and dismissing certain allegations with prejudice. To the extent a response is required, Defendants deny the allegations contained in Paragraph 2.

3-4. Paragraphs 3-4 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 3-4.

5. Defendants deny the allegations contained in Paragraph 5, except to state that the Funds suffered losses during the global financial crisis and that the public record regarding the prices at which RMK Select Short Term Bond Fund ("Short Term Fund"), RMK Select Intermediate Bond Fund ("Intermediate Fund"), and RMK Select High Income Fund ("High Income Fund") (collectively, the "Funds") traded—that is, the Funds' net asset values per share ("NAVs")—on any specific date or within any specific date range speaks for itself.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 6.

7. Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 7. Defendants note, however, that the *Commercial Appeal* article referenced therein speaks for itself.

8. Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 8.

## PART I

9. No response is required to the allegations contained in Paragraphs 9(b)-(c) by virtue of the Court's Order dismissing those allegations. Defendants deny the allegations contained in Paragraph 9(a), except to admit that Plaintiffs purport to bring claims under §§ 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act," or the "1933 Act").

10. Defendants admit that venue is proper in this Court but otherwise deny the

remaining allegations contained in Paragraph 10.

11.      Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the material conduct alleged in the CAC and, therefore, deny the allegations contained in Paragraph 11.

## PART II

12-30.     Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraphs 12-30, except to state that no response is required to any allegations that Plaintiffs "refrained from redeeming" or "did not redeem" securities by virtue of the Court's Order dismissing those allegations with prejudice.

31-33.     No response is required to the allegations contained in Paragraphs 31-33 due to the Court's Order dismissing with prejudice allegations that Plaintiffs "refrained from redeeming" or "did not redeem" securities.

34.      Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 34(a).  No response is required to the allegations contained in Paragraph 34(b) due to the Court's Order dismissing with prejudice allegations that Plaintiffs "refrained from redeeming" or "did not redeem" securities.

35.      Paragraph 35 is a definitional paragraph to which no response is required, except to state that the Court's Order Appointing Lead Plaintiffs in this Action speaks for itself.  (Docket Entry No. 211).

36.      The allegations of Paragraph 36 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 36, except to admit the allegations to the extent that they recite disclosures contained in the Funds' registration statements, SEC filings, and other public disclosures.  Defendants further state that descriptions of the Funds

3

and their respective date of organization, investment objectives and policies, and share classes are set forth in the Funds' respective registration statements, SEC Filings, and other public disclosures, which speak for themselves. Further, the final sentence of Paragraph 36 contains legal conclusions and statement of law to which no response is required. To the extent a response is required, Defendants, upon information and belief, admit that the Funds issued redeemable shares as set forth in their registration statements.

37.    The allegations of Paragraph 37 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in the first sentence of Paragraph 37, except to state, upon information and belief, that the High Income Fund and the Intermediate Fund began operation on or about March 22, 1999. Defendants further state, upon information and belief, that the Short Term Fund changed its name to the RMK Select Short Term Bond Fund on or about November 1, 2005. Defendants deny the allegations contained in the second sentence of Paragraph 37, except to state that Plaintiffs purport to bring claims involving all three Funds. Defendants further deny the allegations contained in the third sentence of Paragraph 37, except to state that a Prospectus Supplement dated December 12, 2002 stated that that effective December 31, 2002, "Morgan Keegan & Company, Inc., the distributor for the [High Income Fund] will no longer offer shares [of the High Income Fund] to new investors. Shareholders of the Fund as of December 31, 2002 will be able to purchase additional shares of the Fund after December 31, 2002."

38.    The allegations of Paragraph 38 are not directed to Defendants; thus, no response is required from Defendants. Additionally, Defendants state that Paragraph 38 contains legal conclusions to which no response is required. To the extent that such allegations could be construed as allegations against Defendants or a response otherwise is required, Defendants deny the allegations contained in Paragraph 38, except to state that the Funds issued redeemable securities,

the terms and conditions of which are set forth in MK Select's Articles of Incorporation and the Funds' registration statements, SEC Filings, and other public disclosures, which speak for themselves.

39.     The allegations of Paragraph 39 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 39, except to state that the Funds suffered losses during the global financial crisis of 2007-2008; that on February 24, 2010, the SEC issued an Order Under Section 8(f) of the ICA Declaring that [MK Select] Has Ceased To Be An Investment Company; that Fund shareholders approved the Funds' plan of liquidation on May 29, 2009; that liquidating distributions were made to shareholders on June 16, 2009 (Short Term Fund), June 17, 2009 (High Income Fund), and June 18, 2009 (Intermediate Fund); and that the Funds filed an application to deregister on July 2, 2009 and amended the application on September 17, 2009.

40-41.     The allegations of Paragraphs 40-41 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraphs 40-41, except to state as follows:  MAM is a registered investment advisor and a corporate affiliate of Morgan Keegan.  MAM served as investment adviser to the Funds offered as a series of MK Select until or about July 29, 2008, when Hyperion Brookfield Asset Management, Inc. replaced MAM. MAM provided investment advisory services to the Funds pursuant to Investment Advisory Service Agreements dated June 25, 2001 and September 1, 2006 between MAM and MK Select, the terms of which speaks for themselves.  MAM's principal offices are located in Birmingham, Alabama.

42.     Defendants deny the allegations contained in Paragraph 42, except to state that CMG was a separately identifiable unincorporated division of Regions Bank and a registered

investment advisor under the Investment Advisors Act of 1940; that, at various points in time, MAM served as a financial advisor to both Regions Morgan Keegan Trust and numerous mutual funds affiliated with Morgan Keegan; and that any referenced Trust Servicing Agreement speaks for itself.

43.      Defendants deny the allegations contained in Paragraph 43, except to refer to Defendants' Answer to Paragraphs 40-41 and to state that at various points in time, MAM served as a financial advisor to Regions Morgan Keegan Trust and numerous mutual funds affiliated with Morgan Keegan, and individual accounts.  Defendants further state that the unspecified "press releases" referred to or quoted in Paragraph 43 speak for themselves, to the extent they exist.

44.      The allegations of Paragraph 44 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants admit the allegations contained in Paragraph 44.

45.      Defendants deny the allegations contained in Paragraph 45, except to state as follows: Morgan Keegan, a wholly-owned subsidiary of Regions Financial, is a regional investment broker-dealer with its principal offices in Memphis, Tennessee.  Pursuant to a Fund Accounting Service Agreement, the terms of which speak for themselves, Morgan Keegan provided certain accounting services to the Funds.  Pursuant to the Underwriting Agreement, the terms of which speak for themselves, Morgan Keegan also acted as the Funds' distributor, as set forth in the Funds' registration statements, SEC Filings, and other public filings, which also speak for themselves. Finally, Defendants state that Morgan Keegan provided an individual to serve as the Funds' Chief Compliance Officer, for which Morgan Keegan received no additional compensation.  Defendants further state that the position of the Funds' Chief Compliance Officer and the position of MAM's Chief Compliance Officer were held by the same individual.

46.      Defendants deny the allegations contained in Paragraph 46, except to state that the Funds' November 1, 2006 Statement of Additional Information ("SAI"), Investment Advisory Agreement, and Transfer Agency and Service Agreement referenced in the Paragraph 46 speak for themselves.

47.      The allegations of Paragraph 47 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 47, except to state that the terms of any 12b-1 Distribution Plans referenced in Paragraph 47 speak for themselves.

48.      Defendants admit the allegations contained in the first sentence of Paragraph 48. Defendants deny the allegations contained in the second sentence of Paragraph 48.

49-51.      Defendants deny the allegations contained in Paragraphs 49-51, except to state that the Funds' SEC filings, including any referenced annual and semi-annual reports, speak for themselves.  Any Form 10-Q annual report issued by Regions Financial likewise speaks for itself. Finally, the allegations contained in Paragraphs 50-51 are vague to the extent Plaintiffs' fail to identify a specific source of the quoted statements.

52.      Defendants deny the allegations contained in Paragraph 52, except to state that Regions Financial's SEC Filings, including any referenced Form 10-k annual reports or shareholder communications from Morgan Keegan speak for themselves.

53.      Defendants admit the first two sentences of Paragraph 53 and admit that Regions Bank offers trust services to its customers.  Defendants deny any remaining allegations contained in Paragraph 53.

54.      The first sentence of Paragraph 54 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of these allegations, except to state that upon

information and belief, Regions Morgan Keegan Trust FSB is a federally chartered savings bank formerly known as Morgan Keegan Trust Company. Defendants deny the allegations contained in the second sentence of Paragraph 54, except to state that MAM provided investment advisory services to Regions Bank and Regions Morgan Keegan Trust pursuant to the Investment Advisory Service Agreement dated April 1, 2003, the terms of which speak for themselves.

55-56.    Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraphs 55-56, because Plaintiffs have failed to specify the source of this data. Defendants further state that to the extent Plaintiffs have obtained their data regarding Regions Trust's ownership or purchase of shares in the Funds from the Funds' registration statement or any other public disclosures, such documents speak for themselves.

57.    The allegations of Paragraph 57 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 57, except to state that Morgan Keegan has a Wealth Management Group.

58.    No response is required to the allegations contained in Paragraph 58 because it consists of a diagram that purports to summarize allegations already contained in the CAC, to which Defendants have already responded. To the extent that a response is required, Defendants state that Paragraph 58 generally appears to accurately depict the corporate organization of Regions Financial and certain of its subsidiaries.

59.    Defendants admit the allegations contained in the first two sentences of Paragraph 59, except to the extent that such allegations suggest that a "Class Period" has been certified or should be certified in this action. Defendants deny the allegations contained in the third and fourth sentences of Paragraph 59, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves. The last sentence of Paragraph 59

contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in the last sentence of Paragraph 59.

60.     Defendants admit the first four sentences of Paragraph 60, except to the extent that such allegations suggest that a "Class Period" has been certified or should be certified in this action.  Defendants deny the remaining allegations contained in Paragraph 60, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves and to further state that the remainder of Paragraph 60 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in the last sentence of Paragraph 60.

61.     The allegations of Paragraph 61 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information and knowledge sufficient to state a belief as to the truth and therefore deny the allegations contained in Paragraph 61, except to state that the allegations appear to recite information contained in the  Funds' registration statements, SEC filings, and other public disclosures which speak for themselves.  The last sentence of Paragraph 61 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in the last sentence of Paragraph 61.

62.     The allegations of Paragraph 62 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information and knowledge sufficient to state a belief as to the truth  and  therefore  deny  the  allegations  contained  in  Paragraph  62,  except  to  state  that  the

allegations appear to recite information contained in the Funds' registration statements, SEC filings, and other public disclosures which speak for themselves. The last sentence of Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in the last sentence of Paragraph 62.

63.     The allegations of Paragraph 63 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information and knowledge sufficient to state a belief as to the truth and therefore deny the allegations contained in Paragraph 63, except to state that the allegations appear to recite information contained in the  Funds' registration statements, SEC filings, and other public disclosures which speak for themselves. The last sentence of Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in the last sentence of Paragraph 63.

64.     Defendants deny the allegations contained in Paragraph 64, except to state that the allegations appear to recite information contained in the  Funds' Nov. 1, 2007 SAI which speaks for itself. The last sentence of Paragraph 64 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 64.

65.     The allegations of Paragraph 65 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information and knowledge sufficient to state a belief as to the truth and therefore deny the allegations contained in Paragraph 65, except to state that the

allegations appear to recite information contained in the Funds' registration statements, SEC filings, and other public disclosures which speak for themselves. The last sentence of Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 65.

66.     The allegations of Paragraph 66 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information and knowledge sufficient to state a belief as to the truth and therefore deny the allegations contained in Paragraph 66, except to state that the allegations appear to recite information contained in the Funds' registration statements, SEC filings, and other public disclosures which speak for themselves. The last sentence of Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 66.

67.     The allegations of Paragraph 67 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information and knowledge sufficient to state a belief as to the truth and therefore deny the allegations contained in Paragraph 67, except to state that the allegations appear to recite information contained in the Funds' registration statements, SEC filings, and other public disclosures which speak for themselves. The last sentence of Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 67.

68.     The allegations of Paragraph 68 are not directed to Defendants; thus, no response

is required from Defendants.  Moreover, the first two sentences of Paragraph 68 contain legal conclusions to which no response is required.  To the extent that a response is required to the allegations in Paragraph 68, Defendants deny the allegations contained in the first two sentences of Paragraph 68, except to state that upon information and belief the Funds had a standing Audit Committee consisting entirely of Independent Directors, as defined in the ICA.  Defendants further deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in the last three sentences of Paragraph 68, except to state that certain information appears to be taken from the Funds' registration statements, SEC filings, and other public disclosures, which speak for themselves.

69.     The allegations of Paragraph 69 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 69, except to state that the Funds' annual reports speak for themselves.

70.     The allegations of Paragraph 70 are not directed to Defendants and otherwise constitute legal conclusions; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants or otherwise require a response, Defendants deny the allegations contained in Paragraph 70, except to state that the Funds' Board had an Independent Directors Committee that consisted entirely of Independent Directors as defined in the ICA.

71.     The allegations of Paragraph 71 are not directed to Defendants; thus, no response is required from Defendants.  Moreover, the first two sentences of Paragraph 71 contain legal conclusions to which no response is required.  To the extent that a response is required to the allegations in Paragraph 71, Defendants deny information or knowledge sufficient to ascertain the truth of and therefore deny the allegations contained in the first two sentences of Paragraph 71,

except to state that, upon information and belief, the Funds had a Qualified Legal Compliance Committee ("QLCC") that consisted entirely of Independent Directors, as defined in the ICA. Moreover, the Funds' public filings state that the QLCC was composed of the same Independent Directors as the Funds' Audit Committee.  Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in the third and fourth sentences of Paragraph 71, except to state that the Funds' public disclosures speak for themselves.

72-74.    Paragraphs 72-74 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 72-74.

75.    Defendants admit the first four sentences of Paragraph 75. Defendants deny the last two sentences of Paragraph 75, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

76.    The allegations of Paragraph 76 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants admit the first five sentences of Paragraph 76, except to state that upon information and belief Mr. Sullivan became President and Chief Information Officer of the Funds and MAM in or about November 2006.  Defendants deny the remaining allegations contained in Paragraph 76, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

77.    The allegations of Paragraph 77 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 77, except to state the following upon information and belief:   Joseph C. Weller served as Treasurer and Assistant Secretary of the Funds from 1999 until October 2006; from 1969 until 2006, he was Executive Vice President and Chief Financial Officer, Treasurer, Secretary, and Executive Managing Director of

13

Morgan Keegan; Mr. Weller also served as director of MAM from 1993 until 2006; and Mr. Weller is a resident of Tennessee.  Finally, Defendants state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

78.     The allegations of Paragraph 78 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants, upon information and belief, deny the first two sentences of Paragraph 78, except to state that Mr. Weller served as Treasurer and Assistant Secretary of the Funds from approximately November 2006 until the Funds were transferred to Hyperion, and also has served as Managing Director, Senior Vice President, and Controller of the subsidiary companies of Morgan Keegan.  Defendants, upon information and belief, admit the third sentence of Paragraph 78, except to state that Mr. Weller also was previously affiliated with MetLife.  Defendants deny the remaining allegations contained in Paragraph 78, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

79.     The allegations of Paragraph 79 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 79, except to state the following upon information and belief: G. Douglas Edwards served as President of Morgan Keegan from 2001-2003, and President and Chief Executive Officer from 2003 until 2008, when he retired. Mr. Edwards also served as President of Morgan Keegan's Fixed Income Capital Markets Group from 1996-2003, and also served as Vice Chairman of Morgan Keegan from 1995 until his retirement and as a Director of Morgan Keegan from 1999 until his retirement.

80.     The allegations of Paragraph 80 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants, upon information and belief, admit the first four sentences of

Paragraph 80. The last sentence of Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the last sentence of Paragraph 80.

81. The allegations of Paragraph 81 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 81, except to state the following upon information and belief: David M. George served as Chief Compliance Officer of the Funds until 2006; was a Senior Vice President of Morgan Keegan; and is a member of the NASD (now FINRA) District 5 Focus Group and the Securities Industry Association's Compliance and Legal Division (now SIFMA).

82. The allegations of Paragraph 82 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in the first three sentences of Paragraph 82, except to state the following upon information and belief: Michele F. Wood served as Chief Compliance Officer of the Funds from 2006 until they were transferred to Hyperion; Ms. Wood served as Chief Compliance Officer of MAM from April 2006 until June 2010; she served as First Vice President of Morgan Keegan from 2004 until 2006 and as a Senior Vice President from 2006 until 2010; she currently is a Senior Attorney and Managing Director of Morgan Keegan; she receives her salary from Morgan Keegan; and Ms. Wood is a resident of Tennessee. Defendants admit the allegations contained in the fourth and fifth sentences of Paragraph 82.

83. The allegations of Paragraph 83 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 83, except to state the following upon information and belief: James C. Kelsoe, Jr. served as Senior Portfolio Manager of

the Funds and of MAM and was registered with FINRA as a representative of Morgan Keegan. Defendants further state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

84.     The allegations of Paragraph 84 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 84, except to state the following upon information and belief: David H. Tannehill served as the Funds' Assistant Portfolio Manager of the Funds and of MAM. The Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

85.     Defendants admit the allegations contained in Paragraph 85.

86.     The allegations of Paragraph 86 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 86, except to state that Paragraph 86 appears to recite selected language from disclosures made in the Funds November 1, 2007 SAI, which speaks for itself.

87.     The allegations of Paragraph 87 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 87.

88.     Paragraph 88 is a definitional paragraph and/or contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 88.

89-91.     The allegations of Paragraphs 89-91 are not directed to Defendants; thus, no response is required from Defendants. To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a

belief as to the truth of and therefore deny the allegations contained in Paragraphs 89-91, except to state the following upon information and belief: the information referenced in Paragraphs 89-91 is contained in the Funds' registration statements, which speak for themselves.

92.     The allegations of Paragraph 92 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 92, except to refer to Defendants' responses to paragraphs 89-91.

93.     The allegations of Paragraph 93 are not directed to Defendants and otherwise constitute legal conclusions; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants or otherwise require a response, Defendants deny information and knowledge sufficient to form a belief as the truth of and therefore deny the allegations contained in Paragraph 93, except to state that on or about July 29, 2008, Hyperion Brookfield Asset Management, Inc. replaced MAM as investment adviser to the Funds, and the Funds have since been liquidated.

94.     The allegations of Paragraph 94 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 94, except to state that PWC is a national public accounting and auditing firm that served as the independent outside auditor to the Funds, and that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

95.     Defendants deny the allegations contained in Paragraph 95.

96.     Defendants deny the allegations contained in Paragraph 96, except to refer to Defendants' Answer to Paragraphs 75-85.

97-99.    Paragraphs 97-99 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 97-99.

100-104.   Paragraphs 100-104 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 100-104.

## PART III

105.    Defendants admit the allegations contained in Paragraph 105, except to state that according to the SEC's website, the ticker symbol for the Short Term Fund Class A shares should be listed as MSBIX, and the ticker symbol for the Short Term Class I shares should be listed as MSTBX.

106-108.   Defendants deny the allegations contained in Paragraphs 106-108, except to state that Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of themselves and others as described in Paragraphs 106-108; however, they deny that Plaintiffs and the proposed class satisfy the requirements for class certification.  Moreover, to the extent Plaintiffs purport to represent a class of individuals who did not purchase or sell shares in the Funds during the class period, but who rather "held," "refrained from redeeming," or "did not redeem" shares during the class period, such a class is barred by the Court's Order dismissing such claims with prejudice.

109.    Defendants also deny that they have information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations in Paragraph 109.

110.    The allegations of Paragraph 110 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 110, except to state that Morgan Keegan has a Wealth Management Group.  Moreover, Defendants note that

Morgan Keegan's website is a matter of public record and speaks for itself.

111-112.   Paragraphs 111-112 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 111-112. Moreover, to the extent Plaintiffs purport to represent a class of individuals who did not purchase or sell shares in the Funds during the class period, but who rather "held," "refrained from redeeming," or "did not redeem" shares during the class period, such a class is barred by the Court's Order dismissing such claims with prejudice.

## PART IV

113-115.   Defendants deny the allegations contained in Paragraphs 113-115 except to admit that the Intermediate Fund and the High Income Fund began operations in 1999 and to state that the information contained in Paragraphs 113-115 is publicly available information contained in the Funds' registration statements, SEC filings, and other public disclosures, which speak for themselves.

116-118.   Defendants deny the allegations contained in Paragraphs 116-118, except to state that the public record regarding the price at which the Funds traded—in this case, the Funds' NAV per share—on any given day or within any given date range speaks for itself.

119.      Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 119.  Defendants also note that Plaintiffs have failed to specify criteria they used for purpose of their comparison.

120-125.   Paragraphs 120-125 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 120-125, except to admit that market events affected all fixed income mutual funds.

126.      Defendants deny the allegations contained in Paragraph 126, except to state that the Funds invested in multiple categories of securities, including asset-backed and mortgage-backed

securities, as set forth in the Funds registration statements, SEC filings, and other public disclosures, which speak for themselves.

127.     Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in the first sentence of Paragraph 127 because Plaintiffs have failed to specify any criteria used for purposes of their comparison.  Defendants deny the remainder of the allegations contained in Paragraph 127, except to state that the referenced article from *The Birmingham News* speaks for itself.

128.     The allegations contained in Paragraph 128 consist of statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 128.

129-134.   Defendants deny the allegations contained in Paragraphs 129-134, except to state that the Funds' relevant sales materials referenced therein speak for themselves.

135-137.   Defendants deny the allegations contained in Paragraphs 135-137, except to state that the Funds' registration statements, SEC filings, and other public disclosures referenced therein speak for themselves.

138.     Defendants deny the allegations contained in Paragraph 138, except to state that the Funds' relevant sales materials speak for themselves.

139.     Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 139 because Plaintiffs do not specify the website that purports to be the source of their allegations.  Defendants further state that any statement contained on any website—to the extent it exists—is a matter of public record and speaks for itself.

140.     The first sentence of Paragraph 140 contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required,

Defendants deny the allegations contained in the first sentence of Paragraph 140.  Defendants deny the allegations contained in the second sentence of Paragraph 140, except to state that any Morningstar report or rating, Fund registration statement, SEC filing, or other public disclosure referenced therein speaks for itself.

141.     Defendants deny the allegations contained in Paragraph 141, except to state that any Morningstar rating or other statement that allegedly appeared on Morgan Keegan's website speaks for itself.

142.     Defendants deny the allegations contained in Paragraph 142, except to state that the referenced "Seeking Alpha" article speaks for itself.

143.     Paragraph 143 contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 143.

144.     The first sentence of Paragraph 144 contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first sentence of Paragraph 144.  Defendants deny the allegations contained in the second sentence of Paragraph 144, except to state that the referenced *Commercial Appeal* article speaks for itself.

145-160.   Defendants deny the allegations contained in Paragraphs 145-160, including any characterizations contained therein, except to state that the various letters, articles, and reports cited in Paragraphs 145-160 are a matter of public record and speak for themselves.  Defendants further state that any information regarding the Funds' assets, composition, performance, and NAV per share taken from the Funds' registration statements, SEC filings—including the referenced annual report—and other public disclosures referenced therein likewise speaks for itself.

161.     Paragraph 161 contains legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny the allegations contained in Paragraph 161, except to state that applicable SEC guidelines speak for themselves and that the Investment Company Institute Article (or Plaintiffs' characterization thereof) misstates those guidelines.

162-165.   Defendants deny the allegations contained in Paragraphs 162-165, except to state as follows: the investment guidelines and restrictions applicable to the Funds are set forth in the Funds' registration statements, and asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.   These documents are matters of public record and speak for themselves.

166-167.   Paragraphs 166-167 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations set forth in Paragraphs 166-167, except to state that Section 13 of the ICA speaks for itself.

168.       Defendants deny the allegations contained in Paragraph 168, except to state that investment guidelines and restrictions applicable to the Funds are set forth in the Funds' registration statements, which speak for themselves.

169-171.   Paragraphs 169-171 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 169-171, except to state that applicable "SEC guidance" speaks for itself, and that investment guidelines and restrictions applicable to the Funds are set forth in the Funds' registration statements, which speak for themselves.

172-174.   Defendants deny the allegations contained in Paragraphs 172-174, except to state that the Funds' November 1, 2006 SAI speaks for itself.

175-179.   Paragraphs 175-182 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 175-

179, except to state that applicable SEC regulations or guidelines governing investments by mutual funds in illiquid or restricted securities, as well as the fair-valuation of securities, speak for themselves.

180-188.   Paragraphs 180-188 contain statements of opinion, argument, and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 180-188, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

188-190.   Defendants deny the allegations contained in Paragraphs 188-190, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

191.       Paragraph 191 contains a statement of opinion, argument, and/or a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 191.

192-194.   Defendants deny the allegations contained in Paragraphs 192-194, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

195.       Paragraph 195 contains statements of opinion, argument, and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 195, except to state as follows:  Registration statements, SEC filings and other public disclosures concerning individual securities in which the Funds invested are matters of public record and speak for themselves.  Moreover, asset schedules reflecting the Funds'

portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and also speak for themselves.

196.    Defendants deny the allegations contained in Paragraph 196, except to state as follows: SEC filings and other public disclosures concerning individual securities in which the Funds invested are matters of public record and speak for themselves. Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

197-199.    Paragraphs 197-199 contain statements of opinion, argument, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 197-199, except to state as follows: SEC filings and other public disclosures concerning individual securities in which the Funds invested are matters of public record and speak for themselves. Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

200-201.    Paragraphs 200-201 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 200-201.

202.    Defendants deny the allegations contained in Paragraph 202, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

203.    Paragraph 203 contains statements of opinion, argument, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny information

or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 203, except to state that AICPA SOP 93-1 speaks for itself.

204.     Defendants deny the allegations contained in Paragraph 204, except to state that the Funds' registration statements speak for themselves, and that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and also speak for themselves.

205-206.   Defendants deny the allegations contained in Paragraphs 205-206.

207-210.   Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 207-210, because Plaintiffs do not indicate the source of their information.  To the extent any information was taken from the Bloomberg quotation system, that information is a matter of public record and speaks for itself.

211-215.   Paragraphs 211-215 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 211-215, except to state that the November 2006 SAI referenced in Paragraph 214 speaks for itself.

216-219.   Paragraphs 216-219 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 216-219, except to state that applicable SEC guidance speaks for itself.

220.     Defendants deny the allegations contained in Paragraph 220, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

221.     Defendants deny the allegations contained in Paragraph 221, except to state that the Funds' June 20, 2005 annual report speaks for itself.  Defendants also state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and also speak for themselves.

222.     Paragraph 222 contains statements of opinion, argument and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 222, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

223-226.  Paragraphs 223-226 contain statements of opinion, argument, and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 222-226, except to state as follows:   the Funds' registration statements, SEC filings and other public disclosures contained information regarding the fair valuation of securities, and speak for themselves.   Defendants also state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and also speak for themselves.

227-228.   Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraphs 227-228, except to state that any NT-NSAR filed by the Funds speaks for itself, including the date such NT-NSAR was filed.

229.     Defendants deny the allegations contained in Paragraph 229, except to state that any referenced Reuters report speaks for itself.

230-234.   The allegations contained in Paragraphs 230-234 are not directed toward Defendants; thus, no response is required from Defendants.   To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraphs 230-234, except to state that, in or about August 2007, the Funds engaged Hyperion Brookfield Asset Management, Inc. as a valuation consultant and that the Funds' referenced prospectus supplement, letters to shareholders, and annual report speak for themselves.

235.     Defendants deny the allegations contained in Paragraph 235, except to state that prospectuses relating to securities purchased by the Funds speak for themselves.

236-237.   Paragraphs 236-237 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 236-237.

238-239.   Defendants deny the allegations contained in Paragraphs 238-239, except to state that public disclosures, terms, and market quotations relating to securities purchased by the Funds speak for themselves.

240-241.   Defendants deny the allegations contained in Paragraphs 240-241, except to state that SOP 93-1 speaks for itself.

242-245.   Paragraphs 242-245 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 242-245.

246.     The allegations of Paragraph 246 are not directed to Defendants; thus, no response is required from Defendants.  Further, Paragraph 246 contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 246.

247.     Paragraph 247 contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 247.

248-250.   Defendants deny the allegations contained in Paragraphs 248-250, except to state as follows: Plaintiffs have failed to adequately specify the source of their data, including which securities were considered in their analysis.  Moreover, asset schedules reflecting the Funds'

portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves, and the registration statements, SEC filings, and other public disclosures concerning individual securities held by the Funds likewise speak for themselves.  Finally, the Funds' performance, as measured by their NAVs, is a matter of public record.

251-252.  Paragraphs 251-252 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 251-252, except to state as follows:  It is unclear which securities Plaintiffs' claim should be classified as "restricted" or "illiquid."  Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves, and the registration statements, SEC filings, and other public disclosures concerning individual securities held by the Funds likewise speak for themselves.

253-254.   Defendants deny the allegations contained in Paragraphs 253-254, except to state as follows:  The allegations contained in Paragraphs 253-254 are vague and incomplete, and Plaintiffs fail to identify the source of the data referenced therein.  Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports, as a matter of public record and speak for themselves.  To the extent Plaintiffs relied upon the Funds' registration statements, SEC filings, or other public disclosures, such documents speak for themselves.  Finally, registration statements, prospectuses, and other public disclosures concerning individual securities held by the Funds likewise speak for themselves.

255.        Paragraph 255 is a statement of opinion, argument, and/or legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the

allegations contained in Paragraph 255, except to state that whether a particular credit score is "bad" is an entirely subjective analysis.

256-262.   Defendants deny the allegations contained in Paragraphs 256-262, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves, and that the registration statements, prospectuses, and other public disclosures concerning individual securities held by the Funds likewise speak for themselves.  Defendants further state that Plaintiffs have failed to specify the source of their allegations, and it is unclear to which securities Plaintiffs' allegations relate.

263.      Paragraph 263 is a definitional or illustrative paragraph to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 263, except to state that the source of Plaintiffs' data is unclear.

264.      Paragraph 264 contains statements of opinion, argument, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 264, except to state that any registration statements, SEC filings, or other public disclosures referenced therein speak for themselves, and to state that Plaintiffs' selective quotation from a small number of securities does not accurately reflect the risk of the Funds' portfolio as a whole.

265.      Defendants deny the allegations contained in Paragraph 265, except to state that, on information and belief, the Funds were permitted to invest in CMOs, CLOs, and CDOs, the Funds' registration statements contain extensive descriptions of the types of securities in which the Funds might invest and speak for themselves, and that the referenced *Wall Street Journal* article speaks for itself.   Finally, the Funds' portfolio compositions at any given time are set forth in the

Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

266.     Paragraph 266 is vague, unclear, and contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 266.

267.     In response to the allegations contained in Paragraph 267, Defendants state that the Funds' Nov. 1, 2006 Prospectus speaks for itself.  Defendants deny any implications being made as a result of these allegations.

268-269.   The allegations contained in Paragraphs 268-269 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in 268-269.

270-271.   Defendants deny the allegations contained in Paragraphs 270-271, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

272.     Paragraph 272 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 272.

273.     Defendants deny the allegations contained in Paragraph 273, and specifically deny that the Funds were ever in violation of any investment restriction.  Defendants further state that the investment guidelines and restrictions contained in the Funds' registration statements speak for themselves.

274-276.   Paragraphs 274-276 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 274-276, and further state that no "mortgage-loan industry" exists for purposes of the concentration

requirement, and that information published on Bloomberg is a matter of public record and speaks for itself.

277.     Defendants deny the allegations contained in Paragraph 277, except to state that the Funds' public disclosures speak for themselves.

278-281.   Defendants deny the allegations contained in Paragraphs 278-281, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

282-283.   Paragraphs 282-283 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 282-283, and specifically deny that the Funds were ever in violation of the concentration restriction, and state as follows:   The Funds' relevant risk disclosures and actual investment guidelines and restrictions are set forth in the Funds' registration statements and speak for themselves.  Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

284-291.   Defendants deny the allegations contained in Paragraphs 284-291, except to state that Defendants categorically reject as unsound any conclusions contained in the article authored by Craig McCann, which is a promotional piece used by Mr. McCann to solicit business as a testifying expert witness in lawsuits and arbitrations against Defendants, including the present action. Defendants further state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

292.     Defendants deny the allegations contained in Paragraph 292, including the characterization of the Funds' investments.  Defendants further state that any public statement by Hyperion Brookfield Asset Management, Inc. ("HBAM") speaks for itself.

293-295.   Defendants deny the allegations contained in Paragraphs 293-295, except to state that the Funds' registrations statements, SEC filings, and other public disclosures speak for themselves.

296.     Paragraph 296 contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 296.

297.     Paragraph 297 contains statements of opinion, argument, legal conclusions, and a hypothetical to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 297.

298-300.   Defendants deny the allegations contained in Paragraph 298-300, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

301.     Paragraph 301 contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 301, and also refer to Defendants Answer to Paragraphs 249-262.

302-304.   Defendants deny the allegations contained in Paragraphs 302-304, except to state that the Funds' registrations statements, SEC filings, and other public disclosures speak for themselves.  Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and also speak for themselves.

305.     Paragraph 305 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 305.

306-307.   Defendants deny the allegations contained in Paragraphs 306-307, except to state that the Funds experienced a substantial amount of net redemptions from mid-2007 until early 2008. Defendants further state that Plaintiffs have failed to specify the source of the data contained in Paragraph 306 and that information reflecting the amount of Fund redemptions appears in the Funds' annual and semi-annual reports and speaks for itself.  Finally, Defendants state that the prospectus supplement dated August 13, 2007 referenced in Paragraph 307 speaks for itself.

308-317.   Defendants deny the allegations contained in Paragraphs 308-317, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times and the Funds' performance are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.  The Funds' NAV per share at any point in time—and over any extended period of time—is also a matter of public record.  Likewise, any Morningstar Reports are a matter of public record and speak for themselves.  Defendants further state that the source of Plaintiffs' data and the definition of "net redemptions" is unclear.  As set forth *supra* in response to Paragraphs 284-291, Defendants deny any and all assertions and/or conclusions contained in the McCann article.   Defendants admit that, as required by Form N-1A, the Short-term Fund's performance was compared to the Lehman Brothers 1-3 Year U.S. Government Credit Index, the Intermediate Fund's performance was compared to the Lehman Brothers Intermediate U.S. Aggregate Index, and the High Income Fund's performance was compared to the Lehman Brothers Ba U.S. High Yield Index.

318-321.   The allegations contained in Paragraphs 318-321 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 318-321.

322.     Defendants deny the allegations contained in Paragraph 322 and state that it is speculative and an incomplete hypothetical.

323.     The allegations contained in Paragraph 323 are statements of opinion to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 323, except to state that the Funds' August 30, 2007 Form NT-N-SAR and the September 15, 2007 Reuters' report speak for themselves, and that Defendants admit that the Funds filed their annual report for the period ended June 30, 2007 on October 4, 2007.

324.     Defendants deny any allegations contained in Paragraph 324, except to state that the Funds' NAV per share at any given point in time or over a specified date range are a matter of public record and speak for themselves.

325-327.   Defendants deny the allegations contained in Paragraphs 325-327, except to state that information regarding the Funds' redemptions is set forth in the Funds' annual and semi-annual reports, which speak for themselves, and further state that any Morningstar reports referenced in Paragraphs 326-327 are matters of public record and speak for themselves.  Defendants further state that they cannot verify the accuracy of the data contained in Paragraph 325 because Plaintiffs do not provide the source of the data.

328.     Defendants deny the allegations contained in Paragraph 328, except to state that redemptions forced the Funds to sell securities in a declining market, as the unforeseen and unprecedented global credit and financial crisis unfolded.

329.     Defendants admit that Equifirst Corporation ("Equifirst") was a Regions Bank subsidiary until the time of its sale, that at least some rankings indicated that Equifirst was the twelfth largest non-prime wholesale mortgage originator in the United States, and that it was in the business of originating mortgage loans.  Defendants deny any remaining allegations contained in Paragraph 329.

330-331.   Defendants deny the allegations contained in Paragraphs 330-331, except to state that Regions Financial's and Regions Bank's public disclosures and any public announcements speak for themselves.

332.   Defendants deny the allegations contained in Paragraph 332, except to state that the *Birmingham News* article speaks for itself.

333.   Defendants deny the allegations contained in Paragraph 333, except to state that the referenced *Wall Street Journal* article speaks for itself.

334-337.   Defendants state that their SEC filings and other public disclosures relating to Equifirst speak for themselves.   To the extent that they are contrary to Regions Financial's and Regions Bank's SEC filings and public disclosures, Defendants deny the allegations in Paragraphs 334-337.

338.   Defendants deny the allegations contained in Paragraph 338.

339-340.   Paragraphs 339-340 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 339-341, except to state that Regions Financial is the ultimate parent company of Regions Bank, Morgan Keegan, and MAM.   Defendants further state that the identity of the individuals serving as directors of these entities is a matter of public record and speaks for itself, and that one individual served on the Funds' board of directors and also served as a director of Regions Financial.

341.   Defendants deny the allegations contained in Paragraph 341, except to state that the performance of any referenced financial "index" is a of public record and therefore speaks for itself.

342-345.   Paragraphs 342-345 purport to summarize previous allegations and contains statements of opinion, argument, and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 339-345,

except to refer to Defendants' Answer to Paragraphs 183, 197-215, 216-247, 249-263, 267-305, and 641-642.

346-348.   The allegations contained in Paragraphs 346-348 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraphs 346-348, except to state that Mr. Kelsoe and Mr. Tannehill served as the Funds' Portfolio Manager and Assistant Portfolio Manager, respectively, and to refer to Defendants' Answer to Paragraphs 79, 83-84.

349-350.   The allegations contained in Paragraphs 349-350 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraphs 349-350, except to state, on information and belief, that the Funds were permitted to invest in mortgage-backed and asset-backed securities.

351-354.   The allegations contained in Paragraphs 351-354 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraphs 351-354, except to state, on information and belief, that the Funds purchased securities from United Capital Markets ("UCM"), and to state that any referenced "published article" speaks for itself.  Plaintiffs also fail to specify the Morgan Keegan official or employees referenced in these paragraphs.

355.       The allegations contained in Paragraph 355 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 355.

356-362.   The allegations contained in Paragraphs 356-362 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraphs 356-362, except to state that the "incisivemedia-credit US Credit" article speaks for itself.

363.       The allegations contained in Paragraph 363 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 363, except to state that the Funds purchased securities from UCM.

364.       The allegations contained in Paragraph 364 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in the first sentence of Paragraph 364.  Defendants deny the allegations contained in the second sentence of Paragraph 364, except to state that the Morningstar report speaks for itself.

365-367.   The allegations contained in Paragraphs 365-367 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a belief regarding the truth of and therefore deny the allegations contained in Paragraphs 365-367, and further state that the referenced "publication"—presumably the "incisive media" article— speaks for itself.

368.       The allegations contained in Paragraph 368 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a

belief regarding the truth of and therefore deny the allegations contained in Paragraph 368, and further state that the CNNMoney.com article speaks for itself.

369.     The allegations contained in Paragraph 369 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 369.

370-385.   The allegations contained in Paragraphs 370-385 contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 370-385, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.  The SEC requirements cited within Paragraphs 370-385 and the statements attributed to those paragraphs likewise speak for themselves.  Defendants further state that SEC Form N-1A discusses which information is required to be included in a prospectus and an SAI, respectively, and that the Funds' SAIs were incorporated by reference into the Funds' prospectuses, thereby placing investors on notice of information contained in both parts of the Funds' registration statements.   Defendants also refer to and incorporate their responses to the other paragraphs in the CAC.

386-392.   The allegations contained in Paragraphs 386-392 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 386-392, except to state that the Funds' NAV per share at any point in time, or over any period of time, is a matter of public record and therefore speaks for itself, and that the Funds' registration statements, SEC filings, and other public disclosures likewise speak for themselves.  To the extent these allegations are based on an article authored by Craig McCann, Defendants refer to and incorporate their responses to Paragraphs 285-291.

393.     Defendants deny the allegations contained in Paragraph 393, except to state that the content of any referenced "website" is a matter of public record and speaks for itself.

394-395.   Paragraphs 394-395 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 394-395.  Defendants also respectfully refer the Court to their responses to the Paragraphs cited therein.

396.     Defendants admit the allegations contained in Paragraph 396.

397-399.   Defendants deny the allegations contained in Paragraphs 397-399, except to state that the Funds' returns over any period of time and management's discussion of Fund performance are a matter of public record and therefore speak for themselves, and that the Funds performed successfully by any measure of performance until the onset of the unprecedented and unforeseen global credit and financial crisis in mid to late 2007.

400.     Defendants deny the allegations contained in Paragraph 400, except to state that the Funds' Nov. 1, 2006 prospectus speaks for itself.

401.     The allegations contained in Paragraph 401 are not directed to Defendants; thus, no response is required from Defendants.  Further, Paragraph 401 contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 401.

402.     Paragraph 402 is a definitional paragraph to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 402, except to state that the role of MAM and Morgan Keegan with respect to the Funds is set forth in each Fund's respective registration statements and other SEC filings, which speak for themselves. The terms of the services provided by MAM and Morgan Keegan to the Fund are set forth in the Investment  Advisory  Agreement,  the  Fund  Accounting  Services  Agreement,  the  Fund

Administration Agreement, and the Underwriting Agreement, the terms of which speak for themselves.

403.    Defendants deny the allegations contained in Paragraph 403, except to state that the Funds' NAV on any given date and returns over any period of time are matters of public record and therefore speak for themselves.

404-419.    Paragraphs 404-419 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 404-419, including the appendices referenced therein, except to state that the referenced Funds' NAV on any given date, returns over any period of time, and risk disclosures and portfolio composition as set forth in the respective Funds' registration statements, SEC filings, and other public disclosures are matters of public record and speak for themselves.

420.    The allegations contained in Paragraph 420 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 420, except to state that the Fund's prospectus and the ArkansasBusiness.com article speak for themselves.

## PART V

The majority of the allegations contained in Paragraphs 421-610 concern the actions and/or knowledge of defendant PricewaterhouseCoopers ("PWC"), the Funds' outside independent auditor, and are not directed to the Defendants.  Therefore no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny any allegations concerning PWC's actions or knowledge.  Otherwise, to the extent any of the allegations contained in Paragraphs 421-610 can be construed as implicating Defendants, Defendants respond as follows:

421.    Upon information and belief, Defendants admit the allegations contained in Paragraph 421.

422-430.   Paragraphs 422-430 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraphs 422-430, except to state that any applicable SEC regulations, Generally Accepted Accounting Principles ("GAAP"), and Generally Accepted Auditing Standards ("GAAS") speak for themselves, including but not limited to SEC Regulation S-X and any interpretive releases relating thereto, the AICPA Guide, any applicable AICPA Statements on Auditing Standards, and any applicable AICPA Statements of Position.

431.    Defendants admit the allegations contained in the first sentence of Paragraph 431.  The second sentence of Paragraph 431 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the second sentence of Paragraph 431, except to state that any applicable GAAP principles speak for themselves.

432.    The first sentence of Paragraph 432 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 432.

433.    Paragraph 433 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 433, except to state that investment companies are governed by the ICA and applicable SEC rules and regulations, and the Funds' investment guidelines and restrictions are set forth in the Funds' registration statements, the terms of which speak for themselves.

434-468.   Paragraphs 434-468 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 434-468, except to state that the referenced provisions of the ICA, AICPA Guide, SEC Codifications, and any other applicable rules and regulations speak for themselves.

469-472.   Defendants deny the allegations contained in Paragraphs 469-472, except to state that the Funds' annual, semi-annual, and quarterly reports, including the Funds' financial statements, speak for themselves.

473-476.   Paragraphs 473-478 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 473-476.

477-478.   Paragraphs 477-478 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 477-478, except to state that the Funds' registration statements, SEC filings, and other public disclosures contain information regarding the fair valuation of securities and speak for themselves.

479-480.   Defendants deny the allegations contained in Paragraphs 479-480, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports as a matter of public record and speak for themselves.

481-486.   Paragraphs 481-486 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 481-486, except to state that any applicable SEC regulations, Generally Accepted Accounting Principles ("GAAP"), and Generally Accepted Auditing Standards ("GAAS") speak for themselves, including but not limited to SEC Regulation

S-X and any interpretive releases relating thereto, any applicable AICPA Guides, any applicable AICPA Statements on Auditing Standards, and any applicable AICPA Statement of Position.

487.       Upon information and belief, Defendants deny the allegations in Paragraph 487.

488-498.   Paragraphs 488-498 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 488-498, except to state that any applicable SEC regulations, Generally Accepted Accounting Principles ("GAAP"), and Generally Accepted Auditing Standards ("GAAS") speak for themselves, including but not limited to SEC Regulation S-X and any interpretive releases relating thereto, any applicable AICPA Guides, any applicable AICPA Statements on Auditing Standards, and any applicable AICPA Statement of Position. Defendants further state that any Fund disclosures of October 3, 2007 speak for themselves, and object to certain allegations as speculative.

499.       Defendants state that the referenced SEC Codification contained in Paragraph 499 speaks for itself.  Defendants deny any other allegations contained in Paragraph 499.

500-505.   Paragraphs 500-505 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 500-505, except to state that that any referenced provision of the AICPA Guide speaks for itself.

506-507.   Defendants deny the allegations contained in Paragraphs 506-507, except to state that the Funds' actual investment guidelines and restrictions contained in the Funds' registration statements speak for themselves.

508-513.   Paragraphs 508-513 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 508-513, except to state that that SOP 94-6 speaks for itself.

514.     Defendants state that the referenced Statement of Financial Auditing Standards contained in Paragraph 514 speaks for itself.  Defendants deny any other allegations contained in Paragraph 514.

515.     Paragraph 515 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 515, except to state that SOP 94-6 speaks for itself.

516-518.   Paragraphs 516-518 contain statements of opinion, argument, speculation, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 516-518.

519-530.   Paragraphs 519-530 contain statements of opinion, argument, definition, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 519-530, except to state that any applicable SEC regulations, Generally Accepted Accounting Principles ("GAAP"), and Generally Accepted Auditing Standards ("GAAS") speak for themselves, including but not limited to SEC Regulation S-X and any interpretive releases relating thereto, any applicable AICPA Guides, any applicable AICPA Statements on Financial Auditing Standards, and any applicable AICPA Statement of Position.

531-537.   Paragraphs 531-537 contain statements of opinion, argument, definition, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 531-537, except to state that any applicable SEC regulations, Generally Accepted Accounting Principles ("GAAP"), and Generally Accepted Auditing Standards ("GAAS") speak for themselves, including but not limited to SEC Regulation S-X and any interpretive releases relating thereto, any applicable AICPA Guides, any applicable

AICPA Statements on Financial Auditing Standards, and any applicable AICPA Statement of Position.

538.     Upon information and belief, Defendants admit the first sentence of Paragraph 538.   The remaining allegations contained in Paragraph 538 constitute statements of opinion, argument, definition, and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 538.

539-542.   Paragraphs 539-542 contain statements of opinion, argument, definition, and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraphs 539-542.

543-544.   Defendants deny the allegations contained in Paragraphs 543-544, except to state that any statements by PWC that appeared in the Funds' registration statements, SEC filings—including annual reports—or other public disclosures as referenced or quoted in Paragraphs 543-544 speak for themselves.

545-546.   Defendants deny the allegations contained in Paragraphs 545-546, except to state that the Funds' registration statements, SEC filings—including annual reports—and other public disclosures speak for themselves.   Defendants admit, upon information and belief, the last sentence of Paragraph 545.

547.     Paragraph 547 contains statements of opinion, argument, and/or legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 547, except to state that the Funds' NAVs and performance data at any given point in time or over a specified date range are a matter of public record and speak for themselves, and to admit that the volatility experienced by the Funds in 2007 and 2008 was unprecedented and unforeseeable.

548.     Defendants deny the allegations contained in the first two sentences of Paragraph 548, except to state that the Funds' registration statements, annual reports, and financial statements speak for themselves.  Upon information and belief, Defendants admit the allegations contained in the last sentence of Paragraph 548.

549.     Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore denies the allegations contained in Paragraph 549.

550.     Upon information and belief, Defendants admit the allegations contained in Paragraph 550.

551-552.   Paragraphs 551-552 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 551-552, except to state that the referenced provisions of the AICPA Guide and Statements of Financial Auditing Standards and the Funds' annual financial statements speak for themselves.

553-554.   Defendants deny the allegations contained in Paragraphs 553-554, except to state that MK Select Fund, Inc.'s Articles of Incorporation speak for themselves, and that the Funds' dividend distributions and net investment income at any relevant time are a matter of public record and speak for themselves.

555-560.   Paragraphs 555-560 contain statements of opinion, argument, speculation, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 555-560.

561.     Defendants deny the allegations contained in Paragraph 561, including any characterizations contained therein, except to admit, upon information and belief, that PWC has not withdrawn its audit reports or opinions on the Funds' financial statements for fiscal years 2006, 2005, or 2004.

562-564.   Defendants deny the allegations contained Paragraphs 562-564, except to state that the referenced SEC Accounting Series Releases, Financial Reporting Release, and "AU Section" contained in Paragraphs 562-564 speak for themselves.

565-571.   Paragraphs 565-571 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 565-571, except to state that that any applicable SEC regulations and/or codifications, Generally Accepted Accounting Principles ("GAAP"), and Generally Accepted Auditing Standards ("GAAS") speak for themselves, including but not limited to SEC Regulation S-X, any interpretive releases relating thereto, any applicable AICPA Guides, AICPA Statements on Financial Auditing Standards, AICPA Statement of Position, FASB Statements of Financial Accounting Concepts, or Accounting Principles Board Opinions.  Likewise, the Funds' registrations statements, SEC filings, and other public disclosures speak for themselves.

572.      Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations in Paragraph 572.

573-574.   Defendants deny the allegations contained in Paragraphs 573-574, except to state that the referenced FASB Statement and "AU Section" of GAAS speak for themselves.

575-578.   Paragraphs 575-578 contain statements of opinion, argument, speculation, and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraphs 575-578.

579-580.   Paragraphs 579-580 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraphs 579-580, except to state that AU Section 561 speaks for itself.

581.     Defendants deny the allegations contained in Paragraph 581, except to state that AU Section 311 speaks for itself.

582.     Paragraph 582 contains statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 582.

583.     Defendants deny the allegations contained in Paragraph 583, except to state that "AU Section 230" and Securities Act Release No. 6349 speak for themselves.

584.     Paragraph 584 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 584.

585.     Defendants deny the allegations contained in Paragraph 585, except to state that AU Section 336 speaks for itself.

586.     Paragraph 586 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 586.

587.     Defendants deny the allegations contained in Paragraph 587, except to state that AU Section 333 speaks for itself.

588-590.   Paragraphs 588-590 contain statements of argument, opinion, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraphs 588-590, except to state that referenced AU Sections 312 and 333, and SEC Staff Accounting Bulletin No. 99 speak for themselves.

591.        Paragraph 591 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 591, except to state that AU Section 325 speaks for itself.

592.        Defendants deny the allegations contained in Paragraph 592, except to state that AU Section 325 speaks for itself.

593-594.    Paragraphs 593-594 contain legal conclusions to which no response is required. To the extent a response is required, Defendants, upon information and belief, deny the allegations contained in Paragraphs 593-594, except to state that the Funds' Registration Statements, SEC filings, and other public disclosures, as referenced in Paragraph 183 of the CAC cited herein, speak for themselves.

595-596.    Defendants deny the allegations contained in Paragraph 595-596, except to state that AU Section 316 and AU Section 329 speak for themselves.

597-598.    Paragraphs 597-598 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraphs 597-598.

599.        Defendants deny the allegations contained in Paragraph 599, except to state that AU Section 411 speaks for itself.

600.        Paragraph 600 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants, upon information and belief, deny the allegations contained in Paragraph 600.  Defendants also repeat and incorporate herein its responses to allegations already addressed in prior paragraphs.

601.        Defendants deny the allegations contained in Paragraph 601, except to state that the Funds' financial statements speak for themselves.  Defendants admit that Statements of

Cash Flows were included in the Funds' financial statements for the fiscal year ended April 30, 2008.

602.     Defendants deny the allegations contained in Paragraph 602, except to state that Accounting Series Release No. 173 speaks for itself.

603.     Defendants deny the allegations contained in Paragraph 603.

604-607.   Paragraphs 604-607 contain statements of opinion, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 604-607, except to state that AU Section 508, the relevant provisions of GAAP and GAAS, and any statements issued by PWC speak for themselves.

608.     Defendants deny the allegations contained in Paragraph 608, except to state that the Funds' financial statements, including PWC's audit reports, were incorporated by reference into the Funds' registration statements, which include both the Funds' prospectuses and SAIs.  The Funds' registration statements and all materials contained or incorporated therein speak for themselves.

609.     The first sentence of Paragraph 609 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first sentence of Paragraph 609, except to state that AU Section 711 speaks for itself.  Defendants deny the remainder of the allegations contained in Paragraph 609, except to state that AU Section 711 speaks for itself.

610.     Paragraph 610 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 610, except to state that the relevant provisions of the federal securities laws speak for themselves.

## PART VI

611-617.    The allegations contained in Paragraphs 611-617 are not directed to Defendants; thus, no response is required from Defendants.  Further, Paragraphs 611-617 contain statements of general legal principals and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 611-617, except to state that the relevant provisions of law governing the fiduciary and other legal responsibilities of officers and directors under Maryland law, federal law, GAAP, GAAS, or otherwise, and any policies or procedures referenced in Paragraphs 611-617, speak for themselves.

618.    The allegations of Paragraph 618 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 618, except to admit that MAM served as the Funds' Investment Adviser and performed certain investment advisory services for the Funds pursuant to the Advisory Agreements dated June 25, 2001 and September 1, 2005, the terms of which speak for themselves.

619.    The allegations of Paragraph 619 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraph 619, except to state that Morgan Keegan served as underwriter and distributor for the Funds pursuant to the Underwriting Agreement dated March 30, 2001, the terms of which speak for themselves.

620.    The allegations of Paragraph 620 are not directed to Defendants and otherwise contain legal conclusions; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants or as otherwise requiring a response, Defendants deny the allegations contained in Paragraph 620, except to state that the terms of the Underwriting Agreement speak for themselves.

621-622.   The allegations of Paragraphs 621-622 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations in Paragraphs 621-622.

623-625.   The allegations of Paragraphs 623-625 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations in Paragraphs 623-625, except to state that Morgan Keegan served as underwriter and distributor for the Funds pursuant to the Underwriting Agreement dated March 30, 2001, the terms of which speak for themselves.

626-627.   The allegations contained in Paragraphs 626-627 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny the allegations contained in Paragraphs 626-627, except to state that Morgan Keegan provided certain accounting services to the Funds pursuant to the Fund Accounting Service Agreement dated July 1, 2005, the terms of which speak for themselves.

628.       The allegations contained in Paragraph 628 are not directed to Defendants; thus, no response is required from Defendants.  Further, Paragraph 628 contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 628, except to state that the terms of the Fund Accounting Service Agreement speak for themselves.

629-630.   The allegations contained in Paragraphs 629-630 are not directed to Defendants; thus, no response is required from Defendants.  To the extent such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a

belief as to the truth of and therefore deny the allegations contained in Paragraphs 629-630, except to state that Morgan Keegan provided certain administrative and other services to the Funds pursuant to an Administration Agreement dated February 18, 2005, the terms of which speak for themselves.  The Fund Accounting Services Agreement likewise speaks for itself.

631.      The allegations contained in Paragraph 631 are not directed to Defendants; thus, no response is required from Defendants.  Further, Paragraph 631 contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 631, except to state that the terms of the Administration Agreement dated February 18, 2005 speak for themselves.

632-634.  The allegations of Paragraphs 632-634 are not directed to Defendants and otherwise contain legal conclusions; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants or as otherwise requiring a response, Defendants deny the allegations contained in Paragraphs 632-634.

635-642.  Defendants deny the allegations contained in Paragraphs 635-642, except to state that MAM provided investment advisory services for Regions Bank and Regions Morgan Keegan Trust pursuant to the Investment Advisory Service Agreements dated April 1, 2003 and February 5, 2007, the terms of which speak for themselves.

643-644.  Paragraphs 643-644 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 643-644, except to state that MAM provided investment advisory services for Regions Bank and Regions Morgan Keegan Trust pursuant to the Investment Advisory Service Agreements dated April 1, 2003 and February 5, 2007, the terms of which speak for themselves.

645.      Defendants deny the allegations contained in Paragraph 645, including any characterizations contained therein, except to state that MAM provided investment advisory

services for Regions Bank and Regions Morgan Keegan Trust pursuant to the Investment Advisory Service Agreements dated April 1, 2003 and February 5, 2007, the terms of which speak for themselves.   Defendants further state that MAM and Morgan Keegan were compensated for services respectively provided to the Funds pursuant to separate agreements, which are addressed elsewhere herein.

646-650.   Defendants deny the allegations contained in Paragraphs 645-650, except to state that the reference to "public filings and statements" in Paragraph 650 is vague and to state that Regions Financial's public disclosures, including Form 10-k annual reports, speak for themselves.

651.       Defendants deny the allegations contained in Paragraph 651, except to admit that Morgan Keegan and its affiliated entities, including the Funds, performed well until the onset of the global credit and financial crisis in mid to late 2007.   Defendants further state that Regions Financial's public disclosures, including Form 10-k annual reports, speak for themselves.

652.       Defendants deny the allegations contained in Paragraph 652, except to state that the reference to an unspecified "newspaper report" is vague, and to the extent such a newspaper report exists, it speaks for itself.

653.       Defendants deny the allegations contained in Paragraph 653.

654-658.   Defendants deny the allegations contained in Paragraphs 654-658, except to state that Regions Financial's public disclosures, including any Form 10-k annual reports, speak for themselves.

659.       Defendants deny the allegations contained in Paragraph 659.

660.       Defendants deny the allegations contained in Paragraph 660, except to state that MAM provided investment advisory services to the Funds pursuant to the Advisory Agreements dated June 25, 2001 and September 1, 2005, the terms of which speak for themselves.

661.     Defendants deny the allegations contained in Paragraph 661, except to state that the terms of the Investment Advisory Service Agreements speak for themselves and that, where appropriate, certain fiduciary accounts administered by Regions Bank did invest in the Funds.

662.     Defendants deny the allegations contained in Paragraph 662.

663.     Paragraph 663 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 663, except to state that relevant provisions of Maryland and/or federal law govern whether or not a fiduciary duty exists, and to state that the terms of the Fund Accounting Service Agreement, the Investment Advisory Service Agreement, the Administration Agreement, and the Underwriting Agreement speak for themselves.

664-665.   Defendants deny the allegations contained in Paragraph 664-665, except to state that the terms of the Investment Advisory Service Agreements speak for themselves.

666.     Paragraph 666 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 666, except to state that the referenced Alabama statutes speak for themselves.

667.     Paragraph 667 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 667, except to state that the applicable law of trusts speaks for itself.

668.     Defendants deny the allegations contained in Paragraph 668, except to state that the Amended Order Appointing Trustee *ad Litem* speaks for itself, and that all other filings and proceedings in the referenced Jefferson County, Alabama Probate Court action are a matter of public record.

669-670.   Paragraphs 669-670 contain statements of opinion, argument, and speculation to which no response is required.   To the extent a response is required, Defendants deny the

allegations contained in Paragraphs 669-670, except to state that the terms of the relevant Investment Advisory Service Agreements speak for themselves.

671-672.   Defendants deny the allegations contained in Paragraphs 671-672, except to state that the referenced provisions of the ICA and of the SEC's website speak for themselves.

673.      Paragraph 673 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 673, except to state that the terms of the statutory safe harbor speak for themselves.

## PART VII: CLAIMS

674-675.   Paragraphs 674-675 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 674-675.

676.      Defendants deny the allegations contained in Paragraph 676, except to state that the Funds issued and sold shares pursuant to the terms set forth in the Funds' registration statements, SEC filings, and other public disclosures, and during the purported Class Period, as defined by Plaintiffs.

677.      Paragraph 677 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 677 except to state that the Funds issued redeemable securities pursuant to the terms set forth in the Funds' registration statements and in accordance with applicable principles of state and federal law, including the Securities Act of 1933 and the Investment Company Act of 1940, all of which speak for themselves.

678-683.   Paragraphs 678-683 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 678-

683, except to state that the referenced provisions of the ICA and Rules promulgated under the Securities Act speak for themselves.

## COUNT I

684. Paragraph 684 is a definitional paragraph to which no response is required.

685. Defendants deny the allegations contained in Paragraph 685 and incorporate, as though fully set forth herein, each and every response made in response to Paragraphs 1-684.

686. Defendants deny the allegations contained in Paragraph 686 on the grounds that the allegation is compound and vague, except to state, upon information and belief, that certain defendants participated in the preparation of portions of the Funds' registration statements.

687. The allegations contained in Paragraph 687 contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 687 on the grounds that the allegations are compound and vague, except to state that Morgan Keegan served as the Funds' underwriter and distributor pursuant to an Underwriting Agreement, the terms of which speak for themselves.

688. Defendants deny the allegations contained in Paragraph 688.

689-691. Defendants deny the allegations contained in Paragraphs 689-691, except to state that the referenced provisions of the ICA and the Funds' registration statements speak for themselves.

692. Defendants deny the allegations contained in Paragraph 692 on the grounds that the Funds' registration statements did not contain any misrepresentations or omissions.

693-694. The allegations contained in Paragraphs 693-694 are not directed to Defendants and otherwise contain legal conclusions; thus, no response is required from Defendants.   To the extent that such allegations could be construed as allegations against Defendants or as otherwise

requiring a response, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraphs 693-694.

695.     The allegations of Paragraph 695 are not directed to Defendants; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants, Defendants deny information or knowledge sufficient to form a belief as to the truth of and therefore deny the allegations contained in Paragraph 695.

696.     Defendants deny the allegations contained in Paragraph 696.

697.     Defendants deny the allegations contained in Paragraph 697, except to state that accurate and complete information regarding Fund shareholders' right to receive dividends is contained in the Funds' registration statements and other SEC filings, which speak for themselves.

698-706.   Paragraphs 698-706 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 698-706, except to state that the Funds' registration statements, SEC Filings, and other public disclosures, as well as applicable provisions of the ICA and the 1933 Act, speak for themselves. Moreover, this Court has rejected Plaintiffs' argument that Plaintiffs are entitled to recover as holders of a "put option."

707.     Defendants deny the allegations contained in Paragraph 707.

## COUNT II

708.     Paragraph 708 is a definitional paragraph to which no response is required.

709.     Defendants deny the allegations contained in Paragraph 709 and incorporate, as though fully set forth herein, each and every response made in response to Paragraphs 1-708.

710.     Defendants deny the allegations contained in Paragraph 710.

711-716.   Paragraphs 711-716 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 711-

716, except to state, upon information and belief, that MAM was compensated according to the terms of the Advisory Agreement, which speak for themselves, and that Morgan Keegan was compensated according to the terms of the Fund Administration Agreement, Fund Accounting Services Agreement, and Underwriting Agreement, the terms of which speak for themselves.

## COUNT III

717.     Paragraph 717 is a definitional paragraph to which no response is required.

718.     Defendants deny the allegations contained in Paragraph 718 and incorporate, as though fully set forth herein, each and every response made in response to Paragraphs 1-717.

719.     The allegations contained in Paragraph 719 are not directed to Defendants and otherwise contain legal conclusions; thus, no response is required from Defendants.  To the extent that such allegations could be construed as allegations against Defendants or as otherwise requiring a response, Defendants deny the allegations contained in the first two sentences of Paragraph 719, except to state that information about the election of directors and mechanisms for calling a shareholder meeting are set forth in the Funds' registration statements, SEC filings, and other public disclosures, which speak for themselves.  The last sentence of Paragraph 719 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the last sentence of Paragraph 719.

720.     Defendants deny the allegations contained in Paragraph 720.

721.     Defendants deny the allegations contained in Paragraph 721, except to state that Regions Financial finalized the sale of its subsidiary, Equifirst, in 2007.

722-724.   Paragraphs 722-724 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 722-724, except to state that the Funds' investment objectives, guidelines, and restrictions speak for themselves.

## COUNTS IV-VII

725-766.   No response is required to the allegations contained in Paragraphs 725-766, by virtue of the Court's Order (Docket Entry No. 272) dismissing Counts IV-VII with prejudice.

## PRAYER FOR RELIEF

Defendants deny each and every allegation contained in the CAC under the heading "Prayer for Relief."  Defendants deny that Plaintiffs are entitled to any of the requested relief contained in paragraphs A-G of the Prayer for Relief" or to any other relief.  Defendants further state that the CAC should be dismissed.

## GENERAL DENIAL

Defendants hereby deny any and all remaining allegations contained in the CAC that are not expressly admitted or otherwise addressed in the foregoing responses.

**AND NOW**, having fully answered Plaintiffs' CAC, Defendants state the following affirmative defenses, without assuming the burden of proof as to any such defenses that would otherwise rest with Plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' CAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of res judicata and/or collateral estoppel. Certain of these named Plaintiffs have pursued a separate putative class action making identical allegations, which was dismissed with prejudice by this Court.  *See Atkinson v. Morgan Asset Mgmt., Inc.*, 664 F. Supp. 2d 898 (W.D. Tenn. 2009).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because they are not maintainable as a class action.   Among other things, Plaintiffs have failed to meet the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a), in that the claims of certain class members will be subject to unique defenses based on the information contained in the various Fund registration statements pursuant to which they purchased their shares.   Lead Plaintiffs and their counsel may also be inadequate class representatives due to the potential conflict of interest inherent in their simultaneous pursuit of a putative shareholder derivative action.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim Defendants failed to disclose was publicly available information contained in the Funds' registration statements, SEC filings, or other public disclosures, or because Defendants otherwise had no duty to disclose this information under the federal securities laws.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim Defendants failed to disclose was not material.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are or may be barred by the one-year statute of limitations applicable to claims under the Securities Act of 1933.  Plaintiffs were on notice or aware of facts allegedly giving rise to a claim for relief more than one year prior to filing suit.  For example, the information which they allege to have been misrepresented or omitted was in fact disclosed to them in the Funds' registration statements, SEC Filings, or other public disclosures more than a year prior to bringing this Action, or was otherwise a matter of public record.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the three-year statute of repose applicable to claims under the Securities Act of 1933.  For example, Plaintiffs' claims concerning the Funds' 2004 registration statements were brought more than three years after the filing of that registration statement.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because, within the meaning of 15 U.S.C. § 77k(a), at the time Plaintiffs acquired the securities in question, Plaintiffs knew of the alleged untruths or omissions that form the basis of this Action.  For example, much of the information allegedly misrepresented or omitted was in fact accurately disclosed to investors in the Funds' registration statements, SEC filings, and other public disclosures, or otherwise was a matter of public record.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because, within the meaning of 15 U.S.C. § 77k(a), part or all of Plaintiffs' damages were caused by external market factors and not an alleged misrepresentation or omission for which Defendants are responsible.  Specifically, the global credit and financial crisis that affected the securities market from mid to late 2007 until 2009 caused a widespread price decline in all securities, including the fixed income securities in which the Funds invested.  The financial crisis, which was the worst since the Great Depression, caused Plaintiffs' losses—not any alleged misconduct by Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because, within the meaning of 15 U.S.C. § 77k(b), Defendants and/or any defendant for whose actions Plaintiffs seek to impose liability on Defendants, had, after reasonable investigation, reasonable grounds to believe, and did believe, at

the time that the registration statements in question became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under 15 U.S.C. §§ 77l(2) and 77o are barred in whole or in part because Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission in the Funds' registration statements.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs' losses were caused by intervening and/or superceding factors for which Defendants are not responsible.  Specifically, the global credit and financial crisis that affected the securities market from mid to late 2007 until 2009 caused a widespread price decline in all securities, including the fixed income securities in which the Funds invested.  The financial crisis, which was the worst since the Great Depression, caused Plaintiffs' losses—not any alleged misconduct by Defendants.  In addition, because mutual fund share prices are calculated according to fund NAV, there cannot be the requisite causal connection between a decline in a fund's share price and the alleged misrepresentations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs would not be entitled under any circumstances to an award of attorney's fees, costs, or interest incurred prior to the commencement of this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to pursue their claims on the grounds that they allege non-actionable corporate mismanagement, allegations of which must be pursued derivatively on behalf of the Funds.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs, in their capacities as beneficiaries of trusts of which Regions Bank served as Trustee, seek to bring claims against Defendants related to the administration of such trusts, Plaintiffs lack standing to bring any claim other than a claim for breach of fiduciary duty.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, and/or waiver, because, *inter alia*, Plaintiffs were or should have been aware of the nature of the Funds' portfolio investments and nonetheless purchased or continued to hold fund shares.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of ratification, agreement, acquiescence, or consent to Defendants' alleged conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to act reasonably to mitigate their alleged damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

For similar reasons, Plaintiffs' claims are barred by laches.  In light of, *inter alia*, Plaintiffs' actual or constructive knowledge of the Funds' investments, Plaintiffs filed this action in an unreasonable and inexcusable length of time from the date they knew or reasonably should have known of their claims against Defendants.  Plaintiffs' and the putative class members' delay has operated to the prejudice or injury of Defendants.  To allow Plaintiffs and the putative class members at this late date to assert these claims for relief against Defendants would be unjust.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendants acted in good faith conformity with applicable SEC rules, regulations, and orders, and therefore are not subject to liability under the federal securities laws.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants herein adopt each of the Affirmative and/or Additional Defenses pleaded by the other answering Defendants to the extent such defenses operate to exculpate Defendants from liability or damage and to the extent such defenses are not inconsistent with, and are applicable to Defendants.  Because discovery has not yet occurred in this action, Defendants further reserve the right to assert other and further defenses as may later become known to counsel.

**WHEREFORE**, having fully answered Plaintiffs' CAC in this action, Defendants respectfully request:  (i) that said CAC be dismissed in its entirety; (ii) that the Court enter a judgment in favor of Defendants and against Plaintiffs; (iii) an award to Defendants of their costs, including discretionary costs, and attorneys' fees; and (iv) such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Peter S. Fruin*
Peter S. Fruin
Scott S. Brown

**MAYNARD COOPER & GALE PC**
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203

David B. Tulchin
David E. Swarts
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York  1004

*Attorneys for Regions Financial Corporation and Regions Bank.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January  31 , 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

**APPERSON CRUMP PLC**
CHARLES D. REAVES
JEROME A. BROADHURST
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119-3954

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
VERNON J. VANDER WEIDE
THOMAS V. SEIFERT
333 South Seventh St., Suite 1140
Minneapolis, MN 55402-2422

**LOCKRIDGE GRINDAL NAUEN PLLP**
RICHARD A. LOCKRIDGE
GREGG M. FISHBEIN
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

**ZIMMERMAN REED, P.L.L.P.**
CAROLYN G. ANDERSON
TIMOTHY J. BECKER
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

**BASS BERRY & SIMS PLC**
MICHAEL L. DAGLEY
MATTHEW M. CURLEY
BRITT K. LATHAM
W. BRANTLEY PHILLIPS, JR.
150 Third Avenue South, Suite 2800
Nashville, TN 37201

**PAUL HASTINGS JANOFSKY & WALKER LLP**
KEVIN C. LOGUE
75 E. 55th Street
New York, NY 10022

**KIRKLAND & ELLIS, LLP**
TIMOTHY DUFFY
EMILY NICKLIN
KRISTOPHER RITTER
300 North LaSalle
Chicago, IL 60654

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
LEO BEARMAN
EUGENE PODESTA.
165 Madison Avenue
First Tennessee Building
Memphis, TN 38103

**K&L GATES LLP**
JEFFREY B. MALETTA
NICOLE A. BAKER
1601 K Street, NW
Washington, D.C. 20006-1600

**SUTHERLAND ASBILL & BRENNAN, LLP**
S. LAWRENCE POLK
999 Peachtree Street NE
Atlanta, GA 30309

**BASS BERRY & SIMS PLC**
SHEPHERD D.TATE
MICHAEL A. BRADY
100 Peabody Place, Sutie 900
Memphis, TN 38103-3672

**PURSLEY LOWERY MEEKS LLP**
R. HAL MEEKS
ROBIN A. BESAW
260 Peachtree Street NW
Atlanta, GA 30303

_/s/ Scott S. Brown_
Of Counsel