IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

IN RE REGIONS MORGAN KEEGAN
SECURITIES, DERIVATIVE & ERISA
LITIGATION,

This Document Relates to:

*In re Regions Morgan Keegan Open-End
Mutual Fund Litigation*,

      No. 2:07-cv-02784-SHM-dkv
_____

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:09-md-2009-SHM


**ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION
COMPLAINT FILED BY DEFENDANTS JACK R. BLAIR, ALBERT C. JOHNSON,
WILLIAM JEFFERIES MANN, JAMES STILLMAN R. MCFADDEN,
<u>W. RANDALL PITTMAN, MARY S. STONE, AND ARCHIE W. WILLIS, III</u>**

Defendants Jack R. Blair, Albert C. Johnson, William Jefferies Mann, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone and Archie W. Willis, III (the "Former Independent Directors"), for their Answer to Plaintiffs' Consolidated Amended Class Action Complaint ("CAC") (Docket No. 218), state as follows:

      1.      The Former Independent Directors admit the allegations in the first sentence of Paragraph 1 of the CAC. The remainder of Paragraph 1 consists of legal conclusions or contentions to which no response is required. To the extent a response is required, the docket entries and accompanying documents referenced in Paragraph 1, including but not limited to the Court's Consolidation Orders, dated September 23, 2008 (Docket Entry No. 154) and September 30, 2009 (Docket Entry No. 211), speak for themselves.

      2.      Paragraph 2 of the CAC is a definitional paragraph consisting of legal conclusions or contentions to which no response is required. No response is required to the allegations in Paragraph 2(a)(2) and similar allegations in Paragraphs 2(b) and 2(c), as a result of

the Court's Order dated September 30, 2010 (Docket Entry No. 272) (hereinafter "Order") granting in part Motions to Dismiss filed by MK Holding, Inc., Morgan Asset Management, Inc. ("MAM"), Morgan Keegan & Company, Inc. ("Morgan Keegan"), J. Kenneth Alderman, Carter E. Anthony, G. Douglas Edwards, Thomas R. Gamble, David M George, James C. Kelsoe, Jr., Charles D. Maxwell, Allen B. Morgan, Jr., Brian B. Sullivan, David H. Tannehill, J. Thompson Weller, Joseph C. Weller, Michele F. Wood, Regions Bank, Regions Financial Corporation, PricewaterhouseCoopers LLP ("PWC"), Jack R. Blair, Albert C. Johnson, William Jefferies Mann, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, Archie W. Willis, III, and Morgan Keegan Select Fund, Inc. ("MK Select") and dismissing certain allegations with prejudice. To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 2 of the CAC.

3-4.	Paragraphs 3-4 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 3-4 of the CAC.

5.	The Former Independent Directors deny the allegations in Paragraph 5 of the CAC, except to state that the public record regarding the prices, or the net asset values per share ("NAVs"), at which RMK Select Short Term Bond Fund ("Short Term Fund"), RMK Select Intermediate Bond Fund ("Intermediate Fund"), and RMK Select High Income Fund ("High Income Fund") (collectively, the "Funds") could be purchased and redeemed on any specific date or within any specific date range speaks for itself.

6.	Paragraph 6 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 6 of the CAC.

7.	The Former Independent Directors are without knowledge or information

sufficient to form a belief as to the truth of the allegations made in the first sentence of Paragraph 7 of the CAC.   The second sentence of Paragraph 7 of the CAC contains legal conclusions or contentions to which no response is required.   To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 7 of the CAC.

8.      The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the CAC.

9.      No response is required to the allegations in Paragraphs 9(b)-(c) of the CAC as a result of the Court's Order dismissing those allegations.   The Former Independent Directors deny the allegations in Paragraph 9(a) of the CAC, except to admit that Plaintiffs purport to bring claims under §§ 11, 12(a)(2), § 15 of the Securities Act of 1933 (the "Securities Act," or the "1933 Act"), and Rule 156.

10.      The Former Independent Directors deny the allegations in Paragraph 10 of the CAC, except to admit that venue is proper in this Court.

11.      Paragraph 11 of the CAC contains legal conclusions or contentions to which no response is required.   To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 11 of the CAC except to admit that they used the means and instrumentalities of interstate commerce, including the United States mails and interstate telephone facilities.

12-30.      The Former Independent Directors are without knowledge or information sufficient to confirm the exact amounts invested during the specified time period by each Lead Plaintiff as set forth in Paragraphs 12-30 of the CAC, except to state that no response is required to any allegations that Plaintiffs "refrained from redeeming" or "did not redeem" securities as a result of the Court's Order dismissing those allegations with prejudice.

31-33.      No response is required to the allegations that Plaintiffs "refrained from

redeeming" or "did not redeem" securities made in Paragraphs 31-33 of the CAC as a result of the Court's Order dismissing those allegations with prejudice.

34.     The Former Independent Directors are without knowledge or information sufficient to confirm the exact amounts invested during the specified time period by named Plaintiffs as set forth in Paragraph 34(a) of the CAC.  No response is required to the allegations in Paragraph 34(b) of the CAC due to the Court's Order dismissing with prejudice allegations that Plaintiffs "refrained from redeeming" or "did not redeem" securities.

35.     Paragraph 35 of the CAC is a definitional paragraph to which no response is required, except to state that the Court's Order Appointing Lead Plaintiffs in this Action speaks for itself (Docket Entry No. 211).

36.     The Former Independent Directors admit that MK Select was an open-end investment company organized on or about October 1998.  The final two sentences of Paragraph 36 contain legal conclusions and statements of law to which no response is required.  To the extent a response is required, the Former Independent Directors admit that the Funds issued redeemable shares as set forth in their registration statements.

37.     The Former Independent Directors deny the allegations in the first sentence of Paragraph 37 of the CAC, except to state that the High Income Fund (subsequently renamed "Helios High Income Fund") and Intermediate Fund (subsequently renamed "Helios Intermediate Fund") began operations on or about March 22, 1999.  The Former Independent Directors further state that the Short Term Fund (subsequently renamed "Helios Short Term Fund") changed its name to the RMK Select Short Term Bond Fund on or about November 1, 2005.  The Former Independent Directors deny the allegations in the second sentence of Paragraph 37 of the CAC, except to state that Plaintiffs purport to bring claims involving all three Funds.  The Former Independent Directors deny the allegations contained in the third sentence of Paragraph 37 of the

CAC, except to state that a Prospectus Supplement in December 2002 stated that effective December 31, 2002, "Morgan Keegan & Company, Inc., the distributor for the [High Income Fund] will no longer offer shares [of the High Income Fund] to new investors.  Shareholders of the Fund as of December 31, 2002 will be able to purchase additional shares of the Fund after December 31, 2002."

38.        Paragraph 38 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 38 of the CAC, except to state that the Funds issued redeemable securities, the terms and conditions of which are set forth in MK Select's Articles of Incorporation and the Funds' registration statements, SEC Filings, and other public disclosures, which speak for themselves.

39.        The Former Independent Directors deny the allegations contained in the first sentence of Paragraph 39 of the CAC, except to state that the Funds suffered losses during the period 2007-2008, and to state that in February 2010 the SEC issued an Order Under Section 8(f) of the Investment Company Act of 1940 (the "ICA") Declaring that [MK Select] Has Ceased To Be An Investment Company.  The Former Independent Directors deny the allegations contained in the second and third sentences of Paragraph 39 except to state that the Funds were liquidated in June 2009, the Funds filed their application with the SEC to be deregistered as investment companies in early July 2009, and amended the application in September 2009.

40-41.     The Former Independent Directors deny the allegations in Paragraphs 40-41 of the CAC, except to state as follows:  MAM is a registered investment advisor and a corporate affiliate of Morgan Keegan.  MAM served as investment adviser to the Funds offered as a series of MK Select until or about July 2008, when Hyperion Brookfield Asset Management, Inc. replaced MAM.  MAM provided investment advisory services to the Funds pursuant to Investment Advisory

Service Agreements between MAM and MK Select, the terms of which speaks for themselves. MAM's principal offices are located in Birmingham, Alabama.

42.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the CAC.

43.        The Former Independent Directors deny the allegations in Paragraph 43 of the CAC, except to respectfully refer the Court to the Former Independent Directors' Answer to Paragraphs 40-41 of the CAC and to state that at various points in time, MAM served as a financial advisor to Regions Morgan Keegan Trust, mutual funds affiliated with Morgan Keegan, and individual accounts.  The Former Independent Directors further state that the unspecified "press releases" referred to in the CAC speak for themselves, to the extent they exist.

44.        The Former Independent Directors admit the allegations in Paragraph 44 of the CAC.

45.        The Former Independent Directors deny the allegations in Paragraph 45 of the CAC, except to state as follows:  Morgan Keegan is a regional investment broker-dealer with its principal offices in Memphis, Tennessee, and a wholly-owned subsidiary of Regions Financial Corporation ("Regions Financial").  Morgan Keegan provided certain accounting services to the Funds pursuant to a Fund Accounting Service Agreement, the terms of which speak for themselves. Pursuant to the Underwriting Agreement, the terms of which speak for themselves, Morgan Keegan also acted as the Funds' distributor, as set forth in the Funds' registration statements, SEC Filings, and other public filings, which also speak for themselves.  Finally, the Former Independent Directors state that the Funds' Chief Compliance Officer also held a post with Morgan Keegan.

46.        The Former Independent Directors deny the allegations in Paragraph 46 of the CAC except to state that the Funds' November 1, 2006 Statement of Additional Information ("SAI"), Investment Advisory Agreement, and Transfer Agency and Service Agreement referenced

in Paragraph 46 of the CAC speak for themselves.

47.      The Former Independent Directors deny the allegations in Paragraph 47 of the CAC except to state that the Funds adopted certain distribution plans pursuant to Rule 12b-1 under the ICA and that the 12b-1 distribution plans referenced in Paragraph 47 of the CAC speak for themselves.

48.      The Former Independent Directors admit the allegations in the first sentence of Paragraph 48.  The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 48.

49-51.      The Former Independent Directors deny the allegations in Paragraphs 49-51 of the CAC except to state that the Funds' SEC filings, including any referenced annual and semi-annual reports, speak for themselves.  Also, any Form 10-K annual report or 10-Q quarterly report issued by Regions Financial speaks for itself.

52.      The Former Independent Directors deny the allegations in Paragraph 52 of the CAC, except to state that any referenced Regions Financial or Regions Bank Form 10-K annual reports, or shareholder communications from Morgan Keegan speak for themselves.

53.      The Former Independent Directors admit the first sentence of Paragraph 53 of the CAC.  The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 53 of the CAC.

54.      The first sentence of Paragraph 54 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of these allegations, except to state that Regions Morgan Keegan Trust FSB is a federally chartered savings bank formerly known as Morgan Keegan Trust Company.  The Former

Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 54.

55-56.     The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 55-56 of the CAC.  The Former Independent Directors further state that, to the extent Plaintiffs have obtained their data regarding Regions Trust's ownership of shares in the Funds from the Funds' registration statements or other public disclosures, the Former Independent Directors respectfully refer the Court to those documents, which speak for themselves.

57.     The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the CAC.

58.     No response is required to the allegations in Paragraph 58 of the CAC, as it consists of a diagram that purports to summarize allegations already made in the CAC, to which the Former Independent Directors previously responded.

59.     The Former Independent Directors admit the allegations contained in the first two sentences in Paragraph 59 of the CAC.  The Former Independent Directors deny the third and fourth sentences of Paragraph 59 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.  The last sentence of Paragraph 59 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations of Paragraph 59 of the CAC.

60.     The Former Independent Directors admit the first four sentences of Paragraph 60 of the CAC.  The Former Independent Directors deny the remaining allegations in Paragraph 60 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves, and to further state that the remainder of Paragraph 60 of the CAC

contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations of Paragraph 60 of the CAC.

61.        The Former Independent Directors deny the allegations in Paragraph 61 of the CAC, except to state as follows:  Jack R. Blair served as an Independent Director of the Funds, within the meaning of the ICA, from November 2, 2005 until December 31, 2007.  The Former Independent Directors admit that Mr. Blair is a resident of Tennessee.  The Funds' registration statements, SEC filings, and other public disclosures speak for themselves.  The last sentence of Paragraph 61 of the CAC contains legal conclusions or contentions to which no response is required.   To the extent a response is required, the Former Independent Directors deny the allegations of Paragraph 61 of the CAC.

62.        The Former Independent Directors deny the allegations in Paragraph 62 of the CAC, except to state as follows:  Albert C. Johnson served as an Independent Director of the Funds, within the meaning of the ICA, from November 2, 2005 until July 29, 2008.  He previously worked as an independent financial consultant, has served various companies as a director or chief financial officer, and has worked for Arthur Andersen LLP.  The Former Independent Directors admit that Mr. Johnson is a resident of Alabama.  The Funds' registration statements, SEC filings, and other public disclosures speak for themselves.  The last sentence of Paragraph 62 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations of Paragraph 62 of the CAC.

63.        The Former Independent Directors deny the allegations in Paragraph 63 of the CAC, except to state as follows:  William Jefferies Mann served as an Independent Director of the Funds, within the meaning of the ICA, from 1999 until late 2005.  The Funds' registration statements, SEC filings, and other public disclosures speak for themselves.  The last sentence of Paragraph 63 of the CAC contains legal conclusions or contentions to which no response is

required.  To the extent a response is required, the Former Independent Directors deny the allegations of Paragraph 63 of the CAC.

64.    The Former Independent Directors deny the allegations in Paragraph 64 of the CAC, except to state as follows:  James Stillman R. McFadden served as an Independent Director of the Funds, within the meaning of the ICA, from 1999 until July 29, 2008.  Mr. McFadden is a majority owner of McFadden Communications, LLC, which had a banking relationship with Union Planters Bank involving a line of credit and/or loan that continued after the 2004 merger between Union Planters and Regions.  McFadden Communications also entered into an equipment lease with Regions Bank.  McFadden Communications, LLC has performed printing services for (and generated revenues from) Union Planters and/or its subsidiaries and for Regions and/or its subsidiaries from at least 2005 through at least June 2007.  The Former Independent Directors admit that Mr. McFadden is a resident of Tennessee.  The Funds' registration statements, SEC filings, and other public disclosures speak for themselves.  The last sentence of Paragraph 64 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations of Paragraph 64 of the CAC.

65.    The Former Independent Directors deny the allegations in Paragraph 65 of the CAC, except to state as follows:  W. Randall Pittman served as an Independent Director of the Funds, within the meaning of the ICA, from 2003 until July 29, 2008.  From 1983-1995, Mr. Pittman held various positions with AmSouth Bancorporation, and has also served as chief financial officer of several other companies.  The Former Independent Directors admit that Mr. Pittman is a resident of Alabama.  The Funds' registration statements, SEC filings, and other public disclosures speak for themselves.  The last sentence of Paragraph 65 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former

Independent Directors deny the allegations of Paragraph 65 of the CAC.

66.         The Former Independent Directors deny the allegations in Paragraph 66 of the CAC, except to state as follows:  Mary S. Stone served as an Independent Director of the Funds, within the meaning of the ICA, from 2003 until July 29, 2008.  Dr. Stone is a professor at the University of Alabama Culverhouse School of Accountancy, has held the Hugh Culverhouse Endowed Chair of Accountancy since 2002, and has served as a director of Culverhouse since 2004.  Dr. Stone is also a former member of the Financial Accounting Standards Advisory Council, AICPA, Accounting Standards Executive Committee, and AACSB International Accounting Accreditation Committee.  Dr. Stone is a Certified Public Accountant.  The Former Independent Directors admit that Ms. Stone is a resident of Alabama.  The Funds' registration statements, SEC filings, and other public disclosures speak for themselves.  The last sentence of Paragraph 66 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations of Paragraph 66 of the CAC.

67.         The Former Independent Directors deny the allegations in Paragraph 67 of the CAC, except to state as follows:  Archie W. Willis, III served as an Independent Director of the Funds, within the meaning of the ICA, from 2002 until July 29, 2008.  Since 1999, Mr. Willis also has served as President of Community Capital and Vice President of Community Realty Company.  From 1991 to 1999 Mr. Willis served as a First Vice President of Morgan Keegan.  At various times, he has served as director of a telecommunications company and a member of a bank advisory board.  The Former Independent Directors admit that Mr. Willis is a resident of Tennessee.  The Funds' registration statements, SEC filings, and other public disclosures speak for themselves.  The last sentence of Paragraph 67 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny

the allegations of Paragraph 67 of the CAC.

68.        The first two sentences of Paragraph 68 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations except to state that the Funds had an Audit Committee consisting entirely of independent directors.   The Former Independent Directors deny the allegations in the third sentence of Paragraph 68 except to state that the Audit Committee met with independent accountants and representatives of management to review Fund-related business including, among other things, accounting activities and areas of financial reporting and control. The Former Independent Directors admit the allegations in the fourth sentence of Paragraph 68. The Former Independent Directors deny the allegations in the fifth sentence of Paragraph 68 except to state that the Audit Committee met several times during the period July 1, 2006 through April 30, 2008, including five times during the period July 1, 2007 through April 30, 2008.  One such meeting occurred on October 3, 2007.

69.        The Former Independent Directors deny the allegations in Paragraph 69 of the CAC except to state that the Funds' annual reports speak for themselves.

70.        Paragraph 70 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 70 of the CAC except to state that the Funds' Board had an Independent Directors Committee consisting wholly of independent directors.

71.        The Former Independent Directors deny the allegations of Paragraph 71 of the CAC except to state as follows.  The Company had a Qualified Legal Compliance Committee ("QLCC") that consisted entirely of Independent Directors, as defined in the ICA.  The QLCC was established to receive, review, and take appropriate action with respect to any report made or referred to the QLCC by an attorney of evidence of a material violation of applicable U.S. federal or

state securities law, material breach of fiduciary duty under U.S. federal or state law or a similar material violation by the Funds or by an officer, director, employee or agent of the Funds.  The QLCC did not meet for the three fiscal years ended June 30, 2007.  An SEC filing dated October 31, 2008 disclosed that, at that time, the Funds' Audit Committee was acting as the Funds' QLCC.  The October 2008 SEC filing also states that the Audit Committee – and, therefore, the QLCC – held five meetings during the fiscal period ended April 30, 2008.

72-74.       Paragraphs 72-74 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 72-74 of the CAC.

75.       The Former Independent Directors admit the first five sentences of Paragraph 75 of the CAC.  The Former Independent Directors deny the last two sentences of Paragraph 75 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

76.       The Former Independent Directors admit the first five sentences of Paragraph 76 of the CAC, except to state that Mr. Sullivan became President and Chief Investment Officer of the Funds and MAM in or about November 2006.  The Former Independent Directors deny the remaining allegations contained in Paragraph 76 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

77.       The Former Independent Directors deny the allegations in Paragraph 77 of the CAC, except to state as follows:  Joseph C. Weller served as Treasurer and Assistant Secretary of the Funds during certain periods.  He also served as Executive Vice President and Chief Financial Officer, Treasurer and Secretary, and Executive Managing Director of Morgan Keegan during various periods.  Mr. Weller also served as a director of MAM during certain periods.  Mr. Weller is a resident of Tennessee.  The Former Independent Directors further state that the Funds'

registration statements, SEC filings, and other public disclosures speak for themselves.

78.     The Former Independent Directors deny the first two sentences of Paragraph 78 of the CAC, except to state that Mr. Weller served as Treasurer and Assistant Secretary of the Funds from approximately November 2006 until the Funds were transferred to Hyperion, and also has served as Managing Director, Senior Vice President, and Controller of the subsidiary companies of Morgan Keegan.  The Former Independent Directors admit the third sentence of Paragraph 78 of the CAC, except to state that Mr. Weller also was previously affiliated with MetLife.  The Former Independent Directors deny the remaining allegations contained in Paragraph 78 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

79.     The Former Independent Directors deny the allegations in Paragraph 79 of the CAC, except to state as follows:  G. Douglas Edwards has served as the President, the Vice Chairman, and a director of Morgan Keegan during certain periods, as well as the President/Chief Executive Officer.  Mr. Edwards also has served as President of Morgan Keegan's Fixed Income Capital Markets Group.

80.     The Former Independent Directors admit the first four sentences of Paragraph 80 of the CAC.  The last sentence of Paragraph 80 of the CAC contains legal conclusions or contentions to which no response is required.   To the extent a response is required, the Former Independent Directors deny the allegations contained in the last sentence of Paragraph 80 of the CAC.

81.     The Former Independent Directors deny the allegations in Paragraph 81 of the CAC, except to state as follows:  David M. George has served as Chief Compliance Officer of the Funds, and was also a Senior Vice President of Morgan Keegan.  The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the third

sentence in Paragraph 81 of the CAC.

82.       The Former Independent Directors deny the allegations contained in the first three sentences of Paragraph 82 of the CAC, except to state as follows:  Michele F. Wood served as Chief Compliance Officer of the Funds from 2006 until they were transferred to Hyperion, and as Chief Compliance Officer of MAM from April 2006 until June 2010.  Ms. Wood served as a First Vice President of Morgan Keegan from 2004 until 2006, and a Senior Vice President from 2006 until 2010.  She is currently a Senior Attorney and Managing Director of Morgan Keegan.  She receives her salary from Morgan Keegan.  Ms. Wood is a resident of Tennessee.  The Former Independent Directors admit the allegations contained in the fifth sentence of Paragraph 82 of the CAC.

83.       The Former Independent Directors deny the allegations in Paragraph 83 of the CAC, except to state as follows:  James C. Kelsoe, Jr. served as Senior Portfolio Manager of MAM and as a portfolio manager of the Funds and was registered with FINRA as a representative of Morgan Keegan.  Mr. Kelsoe is a resident of Tennessee.  The Former Independent Directors further state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

84.       The Former Independent Directors deny the allegations in Paragraph 84 of the CAC, except to state as follows:  David H. Tannehill served as Assistant Portfolio Manager of the Funds and of MAM.  Mr. Tannehill is a resident of Tennessee.  The Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

85.       The Former Independent Directors admit the allegations in Paragraph 85 of the CAC.

86.       The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the CAC,

except to admit that Paragraph 86 of the CAC appears to recite language from disclosures made in the Funds' November 1, 2007 SAI, which speaks for itself.

87.        The Former Independent Directors deny the allegations in Paragraph 87 of the CAC.

88.        Paragraph 88 of the CAC is a definitional paragraph and/or contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the assertions in Paragraph 88 of the CAC.

89-91.        The Former Independent Directors deny the allegations in Paragraphs 89-91 of the CAC, except to state that information referenced in Paragraphs 89-91 of the CAC is contained in the Funds' registration statements and speaks for itself.

92.        The Former Independent Directors deny the allegations in Paragraph 92 of the CAC, except to respectfully refer the Court to the Former Independent Directors' responses to Paragraphs 89-91.

93.        Paragraph 93 contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 93 of the CAC, except to state that in or about July 29, 2008 Hyperion Brookfield Asset Management, Inc. replaced MAM as investment adviser to the Funds.  The Funds were subsequently liquidated.

94.         The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the CAC, except to state that PWC is a national public accounting and auditing firm that served as the independent outside auditor to the Funds.  The Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

95.        The Former Independent Directors deny the allegations in Paragraph 95 of

the CAC.

96.          The Former Independent Directors deny the allegations in Paragraph 96 of the CAC, except to respectfully refer the Court to the Former Independent Directors' Answer to Paragraphs 75-85 of the CAC.

97-103.          Paragraphs 97-103 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 97-103 of the CAC.

104.          Paragraph 104 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 104 of the CAC.

105.          The Former Independent Directors deny the allegations in Paragraph 105 of the CAC.

106-109.          The Former Independent Directors deny the allegations in Paragraphs 106-109 of the CAC, except to state that the Former Independent Directors admit that Plaintiffs purport to bring this action as a class action on behalf of themselves and others as described in Paragraphs 106-109 of the CAC.  The Former Independent Directors deny that Plaintiffs and the proposed class satisfy the requirements for class certification and, to the extent Plaintiffs purport to represent a class of individuals who did not purchase or sell shares in the Funds during the class period, but who rather "held," "refrained from redeeming," or "did not redeem" shares during the class period, such a class is barred by the Court's Order dismissing such claims with prejudice.

110.          The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the CAC.

111-112.          The Former Independent Directors deny the allegations in Paragraphs 111-112 of the CAC, except to respectfully refer the Court to the Former Independent Directors' Answer

to Paragraphs 106-109 of the CAC.

113-115.     The Former Independent Directors deny the allegations in Paragraphs 113-115 of the CAC except to admit that the Intermediate Fund and the High Income Fund began operations in 1999, the Short Term Fund became a series of MK Select in 2005, and to state that the information in Paragraphs 113-115 of the CAC is publicly available information contained in the Funds' registration statements, SEC filings, and other public disclosures, which speak for themselves.

116-118.     The Former Independent Directors deny the allegations in Paragraphs 116-118 of the CAC, except to state that the public record regarding the Funds' NAV per share on any specified day or within any given date range speaks for itself.

119.     The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the CAC.

120-125.     Paragraphs 120-125 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 120-125 of the CAC, except to admit that the global market crisis affected all fixed income mutual funds.

126.     The Former Independent Directors deny the allegations in Paragraph 126 of the CAC, except to state that the Funds invested in the securities identified in the Funds' registration statements, SEC filings, and other public disclosures, which speak for themselves.

127.     The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 127 of the CAC because Plaintiffs have not specified any criteria used for purposes of their comparison.  The Former Independent Directors deny the remaining allegations in Paragraph 127 of the CAC, except to state that the article from *The Birmingham News* and Bloomberg report

speak for themselves.

128.       The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the CAC because Plaintiffs have not specified any criteria used for purposes of their comparison.

129-134.       The Former Independent Directors deny the allegations in Paragraphs 129-134 of the CAC, except to state that the Funds' relevant sales materials speak for themselves.

135-137.       The Former Independent Directors deny the allegations in Paragraphs 135-137 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

138.       The Former Independent Directors deny the allegations in Paragraph 138 of the CAC, except to state that the Fund's relevant sales materials speak for themselves.

139.       The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 because Plaintiffs do not specify the website that is the basis of their allegations.  The Former Independent Directors further state that, assuming it exists, any statement contained on any website is a matter of public record and speaks for itself.

140.       The first sentence of Paragraph 140 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations contained in the first sentence of Paragraph 140 of the CAC.  The Former Independent Directors deny the allegations contained in the second sentence of Paragraph 140 of the CAC, except to state that any Morningstar report or rating, Fund registration statement, SEC filing, or other public disclosure speaks for itself.

141.       The Former Independent Directors deny the allegations contained in Paragraph 141 of the CAC except to state that any Morningstar rating or other statement that

allegedly appeared on Morgan Keegan's website speaks for itself.

142.    The Former Independent Directors deny the allegations contained in Paragraph 142 of the CAC, except to state that the referenced "Seeking Alpha" article speaks for itself.

143.    Paragraph 143 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations contained in Paragraph 143 of the CAC.

144.    The first sentence of Paragraph 144 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations contained in the first sentence of Paragraph 144 of the CAC.  The Former Independent Directors deny the allegations contained in the second sentence of Paragraph 144 except to state that the referenced *Commercial Appeal* article speaks for itself.

145-160.    The Former Independent Directors deny the allegations contained in Paragraphs 145-160 of the CAC, except to state that the various letters, articles, and reports cited in Paragraphs 145-160 of the CAC are a matter of public record and speak for themselves.  The Former Independent Directors further state that any information regarding the Funds' assets, composition, performance, and NAV per share contained in the Funds' registration statements, SEC filings, and other public disclosures referenced in Paragraphs 145-160 of the CAC also speaks for itself.

161.    Paragraph 161 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 161 of the CAC, except to state that applicable SEC guidelines speak for themselves.

162-165.    The Former Independent Directors deny the allegations in Paragraphs 162-

165 of the CAC, except to state that information regarding the investment guidelines and restrictions applicable to the Funds is set forth in the Funds' registration statements, and asset schedules reflecting the Funds' portfolio composition at all relevant times is available in the Funds' annual, semi-annual, and quarterly reports. These documents are matters of public record and speak for themselves.

166-167.     Paragraphs 166-167 of the CAC contain legal conclusions or contentions to which no response is required. To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 166-167 of the CAC.

168.     The Former Independent Directors deny the allegations in Paragraph 168 of the CAC, except to state that investment guidelines and restrictions applicable to the Funds are set forth in the Funds' registration statements and speak for themselves.

169-171.     Paragraphs 169-171 of the CAC contain legal conclusions or contentions to which no response is required. To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 169-171 of the CAC, except to state that applicable "SEC guidance" speaks for itself, and that investment guidelines and restrictions applicable to the Funds are set forth in the Funds' registration statements and speak for themselves.

172-174.     The Former Independent Directors deny the allegations in Paragraphs 172-174, except to state that the Funds' November 1, 2006 SAI speaks for itself.

175-179.     Paragraphs 175-182 contain legal conclusions or contentions to which no response is required. To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 175-179 of the CAC, except to state that applicable SEC regulations or guidance governing investments by mutual funds in illiquid or restricted securities, as well as the fair-valuation of securities, speak for themselves.

180-186.     Paragraphs 180-186 of the CAC contain statements of opinion, argument,

and/or legal conclusions or contentions to which no response is required. To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 180-186 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are reflected in the Funds' annual, semi-annual, and quarterly reports. Those documents are a matter of public record and speak for themselves.

187-190.     The Former Independent Directors deny the allegations in Paragraphs 187-190 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports. Those documents are a matter of public record and speak for themselves.

191.     Paragraph 191 of the CAC contains a legal conclusion or contention to which no response is required. To the extent a response is required, the Former Independent Directors deny the allegation in Paragraph 191 of the CAC.

192-194.     The Former Independent Directors deny the allegations in Paragraphs 192-194 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports. Those documents are a matter of public record and speak for themselves.

195.     Paragraph 195 of the CAC contains legal conclusions or contentions to which no response is required. To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 195 of the CAC, except to state that the registration statements, SEC filings and other public disclosures concerning individual securities in which the Funds invested are matters of public record and speak for themselves. Also, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports. Those documents are a matter of public record and also speak for themselves.

196.     The Former Independent Directors deny the allegations contained in

22

Paragraph 196 of the CAC, except to state that SEC filings and other public disclosures concerning individual securities in which the Funds invested are matters of public record and speak for themselves.  Also, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and speak for themselves.

197-199.   Paragraphs 197-199 of the CAC contains statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 197-199 of the CAC, except to state that SEC filings and other public disclosures concerning individual securities in which the Funds invested are matters of public record and speak for themselves.  Also, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and speak for themselves.

200-201.   Paragraphs 200-201 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 200-201 of the CAC.

202.   The Former Independent Directors deny the allegations in Paragraph 202 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and speak for themselves.

203.   Paragraph 203 of the CAC contains statements of opinion, argument, and legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 203 of the CAC, except to state that AICPA SOP 93-1 speaks for itself.

204.        The Former Independent Directors deny the allegations contained in Paragraph 204 of the CAC, except to state that the Funds' registration statements speak for themselves, and that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and also speak for themselves.

205.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205.

206.        The Former Independent Directors deny the allegations in Paragraph 206 of the CAC.

207-210.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 207-210 of the CAC.  To the extent any information was taken from the Bloomberg quotation system, the information is a matter of public record and speaks for itself.

211-215.        Paragraphs 211-215 of the CAC contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 211-215 of the CAC, except to state that the November 2006 SAI referenced in Paragraph 214 of the CAC speaks for itself.

216-219.        Paragraphs 216-219 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 216-219 of the CAC, except to state that applicable SEC guidance speaks for itself.

220.        The Former Independent Directors deny the allegations in Paragraph 220 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public

disclosures speak for themselves.

221.      The Former Independent Directors deny the allegations in Paragraph 221 of the CAC, except to state that the Funds' June 20, 2005 annual report speaks for itself.  The Former Independent Directors also state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and also speak for themselves.

222.      Paragraph 222 of the CAC contains statements of opinion, argument and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 222 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

223-226.      Paragraphs 223-226 of the CAC contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 223-226 of the CAC, except to state that the Funds' registration statements, SEC filings and other public disclosures contained information regarding the fair valuation of securities, and speak for themselves.  The Former Independent Directors also state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and also speak for themselves.

227-228.      The Former Independent Directors deny the allegations in Paragraphs 227-228 of the CAC, except to state that any NT-NSAR filed by the Funds speaks for itself.

229.      The Former Independent Directors deny the allegations in Paragraph 229 of the CAC, except to state that any referenced Reuters report speaks for itself.

230-234.      The Former Independent Directors deny the allegations in Paragraphs 230-

234 of the CAC, except to state that in or about August 2007, the Funds engaged Hyperion Brookfield Asset Management, Inc. as a valuation consultant, and that the Funds' referenced prospectus supplement and letters to shareholders otherwise speak for themselves.

235.        The Former Independent Directors deny the allegations in Paragraph 235 of the CAC, except to state that prospectuses relating to securities purchased by the Funds speak for themselves.

236-237.        Paragraphs 236-237 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 236-237 of the CAC.

238-239.        The Former Independent Directors deny the allegations in Paragraphs 238-239, except to state that public disclosures, terms, and market quotations relating to securities purchased by the Funds speak for themselves.

240-241.        The Former Independent Directors deny the allegations in Paragraphs 240-241 of the CAC, except to state that SOP 93-1 speaks for itself.

242-247.        Paragraphs 242-247 contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 242-247.

248-250.        The Former Independent Directors deny the allegations in Paragraphs 248-250 of the CAC, except to state that Plaintiffs do not adequately specify the source of their data, including the securities they considered in conducting their analysis.  Also, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and speak for themselves.  The registration statements, SEC filings, and other public disclosures concerning individual securities held by the Funds similarly speak for themselves.  Finally, the Funds'

performance, as measured by their NAVs, is a matter of public record.

251-252.        Paragraphs 251-252 of the CAC contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 251-252 of the CAC, except to state that it is unclear which securities Plaintiffs' claim should have been classified as "restricted" or "illiquid."  Also, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and speak for themselves.  The registration statements, SEC filings, and other public disclosures concerning individual securities held by the Funds likewise speak for themselves.

253-254.        The Former Independent Directors deny the allegations in Paragraphs 253-254 of the CAC, except to state that they are vague and incomplete, and Plaintiffs fail to identify the source of the data referenced therein.  Also, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and speak for themselves.  To the extent Plaintiffs relied upon the Funds' registration statements, SEC filings, or other public disclosures, such documents speak for themselves.  Similarly, registration statements, prospectuses, and other public disclosures concerning individual securities held by the Funds speak for themselves.  Finally, Paragraph 254(c) contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations contained in Paragraph 254(c).

255.        Paragraph 255 of the CAC is a statement of opinion, argument, and/or legal conclusion to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegation in Paragraph 255, except to state that whether a particular

credit score is "bad" is an entirely subjective analysis.

256-262.    The Former Independent Directors deny the allegations in Paragraphs 256-262 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and speak for themselves.  The registration statements, prospectuses, and other public disclosures concerning individual securities held by the Funds likewise speak for themselves.  The Former Independent Directors further state that Plaintiffs have not specified the source of their allegations, and it is unclear to which securities Plaintiffs' allegations relate.

263.    Paragraph 263 of the CAC is a definitional or illustrative paragraph to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 263 of the CAC, except to state that the source of Plaintiffs' data is unclear.

264.    Paragraph 264 of the CAC contains statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.   To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 264 of the CAC, except to state that any registration statements, SEC filings, or other public disclosures referenced therein speak for themselves.  Moreover, Plaintiffs' selective quotation from a small number of securities does not accurately reflect the risk of the Funds' portfolio as a whole.

265.    The Former Independent Directors deny the allegations in Paragraph 265 of the CAC, except to state that:  the Funds did at all times invest in CMOs, CLOs, and CDOs; the Funds' registration statements contain comprehensive descriptions of the types of securities in which the Funds might invest and speak for themselves; and that the referenced *Wall Street Journal* article speaks for itself.

266.        Paragraph 266 of the CAC is vague, unclear, and contains statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations contained in Paragraph 266 of the CAC.

267.        The Former Independent Directors deny the allegations in Paragraph 267 of the CAC, except to state that the Funds' November 1, 2006 Prospectus speaks for itself.

268-269.        The allegations in Paragraphs 268-269 of the CAC contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in 268-269 of the CAC.

270-271.        The Former Independent Directors deny the allegations in Paragraphs 270-271 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

272.        Paragraph 272 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 272 of the CAC.

273.        The Former Independent Directors deny the allegations in Paragraph 273 of the CAC.  The Former Independent Directors further state that the investment guidelines and restrictions contained in the Funds' registration statements speak for themselves.

274-276.        Paragraphs 274-276 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 274-276, and further state that no "mortgage-loan industry" exists for purposes of the concentration requirement.  Moreover, information published on Bloomberg is a matter of public record and speaks for itself.

277.        The Former Independent Directors deny the allegations in Paragraph 277 of the CAC, except to state that the Funds' public disclosures speak for themselves.

278-281.       The Former Independent Directors deny the allegations in Paragraphs 278-281 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and speak for themselves.

282-283.       Paragraphs 282-283 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 282-283.  The Former Independent Directors further state that the Funds' relevant risk disclosures and actual investment guidelines and restrictions are set forth in the Funds' registration statements and speak for themselves.  Also, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and also speak for themselves.

284-291.       The Former Independent Directors deny the allegations in Paragraphs 284-291 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

292.        The first sentence of Paragraph 292 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in the first sentence.  The Former Independent Directors deny the allegations in the second sentence of Paragraph 292, except to state that any public statement by Hyperion Brookfield Asset Management, Inc. ("HBAM") speaks for itself.

293-295.       The Former Independent Directors deny the allegations in Paragraphs 293-295 of the CAC, except to state that the Funds' registrations statements, SEC filings, and other

public disclosures speak for themselves.

296.        Paragraph 296 of the CAC contains statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 296.

297.        Paragraph 297 of the CAC contains statements of opinion, argument, and/or legal conclusions or contentions, and a hypothetical example to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 297.

298-300.        The Former Independent Directors deny the allegations in Paragraph 298-300 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.

301.        Paragraph 301 of the CAC contains statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 301.

302-304.        The Former Independent Directors deny the allegations in Paragraphs 302-304 of the CAC, except to state that the Funds' registrations statements, SEC filings, and other public disclosures speak for themselves.  Moreover, asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those documents are a matter of public record and also speak for themselves.

305.        Paragraph 305 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 305.

306-307.        The Former Independent Directors deny the allegations in Paragraphs 306-307, except to state that the Funds experienced a substantial amount of net redemptions from mid-

2007 until early 2008. The Former Independent Directors further state that Plaintiffs have failed to specify the source of the data contained in paragraph 306 of the CAC, and that information relating to the amount of the Funds' net redemptions is included in the Funds' annual and semi-annual reports, and speaks for itself. The Former Independent Directors further state that the prospectus supplement dated August 13, 2007 referenced in Paragraph 307 of the CAC speaks for itself.

308-317.    The Former Independent Directors deny the allegations in Paragraphs 308-317 of the CAC, except to state as follows. Asset schedules reflecting the Funds' portfolio composition at all relevant times and the Funds' performance are set forth in the Funds' annual, semi-annual, and quarterly reports. Those documents are a matter of public record and speak for themselves. The Funds' NAVs per share at any point in time, and over any extended period of time, also are a matter of public record. Likewise, any Morningstar Reports are a matter of public record and speak for themselves. The Former Independent Directors admit that, as required by Form N-1A, the Short-term Fund's performance was compared to the Lehman Brothers 1-3 Year U.S. Government Credit Index, the Intermediate Fund's performance was compared to the Lehman Brothers Intermediate U.S. Aggregate Index, and the High Income Fund's performance was compared to the Lehman Brothers Ba U.S. High Yield Index.

318-321.    The allegations in Paragraphs 318-321 of the CAC contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required. To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 318-321 of the CAC.

322.    The Former Independent Directors deny the allegations in Paragraph 322 of the CAC and state that it is a speculative hypothetical example.

323.    The allegations in Paragraph 323 of the CAC are statements of opinion to which no response is required. To the extent a response is required, the Former Independent

Directors deny the allegations in Paragraph 323 of the CAC, except to state that the Funds' August 30, 2007 Form NT-N-SAR and the September 15, 2007 Reuters' report speak for themselves, and that the Funds issued financial statements in early October 2007.

324.    The Former Independent Directors deny any allegations in Paragraph 324 of the CAC, except to state that the Funds' NAVs per share at any given point in time or over a specified date range are a matter of public record and speak for themselves.

325-327.    The Former Independent Directors deny the allegations in Paragraphs 325-327 of the CAC, except to state that information relating to the Funds' net redemptions is set forth in the Funds' annual and semi-annual reports, which speak for themselves, and that any Morningstar reports are matters of public record and speak for themselves. The Former Independent Directors further state that they cannot verify the accuracy of the data contained in Paragraph 325 of the CAC because Plaintiffs do not provide the source of the data.

328.    The Former Independent Directors deny the allegations in Paragraph 328 of the CAC, except to state that redemptions forced the Funds to sell securities in a declining market, as the unforeseen and unprecedented global credit and financial crisis unfolded.

329.    The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329 of the CAC.

330-331.    The Former Independent Directors deny the allegations in Paragraphs 330-331 of the CAC, except to state that Regions Financial's public disclosures and any public announcements speak for themselves.

332.    The Former Independent Directors deny the allegations in Paragraph 332 of the CAC, except to state that the *Birmingham News* article speaks for itself.

333.    The Former Independent Directors deny the allegations in Paragraph 333 of the CAC, except to state that the referenced *Wall Street Journal* article speaks for itself.

334-337.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 334-337 of the CAC, except to state that Regions Financial's and Regions Bank's public disclosures speak for themselves.

338.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338 of the CAC.

339-340.        Paragraphs 339-340 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 339-340 of the CAC, except to state that Regions Financial Corporation is the parent company of Regions Bank, Morgan Keegan, and MAM.  The Former Independent Directors further state that the identities of the individuals serving as directors of these entities is a matter of public record and speaks for itself.

341.        The Former Independent Directors deny the allegations contained in Paragraph 341 of the CAC, except to state that the performance of any referenced financial "index" is a matter of public record and speaks for itself.

342-345.        Paragraphs 342-345 of the CAC purport to summarize previous allegations and contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 342-345 of the CAC, except to respectfully refer the Court to the Former Independent Directors' Answer to Paragraphs 183, 197-215, 216-247, 249-263, 267-305, and 641-642 of the CAC.

346-348.        The Former Independent Directors deny the allegations in Paragraphs 346-348 of the CAC, except to respectfully refer the Court to the Former Independent Directors' Answer to Paragraphs 79, 83-84 of the CAC.

349-350.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 349-350 of the CAC.

351-354.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 351-354 of the CAC.

355.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 355 of the CAC.

356-362.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 356-362 of the CAC.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 356-362 of the CAC, except to state that the "incisivemedia-credit US Credit" article speaks for itself.

363.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 363 of the CAC.

364.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 364 of the CAC.  The Former Independent Directors deny the allegations contained in the second sentence of Paragraph 364 of the CAC, except to state that the Morningstar report speaks for itself.

365-367.        The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 365-367 of the CAC, and further state that the referenced "publication" speaks for itself.

368.        The Former Independent Directors are without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 368 of the CAC, and further state that the CNNMoney.com article speaks for itself.

369.    The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 369 of the CAC.

370-385.    The allegations in Paragraphs 370-385 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 370-385 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves. The SEC requirements cited within Paragraphs 370-385 of the CAC likewise speak for themselves. The Former Independent Directors further state that SEC Form N-1A identifies the information that is required to be included in a prospectus and an SAI, respectively, and that the Funds' SAIs were incorporated by reference into the Funds' prospectuses, thereby placing investors on notice of information contained in both parts of the Funds' registration statements.  The Former Independent Directors also respectfully refer the Court to and incorporate their responses to the other paragraphs in the CAC.

386-392.    The allegations in Paragraphs 386-392 of the CAC contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 386-392 of the CAC, except to state that the Funds' NAVs per share at any point in time, or over any period of time, are a matter of public record and therefore speak for themselves, and that the Funds' registration statements, SEC filings, and other public disclosures likewise speak for themselves.

393.    The Former Independent Directors deny the allegations in Paragraph 393 of the CAC, except to state that any referenced "website" is a matter of public record and speaks for

itself.

394-395.       Paragraphs 394-395 of the CAC contain legal conclusions or contentions to which no response is required.   To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 394-395 of the CAC.   The Former Independent Directors also respectfully refer the Court to their responses to the Paragraphs of the CAC cited therein.

396.       The Former Independent Directors admit the allegations in Paragraph 396 of the CAC.

397-399.       The Former Independent Directors deny the allegations in Paragraphs 397-399 of the CAC, except to state that the Funds' returns during any period of time and management's discussion of Fund performance are a matter of public record and speak for themselves, and the Funds performed successfully until the onset of the unprecedented and unforeseen global credit and financial crisis in mid- to late 2007.

400.       The Former Independent Directors deny the allegations in Paragraph 400 of the CAC, except to state that the Funds' November 1, 2006 prospectus speaks for itself.

401.       Paragraph 401 of the CAC contains statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.   To the extent a response is required, the Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 401 of the CAC.

402.       Paragraph 402 of the CAC is a definitional paragraph to which no response is required.   To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 402 of the CAC, except to state that the role of MAM and Morgan Keegan with respect to the Funds is set forth in each Fund's respective registration statements and other SEC filings.   The terms of the services provided by MAM and Morgan Keegan to each Fund are set

forth in the Investment Advisory Agreement, the Fund Accounting Services Agreement, the Fund Administration Agreement, and the Underwriting Agreement, the terms of which speak for themselves.

403.        The Former Independent Directors deny the allegations in Paragraph 403 of the CAC, including the Appendix referenced therein, except to state that the Funds' NAVs on any given date and returns over any period of time are matters of public record and speak for themselves.

404-419.        Paragraphs 404-419 of the CAC contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 404-419 of the CAC, including the Appendices referenced therein, except to state that the Funds' NAVs on any given date, returns over any period of time, and risk disclosures and portfolio compositions as set forth in the respective Funds' registration statements, SEC filings, and other public disclosures are matters of public record and speak for themselves.

420.        The Former Independent Directors deny the allegations in Paragraph 420 of the CAC, except to state that the Fund's prospectus and the ArkansasBusiness.com article speak for themselves.

## ALLEGATIONS RELATED TO PWC

The majority of the allegations contained in Paragraphs 421-610 of the CAC concern the actions and/or knowledge of Defendant Pricewaterhouse Coopers, the Funds' outside independent auditor, and are not directed to any of the Former Independent Directors.  Therefore no response is required.  To the extent a response is required, the Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of any allegations concerning PWC's actions or knowledge.  Otherwise, to the extent any of the allegations contained in

Paragraphs 421-610 can be construed as implicating the Former Independent Directors, they respond as follows:

421.    The Former Independent Directors admit that KPMG LLP ("KPMG") was the Company/Funds' independent public accountants for the fiscal years ended June 30, 2000 and June 30, 2001, and that, on or about November 14, 2001, KPMG resigned as independent accountants for the Company.  The Former Independent Directors also admit that, following KPMG's resignation, the Company/Funds' audit committee selected PWC to be the auditor of the Funds' financial statements.

422-430.    Paragraphs 422-430 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 422-430 of the CAC, except to state that any applicable SEC regulations, Generally Accepted Accounting Principles ("GAAP"), and Generally Accepted Auditing Standards ("GAAS") speak for themselves, including but not limited to SEC Regulation S-X and any interpretive releases relating thereto, the AICPA Guide, any applicable AICPA Statements on Auditing Standards, and any applicable AICPA Statements of Position.

431.    The Former Independent Directors admit the allegations contained in the first sentence of Paragraph 431 of the CAC.  The second sentence of Paragraph 431 contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations contained in the second sentence of Paragraph 431, except to state that any applicable GAAP principles speak for themselves.

432.    The first sentence of Paragraph 432 of the CAC contains legal conclusions or contentions to which no response is required.  The Former Independent Directors admit the allegations contained in the second sentence of Paragraph 432 of the CAC.

433.    Paragraph 433 of the CAC contains legal conclusions or contentions to which

no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 433 of the CAC, except to state that investment companies are governed by the ICA and applicable SEC rules and regulations, and the Funds' investment guidelines and restrictions are set forth in the Funds' registration statements, the terms of which speak for themselves.

434-468.      Paragraphs 434-468 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 434-468 of the CAC, except to state that the referenced provisions of the ICA, AICPA Guide, SEC Codifications, and any other applicable rules and regulations speak for themselves.

469-472.      The Former Independent Directors deny the allegations in Paragraphs 469-472 of the CAC, except to state that the Funds' annual, semi-annual, and quarterly reports, including the Funds' financial statements, speak for themselves.

473-476.      Paragraphs 473-478 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 473-476 of the CAC.

477-478.      Paragraphs 477-478 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 477-478 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures contain information regarding the fair valuation of securities and speak for themselves.

479-480.      The Former Independent Directors deny the allegations in Paragraphs 479-480 of the CAC, except to state that asset schedules reflecting the Funds' portfolio composition at all relevant times are set forth in the Funds' annual, semi-annual, and quarterly reports.  Those

reports are a matter of public record and speak for themselves.

481-498.       Paragraphs 481-498 of the CAC contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 481-498 of the CAC, except to state that any applicable SEC regulations, GAAP, and GAAS speak for themselves, including but not limited to SEC Regulation S-X and any interpretive releases relating thereto, any applicable AICPA Guides, any applicable AICPA Statements on Auditing Standards, and any applicable AICPA Statement of Position.  The Former Independent Directors further state that any Fund disclosures dated from October 2007 speak for themselves.  Finally, as noted previously, the Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding PWC's actions or knowledge.

499.       The Former Independent Directors deny the allegations in Paragraph 499 of the CAC, except to state that the referenced SEC Codification speaks for itself.

500-505.       Paragraphs 500-505 of the CAC contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 500-505 of the CAC, except to state that that any referenced provision of the AICPA Guide speaks for itself.

506-507.       The Former Independent Directors deny the allegations in Paragraphs 506-507 of the CAC, except to state that the Funds' investment guidelines and restrictions are contained in the Funds' registration statements, and speak for themselves.

508-513.       Paragraphs 508-513 of the CAC contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 508-513 of the CAC, except to state that that SOP 94-6 speaks for itself.

514.      The Former Independent Directors state that the referenced Statement of Financial Auditing Standards in Paragraph 514 of the CAC speaks for itself.

515.      Paragraph 515 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 515 of the CAC, except to state that SOP 94-6 speaks for itself.

516-518.      Paragraphs 516-518 of the CAC contain statements of opinion, argument, speculation, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 516-518.

519-542.      Paragraphs 519-542 of the CAC contain statements of opinion, argument, definition, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 519-542 of the CAC, except to state that any applicable SEC regulations, GAAP, and GAAS speak for themselves, including but not limited to SEC Regulation S-X and any interpretive releases relating thereto, any applicable AICPA Guides, any applicable AICPA Statements on Financial Auditing Standards, and any applicable AICPA Statement of Position.  The Former Independent Directors admit the first sentence of Paragraph 538 of the CAC.

543-544.      The Former Independent Directors deny the allegations in Paragraphs 543-544 of the CAC, except to state that any statements by PWC that appeared in the Funds' registration statements, SEC filings, or other public disclosures (as referenced or quoted in Paragraphs 543-544) speak for themselves.

545-546.      The Former Independent Directors deny the allegations in Paragraphs 545-546 of the CAC, except to state that the Funds' registration statements, SEC filings, and other public disclosures speak for themselves.  The Former Independent Directors admit the allegations

contained in the last sentence of Paragraph 545.

547.        Paragraph 547 of the CAC contains statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 547 of the CAC, except to state that the Funds' NAVs and performance data at any given point in time or over a specified date range are a matter of public record and speak for themselves.  The Former Independent Directors also aver that the volatility experienced by the Funds in 2007 and 2008 as a result of the global financial crisis was unprecedented and unforeseeable.

548.        The Former Independent Directors deny the allegations contained in the first two sentences of Paragraph 548 of the CAC, except to state that the Funds' registration statements, annual reports, and financial statements speak for themselves.  The Former Independent Directors admit the allegations contained in the last sentence of Paragraph 548.

549.    The Former Independent Directors admit the allegations contained in Paragraph 549 of the CAC as to the Former Independent Directors but deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 549 as to the other defendants.

550.    The Former Independent Directors admit the allegations contained in Paragraph 550 of the CAC.

551-552.        Paragraphs 551-552 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 551-552 of the CAC, except to state that the referenced provisions of the AICPA Guide and Statements of Financial Auditing Standards and the Funds' annual financial statements speak for themselves.

553-554.        The Former Independent Directors deny the allegations in Paragraphs 553-554 of the CAC, except to state that MK Select Fund's Articles of Incorporation speak for

43

themselves. Moreover, the Funds' dividend distributions and net investment income at any relevant time are a matter of public record and speak for themselves.

555-560.    Paragraphs 555-560 of the CAC contain statements of opinion, argument, speculation, and/or legal conclusions or contentions to which no response is required. To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 555-560 of the CAC.

561.    The Former Independent Directors deny the allegations in Paragraph 561 of the CAC except to admit, upon information and belief, that PWC has not withdrawn its audit reports or opinions on the Funds' financial statements for fiscal year 2006, 2005, or 2004.

562-564.    The Former Independent Directors deny the allegations in Paragraphs 562-564 of the CAC, except to state that the referenced SEC Accounting Series Releases, Financial Reporting Release, and "AU Section" speak for themselves.

565-571.    Paragraphs 565-571 of the CAC contain legal conclusions or contentions to which no response is required. To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 565-571, except to state that that any applicable SEC regulations and/or codifications, GAAP, and GAAS speak for themselves, including but not limited to SEC Regulation S-X and any interpretive releases relating thereto, any applicable AICPA Guides, AICPA Statements on Financial Auditing Standards, AICPA Statement of Position, FASB Statements of Financial Accounting Concepts, or Accounting Principles Board Opinions. Likewise, the Funds' registrations statements, SEC filings, and other public disclosures speak for themselves.

572.    The Former Independent Directors deny the allegations in Paragraph 572 of the CAC, except to admit that in the course of performing their function as the Funds' independent outside auditors, PWC was provided with access to the Funds' books, records, and all other relevant information regarding the Funds' business, and was well informed as to their accounting practices.

573-574.          The Former Independent Directors deny the allegations in Paragraphs 573-574, except to state that the referenced FASB Statement and AU Section speak for themselves.

575-578.          Paragraphs 575-578 of the CAC contain statements of opinion, argument, speculation, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 575-578.

579-580.          Paragraphs 579-580 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 579-580 of the CAC, except to state that AU Section 561 speaks for itself.

581.          The Former Independent Directors deny the allegations in Paragraph 581 of the CAC, except to state that AU Section 311 speaks for itself.

582.          Paragraph 582 of the CAC contains statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 582 of the CAC.

583.          The Former Independent Directors deny the allegations in Paragraph 583 of the CAC, except to state that AU Section 230 and Securities Act Release No. 6349 speak for themselves.

584.          Paragraph 584 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 584.

585.          The Former Independent Directors deny the allegations in Paragraph 585, except to state that AU Section 336 speaks for itself.

586.          Paragraph 586 of the CAC contains legal conclusions or contentions to which

no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 586 of the CAC.

587.       The Former Independent Directors deny the allegations in Paragraph 587 of the CAC, except to state that AU Section 333 speaks for itself.

588-590.       Paragraphs 588-590 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 588-590, except to state that AU Sections 312 and 333, and SEC Staff Accounting Bulletin No. 99 speak for themselves.

591.       Paragraph 591 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 591 of the CAC, except to state that AU Section 325 speaks for itself.

592.       The Former Independent Directors deny the allegations in Paragraph 592 of the CAC, except to state that AU Section 325 speaks for itself.

593-594.       Paragraphs 593-594 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 593-594 of the CAC.

595-596.       The Former Independent Directors deny the allegations in Paragraph 595-596 of the CAC, except to state that AU Section 316 and AU Section 329 speak for themselves.

597-598.       Paragraphs 597-598 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 597-598.

599.       The Former Independent Directors deny the allegations in Paragraph 599 of the CAC, except to state that AU Section 411 speaks for itself.

600.      Paragraph 600 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 600 of the CAC.

601.      The Former Independent Directors deny the allegations in Paragraph 601 of the CAC, except to state that the Funds' financial statements speak for themselves.  The Former Independent Directors admit that Statements of Cash Flows were included in the Funds' financial statements for the fiscal year ended April 30, 2008.

602.      The Former Independent Directors deny the allegations in Paragraph 602 of the CAC, except to state that Accounting Series Release No. 173 speaks for itself.

603-607.      Paragraphs 603-607 of the CAC contain statements of opinion, argument, and/or legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations contained in Paragraphs 603-607 of the CAC, except to state that AU Section 508, the relevant provisions of GAAP and GAAS, and any statements issued by PWC speak for themselves.

608.      The Former Independent Directors deny the allegations in Paragraph 608 of the CAC, except to state that the Funds' financial statements, including PWC's audit reports, were incorporated by reference into the Funds' registration statements (which include both the Funds' prospectuses and SAIs).  The Funds' registration statements and all data contained or incorporated therein speak for themselves.

609.      The first sentence of Paragraph 609 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations contained in Paragraph 609 of the CAC, except to state that AU Section 711 speaks for itself.

610.      Paragraph 610 of the CAC contains legal conclusions or contentions to which

no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 610 of the CAC, except to state that the relevant provisions of the federal securities laws speak for themselves.

611-617.     Paragraphs 611-617 of the CAC contain statements of general legal principles and legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 611-617 of the CAC, except to state that the relevant provisions of law governing the fiduciary and other legal responsibilities of officers and directors under Maryland law, federal law, GAAP, GAAS, or otherwise, and any policies or procedures referenced in Paragraphs 611-617, speak for themselves.

618.     The Former Independent Directors deny the allegations in Paragraph 618 of the CAC, except to admit that MAM served as the Funds' Investment Adviser and performed certain investment advisory services for the Funds pursuant to the Advisory Agreements dated June 25, 2001 and September 1, 2005, the terms of which speak for themselves.

619.     The Former Independent Directors deny the allegations in Paragraph 619 of the CAC, except to state that Morgan Keegan served as underwriter and distributor for the Funds pursuant to the Underwriting Agreement dated March 30, 2001, the terms of which speak for themselves.

620.     Paragraph 620 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 620 of the CAC, except to state that the terms of the Underwriting Agreement speak for themselves.

621-622.     The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 621-622 of the CAC.

623-625.     The Former Independent Directors deny the allegations in Paragraphs 623-

625 of the CAC, except to state that Morgan Keegan served as underwriter and distributor for the Funds pursuant to the Underwriting Agreement, the terms of which speak for themselves.

626-627.    The Former Independent Directors deny the allegations in Paragraphs 626-627 of the CAC, except to state that Morgan Keegan provided certain accounting services to the Funds pursuant to the Fund Accounting Service Agreement, the terms of which speak for themselves.

628.    Paragraph 628 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 628, except to state that the terms of the Fund Accounting Service Agreement speak for themselves.

629-630.    The Former Independent Directors deny the allegations in Paragraphs 629-630 of the CAC, except to state that Morgan Keegan provided certain administrative services to the Funds pursuant to an Administration Agreement, the terms of which speak for themselves.

631.    Paragraph 631 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 631 of the CAC, except to state that the terms of the Administration Agreement speak for themselves.

632-634.    Paragraphs 632-634 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 632-634 of the CAC.

635-642.    The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 635-642 of the CAC, except to state that Regions Morgan Keegan Trust FSB is a federally chartered savings bank

643-644.    Paragraphs 643-644 of the CAC contain legal conclusions or contentions to

which no response is required.  To the extent a response is required, the Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 643-644 of the CAC.

645.     The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 645 of the CAC.

646-650.     The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 646-650 of the CAC.  The Former Independent Directors additionally state that the reference to "public filings and statements" in Paragraph 650 of the CAC is vague, and that Regions Financial's public disclosures, including Form 10-K annual reports, speak for themselves.

651.     The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the allegations of Paragraph 651.  The Former Independent Directors further state that Regions Financial's public disclosures, including Form 10-K annual reports, speak for themselves.

652.     The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 652 of the CAC, except that they admit that there have been newspaper stories about the referenced companies.  Plaintiffs' reference to an unspecified "newspaper report" is vague, and assuming such a newspaper report exists, it speaks for itself.

653.     The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 653 of the CAC.

654-658.     The Former Independent Directors state that they are without knowledge or

information sufficient to form a belief in the allegations in Paragraph 654-658 of the CAC, except to state that Regions Financial's public disclosures, including any Form 10-K annual reports, speak for themselves.

659.        The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 659 of the CAC.

660.        The Former Independent Directors deny the allegations in Paragraph 660 of the CAC, except to state that MAM provided investment advisory services to the Funds pursuant to the Advisory Agreements, the terms of which speak for themselves.

661.        The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 661 of the CAC.

662.        The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 662 of the CAC.

663.        Paragraph 663 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 663 of the CAC, except to state that relevant provisions of Maryland and/or federal law govern whether or not a fiduciary duty exists, and to state that the terms of the Fund Accounting Service Agreement, the Investment Advisory Service Agreement, the Administration Agreement, and the Underwriting Agreement speak for themselves.

664-665.        The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 664-665.

666.        Paragraph 666 of the CAC contains legal conclusions or contentions to which

no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in paragraph 666 of the CAC, except to state that the referenced Alabama statutes speak for themselves.

667.       Paragraph 667 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 667 of the CAC.

668.       The Former Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 668 of the CAC.

669.       Paragraph 669 of the CAC contains statements of opinion, argument, and speculation to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 669 of the CAC.

670.       Paragraph 670 of the CAC contains statements of opinion, argument, and speculation to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 670 of the CAC, except to state that the terms of the relevant Investment Advisory Service Agreements speak for themselves.

671-672.    The Former Independent Directors deny the allegations in Paragraphs 671-672 of the CAC, except to state that the referenced provisions of the ICA speak for themselves.

673.       Paragraph 673 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 673 of the CAC, except to state that the terms of the statutory safe harbor speak for themselves.

## CLAIMS

674-675.    Paragraphs 674-675 contain legal conclusions or contentions to which no

response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 674-675.  Moreover, the Former Independent Directors are not named as defendants with respect to certain of the claims asserted in the CAC, and are not required to respond to such claims.

676.    The Former Independent Directors deny the allegations in Paragraph 676 of the CAC except to state that the Funds issued redeemable securities pursuant to the terms set forth in the Funds' registration statements and in accordance with applicable principles of state and federal law, including the Securities Act and the ICA, both of which speak for themselves.

677.    Paragraph 677 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 677 except to state that the Funds issued redeemable securities pursuant to the terms set forth in the Funds' registration statements and in accordance with applicable principles of state and federal law, including the Securities Act and the ICA, both of which speak for themselves.

678-683.    Paragraphs 678-683 contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 678-683 of the CAC, except to state that the referenced provisions of the ICA and Rules promulgated under the Securities Act speak for themselves.

## COUNT I

684.    Paragraph 684 of the CAC is a definitional paragraph to which no response is required; it merely describes claims that Plaintiffs purport to bring.  Moreover, these allegations are not directed to any of the Former Independent Directors.  To the extent a response is required, the Former Independent Directors deny the allegations of Paragraph 684.

685.    The Former Independent Directors deny the allegations in Paragraph 685 of

the CAC and incorporate, as though fully set forth herein, each and every response made in response to Paragraphs 1-684 of the CAC.

686.         No response is required to the allegations in Paragraph 686 of the CAC because these allegations are not directed to any of the Former Independent Directors.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 686 of the CAC on the grounds that the allegations are compound and vague, except to state that certain named defendants participated in the preparation of portions of the Funds' registration statements.

687.         No response is required to the allegations in Paragraph 687 of the CAC because these allegations are not directed to any of the Former Independent Directors and, in any event, constitute legal conclusions or contentions.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 687 of the CAC, except to state that Morgan Keegan served as the Funds' underwriter and distributor pursuant to an Underwriting Agreement, the terms of which speak for themselves.

688.         No response is required to the allegations in Paragraph 688 of the CAC because these allegations are not directed to any of the Former Independent Directors and, in any event, constitute legal conclusions or contentions.

689-691.     No response is required to the allegations in Paragraphs 689-91 of the CAC because these allegations are not directed to any of the Former Independent Directors and, in any event, constitute legal conclusions or contentions.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 689-691 of the CAC, except to state that the referenced provisions of the ICA and the Funds' registration statements speak for themselves.

692.         No response is required to the allegations in Paragraph 692 of the CAC because these allegations are not directed to any of the Former Independent Directors and, in any event, constitute legal conclusions or contentions.  To the extent a response is required, the Former

Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' knowledge or lack thereof; and they deny the remaining allegations in Paragraph 692 of the CAC.

693-694.    No response is required to the allegations in Paragraphs 693-694 of the CAC because these allegations are not directed to any of the Former Independent Directors and, in any event, constitute legal conclusions.  To the extent a response is required, the Former Independent Directors deny the allegations as to the Former Independent Directors.

695.    The Former Independent Directors deny the allegations in Paragraph 695 of the CAC, except to state that they relied on PWC's expertise consistent with PWC's capacity as the Funds' independent outside auditor.

696.    No response is required to the allegations in Paragraph 696 of the CAC because these allegations are not directed to any of the Former Independent Directors and, in any event, constitute legal conclusions.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 696 of the CAC.

697.    The Former Independent Directors deny the allegations in Paragraph 697 of the CAC, except to state that accurate and complete information regarding Fund shareholders' right to receive dividends is contained in the Funds' registration statements and other SEC filings, which speak for themselves.

698-706.    Paragraphs 698-706 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 698-706 of the CAC, except to state that the Funds' registration statements, SEC Filings, and other public disclosures, as well as applicable provisions of the ICA and the 1933 Act, speak for themselves.  Moreover, this Court has rejected Plaintiffs' argument that Plaintiffs are entitled to recover as holders of a "put option."

707.       No response is required to the allegations in Paragraph 707 of the CAC because these allegations are not directed to any of the Former Independent Directors and, in any event, constitute legal conclusions.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraph 707 of the CAC.

## COUNT II

708.       Paragraph 708 of the CAC is a definitional paragraph to which no response is required; it merely describes claims that Plaintiffs purport to bring.  Moreover, pursuant to Lead Plaintiffs' Notice of Errata Re:  Plaintiffs' Consolidated Amended Class Action Complaint (filed November 3, 2010, dckt. no. 276), these allegations are not directed to any of the Former Independent Directors.  To the extent a response is required, the Former Independent Directors deny the allegations of Paragraph 708.

709.       The Former Independent Directors deny the allegations in Paragraph 709 of the CAC and incorporate, as though fully set forth herein, each and every response made in response to Paragraphs 1-708 of the CAC.

710-716.       No response is required to the allegations in Paragraphs 710-716 of the CAC because these allegations are not directed to any of the Former Independent Directors and, in any event constitute, legal conclusions.  To the extent a response is required, the Former Independent Directors deny the allegations contained in Paragraphs 710-716 of the CAC, except to state that MAM was compensated according to the terms of the Advisory Agreement, which speak for themselves, and that Morgan Keegan was compensated according to the terms of the Fund Administration Agreement, Fund Accounting Services Agreement, and Underwriting Agreement, the terms of which speak for themselves.

## COUNT III

717.       Paragraph 717 of the CAC is a definitional paragraph to which no response is

required; it merely describes claims that Plaintiffs purport to bring.  To the extent a response is required, the Former Independent Directors deny the allegations of Paragraph 717.

718.     The Former Independent Directors deny the allegations in Paragraph 718 of the CAC and incorporate, as though fully set forth herein, each and every response made in response to Paragraphs 1-717 of the CAC.

719.     The Former Independent Directors deny the allegations contained in the first two sentences of Paragraph 719 of the CAC, except to state that the director selection process is set forth in the Funds' registration statements and SEC filings, which speak for themselves.  The last sentence of Paragraph 719 of the CAC contains legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations contained in the last sentence of Paragraph 719 of the CAC.

720.     The Former Independent Directors deny the allegations in Paragraph 720 of the CAC.

721.     The Former Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Regions Financial's knowledge in Paragraph 721 of the CAC.  The Former Independent Directors deny the remainder of the allegations in Paragraph 721 of the CAC.

722-724.     Paragraphs 722-724 of the CAC contain legal conclusions or contentions to which no response is required.  To the extent a response is required, the Former Independent Directors deny the allegations in Paragraphs 722-724 of the CAC, except to state that the ICA imposes certain requirements relating to adherence to investment policies.

## **COUNTS IV-VII**

725-766.     No response is required to the allegations in Paragraphs 725-766 of the CAC, as a result of the Court's Order (Docket Entry No. 272) dismissing those allegations with prejudice.

## PRAYER FOR RELIEF

The Former Independent Directors deny each and every allegation made in the CAC under the heading "Prayer for Relief." The Former Independent Directors deny that Plaintiffs are entitled to any of the requested relief made in paragraphs A-G of the CAC's "Prayer for Relief" or to any other relief. The Former Independent Directors further state that the CAC is due to be dismissed.

## GENERAL DENIAL

The Former Independent Directors hereby deny any and all of the remaining allegations in the CAC that are not expressly admitted or otherwise addressed in the foregoing responses.

**AND NOW**, having fully answered Plaintiffs' CAC, the Former Independent Directors state the following affirmative defenses, without assuming the burden of proof as to any such defenses that would otherwise rest with Plaintiffs:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' CAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of res judicata and/or collateral estoppel. Certain of these named Plaintiffs have pursued a separate putative class action making largely identical allegations, which was dismissed with prejudice by this Court. *See Atkinson v. Morgan Asset Mgmt, Inc.*, 664 F. Supp. 2d 898 (W.D. Tenn. 2009).

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because they are not maintainable as a class action. Among other things, Plaintiffs have failed to meet the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a), in that the claims of certain class members will be subject to unique defenses based on the information contained in the Fund registration statements pursuant to which they purchased their shares.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim the Former Independent Directors failed to disclose was publicly available information contained in the Funds' registration statements, SEC filings, or other public disclosures, or because the Former Independent Directors otherwise had no duty to disclose this information under the federal securities laws.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim the Former Independent Directors failed to disclose was not material.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the one-year statute of limitations applicable to claims under the 1933 Act.  Plaintiffs were on notice or aware of facts allegedly giving rise to a claim for relief more than one year prior to filing suit.  For example, the information they allege to have been misrepresented or omitted was in fact disclosed to them in the Funds' registration statements, SEC Filings, or other public disclosures more than a year prior to bringing this Action, or was otherwise a matter of public record.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the three-year statute of repose applicable to claims under the 1933 Act.  For example, Plaintiffs' claims concerning the Funds' 2004 registration statements were brought more than three years after the filing of that registration statement.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because, within the meaning of 15 U.S.C. § 77k(a), at the time Plaintiffs acquired the securities in question, Plaintiffs knew of the alleged untruths or omissions that form the basis of this Action.  For example, much of the information

allegedly misrepresented or omitted was in fact accurately disclosed to investors in the Funds' registration statements, SEC filings, and other public disclosures, or otherwise was a matter of public record.  Alternatively, Plaintiffs learned of the alleged untruths or omissions that form the basis of this Action after acquiring the securities in question, but nonetheless continued to hold such securities.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because, within the meaning of 15 U.S.C. § 77k(a), part or all of Plaintiffs' alleged damages were caused by external factors and not an alleged misrepresentation for which the Former Independent Directors are liable.  Plaintiffs' damages, if any, resulted from other factors such as the 2007-2009 credit crisis, which caused a widespread price decline in nearly all securities, including those in which the Funds invested – and/or the alleged mismanagement pleaded in the CAC.  In addition, because mutual fund share prices are calculated according to fund net asset value, there cannot be the requisite causal connection between a decline in a Fund's share price and the alleged misrepresentations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the primary defendants in this action are not liable.  For example, within the meaning of 15 U.S.C. § 77k(b), the primary defendants had, after reasonable investigation, reasonable grounds to believe, and did believe, at the time that the registration statements in question became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Former Independent Directors had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the

Funds is alleged to exist.  The Former Independent Directors exercised due diligence by, among other things, attempting reasonably and in good faith to exercise appropriate oversight and to ensure that an adequate information gathering and reporting system was in place.  In addition, the Former Independent Directors relied on Fund officers, other employees of the Funds' investment adviser, the Funds' auditors, and others.

## TWELFTH AFFIRMATIVE DEFENSE

Any and all of the damages Plaintiffs allege represent factors other than the depreciation of the relevant securities resulting from any alleged untruth or omission in any relevant part of the registration statement.  Plaintiffs' damages, if any, resulted from other factors such as the 2007-2009 credit crisis – which caused a widespread price decline in nearly all securities, including those in which the Funds invested – and the alleged mismanagement pleaded in the CAC.  In addition, because mutual fund share prices are calculated according to fund NAV, there cannot be the requisite causal connection between a decline in a fund's share price and the alleged misrepresentations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs would not be entitled under any circumstances to an award of attorney's fees, costs, or interest incurred prior to the commencement of this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

The CAC alleges only corporate mismanagement that is not cognizable under the federal securities laws.  The ICA mandates the disclosure of a mutual fund's fundamental and other investment policies and imposes certain limits on the extent to which these policies can be changed. See 15 U.S.C. § 80a-8, 15 U.S.C. § 80a-13(a).  Even if it is assumed that deviating from such terms or policies may be *ultra vires*, such a claim of corporate mismanagement is not cognizable under the disclosure remedies of the federal securities laws.  Breaching a fundamental investment policy or a

trust or contract term manifestly is not the same as misstating what the policy or term is. Instead, regardless of any deviations, the stated investment policy remains controlling unless and until it is modified in accordance with the requirements of the ICA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, and/ or waiver, because, *inter alia*, Plaintiffs were or should have been aware of the nature of the Funds' portfolio investments and nonetheless purchased or continued to hold fund shares.

**SIXTEENTH AFFIRMATIVE DEFENSE**

For, *inter alia*, similar reasons, Plaintiffs' claims are barred, in whole or in part, because of ratification, agreement, acquiescence, or consent to the Former Independent Directors' alleged conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

For, *inter alia*, similar reasons, Plaintiffs have failed to act reasonably to mitigate their alleged damages, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

For similar reasons, Plaintiffs' claims are barred by laches. In light of, *inter alia*, Plaintiffs' actual or constructive knowledge of the Funds' investments, Plaintiffs filed this action in an unreasonable and inexcusable length of time from the date they knew or reasonably should have known of their claims against the Former Independent Directors. Plaintiffs' and the putative class members' delay has operated to the prejudice or injury of the Former Independent Directors. To allow Plaintiff and the putative class members at this late date to assert these claims for relief against the Former Independent Directors would be unjust.

## NINETEENTH AFFIRMATIVE DEFENSE

The Former Independent Directors acted in good faith conformity with applicable SEC rules, regulations, and orders, including without limitation the requirements of Form N-1A, and ICA Rule 38a-1, and therefore are not subject to liability under the federal securities laws.

## TWENTIETH AFFIRMATIVE DEFENSE

The Former Independent Directors herein adopt each of the Affirmative and/or Additional Defenses pleaded by the other answering defendants to the extent such defenses operate to exculpate the Former Independent Directors from liability or damage and to the extent such defenses are not inconsistent with, and are applicable to the Former Independent Directors. Because discovery has not yet occurred in this action, the Former Independent Directors further reserve the right to assert other and further defenses as may later become known to counsel.

**WHEREFORE**, having fully answered Plaintiffs' CAC in this action, the Former Independent Directors respectfully request:  (i) that said CAC be dismissed in its entirety; (ii) that the Court enter a judgment in favor of the Former Independent Directors and against Plaintiffs; (iii) an award to the Former Independent Directors of their costs, including discretionary costs, and attorneys' fees; and (iv) such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Nicole A. Baker
Jeffrey B. Maletta
Nicholas G. Terris
Nicole A. Baker
K&L GATES LLP
1601 K Street, NW
Washington, DC  20006-1600
(202) 778-9018
nicole.baker@klgates.com

*Attorneys for Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, William Jefferies Mann, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

**APPERSON CRUMP PLC**
CHARLES D. REAVES
JEROME A. BROADHURST
6070 Poplar Avenue, Sixth Floor
Memphis, TN  38119-3954

**KIRKLAND & ELLIS, LLP**
TIMOTHY DUFFY
EMILY NICKLIN
KRISTOPHER RITTER
300 North LaSalle
Chicago, IL  60654

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
VERNON J. VANDER WEIDE
THOMAS V. SEIFERT
333 South Seventh St., Suite 1140
Minneapolis, MN  55402-2422

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
LEO BEARMAN
EUGENE PODESTA
165 Madison Avenue
First Tennessee Building
Memphis, TN  38103

**LOCKRIDGE GRINDAL NAUEN PLLP**
RICHARD A. LOCKRIDGE
GREGG M. FISHBEIN
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401

**BASS BERRY & SIMS PLC**
SHEPHERD D. TATE
MICHAEL A. BRADY
100 Peabody Place,  Suite 900
Memphis, TN  38103

**ZIMMERMAN REED, P.L.L.P.**
CAROLYN G. ANDERSON
TIMOTHY J. BECKER
KIRSTEN D. HEDBERG
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402

**SUTHERLAND ASBILL & BRENNAN, LLP**
S. LAWRENCE POLK
999 Peachtree Street NE
Atlanta, GA  30309

**MAYNARD COOPER & GALE PC**
PETER S. FRUIN
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203

**SULLIVAN & CROMWELL LLP**
DAVID B. TULCHIN
DAVID E. SWARTS
D. ANDREW PIETRO
125 Broad Street
New York, New York  10004

**PAUL HASTINGS JANOFSKY & WALKER LLP**
KEVIN C. LOGUE
75 E. 55th Street
New York, NY  10022

**PURSLEY LOWERY MEEKS LLP**
R. HAL MEEKS
ROBIN A. BESAW
260 Peachtree Street NW
Suite 2000
Atlanta, GA 30303

DC-1503673 v.6

**EVANS PETREE, PC**
JOHN McQUISTON
1000 Ridgeway Loop Road
Suite 200
Memphis, TN 38120

**BASS BERRY & SIMS PLC**
MICHAEL L. DAGLEY
MATTHEW M. CURLEY
W. BRANTLEY PHILLIPS, JR.
150 Third Avenue South, Suite 2800
Nashville, TN 37201

/s/ Nicole A. Baker