# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br>*In re Regions Morgan Keegan Open-End Mutual Fund Litigation*,<br>No. 2:07-cv-02784-SHM-dkv | MDL Docket No. 2009<br>Judge Samuel H. Mays, Jr.<br>Magistrate Judge Diane K. Vescovo<br><br>ORAL ARGUMENT REQUESTED |

## JOINT MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND APPROVAL OF NOTICE TO SETTLEMENT CLASS MEMBERS

COME NOW Lead Plaintiffs Kathryn S. Cashdollar Estate, Dajalis Ltd., Jeanette H. Landers, H. Austin Landers, and Frank D. Tutor ("Lead Plaintiffs") and Defendants Helios Select Fund, Inc. (formerly Morgan Keegan Select Fund, Inc.), Helios Select Short Term Bond Fund (formerly Regions Morgan Keegan Select Short Term Bond Fund), Helios Select Intermediate Bond Fund (formerly Regions Morgan Keegan Select Intermediate Bond Fund), and Helios Select High Income Fund (formerly Regions Morgan Keegan Select High Income Fund) (collectively, the "Settling Defendants" or "Funds"), pursuant to Fed. R. Civ. P. 23, this Court's Order, dated December 6, 2010, in *Landers* v. *Morgan Asset Management, Inc.*, No. 2:08-cv-02260-SMH-dvk (ECF No. 100), this Court's Order herein, dated December 6, 2010 (ECF No. 289), and the Memorandum of Understanding ("MOU") between the Derivative Plaintiffs and the Funds, dated November 30, 2010, in *Landers* (ECF No. 98-1) to move this Court for an Order that provides as follows:

    1.     **Partial Settlement Approval**. The partial settlement of this class action in accordance with the terms and conditions of the Memorandum of Understanding ("MOU") in *Landers* v. *Morgan Asset Management, Inc.*, No. 2:08-cv-02260-SHM-dkv (ECF No. 98-1) (attached hereto as <u>Exhibit A</u>) ("Partial Settlement") is hereby

preliminarily approved;

2. **Preliminary Certification of Settlement Classes**. Pursuant to Fed. R. Civ. P. 23 (a) and (b)(e), solely for purposes of the Partial Settlement, two Settlement Classes are hereby preliminarily certified: (i) a Purchaser Settlement Class to consist of all persons or entities (including trust, custodial or other fiduciary accounts and retirement accounts and plans, whether or not subject to ERISA) who purchased (or on whose behalf were purchased) one or more classes of shares in the Regions Morgan Keegan Select Short Term Bond Fund, the Regions Morgan Keegan Select Intermediate Bond Fund, and/or the Regions Morgan Keegan Select High Income Fund (collectively, the "Funds") from December 6, 2004 through December 6, 2007, inclusive (the "Purchaser Settlement Class Period"); (ii) a Redemption Settlement Class to consist of persons who refrained from redeeming the Funds' shares during the period from March 1, 2007 through April 30, 2008 ("Redemption Settlement Class Period").

Excluded from both Settlement Classes are Defendants, any affiliates and subsidiaries of the corporate defendants, the officers and directors of the corporate defendants and members of their families, any entity in which any excluded party has a controlling interest, or any legal representatives, heirs, successors and assigns of any of the foregoing persons. This exclusion does not include accounts or trusts over which any Defendant's, or Defendant's affiliate's, control or legal ownership is derived from a fiduciary appointment as trustee, custodian or otherwise or the beneficiaries of any ERISA retirement or other compensation plans holding shares of the Funds' common stock of which any Defendant is a sponsor or to which any Defendant owes any fiduciary duty. Also to be excluded from the Settlement Classes at the time of the Final Approval Hearing are those members who validly and timely request exclusion from the Settlement Classes in accordance with the procedures set forth in the "Notice of Pendency and Partial Settlement of Class Action" ("Notice").

3. **Preliminary Certification of Class Representatives.** Lead Plaintiffs Kathryn S. Cashdollar Estate, Dajalis Ltd., Jeanette H. Landers, H. Austin Landers and Frank D. Tutor are preliminarily certified as Settlement Class Representatives solely for purposes of the Partial Settlement.

4. **Notice.** The form of Notice to the members of the Settlement Classes (substantially in the form attached hereto as <u>Exhibit B</u>) is

1

hereby approved as to form and substance.

5.   **Notice Date**. No later than the fourteenth day after entry of this Order, Lead Plaintiffs' counsel shall cause a copy of the Notice to be mailed to all members of both Settlement Classes who can be identified with reasonable effort. Lead Plaintiffs' Counsel is authorized to retain a Claims Administrator to supervise and administer the notice procedures set forth in this Order.

6.   **Publication Notice**:  No later than seven days after the Notice Date, Lead Plaintiffs' counsel shall cause Summary Notice (substantially in the form attached hereto as <u>Exhibit C</u>) to be disseminated on Business Wire.

7.   **Final Approval Hearing Date.** Pursuant to Fed. R. Civ. P. 23(a), a hearing will be held to make a final determination of the fairness, reasonableness, and adequacy of the proposed Partial Settlement and to resolve any other legal prerequisites to approval of the settlement ("Final Approval Hearing").  The date and time for the Final Approval Hearing is [*to be set by the Court*], 2011.

8.   **Final Approval Papers Due**:  The deadline for Lead Plaintiffs and Settling Defendants to file papers in support of final approval of the Partial Settlement shall be twenty-one days prior to the date set for the Final Approval Hearing.

9.   **Objections and Request for Exclusion; Deadline**: The procedures set forth in the Notice shall govern regarding objections to the proposed Partial Settlement and requests for exclusion from the Settlement Classes. The deadline for members of the Settlement Classes to either file objections to the Partial Settlement or request exclusion from the Settlement Classes shall be fourteen days prior to the date set for the Final Approval Hearing, and Lead Plaintiffs and the Settling Defendants shall respond thereto seven days prior to the Final Approval Hearing Date.

In support of this Joint Motion, Lead Plaintiffs and Settling Defendants submit herewith the Declarations of Jerome A. Broadhurst and Gregg M. Fishbein, dated March 14, 2011 and the exhibits thereto, a Memorandum of Law in Support of the Joint Motion; and a Certificate of Consultation with Counsel. A proposed order will be transmitted to the Court via e-mail in accordance with the requirements of Local Civil Rule 7.2(a)(l)(A).

DATED: March 14, 2011                    Respectfully submitted,

**APPERSON CRUMP PLC**

*s/ Jerome A. Broadhurst*_____
Jerome A. Broadhurst, TNBPR12529
Charles D. Reaves, TNBPR122550
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119-3954
(901) 260-5133 direct
(901) 435-5133 fax
jbroadhurst@appersoncrump.com

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
Vernon J. Vander Weide
Thomas V. Seifert
333 South Seventh Street, Suite 1140
Minneapolis, MN 55402-2422
Telephone: 612-339-1601
Fax: 612-339-3372
vvanderweide@hsvwlaw.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Richard A. Lockridge
Gregg M. Fishbein
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  612-339-6900
Fax: 612-339-0981
gmfishbein@locklaw.com

**ZIMMERMAN REED PLLP**
Carolyn G. Anderson
Patricia A. Bloodgood
Kirsten D. Hedberg
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612-341-0400
Fax: 612-341-0844
carolyn.anderson@zimmreed.com

**ATTORNEYS FOR LEAD PLAINTIFFS**

3

_s/ Kevin C. Logue_
Kevin C. Logue
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
Kevin C. Logue
Michael M. Bruso
75 East 55th Street
New York, NY 10022

**ATTORNEYS FOR THE FUNDS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this 14th day of March, 2011, a true and correct copy of the foregoing was served by electronic means via e-mail transmission (including the Court's ECF System) on the following:

Shepherd D. Tate, Esq.
Michael A. Brady, Esq.
**Bass, Berry, & Sims, PLC**
100 Peabody Place, Suite 900
Memphis, TN 38103-3672

Matthew M. Curley, Esq.
Michael L. Dagley, Esq.
Britt K. Latham
W. Brantley Phillips, Jr.
**Bass, Berry, & Sims, PLC**
150 Third Avenue South, Ste. 2800
Nashville, TN 37201

David B. Tulchin
David E. Swarts
**Sullivan & Cromwell, LLP**
125 Broad Street
New York, NY 10004

S. Lawrence Polk, Esq.
**Sutherland Asbill & Brennan LLP**
999 Peachtree Street, NE
Atlanta, GA 30309-3996

4

Jeffrey Maletta, Esq.
Nicole A. Baker
**K & L Gates**
1601 K Street NW
Washington, DC 20006

Emily Nicklin, Esq.
Timothy A. Duffy
Kristopher Ritter
**Kirkland & Ellis**
200 East Randolph Dr., Ste. 5400
Chicago, IL 60601-6636

Leo Maurice Bearman, Jr.
Eugene J. Podesta, Jr.
**Baker Donelson Bearman Caldwell
& Berkowitz**
165 Madison Avenue, Suite 2000
Memphis, TN 38103

Peter S. Fruin
Scott S. Brown, Esq.
**Maynard Cooper & Gale PC**
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

Kevin C. Logue, Esq.
Michael M. Bruso, Esq.
**Paul, Hastings, Janofsky & Walker LLP**
75 East 55th Street
New York, NY 10022

R. Hal Meeks, Jr.
Robin A. Besnaw
**Pursley Lowery Meeks LLP**
260 Peachtree Street, NW
Suite 2000
Atlanta, GA 30303

John McQuiston, II
**Evans Petree, PC**
1000 Ridgeway Loop Rd., Ste. 200
Memphis, TN 38120

<u>s/Jerome A. Broadhurst</u>
Jerome A. Broadhurst

5

EXHIBIT A

# EXHIBIT A

## MEMORANDUM OF UNDERSTANDING in *Landers* Derivative Action

**I.   Disposition of § 11 Claim Against Funds**

1. Helios Select Fund, Inc. and its three series, Helios Select High Income Fund, Helios Select Intermediate Bond Fund, and Helios Select Short Term Fund ("Funds") are defendants in a putative class action, *In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, No. 2:07-cv-02784-SHM-dkv, United States District Court, Western District, Tennessee ("*Open-End Fund Litig.*"), on Counts I (Securities Act of 1933 § 11) and V (Securities Exchange Act of 1934 § 10(b) and Rule 10b-5 thereunder). At the time of the execution of this Memorandum of Understanding ("MOU"), the Court has dismissed Count V and permitted Count I to proceed.

2. The new board of directors of the Funds ("New Board") is investigating whether to pursue claims against certain of the defendants in *Landers v. Morgan Asset Management, Inc.*, No. 2:08-cv-02260-SMH-dvk, United States District Court, Western District, Tennessee ("*Landers Derivative Action*"). Upon approval of this MOU by the New Board, the New Board would conclude its *Landers Derivative Action* investigation, and the action shall proceed with the Funds as plaintiffs.

3. Without admitting or denying liability but consenting to the Court's jurisdiction, judgment is to be entered against only the Funds on the § 11 claim against them in the *Open-End Fund Litig*, placing the putative class in the position of a judgment creditor of the Funds.

4. The judgment debt is to be satisfied solely out of any recovery by the Funds on their derivative claims in the *Landers Derivative Action* ("Derivative Recovery").

5. Satisfaction of said judgment from the Derivative Recovery is subject to the following provisos:

   a. Certification of a class as to the § 11 claim against the Funds;

   b. The § 11 class shall have no claim on, and the judgment shall not be satisfied out of, the Derivative Recovery if a judgment is entered, and becomes final following the expiration of the time for appeal, dismissing the § 11 class claim as to all remaining Defendants on the basis of the affirmative causation defense under § 11 or on the basis of a failure to prove material misrepresentations or omissions, provided that this paragraph I.5.b. shall be of no continuing force or effect in the event of a settlement in the *Open-End Fund Litig.* with all but one of the remaining Defendants;

   c. The amount of the § 11 class claim damages ("§ 11 Damages") in the *Open-End Fund Litig.* shall be established in accordance with a calculation made by counsel, with or without an expert, shall be subject to approval by both the New Board and the Court, shall not be subject to prejudgment interest, and shall be based on the certified class.

6. In accordance with the pending Verified Shareholders' First Amended Derivative

Complaint ("FADC"), it is recognized that the following groups of shareholders of the Funds have claimed interests in any Derivative Recovery: (i) those who are members of a class that obtains a judgment against the Funds through the pending class action (including the judgment in *Open-End Fund Litig.* under 1933 Act § 11 against the Funds, as contemplated herein, and a judgment on the class claim in said litigation under 1934 Act § 10(b) against the Funds if such claim is revived as a result of the pending motion for reconsideration by Lead Plaintiffs in *Open-End Fund Litig.* of the Court's dismissal of said claim (or as a result of any appeal from any final judgment that may be entered with respect to said dismissal), also as contemplated herein), (ii) the liquidating shareholders, and (iii) shareholders whose losses are not recoverable in the class action under the 1933 Act. FADC ¶¶ 4, 5, 876 (constructive trust to avoid windfall recoveries). Accordingly, it is further recognized that in the event of a Derivative Recovery, consideration shall be given to the distribution thereof among said groups, subject to the following provisos:

    a. The allocation and/or distribution of any Derivative Recovery shall be subject to approval by the New Board, with advice of counsel, with or without an expert, and shall also be subject to Court approval;

    b. For purposes of such allocation, the amount of derivative action damages in the *Landers Derivative Action* ("Derivative Damages") shall be established in accordance with a calculation made by counsel, with or without an expert, shall be subject to approval by both the New Board and the Court, and shall not be subject to prejudgment interest;

    c. As to shareholders who purchased shares before and during the § 11 Class Period and redeemed shares during the § 11 Class Period, the shares shall be deemed to have been redeemed on a first-in-first-out basis;

7. To avoid "double recovery", the amounts recoverable by the § 11 class from any Derivative Recovery shall be reduced dollar for dollar by any recovery by the § 11 class from the defendants other than the Funds pursuant to § 11 in *Open-End Fund Litig.*

8. If the class obtains a recovery from defendants other than the Funds under both §§ 11 and 12(a)(2) in *Open-End Fund Litig.*, and if the § 12(a)(2) recovery exceeds the § 11 recovery, any allocation ratio employed pursuant to ¶ 6 shall be based on the § 11 recovery without regard to § 12(a)(2), and the § 11 recovery shall be the basis for the reduction described in ¶ 7.

9. The purchases and redemptions of the Funds' shares by MK Properties or any other affiliates of MK, on their own behalf, during the period August through December 2007 (or, if made, thereafter) are excluded from all of the above.

10. In the event of a settlement of:

    a. The *Landers Derivative Action* but not the *Open-End Fund Litig.*, the allocation of any Derivative Recovery with respect to the § 11 Damages would be determined as provided in ¶¶ 5 – 9.

    b.  The *Open-End Fund Litig.* but not the *Landers Derivative Action*, the allocation of any Derivative Recovery with respect to the § 11 Damages would be determined as provided in ¶¶ 5 – 7 and 9 (it being assumed any *Open-End Fund Litig.* settlement would not distinguish between § 11 and § 12(a)(2) damages).

    c.  Should there be a settlement of one but not both actions, the New Board, with advice of counsel, in the *Landers Derivative Action*, and the class representatives, with advice of counsel, in the *Open-End Fund Litig.*, shall consider whether it would be advisable to defer distribution of such settlement pending resolution of the other action. Any such deferral would be subject to the Court's approval.

11. In the event the pending regulatory actions against some of the defendants other than the Funds result in a fund to be allocated among investors in the Funds and the former RMK closed-end funds, a determination shall be made whether, and to what extent, any such fund shall be considered or included in any allocation and distribution pursuant to ¶ 6 above. This determination shall be made in consideration of, *inter alia*, whether the regulatory fund is a proper set-off to any damages in either the *Open-End Fund Litig.* or the *Landers Derivative Action* in view of, *e.g.*, the substantive and temporal scope of those actions, the manner of allocation prescribed by the regulators, and the determination as to who may participate in any such fund. Nothing herein shall preclude the New Board from considering other sources of recovery, if any, in connection with any allocation or distribution in ¶ 6 above.

12. In the event the 1934 Act claims are reinstated in the *Open-End Fund Litig.*, and the Court further determines that persons holding the Funds' shares as of a specified date have standing to assert 1934 Act claims under CAC Count V, such 1934 Act damages ("1934 Act Damages") may be the same as the Derivative Damages determined pursuant to ¶ 6 and may totally or partially overlap § 11 Damages. Accordingly, to the extent that the 1934 Act Damages do not totally overlap § 11 Damages, only the portion of § 11 Damages not overlapped by the 1934 Act Damages would be taken into account in the allocation of a Derivative Recovery (including compensatory, exemplary, if any, and other damages, if any, and any attorneys' fees that may be awarded pursuant to statute or otherwise in addition to such damages) based on § 11 Damages.

13. Should the 1934 Act claims be reinstated against the Funds as pleaded or in some other form, the arrangement agreed to with respect to the disposition of the § 11 claims against the Funds provided for herein shall be applied to any such revived § 10(b) claim (CAC Count V) against the Funds (i.e., dismissal of the former independent directors without prejudice and judgment without admitting or denying against the Funds on said § 10(b) claim in Count V), including the arrangement for the allocation of any Derivative Recovery pursuant to ¶¶ 6-12 above.

14. The governing principles shall be to seek the largest possible recovery for the greatest number of persons who suffered losses in connection with their investments in the

-3-

Funds and to treat all such persons in the fairest and most equitable manner possible.

15. It is contemplated that any application for court approval of any allocation and/or distribution shall include releases to the Funds, their advisors, and the New Board.

## II. Disposition of Derivative Breach of Fiduciary Duty Claim against Former Independent Directors

The following is a proposal for the disposition of the breach of fiduciary duty claim in the *Landers Derivative Action* against the former independent directors of the Funds:

1. Kevin Logue, counsel for the New Board, has reviewed with Derivative Plaintiffs' counsel the evidence that supports the New Board's decision to dismiss claims against the Funds' former independent directors.

2. As soon as practicable upon being engaged to represent the Funds in the *Landers Derivative Action*, Derivative Plaintiffs' counsel shall be provided and shall review additional materials in the custody or possession of the Fund, BIM or the Funds' counsel (solely in their role as Funds' counsel) reasonably deemed relevant by Derivative Plaintiffs to the New Board's determination, including but not limited to:

    a. board materials, reports (*e.g.*, liquidity, valuation) to board from MAM/MK, minutes, auditor, pricing services, *etc.*;

    b. New Board's and/or BIM's investigation re PwC's withdrawal of its reports on certain closed-end funds' 2006-2007 financial statements;

    c. Paul Hastings' attorney work product shared with the New Board and Paul Hastings' advice to the New Board in connection with the New Board's investigation. Such review or information sharing shall be accomplished in a manner intended to preserve any attorney-client privilege or work product privilege, including any such protection of any other funds or entities. Derivative Plaintiffs agree that they will not claim a waiver of any such privileges or protections based on such information exchange. In addition, Derivative Plaintiffs and their counsel acknowledge that the Independent Directors on the New Board have separate counsel, and that such counsel will not be asked to turn over materials or work product, and that they will not claim any invasion or waiver of any privilege or protection of same.

3. The dismissal of the former independent directors shall be without prejudice and shall be conditioned upon the ability to withdraw the dismissal in the event of subsequent discovery of new evidence of reckless or other non-exculpated conduct (*e.g.*, from SEC investigation or the discovery in the *Landers Derivative Action* or *Open-End Fund Litig.*) or additional evidence that, taken with the evidence reviewed pursuant to ¶¶ 1 and 2 above, provides a reasonable basis for concluding that a meritorious case can be made that the Funds' former independent directors engaged in reckless or other non-exculpated conduct.

The negotiation with counsel for the former independent directors of the dismissal without

prejudice of the former independent directors shall be deferred until after Derivative Plaintiffs' counsel have been engaged to represent the Funds in the *Landers Derivative Action* and have had access to information as set out in II.2 above.

4. Before making any decision to reinstitute the dismissed breach of fiduciary duty claim against the former independent directors, the Funds shall be satisfied, based upon advice from legal counsel other than the Derivative Plaintiffs' counsel but in consultation with Derivative Plaintiffs' counsel, that doing so does not expose the Funds to advancement of expenses or to indemnification of the former independent directors on any judgment against them under Maryland law or the Funds' articles or bylaws.

5. The dismissal is explicitly limited to the *Landers Derivative Action* and does not include the *Open-End Fund Litig.*, including the dismissed 1934 Act claims should they be revived.

6. The dismissal shall explicitly exclude any bar to contribution claims and must address any other comparative/proportionate fault issues under Maryland or Tennessee law, as appropriate —*i.e.*, the dismissal is not to sever the joint and several liability of the individual and corporate defendants on the breach of fiduciary duty claims in the *Landers Derivative Action*:

   a. Any tolling agreement referenced below shall include claims for contribution or indemnification by other defendants.

   b. The Funds would be able to withdraw the dismissal and reinstitute the breach of fiduciary duty claim against the former independent directors if a court determines that such dismissal did break what would be, in the absence of such dismissal, the joint and several liability of the other defendants, or if the other defendants successfully argue that the former independent directors' comparative fault exceeds a specified percentage notwithstanding exculpation, after obtaining satisfaction on the indemnification issue addressed in ¶ 4.

7. In the event that the current tolling agreement is about to expire before the ability for the New Board to be satisfied as to the conditions set forth in II.3., II.4., and II.6., the Funds reserve their right to reinstate the dismissed claims against the former independent directors, in the absence of a further extension of said tolling agreement.

8. Dismissal shall be done pursuant to Rules 23.1(c) and Rule 41(a)(1).

### III. Fees

1. Derivative Plaintiffs' counsel's fees to be a sliding scale contingent fee:

   - 30% of the first $500 million of any Derivative Recovery;
   - 25% of the excess of any Derivative Recovery over $500 million up to $750 million;
   - 20% of the excess of any Derivative Recovery over $750 million.

2. It is contemplated that Paul Hastings will from time to time consult with the New Board following their being replaced by Derivative Plaintiffs' counsel pursuant to hereto, or otherwise be involved to the extent that certain logistic or other such matters may require its involvement arising from its role as the counsel to the Funds heretofore in this litigation.

   a. Paul Hastings will be compensated on an hourly basis for such work out of the Reserve (as defined herein) to the extent that such fund exceeds $500,000;

   b. to the extent that such fund is inadequate for such purpose, Paul Hastings shall be compensated out of the Derivative Recovery as follows:

      i. one-half of Paul Hastings fees shall be paid from that portion of the contingent fee, if any, to be paid to Derivative Plaintiffs' counsel attributable to the Derivative Recovery in excess of the portion thereof allocated to satisfaction of the § 11 judgment pursuant to paragraph I.3. above (the "Non-§ 11 Allocable Portion of the Derivative Recovery") and

      ii. one-half from the remaining Non-§ 11 Allocable Portion of the Derivative Recovery,

      iii. in each case together with a premium to be negotiated between Paul Hastings and the Derivative Plaintiffs' counsel and approved by the New Board provided that such premium shall not exceed any premium received by Derivative Plaintiffs' counsel based on a comparison of said counsel's contingent fee attributable to the Non-§ 11 Allocable Portion of the of the Derivative Recovery their lodestar attributable to the Non-§ 11 Allocable Portion of the of the Derivative Recovery.

3. Expenses; Liquidation Reserve Fund

   a. The balance in the Liquidation Reserve Fund ("Reserve") as of November 30, 2010 is approximately $750,000.

   b. Following the payment of outstanding payables, $500,000 of the Reserve shall be used exclusively to pay for, or to reimburse counsel for paying, expenses incurred in the prosecution of the *Landers Derivative Action*, subject to the approval of the New Board. Such expenses shall not include counsel's travel and other firm-specific expenses (e.g., copies) but shall include experts, court reporters for depositions, deposition transcripts, and mediators. Derivative Plaintiffs' counsel estimate that the expenses to be incurred in connection with the prosecution of this action are likely to exceed $ 1 million.

   c. To assist the New Board in assessing whether any expenses of the Funds incurred in the *Landers Derivative Action* or any related investigation may be recovered from MAM, MK, Regions Bank or Regions Financial under indemnification agreements with those defendants in connection with the acquisition

of the investment advisory agreements for the Funds from MAM, following the engagement of Derivative Plaintiffs' counsel as counsel for the Funds in the *Landers Derivative Action*, the Funds and BIM shall furnish to Derivative Plaintiffs' counsel all agreements and understandings, written or otherwise, between BIM and/or the Funds, on the one hand, and MK, MAM, and/or RF, on the other hand, or any affiliate of the foregoing, related to such acquisition.

4. Scope of Representation

   a. This fee proposal relates to Derivative Plaintiffs' counsel's representation of the Helios Select Fund, Inc. and its three series (Helios Select High Income Fund, Helios Select Intermediate Bond Fund, and Helios Select Short Term Fund) in the *Landers Derivative Action* with respect to the claims asserted in the FADC against the defendants identified in the FADC, subject to the dismissal and judgment provided for herein.

   b. This fee proposal does not, at this time, include representation of the former RMK closed-end funds. Should the New Board offer to engage Derivative Plaintiffs' counsel to represent the former RMK closed-end funds as to any claims the New Board believes appropriate for such funds to pursue, and should said counsel agree to such representation, an engagement agreement will be separately negotiated for those funds

   c. Derivative Plaintiffs' counsel, without their prior consent, do not undertake to represent the Funds in connection with claims not asserted in the FADC against persons not identified in the FADC, provided that, if additional defendants are named in the CAC in the *Open-End Fund Litig.*, (and presently identified therein as "John Does" (CAC ¶ 87)), Derivative Plaintiffs' counsel shall agree to include such persons as defendants in the *Landers Derivative Action* with the agreement of the New Board.

5. The engagement agreement shall be governed by Tennessee law.

## IV. Miscellaneous

1. This agreement is subject to the approval of the named Derivative Plaintiffs and the Lead Plaintiffs in the class action. The implementation of the above is also subject to the approval of the Court under Rules 23 and 23.1. With respect to approval under Rule 23, counsel for Lead Plaintiffs in the class action, with the consent of Lead Plaintiffs, will ask the Court to defer notice to the class at this time.

2. The parties will confer regarding the report to be submitted to the Court on November 30, 2010, in the *Landers Derivative Action*.

Dated as of November 30, 2010:

**For the Estate of Kathryn S. Cashdollar, Dajalis Ltd., Jeanette H. Landers, H. Austin Landers, and Frank D. Tutor, Lead Plaintiffs in *In re Regions Morgan Keegan Open-***

*End Mutual Fund Litigation*, No. 2:07-cv-02784-SHM-dkv, United States District Court, Western District, by their counsel, as to the portions hereof related to said litigation:

HEAD, SEIFERT & VANDER WEIDE, P.A.

_____
Vernon J. Vander Weide
Thomas V. Seifert
333 South Seventh Street, Suite 1140
Minneapolis, MN 55402-2422
Telephone: 612-339-1601
Fax: 612-339-3372
vvanderweide@hsvwlaw.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

_____
Richard A. Lockridge
Gregg M. Fishbein
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Fax: (612) 339-0981
gmfishbein@locklaw.com

*Co-Lead Counsel for Lead Plaintiffs*

**APPERSON CRUMP PLC**

_____
Jerome A. Broadhurst, TN BPR 12529
Charles D. Reaves, TN BPR 22550
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119-3954
Telephone: (901) 260-5133
Fax: (901) 435-5133
jbroadhurst@appersoncrump.com

*Liaison Counsel for Lead Plaintiffs*

**For H. Austin and Jeanette H Landers, the Estate of Charles M. Crump, Diana W Crump, James H. Frazier, and James P. and Peggy C. Whitaker, Derivative Plaintiffs in** *Landers* **v.** *Morgan Asset Management, Inc.*, **No. 2:08-cv-02260-SMH-dkv, United States District Court, Western District, by their counsel, as to the portions hereof related to said litigation:**

HEAD, SEIFERT & VANDER WEIDE, P.A.

_____
Vernon J. Vander Weide
Thomas V. Seifert
333 South Seventh Street, Suite 1140

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

_____
Richard A. Lockridge
Gregg M. Fishbein
100 Washington Avenue South, Suite 2200

-8-

*End Mutual Fund Litigation*, No. 2:07-cv-02784-SHM-dkv, United States District Court, Western District, by their counsel, as to the portions hereof related to said litigation:

HEAD, SEIFERT & VANDER WEIDE, P.A.

Vernon J. Vander Weide
Thomas V. Seifert
333 South Seventh Street, Suite 1140
Minneapolis, MN 55402-2422
Telephone: 612-339-1601
Fax: 612-339-3372
vvanderweide@hsvwlaw.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

Richard A. Lockridge
Gregg M. Fishbein
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Fax: (612) 339-0981
gmfishbein@locklaw.com

*Co-Lead Counsel for Lead Plaintiffs*

APPERSON CRUMP PLC

Jerome A. Broadhurst, TN BPR 12529
Charles D. Reaves, TN BPR 22550
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119-3954
Telephone: (901) 260-5133
Fax: (901) 435-5133
jbroadhurst@appersoncrump.com

*Liaison Counsel for Lead Plaintiffs*

For H. Austin and Jeanette H Landers, the Estate of Charles M. Crump, Diana W Crump,. James H. Frazier, and James P. and Peggy C. Whitaker, Derivative Plaintiffs in *Landers v. Morgan Asset Management, Inc.*, No. 2:08-cv-02260-SMH-dkv, United States District Court, Western District, by their counsel, as to the portions hereof related to said litigation:

HEAD, SEIFERT & VANDER WEIDE, P.A.

Vernon J. Vander Weide
Thomas V. Seifert
333 South Seventh Street, Suite 1140

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

Richard A. Lockridge
Gregg M. Fishbein
100 Washington Avenue South, Suite 2200

-8-

Minneapolis, MN 55402-2422
Telephone: 612-339-1601
Fax: 612-339-3372
vvanderweide@hsvwlaw.com

**ZIMMERMAN REED, P.L.L.P.**

Carolyn G. Anderson
Kirsten D. Hedberg
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Telephone: 612-341-0400
Fax: 612-341-0844
cga@zimmreed.com

Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
gmfishbein@locklaw.com

**APPERSON CRUMP PLC**

Jerome A. Broadhurst, TN BPR 12529
Charles D. Reaves, TN BPR 22550
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119-3954
(901) 260-5133 direct
(901) 435-5133 fax
jbroadhurst@appersoncrump.com

*Attorneys for Derivative Plaintiffs*

For themselves as to their engagement pursuant hereto by Helios Select Fund, Inc., a Maryland corporation formerly known as Morgan Keegan Select Fund, Inc., and its three series/portfolios, Helios Select Short Term Bond Fund (formerly known as Regions Morgan Keegan Select Short Term Bond Fund), Helios Select Intermediate Bond Fund (formerly known as Regions Morgan Keegan Select Intermediate Bond Fund), and Helios Select High Income Fund (formerly known as Regions Morgan Keegan Select High Income Fund):

**HEAD, SEIFERT & VANDER WEIDE, P.A.**

Vernon J. Vander Weide
Thomas V. Seifert
333 South Seventh Street, Suite 1140
Minneapolis, MN 55402-2422
Telephone: 612-339-1601
Fax: 612-339-3372
vvanderweide@hsvwlaw.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

Richard A. Lockridge
Gregg M. Fishbein
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
gmfishbein@locklaw.com

**ZIMMERMAN REED, P.L.L.P.**

Carolyn G. Anderson
Kirsten D. Hedberg
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Telephone: 612-341-0400
Fax: 612-341-0844
cga@zimmreed.com

**APPERSON CRUMP PLC**

Jerome A. Broadhurst, TN BPR 12529
Charles D. Reaves, TN BPR 22550
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119-3954
(901) 260-5133 direct
(901) 435-5133 fax
jbroadhurst@appersoncrump.com

For Helios Select Fund, Inc., a Maryland corporation formerly known as Morgan Keegan Select Fund, Inc., and its three series/portfolios, Helios Select Short Term Bond Fund (formerly known as Regions Morgan Keegan Select Short Term Bond Fund), Helios Select Intermediate Bond Fund (formerly known as Regions Morgan Keegan Select Intermediate Bond Fund), and Helios Select High Income Fund (formerly known as Regions Morgan Keegan Select High Income Fund), as to Helios Select Fund's engagement of the law firms identified above pursuant hereto:

By _____

Kim G. Redding, President of Helios Select Fund, Inc.

-10-

For themselves as to their engagement pursuant hereto by Helios Select Fund, Inc., a Maryland corporation formerly known as Morgan Keegan Select Fund, Inc., and its three series/portfolios, Helios Select Short Term Bond Fund (formerly known as Regions Morgan Keegan Select Short Term Bond Fund), Helios Select Intermediate Bond Fund (formerly known as Regions Morgan Keegan Select Intermediate Bond Fund), and Helios Select High Income Fund (formerly known as Regions Morgan Keegan Select High Income Fund):

**HEAD, SEIFERT & VANDER WEIDE, P.A.**

Vernon J. Vander Weide
Thomas V. Seifert
333 South Seventh Street, Suite 1140
Minneapolis, MN 55402-2422
Telephone: 612-339-1601
Fax: 612-339-3372
vvanderweide@hsvwlaw.com

**ZIMMERMAN REED, P.L.L.P.**

Carolyn G. Anderson
Kirsten D. Hedberg
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Telephone: 612-341-0400
Fax: 612-341-0844
cga@zimmreed.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

Richard A. Lockridge
Gregg M. Fishbein
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
gmfishbein@locklaw.com

**APPERSON CRUMP PLC**

Jerome A. Broadhurst, TN BPR 12529
Charles D. Reaves, TN BPR 22550
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119-3954
(901) 260-5133 direct
(901) 435-5133 fax
jbroadhurst@appersoncrump.com

For Helios Select Fund, Inc., a Maryland corporation formerly known as Morgan Keegan Select Fund, Inc., and its three series/portfolios, Helios Select Short Term Bond Fund (formerly known as Regions Morgan Keegan Select Short Term Bond Fund), Helios Select Intermediate Bond Fund (formerly known as Regions Morgan Keegan Select Intermediate Bond Fund), and Helios Select High Income Fund (formerly known as Regions Morgan Keegan Select High Income Fund), as to Helios Select Fund's engagement of the law firms identified above pursuant hereto:

By _____

Kim G. Redding, President of Helios Select Fund, Inc.

-10-

For themselves as to their engagement pursuant hereto by Helios Select Fund, Inc., a Maryland corporation formerly known as Morgan Keegan Select Fund, Inc., and its three series/portfolios, Helios Select Short Term Bond Fund (formerly known as Regions Morgan Keegan Select Short Term Bond Fund), Helios Select Intermediate Bond Fund (formerly known as Regions Morgan Keegan Select Intermediate Bond Fund), and Helios Select High Income Fund (formerly known as Regions Morgan Keegan Select High Income Fund):

**HEAD, SEIFERT & VANDER WEIDE, P.A.**

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

Vernon J. Vander Weide
Thomas V. Seifert
333 South Seventh Street, Suite 1140
Minneapolis, MN 55402-2422
Telephone: 612-339-1601
Fax: 612-339-3372
vvanderweide@hsvwlaw.com

Richard A. Lockridge
Gregg M. Fishbein
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
gmfishbein@locklaw.com

**ZIMMERMAN REED, P.L.L.P.**

**APPERSON CRUMP PLC**

Carolyn G. Anderson
Kirsten D. Hedberg
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Telephone: 612-341-0400
Fax: 612-341-0844
cga@zimmreed.com

Jerome A. Broadhurst, TN BPR 12529
Charles D. Reaves, TN BPR 22550
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119-3954
(901) 260-5133 direct
(901) 435-5133 fax
jbroadhurst@appersoncrump.com

For Helios Select Fund, Inc., a Maryland corporation formerly known as Morgan Keegan Select Fund, Inc., and its three series/portfolios, Helios Select Short Term Bond Fund (formerly known as Regions Morgan Keegan Select Short Term Bond Fund), Helios Select Intermediate Bond Fund (formerly known as Regions Morgan Keegan Select Intermediate Bond Fund), and Helios Select High Income Fund (formerly known as Regions Morgan Keegan Select High Income Fund), as to Helios Select Fund's engagement of the law firms identified above pursuant hereto:

By _____

Kim G. Redding, President of Helios Select Fund, Inc.

-10-

For Helios Select Fund, Inc., a Maryland corporation formerly known as Morgan Keegan Select Fund, Inc., and its three series/portfolios, Helios Select Short Term Bond Fund (formerly known as Regions Morgan Keegan Select Short Term Bond Fund), Helios Select Intermediate Bond Fund (formerly known as Regions Morgan Keegan Select Intermediate Bond Fund), and Helios Select High Income Fund (formerly known as Regions Morgan Keegan Select High Income Fund), (i) nominal defendant/defendants in *Landers* v. *Morgan Asset Management, Inc.*, No. 2:08-cv-02260-SMH-dkv, United States District Court, Western District, by their counsel, as to the portions hereof related to said litigation, and (ii) defendant/defendants in *In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, No. 2:07-cv-02784-SHM-dkv, United States District Court, Western District, by their counsel, as to the portions hereof related to said litigation:

PAUL, HASTINGS, JANOFSKY & WALKER LLP

Kevin C. Logue
75 East 55th Street
New York, New York 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
kevinlogue@paulhastings.com
asadanes@paulhastings.com
*Attorneys for Defendants Helios Select Fund, Inc., Helios Select Short Term Bond Fund, Helios Select Intermediate Bond Fund and Helios Select High Income Fund (formerly Morgan Keegan Select Fund, Inc., Regions Morgan Keegan Select Short Term Bond Fund, Regions Morgan Keegan Select Intermediate Bond Fund and Regions Morgan Keegan Select High Income Fund, respectively)*

EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | MDL Docket No. 2009 |
| This Document Relates to: | Judge Samuel H. Mays, Jr. |
| *In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, No. 2:07-cv-02784-SHM-dkv | Magistrate Judge Diane K. Vescovo |
| and |  |
| *Landers, et al. v. Morgan Asset Management, Inc., et al.*, No. 2:08-cv-02260-SHM-dkv |  |

## NOTICE OF PENDENCY AND PARTIAL SETTLEMENT OF CLASS ACTION

*A federal court authorized this notice. This is not a solicitation from a lawyer*

TO:  (1)  ALL PERSONS OR ENTITIES (INCLUDING TRUST, CUSTODIAL OR OTHER FIDUCIARY ACCOUNTS AND RETIREMENT ACCOUNTS AND PLANS, WHETHER OR NOT SUBJECT TO ERISA) WHO PURCHASED (OR ON WHOSE BEHALF WERE PURCHASED) ONE OR MORE CLASSES OF SHARES IN THE REGIONS MORGAN KEEGAN SELECT SHORT TERM BOND FUND, THE REGIONS MORGAN KEEGAN SELECT INTERMEDIATE BOND FUND, AND/OR THE REGIONS MORGAN KEEGAN SELECT HIGH INCOME FUND ("THE FUNDS") ("PURCHASER SETTLEMENT CLASS") FROM DECEMBER 6, 2004 THROUGH DECEMBER 6, 2007, INCLUSIVE ("PURCHASER SETTLEMENT CLASS PERIOD");

(2)  ALL PERSONS WHO REFRAINED FROM REDEEMING THE FUNDS' SHARES ("REDEMPTION SETTLEMENT CLASS") DURING THE PERIOD FROM MARCH 1, 2007 THROUGH APRIL 30, 2008 ("REDEMPTION SETTLEMENT CLASS PERIOD"); AND

(3)  ALL PERSONS OR ENTITIES WHO WERE SHAREHOLDERS WHEN THE FUNDS WERE LIQUIDATED ("LIQUIDATING SHAREHOLDERS").

PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO A PROPOSED PARTIAL SETTLEMENT OF *IN RE MORGAN KEEGAN OPEN-END FUND LITIGATION* ("THE CLASS ACTION LAWSUIT") AND A REALIGNMENT OF THE PARTIES IN *LANDERS, ET AL. V. MORGAN ASSET MANAGEMENT, INC., ET AL.* ("THE DERIVATIVE LAWSUIT"). THIS NOTICE CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS CONCERNING THE PARTIAL SETTLEMENT. IF YOU ARE A MEMBER OF EITHER OR BOTH SETTLEMENT CLASSES AND DO NOT SUBMIT A TIMELY REQUEST FOR EXCLUSION, YOU WILL REMAIN A MEMBER OF THE SETTLEMENT CLASS OR CLASSES FOR PURPOSES OF THIS PARTIAL SETTLEMENT.

---

**IMPORTANT**

**THIS PARTIAL SETTLEMENT DOES NOT PROVIDE FOR ANY CASH PAYMENTS AT THIS TIME. THERE CAN BE NO ASSURANCE THAT THE CONTINUATION OF THIS LITIGATION WILL RESULT IN ANY CASH PAYMENTS.**

---

I. SUMMARY DESCRIPTION OF THE ACTIONS

The Class Action Lawsuit was commenced on December 6, 2007 on behalf of a class of shareholders of the Regions Morgan Keegan Select Short Term Bond Fund, the Regions Morgan Keegan Select Intermediate Bond Fund and the Regions Morgan Keegan Select High Income Fund (the "Funds") against the Funds and certain other Defendants. The Lead Plaintiffs filed the Consolidated Amended Complaint ("CAC") on November 30, 2009. The CAC alleged seven causes of action, all based on federal law on behalf of the Purchaser and Redemption Settlement Classes. On September 30, 2010, the

Court entered an order granting in part and denying in part Defendants' motions to dismiss. The claims surviving the motion to dismiss allege violations of §§ 11, 12(a)(2) and 15 of the Securities Act of 1933; only the § 11 claim is asserted against the Funds ("§ 11 claim"). The claims dismissed include one that alleged violations of § 10(b) of the Securities Exchange Act of 1934, which also was asserted against the Funds ("§ 10(b) claim"). Plaintiffs seek compensatory or rescissory damages for their losses, prejudgment interest, costs, and reasonable attorneys fees.

The Derivative Lawsuit was commenced on March 28, 2008 on behalf of the Funds. The Plaintiffs in the Derivative Lawsuit are represented by the same attorneys who were appointed to be Lead and Liaison Counsel in the Class Action Lawsuit.


## II.  THE PROPOSED PARTIAL SETTLEMENT OF THE CLASS ACTION LAWSUIT

In settlement of the single claim asserted against them in this litigation, and without admitting or denying liability, the Funds and Morgan Keegan Select Fund, Inc., the open-end management investment company that included the three Funds as separate portfolios (the "Settling Defendants"), have agreed that judgment will be entered against the Funds on the § 11 claim. The effect of such judgment will be to place the Purchaser Settlement Class in the position of a judgment creditor of the Funds with the judgment debt being satisfied solely out of any recovery by the Funds on the claims they will be pursuing directly in the Derivative Lawsuit.

The Funds were liquidated on June 15, 2009, and the applications to de-register the Funds as registered investment companies were filed with the SEC on July 28, 2009. With the exception of a $1.5 million reserve, all of the liquidated assets of the Funds were distributed to the remaining shareholders in the Funds ("Liquidating Shareholders"). The Lead Plaintiffs deemed it impractical in the Class Action Lawsuit to continue pursuing the § 11 claim against the Funds as there are not at

present any Fund assets (other than the Funds' claims asserted in the Derivative Lawsuit) from which a judgment could be satisfied, and the terms of the judgment to be entered pursuant to this Partial Settlement, if approved, make clear that it is payable only out of any recovery on those claims.  The Lead Plaintiffs have concluded that settlement of the § 11 claim against the Funds on terms no less advantageous than would be obtained assuming the successful prosecution of the claim through trial and appeal is in the best interests of the Purchaser Settlement Class.

The § 11 claim and proposed judgment thereon is for the benefit of the Purchaser Settlement Class. The § 10(b) claim asserted for the benefit of the Redemption Settlement Class was dismissed by the Court.  Accordingly, the Partial Settlement does not include a judgment for the benefit of the Redemption Settlement Class. The Partial Settlement includes terms for the benefit of the Redemption Settlement Class if the dismissal of the § 10(b) claim is reversed.

All remaining claims in the Class Action Lawsuit against all remaining Defendants are unaffected by this Partial Settlement and will continue to be prosecuted by the Lead Plaintiffs.

III.  THE MEMORANDUM OF UNDERSTANDING IN THE DERIVATIVE LAWSUIT

The Partial Settlement is governed by the Memorandum of Understanding ("MOU") filed with the Court on November 30, 2010, in the Derivative Lawsuit and is available as described in the last paragraph of this Notice. The MOU includes provisions relating to the judgment on the § 11 claim against the Funds and the dismissed § 10(b) claim. In addition to agreeing to be realigned as Plaintiffs in the Derivative Lawsuit, the Funds have retained Plaintiffs' Counsel to pursue their claims in that lawsuit. Plaintiffs' Counsel and the Funds have agreed to a 20-30% contingent fee based upon a sliding scale tied to the amount of any recovery in the Derivative Lawsuit.  Among other terms, the MOU provides a mechanism that may lead to the dismissal of claims in the Derivative Lawsuit (but

not the Class Action Lawsuit) against the Funds' former independent directors.;  On December 16, 2010, the Court entered an order granting preliminary approval of the MOU.

IV. THE RIGHTS OF SETTLEMENT CLASS MEMBERS

1.   Some of you who receive this notice are both Liquidating Shareholders (you were a shareholder at the time the Funds were liquidated in June 2009 and you received a liquidating distribution in 2009) and members of one or both of the proposed Settlement Classes. The exclusion rights described below are relevant to you as members of the proposed Settlement Classes.

2.   If you are a member of the Settlement Classes in the Class Action Lawsuit, you may receive the benefit of, and you may be bound by the terms of, the proposed Partial Settlement described in this Notice upon the Court's approval of such terms.  If you are a Liquidating Shareholder and are not a member of the Settlement Classes, no additional action is required on your part.

3.   If you do not wish to be included in the Settlement Classes and you do not wish to participate in the proposed Partial Settlement described in this Notice, you may request to be excluded. To do so, you must so state in writing no later than _____, 2011 to the following:

> In Re Regions Morgan Keegan Open-End Mutual Fund Litigation
> c/o The Garden City Group, Inc. Settlement Administrator
> P.O. Box _____
> Melville, NY 11566

> Your exclusion request must set forth:

> (a)   the name of the Action (In re Regions Morgan Keegan Open-End Mutual Fund Litigation, Civil Action No. 2:07-cv-02784-SHM-dkv);

> (b)   your name, address, and telephone number and the name and address of the record owner of your Fund shares if different from your own;

> (c)   the number of Fund shares you purchased or held during the Settlement Class Periods, and the dates of each transaction; and

(d)   that you wish to be excluded from the Settlement Classes.

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE

INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.   ANY

SUCH REQUEST FOR EXCLUSION DOES NOT APPLY TO THE DERIVATIVE LAWSUIT.

4.  If you validly request exclusion from the Settlement Classes: (a) you will be excluded

from the Settlement Classes; (b) you will not be bound by any judgment entered in the Action

relating to the proposed Partial Settlement; and (c) you will not be precluded from otherwise

prosecuting an individual claim, if timely, against Defendants based on the matters complained of

in this Action. If you request exclusion from one of the two Settlement Classes but not both, you will

be excluded from both; you cannot be excluded from one of the Settlement Classes and included in

the other. Any exclusion pursuant to this Notice is for the proposed Partial Settlement only; it does

not apply to any future settlement or other class that may be certified in the Class Action Lawsuit. If

there are any such future classes for which certification is sought, you will be offered the opportunity

to be excluded from such classes at that time.

5.  If you do not request in writing to be excluded from the Settlement Classes as provided

above, you may be bound by any and all determinations or judgments in this Action in

connection with the proposed Partial Settlement, whether favorable or unfavorable to the

Settlement Classes.  If you have a pending lawsuit or arbitration, you may wish to consult your

lawyer in that case immediately about how this Notice and the actions described herein may affect

your rights and interests; you may also wish to consult with Plaintiffs' Lead Counsel identified

below.

6.  If you do not request exclusion from the Settlement Classes as provided above, you

may object to any aspect of the proposed Partial Settlement of the Class Action Lawsuit.  Your

objection must (1) be in writing, (2) include your name, address and telephone number; (3) demonstrate your membership in one or the other of the Settlement Classes, including the number of shares you purchased and the date(s) of such purchases with respect to the Purchaser Settlement Class or the number of shares you held and the date(s) on which you held the shares with respect to the Redemption Settlement Class; (4) state the reasons for your objection and include any factual and/or legal materials that you believe support your objection. To be considered, any objection and supporting materials must be filed with the Court no later than _____, 2011 and sent to:

> Clerk of the Court
> United States District Court
> Western District of Tennessee,
> Western Division Room 242
> Clifford Davis Federal Building
> 167 North Main Street
> Memphis, Tennessee 38103

You must also serve copies of your objection and any supporting materials on Plaintiffs' Lead Counsel and Defendants' Counsel, at the following addresses no later than _____, 2011:

Plaintiffs' Lead Counsel

> Gregg M. Fishbein
> Lockridge Grindal Nauen P.L.L.P.
> 100 Washington Avenue South, Suite 2200
> Minneapolis, MN  55401
> Telephone:  (612) 339-6900
> Fax:  (612) 339-0981
> gmfishbein@locklaw.com

-and-

Defendants' Counsel

Michael L. Dagley
Matthew M. Curley
W. Brantley Phillips, Jr.
BASS BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200

7.  Unless otherwise ordered by the Court, any Settlement Class member who does not submit an objection in the manner set forth above shall be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the proposed Partial Settlement.

8.  You may choose to do nothing at all in response to this Notice.  If you choose this option, you may be bound by any judgment entered by the Court.

9.  If you are a Settlement Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense.  If you wish to do so, your attorney must file a notice of appearance with the Court, and serve copies on Plaintiffs' Lead Counsel and Defendants' Counsel at the addresses listed above, no later than _____, 2011. If you do not hire your own attorney, your interests will be represented by Plaintiffs' Lead Counsel.

10.  If you are a Liquidating Shareholder and a member of the Settlement Class, and if you decide to exclude yourself from the Settlement Classes, you will continue to be a Liquidating Shareholder who may participate in the Derivative Lawsuit and any recovery therein.

## V.  NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

Banks, brokerage firms, institutions, and other Members who are nominees, and who purchased or otherwise acquired Fund shares between December 6, 2004 and December 2007, inclusive, for the beneficial interest of another member are requested within ten (10) days of receipt of this Notice to: (1) provide the Settlement Administrator with the names and addresses of such Class member, or (2) request from the Settlement Administrator copies of this Notice and forward

such copies to each such member and provide the Settlement Administrator with written confirmation of doing so. Plaintiffs' Lead Counsel offers to prepay your reasonable costs and expenses of complying with this provision upon submission of appropriate documentation. Additional postage pre-paid copies of the Notice may be obtained from Plaintiffs' Lead Counsel for forwarding to such beneficial owners. All such correspondence to Plaintiffs' Lead Counsel should be addressed as follows:

> Gregg M. Fishbein
> Lockridge Grindal Nauen P.L.L.P.
> 100 Washington Avenue South, Suite 2200
> Minneapolis, MN  55401
> Telephone:  (612) 339-6900
> Fax:  (612) 339-0981
> gmfishbein@locklaw.com

## VI.  FEES, COSTS, AND EXPENSES OF PLAINTIFFS' COUNSEL

To date, Plaintiffs' Counsel have not received any payment for their services in conducting either the Derivative Lawsuit or the Class Action Lawsuit on behalf of the Plaintiffs and the members of the Settlement Classes, nor have counsel been reimbursed for their out-of-pocket expenses in either case.  As part of seeking approval for this proposed Partial Settlement of the Class Action Lawsuit, Lead Plaintiffs' Counsel are not seeking any payment at this time.  In the event that a recovery is obtained in the Class Action Lawsuit, Lead Plaintiffs' Counsel will seek payment at that time. The MOU includes a contingent attorneys' fee agreement for the Derivative Lawsuit. Compensation of attorneys in both actions is subject to court approval.

## VII.  THE HEARING ON THE PROPOSED PARTIAL SETTLEMENT

1.  A hearing (the "Final Approval Hearing") will take place before the Honorable Samuel H,

Mays, Jr., at the United States District Court for the Western District of Tennessee, Memphis Division, Room 1111, Clifford Davis Federal Building, 167 North Main Street, Memphis, Tennessee 38103, at _____ a.m., on_____, 2011, for the purpose of determining whether (a) the proposed Partial Settlement should be approved as fair, reasonable and adequate; and (b) the Court should enter the Final Judgment against the Settling Defendants. The Court may reschedule the Final Approval Hearing or modify any dates set forth herein without further notice to members of the Settlement Classes.

2. Any member of the Settlement Classes who has not requested exclusion may appear at the Settlement Hearing to show cause why the proposed Partial Settlement should not be approved, or this Action should not be dismissed against the Settling Defendants. However, any Settlement Class member wishing to be heard at the Final Approval Hearing must first file and serve a timely written objection, as described above.

This Notice contains only a summary of the terms of the proposed partial settlement. For a more detailed statement of the matters involved in the Class Action Lawsuit and in the Derivative Lawsuit, reference is made to the pleadings, to the Memorandum of Understanding, and to other papers filed in this Action, which may be inspected at the office of the Clerk of the Court, United States District Court for the Western District of Tennessee, Room 242, Clifford Davis Federal Building, 167 North Main Street, Memphis, Tennessee 38103, during business hours of each business day. In addition, the Consolidated Amended Class Action Complaint, the Memorandum of Understanding, the Notice, and other information are available at the following website: www._____.com.

**DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

If you have any questions about the proposed partial settlement or the Memorandum of

Understanding, you may contact the following Plaintiffs' Lead Counsel:

| | |
|---|---|
| Vernon J. Vander Weide | Gregg M. Fishbein |
| Head, Seifert & Vander Weide, P.A. | Lockridge Grindal Nauen P.L.L.P. |
| 333 South Seventh Street, Suite 1140 | 100 Washington Avenue South, Suite 2200 |
| Minneapolis, MN 55402-2422 | Minneapolis, MN  55401 |
| Telephone: 612-339-1601 | Telephone:  (612) 339-6900 |
| Fax: 612-339-3372 | Fax:  (612) 339-0981 |
| vvanderweide@hsvwlaw.com | gmfishbein@locklaw.com |

Dated: _____, 2011          BY ORDER OF THE COURT
                                               UNITED STATES DISTRICT COURT
                                               WESTERN DISTRICT OF TENNESSEE
                                               WESTERN DIVISION

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | MDL Docket No. 2009 |
| This Document Relates to: | Judge Samuel H. Mays, Jr. |
| *In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, No. 2:07-cv-02784-SHM-dkv | Magistrate Judge Diane K. Vescovo |
| and | |
| *Landers, et al. v. Morgan Asset Management, Inc., et al.*, No. 2:08-cv-02260-SHM-dkv | |

<u>SUMMARY NOTICE</u>

*A federal court authorized this notice.  This is not a solicitation from a lawyer*

TO:    (1)  ALL PERSONS OR ENTITIES (INCLUDING TRUST, CUSTODIAL OR OTHER FIDUCIARY ACCOUNTS AND RETIREMENT ACCOUNTS AND PLANS, WHETHER OR NOT SUBJECT TO ERISA) WHO PURCHASED (OR ON WHOSE BEHALF WERE PURCHASED) ONE OR MORE CLASSES OF SHARES IN THE REGIONS MORGAN KEEGAN SELECT SHORT TERM BOND FUND, THE REGIONS MORGAN KEEGAN SELECT INTERMEDIATE BOND FUND, AND/OR THE REGIONS MORGAN KEEGAN SELECT HIGH INCOME FUND ("THE FUNDS") FROM DECEMBER 6, 2004 THROUGH DECEMBER 6, 2007, INCLUSIVE ( "PURCHASER SETTLEMENT CLASS");

(2)  ALL PERSONS WHO REFRAINED FROM REDEEMING THE FUNDS' SHARES DURING THE PERIOD FROM MARCH 1, 2007 THROUGH APRIL 30, 2008; ( "REDEMPTION SETTLEMENT CLASS"); AND

(3) ALL PERSONS OR ENTITIES WHO WERE SHAREHOLDERS WHEN THE FUNDS WERE LIQUIDATED ("LIQUIDATING SHAREHOLDERS").

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Western District of Tennessee, that a hearing will be held on _____, 2011, at _____ _.m., before the Honorable Samuel H. Mays, Jr. at the Clifford Davis Federal Building , Room 1111, 167 North Main Street, Memphis, Tennessee 38103 , for the purpose of determining whether the proposed Partial Settlement should be approved by the Court as fair, reasonable, and adequate.

If you are a member of either the Purchaser Settlement Class or the Redemption Settlement Class or are a Liquidating Shareholder, your rights may be affected by the partial settlement of this Action. If you have not received a detailed Notice of Pendency and Partial Settlement of Class Action ("Notice"), you may obtain a copy by writing to In re Regions Morgan Keegan Open-End Mutual Fund Litigation, c/o The Garden City Group, Inc., Settlement Administrator, PO Box _____, Melville, NY 11566 or by visiting the website of the Claims Administrator at http://www._____. The Notice contains details about this Action and Partial Settlement, as well as a derivative action on behalf of the Funds, including what you must do to exclude yourself from the Partial Settlement. The Notice also contains details about procedures for objecting to the terms of the Partial Settlement.

If you desire to be excluded from the Class, you must submit a Request for Exclusion postmarked by _____, 2011, in the manner and form explained in the detailed Notice referred to above.  All Members of the Settlement Classes who have not timely and validly requested exclusion from both of the Settlement Classes may be bound by any and all determinations or judgments in this Action in connection with the proposed Partial Settlement, whether favorable or unfavorable to either of the Settlement Classes.

If you desire to object to the Partial Settlement, your objection must be mailed on or before _____, 2011, to: the Court; Lockridge Grindal Nauen P.L.L.P. on behalf of the Lead

Plaintiffs; and Counsel for the Defendants, at the following addresses:

**COURT:**

Clerk of the Court
United States District Court
Western District of Tennessee,
Western Division Room 242
Clifford Davis Federal Building
167 North Main Street
Memphis, Tennessee 38103

**FOR PLAINTIFFS:**

Gregg M. Fishbein
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
Telephone:  (612) 339-6900
Fax:  (612) 339-0981
gmfishbein@locklaw.com

**FOR DEFENDANTS:**

Michael L. Dagley
Matthew M. Curley
W. Brantley Phillips, Jr.
BASS BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Partial Settlement, you may contact Plaintiffs' Counsel at the address listed above.

Dated: _____, 2011          BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
                                              WESTERN DISTRICT OF TENNESSEE