IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

_____
                                                              )
IN RE REGIONS MORGAN KEEGAN           )   No. 2:09-md-02009-SHM
SECURITIES, DERIVATIVE and ERISA       )
LITIGATION                                               )
                                                              )
This Document Relates to:                         )
                                                              )
*In re Regions Morgan Keegan Open-End*     )
*Mutual Fund Litigation*,                              )
No. 2:07-cv-02784-SMH-dvk,                      )
                                                              )
       -and-                                                 )
                                                              )
*Landers* v. *Morgan Asset Management,*    )
*Inc.*, No. 2:08-cv-02260-SMH-dvk.             )
_____)

**REGIONS FINANCIAL CORPORATION'S AND REGIONS BANK'S
SURREPLY IN OPPOSITION TO JOINT MOTION FOR PRELIMINARY
APPROVAL OF PARTIAL SETTLEMENT AND RULE 23.1 NOTICE,
AND FOR FINAL APPROVAL OF MEMORANDUM OF UNDERSTANDING**

Peter S. Fruin
**MAYNARD, COOPER AND GALE, P.C.**
1901 6th Avenue North, Suite 1900
Birmingham, Alabama  35203
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
Email:  pfruin@maynardcooper.com

David B. Tulchin
David E. Swarts
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email:  tulchind@sullcrom.com
Email:  swartsd@sullcrom.com

*Attorneys for Regions Financial Corporation
and Regions Bank*

August 1, 2011

# **TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................................................................................ 2

CONCLUSION ............................................................................................................................. 5

## TABLE OF AUTHORITIES

**Pages**

**RULE**

Tenn. Sup. Ct. R. 8, RPC 1.7 ................................................................................................2, 3, 4

Defendants Regions Financial Corporation ("Regions Financial") and Regions Bank respectfully submit this surreply in opposition to the "Joint Motion for Preliminary Approval of Partial Settlement and Approval of Notice to Settlement Class Members" filed by Lead Plaintiffs,[1] Lead Plaintiffs' Counsel[2] and the Funds[3] in *In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, No. 2:07-cv-02784 (W.D. Tenn.) (Docket No. 309), and the "Joint Motion for Approval of Rule 23.1 Notice to Shareholders and for Final Approval of the Memorandum of Understanding" filed on March 14, 2011 by the Derivative Plaintiffs,[4] Derivative Plaintiffs' Counsel[5] and the Funds in *Landers* v. *Morgan Asset Management, Inc.*, No. 2:08-cv-02260 (Docket No. 103) (the "Joint Motions"). Regions Financial and Regions Bank also join in and incorporate by reference the surreply filed this date by defendants Morgan

---

[1] "Lead Plaintiffs" refers to the "RMK Open-End Fund Group," comprised of the Estate of Kathryn S. Cashdollar, Dajalis Ltd., Jeanette H. Landers, H. Austin Landers and Frank D. Tutor, which the Court appointed as lead plaintiffs on September 30, 2009 in *In re Regions Morgan Keegan Open-End Mutual Fund Litig.*, No. 2:07-cv-02784 (W.D. Tenn.) (the "*Open-End Class Action*"). *See Open-End Class Action*, Docket No. 211 at 16.

[2] "Lead Plaintiffs' Counsel" refers to those appointed as lead and liaison counsel in the *Open-End Class Action*: the law firms of Head Seifert & Vander Weide, P.A., Lockridge Grindal Nauen, PLLP, Zimmerman Reed PLLP, and Apperson Crump PLC. (*See Open-End Class Action*, Docket No. 211 at 16.) Lead Plaintiffs' Counsel are the same lawyers as Derivative Plaintiffs' Counsel. *See* note 5, *infra*.

[3] "Funds" refers to three open-end mutual funds: the Helios Select High Income Fund (f/k/a RMK Select High Income Fund), the Helios Select Intermediate Bond Fund (f/k/a RMK Select Intermediate Bond Fund) and the Helios Select Short Term Bond Fund (f/k/a RMK Select Short Term Bond Fund).

[4] "Derivative Plaintiffs" refers to the named plaintiffs who filed the action *Landers* v. *Morgan Asset Mgmt., Inc.*, No. 2:08-cv-02260 (W.D. Tenn.) ("*Landers*"): H. Austin Landers, Jeanette H. Landers, Charles M. Crump, Diana W. Crump, James H. Frazier, James P. Whitaker and Peggy C. Whitaker. The Estate of Charles M. Crump has since been substituted as plaintiff for Mr. Crump. *See Landers*, Docket No. 97.

[5] "Derivative Plaintiffs' Counsel" refers to the counsel representing Derivative Plaintiffs in *Landers*. Derivative Plaintiffs' Counsel are the same lawyers as Lead Plaintiffs' Counsel. Collectively, Derivative Plaintiffs' Counsel and Lead Plaintiffs' Counsel are referred to herein as "Plaintiffs' Counsel."

Keegan & Company, Inc., Morgan Asset Management, Inc., MK Holding, Inc., and certain individual defendants (the "Morgan Keegan Surreply") in opposition to the same motions.

## ARGUMENT

In their Joint Motions in March 2011, plaintiffs asked the Court to approve an unusual arrangement reflected in what they called the "Memorandum of Understanding" ("MOU"),[6] according to which the Funds (which are now defendants in *Landers*) would be realigned as plaintiffs in *Landers* (MOU, p. 1, ¶ 2) and Plaintiffs' Counsel would represent the Funds in that action (MOU, p. 10). Defendants responded in April 2011 by pointing out that the proposed arrangement created impermissible conflicts of interest in violation of Rule 1.7 of the Tennessee Rules of Professional Conduct, which Plaintiffs' Counsel had apparently failed to recognize. (*See* Declaration of Professor Nancy J. Moore ("Moore Decl."), pp. 9-25, ¶¶ 7-11; Opposition Brief of Morgan Keegan, pp. 21-34; Opposition Brief of Regions Financial and Regions Bank, pp. 3-6.)

In June, after defendants set out these clear conflicts of interest, Plaintiffs' Counsel entered into an Amended Memorandum of Understanding ("AMOU")[7] in an apparent attempt to ameliorate the conflicts of interest that pervade the original MOU. This attempt is insufficient, for the AMOU suffers from the same conflicts of interest that were inherent in the MOU. Although these continuing conflicts are set forth in greater detail in the Morgan Keegan Surreply, we here highlight two important points.

---

[6]   The MOU was first filed in *Landers* on November 30, 2010 at docket number 98-1. For ease of reference, a copy is attached hereto as Exhibit A.

[7]   The AMOU was filed in *Landers* on June 24, 2011 at docket number 126-1. For ease of reference, a copy is attached hereto as Exhibit B.

*First*, the arrangement proposed in the AMOU would create a conflict of interest in violation of Tennessee Rule 1.7(a)(1) because "the representation of one client will be directly adverse to another client."[8]  Plaintiffs' Counsel have apparently attempted to address this conflict by: (i) omitting from the AMOU the contingency stated in ¶ 1.5.b of the original MOU concerning the § 11 judgment; (ii) providing in the AMOU that, if reinstated, the § 10b claims against the Funds will be settled on the same basis as the § 11 claims; and (iii) stating in plaintiffs' reply brief that Plaintiffs' Counsel does not currently intend to seek discovery from the Funds.  (*See* Supplemental Declaration of Professor Nancy J. Moore ("Moore Supp. Decl."),[9] pp. 2-3, ¶ 3; AMOU, p. 1, ¶ 5; AMOU, p. 3, ¶ 13; Plaintiffs' Reply Brief in Support of Joint Motions, p. 54.)  These amendments, however, do nothing to resolve the fundamental problem:  under the terms of the AMOU, as under the terms of the original MOU, the same lawyers will (a) represent the Funds as plaintiffs in *Landers* and at the same time (b) represent a class that is suing the Funds as defendants in the *Open-End Class Action*. (Moore Supp. Decl., pp. 2-5, ¶¶ 3-9; AMOU, p. 1, ¶ 2; AMOU, p. 10.)

---

[8]  Rule 1.7 of the Tennessee Rules of Professional Conduct provides in relevant part:

   (a)   Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:
      (1)   the representation of one client will be directly adverse to another client; or
      (2)   there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
   (b)   Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
      (1)   the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
      (2)   the representation is not prohibited by law;
      (3)   the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
      (4)   each affected client gives informed consent, confirmed in writing.

Tenn. Sup. Ct. R. 8, RPC 1.7 (as amended September 29, 2010 and effective January 1, 2011).

[9]  The Supplemental Declaration of Professor Nancy J. Moore accompanies the Morgan Keegan Surreply filed this date.  For ease of reference, a copy is attached hereto as Exhibit C.

3

*Second*, the arrangement proposed in the AMOU would create a further conflict of interest in violation of Tennessee Rule 1.7(a)(2) because "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." Plaintiffs' Counsel have apparently attempted to address this conflict by noting in the AMOU that the new Board of Directors may choose to distribute any recovery pro rata among the current shareholders ("Liquidating Shareholders") and shareholders who have sold their shares ("Former Shareholders"). (Moore Supp. Decl., pp. 5-10, ¶¶ 10-18; AMOU, pp. 1-2, ¶¶ 4, 6.) However, under the terms of the AMOU, as under the terms of the original MOU, Plaintiffs' Counsel will still determine the allocation of any recovery in *Landers* between the Funds, which would flow to Liquidating Shareholders, and the proposed settlement classes in the *Open-End Class Action*, which include both Liquidating Shareholders and Former Shareholders. (Moore Supp. Decl., pp. 5-10, ¶¶ 10-18; AMOU, pp. 1-2, ¶¶ 5(b), 6(b).) The AMOU therefore does nothing to resolve Plaintiffs' Counsel's conflicted loyalties to the Funds, which have an interest in maximizing recovery on behalf of Liquidating Shareholders, and to the proposed settlement classes, which include both Liquidating Shareholders and Former Shareholders.[10]

---

[10] Additionally, the AMOU fails to resolve the conflict issues created by Plaintiffs' Counsel's fee structure. Although the AMOU reduces the fee structure set forth in the MOU, Plaintiffs' Counsel will still obtain as legal fees for themselves 20% of the first $250 million of any recovery in *Landers* -- a huge sum of $50 million. (AMOU, p. 6, ¶ 1.) Despite the addition of a provision subjecting the fee structure to Court approval (AMOU, p. 6, ¶ 2), Plaintiffs' Counsel remain free, and indeed have every incentive, to allocate a larger amount of any recovery to *Landers*, where there is a set fee schedule, than to the *Open-End Fund Class Action*, where there is no set fee schedule.

4

## **CONCLUSION**

For the reasons set forth herein and in the Morgan Keegan Surreply, Regions Financial and Regions Bank respectfully request that the Joint Motions be denied.

Dated:  August 1, 2011

Respectfully Submitted,

  /s/ Peter S. Fruin

Peter S. Fruin
**MAYNARD, COOPER AND GALE, P.C.**
1901 6th Avenue North, Suite 1900
Birmingham, Alabama  35203
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
Email:  pfruin@maynardcooper.com

David B. Tulchin
David E. Swarts
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile:  (212) 558-3588
Email:  tulchind@sullcrom.com
Email:  swartsd@sullcrom.com

*Attorneys for Regions Financial Corporation and Regions Bank*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and attached exhibits were electronically filed this 1st day of August 2011, using the CM/ECF system which will automatically serve a copy of this pleading on all parties of record.

                                             /s/ Peter S. Fruin
                                                Peter S. Fruin