IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

_____

| | | |
|---|---|---|
| IN RE REGIONS MORGAN KEEGAN | ) | No. 2:09-md-02009-SHM |
| SECURITIES, DERIVATIVE and ERISA | ) | |
| LITIGATION | ) | |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| *In re Regions Morgan Keegan Open-End* | ) | |
| *Mutual Fund Litigation,* | ) | **ORAL ARGUMENT REQUESTED** |
| No. 2:07-cv-02784-SHM-dkv | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| *Landers v. Morgan Asset Management,* | ) | |
| *Inc.*, No. 2:08-cv-02260-SHM-dkv | ) | |

_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS', LEAD PLAINTIFFS'
AND FUNDS' JOINT MOTION TO STRIKE THE DECLARATION AND
<u>SUPPLEMENTAL DECLARATION OF NANCY J. MOORE</u>**

BASS BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200

BASS BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, Tennessee  38103-3672
(901) 543-5900

*Attorneys for Defendants Morgan
Keegan, MK Holding, Inc., &
Morgan Asset Management, Inc.*

SUTHERLAND, ASBILL &
BRENNAN LLP
999 Peachtree Street N.E.
Atlanta, GA 30309-3996
(404) 853-8000

*Attorney for the Individual
Defendants*

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

MAYNARD COOPER & GALE PC
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203
(205) 254-1000

*Attorneys for Regions Financial Corporation
and Regions Bank*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ........................................................................................................3

I.   Professor Moore Is Eminently Qualified to Render the Opinions Set Forth In Her
     Declarations. ..............................................................................................3

     A.  Professor Moore's Qualifications ...........................................................3

     B.  Professor Moore's Expert Opinions.........................................................5

     C.  The District Court's Opinion in *SFC* Has No Bearing on Professor Moore's
         Qualifications as an Expert in the Field of Legal Ethics and Professional
         Responsibility. ....................................................................................6

II.  Rule 26(a)(2) Does Not Require the Disclosure of the Information Sought by  Movants and
     Provides No Basis for the Requested Relief. ..................................................9

     A.  Rule 26(a)(2) Is Inapplicable. .............................................................10

     B.  Any Inadvertent Omission Would Be Substantially Justified And Harmless. .................13

     C.  Movants' Accusations that Defendants' Counsel Engaged in Intentional
         Misconduct Are Equally Baseless. ......................................................13

III. Professor Moore's Declarations Properly Assert Her Opinion on the Violations of  Rule 1.7
     of the Tennessee Rules of Professional Conduct Resulting from the Terms of  the MOU and
     AMOU. .............................................................................................16

IV.  Movants' Motion to Strike Warrants an Award of Sanctions and/or Attorneys' Fees. ...........17

CONCLUSION .....................................................................................18

## TABLE OF AUTHORITIES

Page(s)

CASES

*Apple Corps Ltd. v. Int'l Collectors Soc'y*,
   25 F. Supp. 2d 480 (D.N.J. 1998) ........................................................17

*Atkinson v. Kofoed*,
   2008 WL 508410 (E.D. Cal. Feb. 22, 2008)................................... 12-13

*Chotiner v. Phila. Hous. Auth.*,
   2004 U.S. Dist. LEXIS 25436 (E.D. Pa. Dec. 15, 2004).......................17

*City of Owensboro v. Ky. Utilities Co*,
   2008 U.S. Dist. LEXIS 79292 (W.D. Ky. Oct. 8, 2008) .......................10

*Concrete Materials Corp. v. C.J. Mahan Constr. Co.*,
   110 F.3d 63 (6th Cir. 1997) ...................................................................12

*Dennis v. Sherman*,
   2010 WL 1957236 (W.D. Tenn. May 12, 2010) .....................................13

*EEOC v. Burlington N. & Santa Fe Rwy. Co.*,
   2009 WL 1531019 (W.D. Tenn. May 26, 2009) .......................................9

*Estate of William I. Allison v. Scoggins*,
   2011 WL 650383 (W.D.N.C. Feb. 10, 2011) .........................................12

*Ewert v. eBay, Inc.*,
   2010 WL 4269259 (N.D. Cal. Oct. 25, 2010).........................................11

*Florists' Mut. Ins. Co. v. Lewis Taylor Farms, Inc.*,
   2008 WL 875493 (M.D. Ga. Mar. 27, 2008) ..........................................10

*Foreman v. American Road Lines, Inc.*,
   623 F. Supp. 2d 1327 (S.D. Ala. 2008)...................................................14

*Hall v. Liberty Life Assurance Co.*,
   595 F.3d 270 (6th Cir. 2010) ............................................................ 17-18

*Hovenkotter v. Safeco Ins. Co. of Ill.*,
   2010 WL 3984828 (W.D. Wash. Oct. 11, 2010) ....................................10

*In re M&F Worldwide Corp. Shareholders Litig.*,
   799 A.2d 1164 (Del. Ch. 2002).............................................................17

*In re Mercedes-Benz Anti-Trust Litigation*,
    225 F.R.D. 498 (D.N.J. 2005) ........................................................................ 10-11

*In re Student Finance Corp.*,
    2007 U.S. Dist. LEXIS 95882 (D. Del. May 25, 2007) ................................. *passim*

*Liberty Twp. Tea Party v. IBEW*,
    2010 U.S. Dist. LEXIS 142839 (S.D. Ohio Oct. 18, 2010) .....................................17

*Lohnes v. Level 3 Commc'ns, Inc.*,
    272 F.3d 49 (1st Cir. 2001) ...................................................................................11

*Mickens v. Taylor*,
    535 U.S. 162 (2002) ..............................................................................................17

*Miller v. City of Cincinnati*,
    709 F. Supp. 2d 605 (S.D. Ohio 2008) .................................................................17

*Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc.*,
    67 F. Supp. 2d 293 (S.D.N.Y. 1999) ....................................................................11

*Strougo v. BEA Assocs.*,
    188 F. Supp. 2d 373 (S.D.N.Y. 2002) ..................................................................11

*UAW v. Gen. Motors Corp.*,
    235 F.R.D. 383 (E.D. Mich. 2006) .......................................................................10

*Union Ins. Co. v. Delta Casket Co.*,
    2009 WL 6366865 (W.D. Tenn. Nov. 30, 2009) ....................................................9

*Wilcox v. City of Phoenix*,
    2009 WL 3174758 (D. Ariz. Sept. 29, 2009) ........................................................13

## STATUTES & RULES

28 U.S.C. § 1927 ......................................................................................................17

Fed. R. Civ. P. 26(a)(2) .................................................................................... *passim*

Fed. R. Civ. P. 37(c)(1) ......................................................................................9, 13

Fed. R. Civ. P. 56(e) ................................................................................................11

Tenn. R. of Prof. Conduct 1.7 .......................................................................... *passim*

**OTHER AUTHORITIES**

8A Charles Wright, Arthur Miller & Richard Marcus, *Federal Practice & Procedure* §
    2301.1 (3d ed. 2010) ............................................................................................................11

Defendants Morgan Keegan & Company, Inc., Morgan Asset Management, Inc., MK Holding, Inc., the Individual Defendants,[1] Regions Financial Corporation and Regions Bank ("Defendants") respectfully submit this opposition to the Plaintiffs' and the Funds' Joint Motion to Strike the Declaration and Supplemental Declaration of Nancy J. Moore ("Motion to Strike" (*Open-End Class Action*, Doc. No. 363; *Landers*, Doc. No. 140)).

## PRELIMINARY STATEMENT

Professor Nancy J. Moore, a nationally recognized expert in the field of legal ethics and professional responsibility, has opined in two declarations that the conflicts resulting from the arrangements proposed by Plaintiffs and the Funds – first in their Memorandum of Understanding ("MOU"), and as later modified in their Amended Memorandum of Understanding ("AMOU") – violate Rule 1.7 of the Tennessee Rules of Professional Conduct. The Motion to Strike filed by Plaintiffs and the Funds ("Movants") confirms that they cannot refute those opinions on their merits.  Movants have chosen instead to launch an entirely unjustified diversionary attack on the professional reputation of Professor Moore.

The conflicts identified by Professor Moore doom Movants' proposed settlement.  Faced with this reality, Movants first made cosmetic changes to the terms of the original MOU and attempted to distort the factual record about the manner in which the Funds were liquidated.[2] Apparently sensing that those maneuvers have no chance of success, Movants stoop to a new low.  Using a misinterpretation of Rule 26 as their pretext, Movants now accuse a nationally

---

[1]    The Individual Defendants include Allen B. Morgan, Jr., J. Kenneth Alderman, Thomas R. Gamble, Charles D. Maxwell, Brian B. Sullivan, Joseph C. Weller, J. Thompson Weller, Michele F. Wood, James C. Kelsoe, Jr., David H. Tannehill, G. Douglas Edwards and David M. George.

[2]    (*See generally* Defs.' Sur-Reply in Opp. to Joint Mot. for Prelim. Approval of Partial Settlement and Joint Mot. for Approval of Rule 23.1 Notice to Shareholders and for Final Approval of the Mem. of Understanding (*Open-End Class Action*, Doc. No. 356; *Landers*, Doc. No. 135) (discussing the changes to the MOU and Plaintiffs' newly-stated theory regarding the Funds' liquidation).)

recognized expert in the field of legal ethics of intentional professional misconduct, "ethical transgressions" and "deception."   There is nothing to support these irresponsible accusations. Not surprisingly, Movants' accusations are unaccompanied by reference to any applicable rule, statute or cannon of professional conduct that Professor Moore allegedly violated, because none exists.

Despite what Movants would have this Court believe, Rule 26(a)(2), on its face, has no application to the expert declarations submitted by Professor Moore.   Nor does it require her to have included any additional information in her declarations.   Not a single case cited in the Motion to Strike supports the application of Rule 26(a)(2) in this context.   And, no order otherwise has been entered by this Court that would trigger any disclosures under Rule 26(a)(2).

The supposed factual basis of Movants' Motion to Strike illustrates the shortcomings of Movants' arguments even more starkly.   The district court's opinion in *In re Student Finance Corp.*, 2007 U.S. Dist. LEXIS 95882 (D. Del. May 25, 2007) ("*SFC*"), the case to which Movants cite in support of their accusations of professional misconduct on the part of Professor Moore, is utterly devoid of any suggestion that Professor Moore engaged in any sort of wrongdoing, let alone the sort of knowing and intentional wrongdoing of which Movants now accuse her.   Rather, the district court's opinion makes it abundantly clear that its decision to strike the expert reports at issue was the result of the conduct of the party that had retained Professor Moore and the other experts, and not the experts themselves.

Moreover, even if Movants' contorted interpretation of Rule 26(a)(2) were accepted as correct, Professor Moore would not be required to disclose her expert report in *SFC*.   Professor Moore authored a *report* in *SFC*; she did not offer any sort of trial or deposition testimony, affidavit or declaration.   Contrary to the misimpression Movants undoubtedly hope to create by

characterizing Professor Moore's report in *SFC* as a "declaration," Rule 26(a)(2) does not require the disclosure of a report at any point in proceedings, as it applies only to "cases in which . . . the witness testified as an expert at trial or deposition." Fed. R. Civ. P. 26(a)(2)(B)(v).

Standing alone, Movants' baseless accusations concerning Professor Moore should be enough to require close scrutiny of whether Movants and their counsel should be sanctioned for filing this Motion to Strike. But, Movants do not stop there. Movants also accuse undersigned counsel of intentional wrongdoing with respect to these issues. This accusation is completely false and reflects poorly on the accusers, not the accused.

## ARGUMENT

### I.     Professor Moore Is Eminently Qualified to Render the Opinions Set Forth In Her Declarations.

#### A.     Professor Moore's Qualifications

Professor Moore is a nationally-recognized expert in the field of legal ethics and professional responsibility. For more than thirty years and for the vast majority of her legal career since graduating from Columbia Law School, Professor Moore has focused her teaching, lecturing and scholarship on these subjects. *See* Declaration of Nancy J. Moore ("Moore Dec.") ¶ 2 (*Open-End Class Action*, Doc. No. 320; *Landers*, Doc. No. 111). Professor Moore is currently a Professor of Law and Nancy Barton Scholar at Boston University School of Law and has been a tenured full professor at Boston University School of Law since 1999. *Id.* ¶ 1. From 1976 through December 1998, Professor Moore taught at Rutgers School of Law-Camden, as an assistant professor, tenured associate professor, associate dean for academic affairs, and tenured full professor. *Id.* As a law professor for more than thirty years, she has regularly taught the basic course on Professional Responsibility at both Boston University School of Law and Rutgers School of Law and teaches a seminar on Lawyering in the 21st Century. *Id.* ¶ 2.

Of course, there are additional facts establishing that Professor Moore is one of our nation's top experts in this field.  From 1999 through 2002, Professor Moore served as Reporter and Chief Reporter to the American Bar Association's ("ABA") Commission on Evaluation of Professional Rules of Conduct, which conducted a comprehensive review of the ABA Model Rules and recommended extensive amendments, most of which were adopted by the ABA House of Delegates in 2002.  *Id.*  She has served – for the past 16 years – as Chair of the Multistate Professional Responsibility Test Drafting Committee.  *Id.*  From 1989 through 2000, Professor Moore was an adviser to the American Law Institute's Restatement of the Law (Third) Governing Lawyers, and from 2005 through 2009, she was a member of the Members' Consultative Group with respect to the ALI's recently published *Principles of Aggregate Litigation*.  *Id.*  Professor Moore has twice served as Chair of the Association of American Law Schools' ("AALS") Section on Professional Responsibility and has lectured and written extensively on the subject of legal ethics and professional responsibility, including the subject of ethics in class action litigation.  *Id.*; *see also id.* Ex. A (*curriculum vitae* of Professor Nancy J. Moore).[3]  It is nothing short of bizarre to suggest that a scholar with this background is anything other than eminently qualified to render an opinion in the exact subject of relevance to this action.

Professor Moore has been recognized by courts in over 15 cases as an expert testifying at trial or hearing on the subject of legal ethics and has testified in over 35 cases as an expert on that subject via deposition and declaration in various courts in Florida, New Jersey, Maine, Maryland, Massachusetts, New York and Pennsylvania and numerous federal courts.  *Id.* ¶ 3; *see also* Second Supplemental Declaration of Nancy J. Moore ("Sec. Supp. Moore Dec.") ¶ 2

---

[3] For the convenience of the Court, Professor Moore's *curriculum vitae* is attached hereto as Exhibit A.

(attached hereto as Exhibit B).[4]   Simply stated, it would be difficult to find an expert with credentials and experience in the area of legal ethics and professional responsibility surpassing those of Professor Moore's qualifications.

### B.    Professor Moore's Expert Opinions

After reviewing the Movants' MOU and related pleadings, Professor Moore offered her expert opinion that the arrangements at issue in the MOU violated Rule 1.7 of the Tennessee Rules of Professional Conduct.   Moore Dec. ¶ 7.   Professor Moore's declaration identifies the facts that she had been asked to assume and included a listing of all materials she considered in the formation of her opinions.   *Id.* ¶¶ 5(a)-(w), 6.   Based on the materials she reviewed and the assumed facts, and in light of her experience and background in the field of legal ethics and professional responsibility, Professor Moore opined that the arrangements in the Movants' MOU violate Rule 1.7 because Plaintiffs' Counsel would be simultaneously representing clients who are directly adverse to each other and Plaintiffs' Counsel's representation of each client would be materially limited by the Counsel's responsibilities to their other clients and because the MOU created numerous and severe conflicts of interest.   *See, e.g., id.* ¶¶ 7-9.

After receiving Professor Moore's expert opinion, Movants made no attack on her qualifications to render an opinion in this matter, and instead seemed to concede her points were valid ones by making several changes to the MOU and submitting their AMOU to the Court.[5]   In

---

[4]      Notwithstanding Professor Moore's initial declaration unequivocally setting forth her experience, *see* Moore Dec. ¶ 3, Movants make the assertion – which they must have known is false – that the *SFC* case is "her single prior expert witness engagement" or that it "appears to have been her only previous engagement as a testifying expert."  (Mem. in Support of Mot. to Strike at 1, 3.)

[5]      (*See* Joint Report of the Nominal Defs., Derivative Pls., and Lead Pls. and Amendment to (1) Joint Mot. for Preliminary Approval of Partial Settlement and (2) Joint Mot. for Approval of Rule 23.1 Notice to Shareholders and for Final Approval of the Am. Mem. of Understanding (*Open-End Class Action*, Doc. No. 337; *Landers*, Doc. No. 126)).

attempting to explain away the conflicts identified by Professor Moore, Plaintiffs' reply memorandum also included a new theory regarding the manner and timing of the Funds' liquidation – a theory not shared by the Funds themselves.  Plaintiffs also proffered the opinion of a practicing attorney (Mr. Mark Hayes) in support of their Motion for Approval.  As Defendants explain in a previous pleading, Mr. Hayes's opinion was based on a misstatement of inapplicable Tennessee law and assumptions of fact that appear nowhere in the record.[6]

In response to the changes included in the AMOU and to address certain erroneous statements and assumptions in Mr. Hayes's declaration, Professor Moore prepared a supplemental declaration for submission to the Court.  Her supplemental declaration confirmed that nothing in the AMOU altered her expert opinion that the arrangements set forth in the terms of the Movants' proposed settlement violated Rule 1.7.  *See* Supplemental Declaration of Nancy J. Moore ("Moore Supp. Dec.") ¶ 2 (*Open-End Class Action*, Doc. No. 352-2; *Landers*, Doc. No. 131-2).  Professor Moore also explained that Mr. Hayes's opinion regarding Comment [25] to Rule 1.7, which concerns whether a client can consent to conflicts like those at issue here, was incorrect.  *Id.* ¶¶ 21-22.  As with her initial declaration, Professor Moore lays out the basis for her expert opinion in the supplemental declaration in extensive detail.  *See, e.g.*, *id.* ¶¶ 3-20.

### C.     The District Court's Opinion in *SFC* Has No Bearing on Professor Moore's Qualifications as an Expert in the Field of Legal Ethics and Professional Responsibility.

Movants assert that "Professor Moore's conduct in the [*SFC*] case and in this matter disqualifies her from rendering opinions on the professional ethics of others . . . ."  (Mot. to Strike at 2.)  This is complete nonsense.  The district court's opinion in *SFC* makes no reference, of any sort, to the conduct of Professor Moore or any of the other experts at issue in that action.

---

[6]     (*See* Defs.' Sur-Reply in Opp. to Joint Mot. for Preliminary Approval of Partial Settlement and Joint Mot. for Approval of Rule 23.1 Notice to Shareholders and for Final Approval of the Mem. of Understanding at 9, 21, 24 (*Open-End Class Action*, Doc. No. 356 ; *Landers*, Doc. No. 135).)

The district court never said that Professor Moore engaged in any misconduct; it instead struck the expert reports because of the conduct of plaintiffs themselves (Royal Indemnity Co. and a bankruptcy trustee).  As the district court explained: "Plaintiffs have exposed three of their testifying experts to confidential mediation statements made by Defendants. . . . Plaintiffs have introduced to the adjudicative process matters that are supposed to be shielded from the Court." *SFC*, 2007 U.S. Dist. LEXIS 95882, at *6.

In *SFC*, the motion to strike filed by Pepper Hamilton focused exclusively on the actions of Royal Indemnity and the bankruptcy trustee.  The moving brief contains no allegation that Professor Moore or any other expert had engaged in any misconduct or other unethical or unprofessional behavior.  *See* Declaration of J. Broadhurst ("Broadhurst Dec.") Ex. 4 (*SFC*, Br. in Support at 9 (alleging that plaintiffs' conduct "tainted their experts") (*Open-End Class Action*, Doc. No. 363-2; *Landers*, Doc. No. 140-2).

Movants ignore these facts and make assertions that the very documents that they themselves supplied to this Court show to be absolutely false.  The district court's opinion and Pepper Hamilton's motion in *SFC* each clearly demonstrates that Professor Moore did not engage in "improper professional conduct," as Movants irresponsibly allege.[7]

Likewise, Movants' effort to create the misimpression that Professor Moore somehow "persisted in proceeding with her report" in the face of a request to withdraw her report is equally remarkable.  As the pleadings in *SFC* make clear, the defendants purportedly requested that *the plaintiffs* withdraw the reports at issue.  There is no indication that any such request was made to Professor Moore or that Professor Moore had any knowledge of the dispute regarding

---

[7]     Movants' unbridled efforts to tar Professor Moore's professional reputation do not stop there. Not content with the foregoing misstatements, Movants allege that Professor Moore willfully abandoned her ethical obligations "[i]n her apparent zeal to deliver on her engagement in [*SFC*]."  (Mem. in Support of Mot. to Strike at 5.)  This statement simply requires no response based on the record before this Court.

the expert reports at issue.  Indeed, Professor Moore had no knowledge of this dispute until after the district court issued its order in *SFC*.  *See* Sec. Supp. Moore Dec. ¶ 6.

In the face of the foregoing, Movants' stridently accuse Professor Moore of engaging in unethical behavior and professional misconduct in *SFC*, yet fail to identify any statute, rule, or cannon or rule of professional conduct that Professor Moore allegedly violated.  This alone sheds considerable light on the tactics to which Movants now resort.  Moreover, as the district court's opinion in *SFC* suggests, it is the responsibility of counsel for the party retaining the expert to determine what materials should be provided to that expert in connection with the preparation of their report.  This is consistent with Professor Moore's standard practice.  As Professor Moore explains, it is her usual practice to rely on retaining counsel to determine the propriety of providing her with statements and documents to be reviewed with respect to the formation of her opinion.  *See* Sec. Supp. Moore Dec. ¶ 5.  This is the very practice she followed in the *SFC* case. *See id.*

Professor Moore's practice makes perfect sense.  Unlike counsel for a party in an action, a retained expert will not have the benefit of knowing what documents or information may or may not have been properly included in the materials provided to that expert, what agreements may or may not have been reached among counsel regarding particular documents, or how certain confidentiality or privilege concerns might inform whether particular documents have been properly shared with the expert.  All that is required of the expert is to disclose the facts or data that the expert has reviewed in connection with the formation of their opinion.  Movants' attempt to impose a heightened standard on experts, and Professor Moore in particular, makes no sense and must be rejected.

As set forth above and in Professor Moore's *curriculum vitae* and initial declaration, Professor Moore is eminently qualified to render an opinion on the ethical implications of the MOU and AMOU under the Tennessee Rules of Professional Conduct.  Nothing in *SFC* even remotely suggests otherwise.

## II.     Rule 26(a)(2) Does Not Require the Disclosure of the Information Sought by Movants and Provides No Basis for the Requested Relief.

Movants also argue that this Court should strike Professor Moore's declarations under Rule 37(c)(1) based on an alleged failure by Defendants and/or Professor Moore to provide information required under Rule 26(a)(2).  Under any circumstances, such relief would be considered drastic.[8]  Here, it goes well beyond drastic in view of the fact that the plain text of Rule 26(a)(2) shows that there is no basis whatsoever for Movants' request.  The rule on which Movants rely to support their demand for the disclosure of additional information provides: "[A] party must disclose to the other parties the identity of any witness it may use at trial . . . ."  Fed. R. Civ. P. 26(a)(2)(A); *see also* Fed. R. Civ. P. 26(a)(2)(D) (tying Rule 26(a)(2) disclosures to trial date).  As discussed further below, Professor Moore has not been retained as an expert expected to testify at trial on the merits of the underlying litigation, rendering Rule 26(a)(2) inapplicable with respect to her.  Moreover, even if Movants had read the rule correctly, Professor Moore did not offer a "declaration" in *SFC*, as Movants incorrectly assert.  (*See* Mem. in Support of Mot. to Strike at 4 (incorrectly asserting that "[Professor Moore's *declaration* was stricken by the Court) (emphasis supplied).)  Rather, Professor Moore authored an expert report,

---

[8]      *See Union Ins. Co. v. Delta Casket Co.*, 2009 WL 6366865, at *3 (W.D. Tenn. Nov. 30, 2009) ("[P]reclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with caution.") (quoting *Thorne v. Lelles*, 463 F. Supp. 2d 760, 770 (S.D. Ohio 2006)) (Mays, J.); *EEOC v. Burlington N. & Santa Fe Rwy. Co.*, 2009 WL 1531019, at *2 (W.D. Tenn. May 26, 2009) (same).

a document which is outside the scope of Rule 26(a)(2) under any reading of that Rule.  *See* Sec. Supp. Moore Dec. ¶ 4.

A.      **Rule 26(a)(2) Is Inapplicable.**

Rule 26(a)(2) contemplates the disclosure of certain information regarding expert witnesses only in two instances:  (1) where an expert witness will be used "at trial to present evidence under Federal Rule of Evidence 702, 703, or 705," Fed. R. Civ. P. 26(a)(2)(A); or (2) where disclosure of expert witnesses is "otherwise stipulated or ordered by the court," Fed. R. Civ. P. 26(a)(2)(B).[9]  Neither situation exists here.

In addition to the plain language of Rule 26(a)(2), case law is equally clear that there is no obligation to produce the allegedly omitted information under the circumstances at issue here. Rule 26(a)(2) "is a *trial*-oriented discovery rule and disclosures under the rule are required only 'at the times and in the sequence directed by the court' or 'at least 90 days from the trial date or the date the case is to be ready for trial.'"  *See UAW v. Gen. Motors Corp.*, 235 F.R.D. 383, 388 (E.D. Mich. 2006); *see also City of Owensboro v. Ky. Utils. Co.*, 2008 U.S. Dist. LEXIS 79292 (W.D. Ky. Oct. 8, 2008) (refusing to strike an expert affidavit submitted in opposition to a *Daubert* motion after deadlines established by Rule 26(a)(2)(B) because Rule 26(a)(2)(B) establishes trial-oriented deadlines); *Florists' Mut. Ins. Co. v. Lewis Taylor Farms, Inc.*, 2008 WL 875493, at *16 n.12 (M.D. Ga. Mar. 27, 2008) ("Expert testimony that does not comply with [Rule 26] is therefore only excluded at trial and may be properly considered on a *Daubert* determination."); *In re Mercedes-Benz Anti-Trust Litigation*, 225 F.R.D. 498, 505 (D.N.J. 2005)

---

[9]      Case management orders and/or scheduling orders must explicitly apply the requirements of Rule 26(a)(2)(B) to experts not intended to testify at trial in order for that rule to apply to such experts.  Where the court does not explicitly extend those requirements to particular expert disclosures, courts typically do not require parties to abide by the requirements of Rule 26(a)(2).  *See, e.g.*, *Hovenkotter v. Safeco Ins. Co. of Ill.*, 2010 WL 3984828, at *3 (W.D. Wash. Oct. 11, 2010) ("The court was not explicit in its order bifurcating discovery as to the extent of detail required for the expert disclosures on class certification and therefore will not hold either party to the standard set forth in  Rule 26(a)(2)(B).").

(refusing to strike expert testimony filed in support of a motion for partial summary judgment because "Rule 26(a)(2) specifically applies to disclosure of experts to be used at trial and the Case Management Order did not require expert disclosure until [a later date]"); 8A Charles Wright, Arthur Miller & Richard Marcus, *Federal Practice & Procedure* § 2301.1, at 41 (3d ed. 2010) ("Because the disclosure requirement is keyed to trial, and absent a different directive from the court does not come into play until 90 days before trial, it may not apply to use of experts in various pretrial or nontrial activities.").

Where, as here, there is no order by the Court expressly requiring Rule 26 disclosures concerning experts at the class certification stage, Rule 26(a)(2) is simply not applicable. This issue was considered recently by the district court in *Ewert v. eBay, Inc.*, 2010 WL 4269259 (N.D. Cal. Oct. 25, 2010). In denying a motion to strike based on an alleged failure to comply with Rule 26(a)(2) in connection with class certification, the district court reiterated what Rule 26(a)(2) plainly states: "Rule 26(a)(2) only deals with disclosure of expert witnesses that parties intend to use at trial. . . . Rule 26(a)(2) does not require advance disclosure of expert witness reports for use in class certification briefing." *Id.* at *13.

The declarations of Professor Moore also do not speak to the merits of the underlying litigation.[10] They instead pertain to the conflict issues inherent in Lead Plaintiffs' Counsel's dual

---

[10]    In certain instances, courts have required the information required by Rule 26 to be disclosed in connection with motions for summary judgment (i.e., an adjudication on the merits). *See, e.g.*, *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). The rationale for extending the requirements of Rule 26 in the context of a summary judgment motion stems from Rule 56. Under Rule 56(e), the Court must only consider evidence that would be admissible at trial in support of or opposition to a motion for summary judgment. *See, e.g.*, *Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc.*, 67 F. Supp. 2d 293, 298 (S.D.N.Y. 1999) (declining to consider the affidavit of a previously undisclosed expert in connection with a summary judgment motion because Rule 56 permits consideration of only affidavits containing admissible evidence upon a showing that the affiant is competent to testify). Even in the context of summary judgment, other district courts have found that "there is no requirement that a party disclose its experts prior to filing a motion for summary judgment." *Strougo v. BEA Assocs.*, 188 F. Supp. 2d 373, 380 (S.D.N.Y. 2002).

representation of the Funds and Plaintiffs, and of putative class members with competing interests.  Furthermore, the Court has not issued any order requiring the disclosure of expert witnesses in accordance with Rule 26(a)(2) for purposes of this briefing.  (*See Open-End Class Action*, Scheduling Order (Doc. No. 289) (Dec. 16, 2010).)   Rule 26(a)(2) is thus plainly inapplicable.

In addition to the foregoing, Rule 26(a)(2) only requires disclosure of "cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."  Fed. R. Civ. P. 26(a)(2)(B)(v).  The allegedly omitted matter upon which Movants base their Motion to Strike was not an instance in which Professor Moore "testified as an expert at trial or by deposition."  *See* Sec. Supp. Moore Dec. ¶ 4.  Rather, it was an expert report and was not submitted in the form of a declaration or affidavit.  Even if Rule 26(a)(2)(B) were applicable, Professor Moore's report in *SFC* would not be among those matters listed in any disclosures made pursuant to Rule 26(a)(2)(B).  *See, e.g.*, *Estate of William I. Allison v. Scoggins*, 2011 WL 650383, at *3 (W.D.N.C. Feb. 10, 2011) (holding that, under Rule 26(a)(2), a party was only required to provide a list of cases where their expert "has actually testified, either at a deposition or at trial"); *see also* Sec. Supp. Moore Dec. ¶ 4.

Under these circumstances, the requirements for expert disclosures under Rule 26(a)(2) have not been triggered.  Consequently, there is no basis for relief under Rule 37(c)(1).  *See Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63, *4 (6th Cir. 1997) ("Without having established that these documents were discoverable under Rule 26(a) or any other discovery rule, the defendant cannot insist upon their exclusion under Rule 37(c)."); *Atkinson v. Kofoed*, 2008 WL 508410, at *1 (E.D. Cal. Feb. 22, 2008) (refusing a defendant's request for sanctions under Rule 37(c) because, *inter alia*, "[t]here is no evidence that plaintiff has retained

an expert from whom he intends to elicit evidence at trial" and therefore defendant could not show that plaintiff "failed to make the disclosures required in any portion of Rule 26(a) that might apply to this action").[11]

At bottom, the falsity of Movants' assertions of law and fact is striking.  It apparently reflects a desire to distract the Court from the serious conflict issues on which Professor Moore has opined and undoubtedly also reflects a realization on the part of Movants that their position on the merits of those conflict issues is indefensible.

### B. Any Inadvertent Omission Would Be Substantially Justified And Harmless.

Even if the requirements of Rule 26(a)(2) were to apply here, Rule 37(c)(1) provides that where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," a court has discretion to prohibit the use of that information or witness "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  For the reasons set forth above, Defendants had no reason to assume the application of Rule 26(a)(2).  As discussed, Professor Moore is not an expert intended to testify at trial or otherwise on the merits of the underlying litigation, and the Court has not ordered disclosures consistent with Rule 26(a)(2) for purposes of this briefing.  *See Dennis v. Sherman*, 2010 WL 1957236, at *2 (W.D. Tenn. May 12, 2010) (finding counsel's failure to disclose a testifying expert harmless for purposes of Rule 37(c) where counsel "whether erroneously or not" believed he was not required to disclose under Rule 26(a)(2)).  Moreover, Professor Moore did not testify in the allegedly omitted *SFC* matter.

Additionally, Movants have suffered no prejudice.  The allegedly omitted information on which Movants focus – the district court's order in *SFC* – has been publicly available as an

---

[11]    *See also Wilcox v. City of Phoenix*, 2009 WL 3174758, at *10 (D. Ariz. Sept. 29, 2009) ("Because Rule 26(a)(2)(B) was not violated, Rule 37(c)(1) does not apply.").

unpublished opinion at all relevant times.  Moreover, this information does not go to the merits of this action, and does not pertain in any way to the basis of Professor Moore's opinions.

It is telling that the Movants raised none of these issues in their June 24, 2011, replies following Professor Moore's initial declaration.[12]  Nor did Movants raise the alleged omission with Defendants until after Defendants completed their briefing on August 1, 2011, on the issues concerning the proposed settlement.  This is despite the fact that Movants have been in possession of Professor Moore's initial declaration since April 18, 2011.  These facts expose Movants' current tactic for what it is.  In light of their own conduct, Movants cannot now complain of prejudice.  *See Foreman v. Am. Rd. Lines, Inc.*, 623 F. Supp. 2d 1327, 1330 (S.D. Ala. 2008) (rejecting a motion to exclude expert testimony where the movant "remained silent for months, then abruptly filed his Objection in hopes of parlaying an innocuous, easily-corrected omission into disallowance of [the expert's] testimony in its totality.").[13]

## C.    Movants' Accusations that Defendants' Counsel Engaged in Intentional Misconduct Are Equally Baseless.

Movants also accuse undersigned counsel for Defendants of intentionally concealing information regarding Professor Moore.  (*See* Mem. in Support of Mot. to Strike at 5 n.2 (the nondisclosure . . . can only be deemed intentional").)  Like every other accusation made in the Motion to Strike, this too is false.

---

[12]    Moreover, Plaintiffs do not appear to have included any of the categories of information at issue in the declaration of Mr. Hayes.  *See* Declaration of Mark L. Hayes (*Open-End Class Action*, Doc. No. 339-1; *Landers*, Doc. No. 128-1).  Even if Mr. Hayes has never testified as an expert (which is unclear), Plaintiffs have cited to a case for the proposition that Rule 26(a)(2)(B)(v) "requires the disclosure of the absence of any prior expert testimony."  (Mem. in Support of Mot. to Strike at 4 n.1 (citing *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905 (N.D. Ohio. 2008).)  Plaintiffs' apparent inability to follow the requirements that they say are mandated by the very rule they have put at issue further confirms an absence of prejudice.

[13]    Though not required under Rule 26(a)(2)(B)(v), Professor Moore has attached a list of matters in which she has testified as an expert at trial, by deposition or by declaration or affidavit during the previous four years.  *See* Sec. Supp. Moore Dec. Ex. A.  This should entirely eliminate any contrived claim of prejudice that Movants may claim to have suffered.

14

Movants premise their accusation on an email exchange between counsel for Plaintiffs and counsel for Morgan Keegan and MAM.  Plaintiffs' Counsel initiated this email exchange in connection with their request for Defendants' consent to the filing of a sur-sur-reply by Plaintiffs.  In this exchange, Plaintiffs indicated that, if Professor Moore was among the experts whose reports were disallowed in *SFC*, they intended to address that in their motion for leave to file a sur-sur-reply.   Review of the district court's opinion in *SFC*, however, revealed that it had no relevance with respect to the instant action.  For this reason, counsel for Morgan Keegan and MAM inquired of Plaintiffs' Counsel as to their view of the relevance of *SFC* to this action.  This inquiry was based, in part, on "having some personal familiarity with that case and the Royal attorneys" on the part of one of the counsel for Morgan Keegan and MAM.  Broadhurst Dec. Ex. 3.

The fact that counsel for Morgan Keegan and MAM had "some personal familiarity" with the Student Finance Corporation litigation pending in Delaware and the Royal attorneys stemmed from a phone conversation with counsel for Royal Indemnity placed immediately after Plaintiffs' Counsel's email of August 11, 2011, inquiring whether Professor Moore offered an expert report in *SFC*.   *See* Declaration of Matthew M. Curley ("Curley Dec.") ¶ 5 (attached hereto as Exhibit C).[14]   That phone call was made with the hope of providing Plaintiffs' Counsel

---

[14]     Counsel for Morgan Keegan and MAM was acquainted with Royal Indemnity's counsel as a result of involvement with related *SFC* litigation pending in the United States District Court for the Middle District of Tennessee.  *See Royal Indem. Co. v. CDI, Inc.*, 04-cv-00107 (M.D. Tenn.); Curley Dec. ¶ 7.  Counsel for Morgan Keegan ceased involvement with the *SFC*-related action on or about April 22, 2005.  *See* Curley Dec. ¶ 7.  (*See also Royal Indem. Co.*, Order Granting Motion to Withdraw (Doc. No. 126).)  Professor Moore was not retained as an expert in the action pending in the Middle District of Tennessee and counsel for Morgan Keegan and MAM had no knowledge of Royal Indemnity's retention of Professor Moore prior to Plaintiffs' Counsel's email of August 11, 2011.  *See* Curley Dec. ¶¶ 7, 9.

the information they requested.[15]  *See id.*  Based on the information learned during the phone call with counsel for Royal Indemnity, counsel for Morgan Keegan was able to provide the requested information to Plaintiffs' Counsel on August 12, 2011.  *Id.* ¶ 6.

In response to the foregoing, Movants made no additional inquiries of counsel for Morgan Keegan and MAM; nor did Movants request the basis of counsel's "personal familiarity" with that action.  *Id.* ¶ 10.  Rather, Movants applied their own self-serving and erroneous gloss to this exchange as a pretext to accuse counsel for Morgan Keegan and MAM of intentionally withholding information concerning Professor Moore.  A simple phone call from Movants would have disabused Movants of their faulty interpretation of the email exchange at issue.  Viewed in isolation, Movants' accusation may be overlooked as overly-zealous advocacy.  Viewed in the context of the instant motion, however, Movants' accusation is irresponsible or worse.

## III. Professor Moore's Declarations Properly Assert Her Opinion on the Violations of Rule 1.7 of the Tennessee Rules of Professional Conduct Resulting from the Terms of the MOU and AMOU.

In a last-ditch attempt to avoid the consequences of Professor Moore's expert opinions, Movants assert – in one sentence and one footnote in their memorandum – that Professor Moore's declarations are "more legal brief than opinion."  (Mem. in Support of Mot. to Strike at 6 & n.4.)  Remarkably, Movants fail to quote any passages from the declarations as evidence of this claim, much less demonstrate *how* any passages are "more legal brief" than expert opinion.

The reality is that Professor Moore's declarations opine on the uncontested facts of this case, informed by her expertise in the field of legal ethics.  Under these circumstances, courts routinely admit expert opinions on matters of legal ethics and professional responsibility.  *See,*

---

[15]  Plaintiffs' Counsel's email included an arbitrary deadline for Defendants to provide the requested information concerning Professor Moore of less than 24 hours.  *See* Broadhurst Dec. Ex. 3.

*e.g.*, *Chotiner v. Phila. Hous. Auth.*, 2004 U.S. Dist. LEXIS 25436, at *16 (E.D. Pa. Dec. 15, 2004) (relying on opinion of legal ethics expert to grant summary judgment); *Apple Corps Ltd. v. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 501 (D.N.J. 1998) (stating that opinion of legal ethics expert was "necessary" and "an integral part" in ruling on a contempt motion); *In re M&F Worldwide Corp. S'holders Litig.*, 799 A.2d 1164, 1172 n.28 (Del. Ch. 2002) (considering testimony from "highly qualified experts . . . who specialize in legal ethics" in ruling on a motion to disqualify class counsel); *Mickens v. Taylor*, 535 U.S. 162, 183 n.5 (2002) (Stevens, J., dissenting) (noting that the Court accepted for consideration the opinions of "[a] group of experts in legal ethics, acting as *amici curiae*," to determine whether a conflict was waivable).

Movants' legal citations are inapposite as well. Not one of Movants' citations involves expert opinions on legal ethics. (*See* Mem. in Support of Mot. to Strike at 6 n.4.) Nor do any of the cases cited by Movants offer any guidance or support for their unfounded claim that Professor Moore's declarations constitute legal argument rather than an opinion.[16]

## IV.     Movants' Motion to Strike Warrants an Award of Sanctions and/or Attorneys' Fees.

Movants' Motion to Strike has no basis in law, is premised on a contrived factual foundation and has been filed for an improper purpose. For this reason, Defendants are entitled to an award of sanctions and/or attorneys' fees under 28 U.S.C. § 1927 and/or the Court's inherent power.

Under § 1927, "an attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses,

---

[16]     Nor do any of Movants' cases support the proposition that a legal ethics opinion *provided to the Court* cannot include an application of the facts at issue to the applicable legal standards governing the conduct at issue. The limitation Movants urge would be nonsensical and would stand in conflict with the decisions of many district courts within the Sixth Circuit. *See, e.g.*, *Miller v. City of Cincinnati*, 709 F. Supp. 2d 605, 619-620 (S.D. Ohio 2008) (holding that prohibition on experts testifying on issues of law is inapplicable when jury is not sitting as trier of fact) (citations omitted); *Liberty Twp. Tea Party v. IBEW*, 2010 U.S. Dist. LEXIS 142839, at *4 (S.D. Ohio Oct. 28, 2010) (same).

and attorneys' fees reasonably incurred because of such conduct.'" *Hall v. Liberty Life Assurance Co.*, 595 F.3d 270, 275 (6th Cir. 2010) (quoting 28 U.S.C. § 1927). "A court may sanction an attorney under § 1927 for unreasonably and vexatiously multiplying the proceedings even in the absence of any 'conscious impropriety.'" *Id.* (quoting *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009)). "The proper inquiry is not whether an attorney acted in bad faith; rather, a court should consider whether 'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Id.* (quoting *Rentz*, 556 F.3d at 396).

Here, Movants have needlessly and unreasonably multiplied the costs associated with these proceedings by filing their Motion to Strike. Without the slightest justification, Movants accuse a nationally recognized expert in the field of legal ethics of professional misconduct – a law professor with over thirty years' experience in this field, who has served bodies no less esteemed than the ABA, ALI and AALS and who chairs the Multistate Professional Responsibility Test Drafting Committee. In support of their accusation, Movants stretch the bounds of Rule 26(a)(2) beyond recognition, misstate the basis of the district court's decision in *SFC* and wrongly accuse undersigned counsel of intentionally concealing information. These are litigation tactics of the worst sort.

## <u>CONCLUSION</u>

For the reasons set forth above, the Motion to Strike is without merit and should be denied and the Court should award Defendants their reasonable attorneys fees and expenses incurred in responding to the Motion to Strike.

DATED this 20th day of September 2011.

Respectfully submitted,

BASS BERRY & SIMS PLC

By: /s/ Matthew M. Curley

Michael L. Dagley
Matthew M. Curley
Britt K. Latham
W. Brantley Phillips, Jr.
150 Third Avenue South; Suite 2800
Nashville, TN 37201
(615)742-6200

Shepherd D. Tate
Michael A. Brady
BASS BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, Tennessee  38103-3672
(901) 543-5900

*Attorneys for Morgan Asset Management, Inc.,
Morgan Keegan & Co., Inc., and MK Holding, Inc.*

SUTHERLAND, ASBILL & BRENNAN, LLP

By: /s/ S. Lawrence Polk

S. Lawrence Polk
999 Peachtree Street N.E.
Atlanta, GA 30309-3996
(404)853-8000

*Attorney for Allen B. Morgan, Jr., J. Kenneth
Alderman, Brian B. Sullivan, Joseph C. Weller, J.
Thompson Weller, Charles D. Maxwell, Michele F.
Wood, G. Douglas Edwards, David M. George,
James C. Kelsoe, Jr., Thomas R. Gamble and David
H. Tannehill*

19

SULLIVAN & CROMWELL LLP

By: /s/ David B. Tulchin
    David B. Tulchin
    David E. Swarts
    125 Broad Street
    New York, New York  10004
    (212) 558-4000

    MAYNARD COOPER & GALE PC
    Peter S. Fruin
    2400 Regions Harbert Plaza
    1901 Sixth Avenue North
    Birmingham, AL  35203
    (205) 254-1000

    *Attorneys for Regions Financial Corporation and Regions Bank*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on September 20, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

APPERSON CRUMP PLC
CHARLES D. REAVES
JEROME A. BROADHURST
6070 Poplar Avenue, Sixth Floor
Memphis, TN  38119-3954

KIRKLAND & ELLIS, LLP
TIMOTHY DUFFY, ESQ.
EMILY NICKLIN, ESQ.
KRISTOPHER RITTER, ESQ.
300 North LaSalle
Chicago, IL  60654

HEAD, SEIFERT & VANDER WEIDE, P.A.
VERNON J. VANDER WEIDE
THOMAS V. SEIFERT
333 South Seventh St., Suite 1140
Minneapolis, MN  55402-2422

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
LEO BEARMAN, ESQ.
EUGENE PODESTA, ESQ.
165 Madison Avenue
First Tennessee Building
Memphis, TN  38103

LOCKRIDGE GRINDAL NAUEN PLLP
RICHARD A. LOCKRIDGE
GREGG M. FISHBEIN
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401

K&L GATES LLP
JEFFREY B. MALETTA, ESQ.
NICOLE A. BAKER, ESQ.
1601 K Street, NW
Washington, D.C.  20006-1600

ZIMMERMAN REED, P.L.L.P.
CAROLYN G. ANDERSON
TIMOTHY J. BECKER
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402

SUTHERLAND ASBILL & BRENNAN, LLP
S. LAWRENCE POLK
999 Peachtree Street NE
Atlanta, GA  30309

MAYNARD COOPER & GALE PC
PETER S. FRUIN
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203

SULLIVAN & CROMWELL LLP
DAVID B. TULCHIN
DAVID E. SWARTS
125 Broad Street
New York, New York  1004

PAUL HASTINGS JANOFSKY &
WALKER LLP
Kevin C. Logue
75 E. 55th Street
New York, NY  10022

/s/ Matthew M. Curley