IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE: REGIONS MORGAN KEEGAN ) | |
| SECURITIES, DERIVATIVE, AND ) | |
| ERISA LITIGATION ) | |
| ) | |
| ) | |
| IN RE: REGIONS MORGAN KEEGAN ) | No. 07-2784 |
| OPEN-END MUTUAL FUND LITIGATION ) | |
| ) | |
| ) | |
| ) | |

PRELIMINARY APPROVAL ORDER

Before the Court is the unopposed January 22, 2015 Motion for Preliminary Approval of Class Action Settlement and Class Certification (the "Motion"), brought by the Estate of Kathryn S. Cashdollar ("Cashdollar"); Dajalis Ltd. ("Dajalis"); Jeanette H. Landers ("J. Landers"); H. Austin Landers ("A. Landers"); and Frank D. Tutor ("Tutor") (collectively, "Lead Plaintiffs"). (Motion, ECF No. 415.) Also before the Court is the Motion for a Hearing on Preliminary Approval ("Motion for Preliminary Hearing").[1] (Motion for Preliminary Hearing, ECF No. 417.)

For the following reasons, the Motion is GRANTED and the Motion for Preliminary Hearing is DENIED as moot.

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Class Settlement Agreement unless otherwise defined in this Order.

## I.    Background

This class action arises from the 2007-2008 collapse of three open-end Regions Morgan Keegan mutual funds. (Motion, ECF No. 415 at 5.) Those funds were the Regions Morgan Keegan Select Short Term Bond Fund ("STF"), the Regions Morgan Keegan Select Intermediate Bond Fund ("IBF"), and the Regions Morgan Keegan Select High Income Fund ("HIF") (collectively, the "Open-End Funds").[2] (Id.) Plaintiffs allege that the Open-End Funds collapsed due to mismanagement and investment in risky securities when compared to respective peer bonds. (Id. at 6.) Plaintiffs allege that Defendants[3] misled investors as to the degree of risk of the investments. (Id.) The litigation also relates to a derivative action, Landers, et al. v. Morgan Asset Management, Inc., et al., No. 2:08-cv-02260, that is addressed in a separate motion. (Id.)

This action was originally filed on December 6, 2007, alleging violations of the Securities Act of 1933, as amended, 15 U.S.C.A. §§ 77a, et seq. (the "1933 Act") and the Investment

---

[2] The three funds are now known as the Helios Select Short Term Bond Fund, the Helios Select Intermediate Bond Fund, and the Helios Select High Income Fund. (Motion, ECF No. 415 at 5 n.3.)

[3] Defendants in this action are PricewaterhouseCoopers LLP ("PwC"); Morgan Keegan & Company, Inc. ("Morgan Keegan"), Morgan Asset Management, Inc., and MK Holding, Inc. (collectively, the "Morgan Keegan Defendants"); Regions Financial Corporation ("RFC"); Regions Bank ("RB"); the Open-End Funds; Carter E. Anthony, Brian B. Sullivan, Joseph C. Weller, J. Thompson Weller, G. Douglas Edwards, Charles D. Maxwell, David M. George, Michelle F. Wood, James C. Kelsoe, Jr., David H. Tannehill, and Thomas R. Gamble (collectively, the "Officer Defendants"); and Allen B. Morgan, Jr., J. Kenneth Alderman, Jack R. Blair, Albert C. Johnson, William Jefferies Mann, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis III (collectively, the "Director Defendants") (collectively, "Defendants").

Company Act of 1940, as amended, 15 U.S.C.A. §§ 80a, et seq. (the "ICA"). (Id. at 7.)  On September 23, 2008, the Court consolidated the class actions on behalf of purchasers of shares in the Open-End Funds and a separate set of actions on behalf of purchasers of shares in certain closed-end funds.  (Order Granting in Part and Denying in Part Motions for Partial Consolidation, Appointment of Lead Plaintiff, and Approval of Counsel, ECF No. 154.)  On September 30, 2009, the Court appointed the Lead Plaintiffs of the Open-End Fund class action and approved their selection of Lead and Liaison Counsel. (Order Granting RMK Open-End Fund Group's Motion for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel and Liaison Counsel, ECF No. 211.)

On November 30, 2009, Plaintiffs filed a Consolidated Amended Class Action Complaint ("CACAC") against Defendants, alleging violations of the 1933 Act; the ICA; and the Securities Act of 1934, as amended, 15 U.S.C.A. §§ 78a, et seq. (the "1934 Act").  (CACAC, ECF No. 218 at 343-66.)  Defendants filed Motions to Dismiss the CACAC on February 11 and 12, 2010. (Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, ECF No. 272 at 1.)  On September 30, 2010, the Court denied Defendants' Motions to Dismiss the 1933 Act claims with the exception of any claims on behalf of those who did not purchase shares of the Open-End Funds during the class period,

and granted their Motions to Dismiss the 1934 Act claims and the ICA claims.  (Id.)  On December 30, 2010, the Court denied the Parties' Motions for Reconsideration.  (Order Denying Motions for Reconsideration, ECF No. 291.)  In June 2012, Plaintiffs moved for leave to file a proposed Second Consolidated Amended Class Action Complaint.  That Motion was stayed pursuant to an agreement with Defendants while the Court considered a separate motion to approve a Partial Settlement.  (Motion for Leave to File SCACAC, ECF No. 393; Motion, ECF No. 415 at 8.)  In the Motion before the Court, Defendants stipulate that the Second Consolidated Amended Class Action Complaint ("SCACAC") proposed for filing may now be filed.  (Motion, ECF No. 415 at 8.)  The SCACAC is approved for filing and is the operative complaint in this action.  The SCACAC alleges claims under the 1933 Act and the 1934 Act.  (SCACAC, ECF No. 395 at ¶¶ 1150–1261.)

On March 14, 2011, Lead Plaintiffs and the Open-End Funds jointly filed a Motion for Preliminary Approval of Partial Settlement in the class action and the derivative action.  That Motion is moot as a result of the proposed agreement (the "Class Settlement Agreement") currently before the Court and has been withdrawn.  (Jt. Motion for Settlement, ECF No. 309; Motion, ECF No. 415 at 7.)  Since 2013, Lead Plaintiffs and Derivative Plaintiffs, in consultation with the Open-End Funds, RMK Defendants and PwC, have engaged in negotiations conducted by

mediator United States District Court Judge Layn Phillips (Ret.). (Motion, ECF No. 415 at 7-8.) The result of those negotiations is the Class Settlement Agreement currently before the Court. (Class Settlement Agreement, ECF No. 415-1.)[4]

The proposed settlement class (the "Class") consists of all Persons[5] who (1) purchased any class of redeemable shares of STF, IBF, or HIF at any time during the period from December 6, 2004, through December 6, 2007, inclusive; or (2) held and/or redeemed on or after July 3, 2006, through the end of the Settlement Class Period (December 6, 2004, through May 29, 2009) shares of STF, IBF, or HIF and were damaged thereby.[6] (Id. at 12.)

The Class Settlement Agreement provides that Released Defendant Parties will be released in exchange for the payment of $125 million by certain Defendants into an interest bearing escrow account for the benefit of the Class. (Motion, ECF No. 415 at 9.) Of the $125 million, $110 million will be allocated to the Class Settlement Fund. (Id.) The Class Settlement Fund will first be used to pay attorneys' fees and expenses awarded by the Court, notice and administration expenses, and taxes and related expenses. (Id.) The remaining amount will then be distributed among all Class members who submit timely and valid

---

[4] A Notice of Correction was submitted to amend the signature blocks on the Class Settlement Agreement. (Notice of Correction, ECF No. 416.)
[5] As defined in paragraph 1(kk) in the Class Settlement Agreement.
[6] Excluded from the Class and from any participation in any form in the Settlement are the persons and entities defined in paragraphs 1(d)(i)-(xi) in the Class Settlement Agreement ("Excluded Persons").

Proofs of Claim accepted by the Claims Administrator and approved by the Court in accordance with the Plan of Allocation. (Id.)

There is also a Derivative Settlement Agreement before the Court. (Id. at 2 n.2.) The remaining $15 million in the escrow account will be allocated to the Funds Settlement Fund for the benefit of the Open-End Funds and will be paid to the Open-End Funds Shareholders. (Motion, Landers, et al. v. Morgan Asset Management, Inc., et al., No. 2:08-cv-02260 (W.D. Tenn. Jan. 22, 2015), ECF No. 174 at 11.) Any share of the Class Settlement Fund paid to Class members who are also Open-End Funds Shareholders will be reduced by their share of the Funds Settlement Fund distribution. (Id.) All Open-End Funds Shareholders are also Class members, so it is estimated that all but approximately 11% of the $15 million will go to the benefit of the Class. (Id.)

## II. Jurisdiction

Plaintiffs allege violation of the 1933 Act and the 1934 Act. (SCACAC, ECF No. 395 at ¶ 1163-1261.) This Court has federal question jurisdiction under 28 U.S.C. § 1331.

## III. Standard of Review

Plaintiffs seek provisional certification of the Class and appointment of Lockridge Grindal Nauen ("Class Counsel" or "Lockridge" or "Lead Counsel") as class counsel under Federal

Rule of Civil Procedure 23. (Motion, ECF No. 415 at 24.) Rule 23 sets forth the criteria for certifying a class action in federal court. Fed. R. Civ. P. 23. The Rule requires a party seeking class certification to demonstrate that: the proposed class and class representatives meet all of the requirements of Rule 23(a); the case fits into one of the categories of Rule 23(b); and class counsel meets the requirements of Rule 23(g). Newberg on Class Actions ("Newberg") § 3:1 (5th ed.); Fed. R. Civ. P. 23. A district court must give undiluted, even heightened, attention to Rule 23 protections before certifying a settlement-only class. UAW v. General Motors Corp., 497 F.3d 615, 625 (6th Cir. 2007).

The parties also seek preliminary approval of the Class Settlement Agreement. (Motion, ECF No. 415 at 9.) The goal of preliminary approval of a proposed class action settlement is for a court to determine whether notice of the proposed settlement should be sent to the class, not to make a final determination of the settlement's fairness. Newberg § 13:13.

> Review and approval of class settlements involves a two-step process: (1) preliminary approval of the settlement and the content and method of class notice; and (2) final approval after notice and a fairness hearing. [At the first step], the Court "ascertain[s] whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." In this regard, the Settlement Agreement should be preliminarily approved if it (1) "does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly

preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys," and (2) "appears to fall within the range of possible approval."

Sheick v. Auto. Component Carrier, LLC, No. 09-14429, 2010 WL 3070130, at *11 (E.D. Mich. Aug. 2, 2010) (internal citations omitted.)

"At the preliminary approval stage, the bar to meet the 'fair, reasonable and adequate' standard is lowered, and the court is required to determine whether 'the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval.'" In re National Football League Players' Concussion Injury Litigation, 961 F. Supp. 2d 708, 714 (E.D. Penn. 2014) (internal citations omitted); In re Vitamins Antitrust Litigation, Nos. MISC.99-197(TFH), MDL1285, 2001 WL 856292 at *4 (D.D.C. July 25, 2001); see also In re Shell Oil Refinery, 155 F.R.D. 552, 555 (E.D. La. 1993) (a court must determine only whether "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preliminary preferential treatment to class representatives or

8

segments of the class, and falls within the range of possible [judicial] approval.").

"Preliminary approval of a proposed settlement to a class action lies within the sound discretion of the Court." In re Vitamins Antitrust Litigation, 2001 WL 856292 at *4 (citing In re Shell, 155 F.R.D. at 555; In re Southern Ohio Correctional Facility, 173 F.R.D. 205, 211 (S.D. Ohio 1997) (the district court bases its preliminary approval "upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement.").

The parties seek approval of the notice that would be sent to the Class (the "Notice"). (Notice, ECF No. 415-1 at 80-124.) "Before ratifying a proposed settlement agreement, a district court also must 'direct notice in a reasonable matter to all class members who would be bound' by the settlement." UAW v. General Motors Corp., 497 F.3d at 629 (citing Fed. R. Civ. P. 23(e)(1)(B)). "The notice should be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. at 629-30 (internal citations omitted).

The Parties seek a hearing on the Motion pursuant to Fed. R. Civ. P. 16(a)(5). (Motion for Preliminary Hearing, ECF No. 417.) A court has discretion to order counsel to appear under Fed. R. Civ. P. 16(a)(5) for purposes of negotiating settlement.

Cincinnati Gas & Elec. Co. v. Gen. Elec. Co., 117 F.R.D. 597, 599 (S.D. Ohio 1987); Fed. R. Civ. P. 16(a)(5).

The parties seek a fairness hearing before the Court grants final settlement approval pursuant to Fed. R. Civ. P. 23(e)(2). (Motion, ECF No. 415 at 2.)  "A fairness hearing contains several procedural safeguards: Parties to the settlement must proffer sufficient evidence to allow the district court to review the terms and legitimacy of the settlement; class members 'may object to [the] proposed settlement' on the record; and class members have a right to participate in the hearing." UAW v. General Motors Corp., 497 F.3d at 635 (internal citations omitted).  "In satisfying these requirements, a district court has wide latitude.  It 'may limit the fairness hearing to whatever is necessary to aid it in reaching an informed, just and reasoned decision' and need not endow objecting class members with 'the entire panoply of protections afforded by a full-blown trial on the merits.'"  Id. (internal citations omitted).

## IV. Analysis

The parties jointly seek provisional certification of the Class and appointment of Class Counsel under Fed. R. Civ. P. 23. (Motion, ECF No. 415 at 24.)  They seek preliminary approval of the Class Settlement Agreement and Notice.  (Id. at 2.)  They

request a fairness hearing pursuant to Fed. R. Civ. P. 23(e)(2). (Id.)

**A. Provisional Certification of Settlement Class**

Rule 23 requires that a party seeking class certification demonstrate: that the proposed class and class representatives meet all of the requirements of Rule 23(a); the case fits into one of the categories of Rule 23(b); and class counsel meets the requirements of Rule 23(g).  The Court's conclusions based on its preliminary inquiry are necessarily provisional.

**1. Rule 23(a) Prerequisites for Class Certification**

"Certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'"  Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011) (internal citation omitted). Rule 23 requires a party seeking class action certification to demonstrate that the proposed class and class representatives meet all the requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy.  Newberg § 3:1; Fed R. Civ. P. 23(a).  Courts consider two additional, implicit criteria: the class must be definite or ascertainable and the class representative must be a member of the class.  Newberg § 3:1.

11

### a. Implicit Requirements

The Class must be definite, and the Class Representatives must be members of the Class.  The "class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class."  Young v. Nationwide Mut. Ins. Co., 693 F.3d 532, 537-38 (6th Cir. 2012) (internal citation omitted).

The Class includes all persons who (1) purchased any class of redeemable shares of STF, IBF, or HIF at any time during the period from December 6, 2004, through December 6, 2007, inclusive; or (2) held and/or redeemed on or after July 3, 2006, through the end of the Settlement Class Period (December 6, 2004, through May 29, 2009) shares of STF, IBF, or HIF and were damaged thereby, with specific exclusions listed in the Class Settlement Agreement.  (Class Settlement Agreement, ECF No. 415-1 at 12-15.)  The Lead Plaintiffs purchased, held, and/or redeemed shares during this time period and do not fall within any of the specified exceptions.  (Motion, ECF No. 415 at 21.) The Class is sufficiently definite and includes the Lead Plaintiffs.  It meets the implicit requirements of class certification.

### b. Rule 23(a)(1)— Numerosity / Impracticability of Joinder

The Class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Determining the practicability of joinder is not a strictly numerical issue. In re Am. Med. Sys., Inc., 75 F.3d 1069 (6th Cir. 1996). "When class size reaches substantial portions, however, the impracticability requirement is usually satisfied by numbers alone." Id. at 1079; see generally Savagne v. Fairfield Ford Inc., 264 F.R.D. 321, 325-26 (S.D. Ohio 2009) (joinder impracticable where proposed class contained approximately 375 members); Ames v. Robert Bosch Corp., 2009 WL 803587, at *3-4 (N.D. Ohio 2009) (numerosity requirement satisfied with 180 members; Cannon v. GunnAllen Financial, Inc., 2008 WL 4279858, *4 (M.D. Tenn. 2008) (joinder impracticable based on number of potential litigants, which was between 200 and 300). "When considering whether joinder would be practicable in a given case, courts may consider 'ease of identifying members and determining addresses, ease of service on members if joined, [and] geographical dispersion' among other things." Turnage v. Norfolk Southern Corp., 307 Fed. Appx. 918, 921 (6th Cir. 2009) (internal citation omitted). Harms that occur over long spans of time and take years to materialize weigh in favor of numerosity. Id.

The exact number of investors that qualify as Class members is not known at this time. (Motion, ECF No. 415 at 20.) The Open-End Funds will provide or cause to be provided to Lead Counsel the names and addresses of people who qualify as members of the Class. (Class Settlement Agreement, ECF NO. 415-1 at 29.) The Settlement Class Period spans almost five years, from December 6, 2004, to May 29, 2009. (Motion, ECF No. 415 at 19.) Each of the Open-End Funds sold and redeemed hundreds of millions of shares during that period. (Id.) On June 30, 2007, STF had 9.6 million shares outstanding, IBF had 107.1 million shares outstanding, and HIF had 114.8 million shares outstanding. (Id.) In August 2007, there were thousands of shareholder accounts in the Open-End Funds. (Id. at 20.) The number of shares sold and redeemed and the number of shareholder accounts are consistent with a Class that may include thousands of members. The Class is sufficiently numerous and joinder of all investors allegedly harmed during the Settlement Class Period would be impracticable.

### c. Rule 23(a)(2)— Common Questions of Law or Fact

The Class must have at least one common question of law or fact. Fed. R. Civ. P. 23(a)(2); Alkire v. Irving, 330 F.3d 802, 821 (6th Cir. 2004). Resolution of that question must advance the litigation. Id. (citing Sprague v. GMC, 133 F.3d 388, 397 (6th Cir. 1998)).

The Class has common questions of law and fact. Plaintiffs allege that Defendants violated the federal securities laws through the same course of conduct as to each of the Open-End Funds. (SCACAC, ECF No. 395 at ¶¶ 1163-1261.) Plaintiffs allege that Defendants made purchases of the same types of high risk securities for each Open-End Fund. (Id. at ¶¶ 184-261;368-71.) Plaintiffs allege that Defendants made the same fraudulent statements of material facts, misleading statements, and omissions of material facts as to each Open-End Fund. (Id. at ¶¶ 266-99;400-01;1163-1261.) Plaintiffs allege that Defendants' investments, made on behalf of each Open-End Fund, and the disclosures and omissions of material facts about those investments caused each Open-End Fund's losses. (Id. at ¶¶ 127-28;430-58.) The alleged losses caused by Defendants' conduct will differ to some degree as to each Class member, but all claims are based on the same facts and legal theories. Because the common questions about Defendants' alleged misconduct go to the merits of Plaintiffs' claims, resolution of those claims would advance the litigation.

### d. Rule 23(a)(3)— Claim Typicality

The Class Representatives' claims must be typical of the Class's claims. Fed. R. Civ. P. 23(a)(3). "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the

class, so that the court may properly attribute a collective nature to the challenged conduct." _In re Am. Med. Sys., Inc._, 75 F.3d at 1082. "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." _Id._

The Lead Plaintiffs' claims against the Defendants arise from the same course of conduct as the other Class members' claims and are based on the same legal theories. (Order Granting Motion for Appt. of Lead Plaintiffs, ECF No. 211 at 12.) Each Lead Plaintiff allegedly suffered losses as a result of Defendants' conduct. (Motion, ECF No. 415 at 21.) Each Lead Plaintiff purchased, held, and/or redeemed his or her shares during the Settlement Class Period. (_Id._) The Lead Plaintiffs' claims are typical of the Class.

### e. Rule 23(a)(4)— Adequacy of Class Representatives

The Class Representatives must fairly and adequately protect class interests. Fed. R. Civ. P. 23(a)(4).[7] "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and

---

[7] Courts have historically determined both the adequacy of counsel and the adequacy of class representatives under Rule 23(a)(4). In 2003, Rule 23 was amended to include the new subpart 23(g), entitled "Class Counsel." _See generally_ Fed. R. Civ. P. 23(g). Rule 23(g) now governs the adequacy-of-counsel determination. _Id._

possess the same interest and suffer the same injury as class members." Beattie v. CenturyTel, Inc., 511 F.3d 554, 562 (6th Cir. 2007) (citing Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997)). Class members must not have "interests that are antagonistic to one another." Id. at 563 (internal citation omitted).

The Lead Plaintiffs and the Class members do not have any conflicts of interest. Although the Lead Plaintiffs likely suffered a different degree of harm than the other Class members, they seek the same relief based on the same legal theories. Both Lead Plaintiffs and the Class members seek to maximize recovery for the Class. (Motion, ECF No. 415 at 21-22.) When the Lead Plaintiffs were appointed, no conflict of interest was found, and there is no evidence that any conflict has developed since then. (Order Granting Motion for Appt. of Lead Plaintiffs, ECF No. 211 at 13.) There is no conflict of interest between the Lead Plaintiffs and Class members.

**2. Rule 23(b) Class Action Categorization**

A case must fit at least one Rule 23(b) category to be maintained as a class action. Fed. R. Civ. P. 23(b). Plaintiffs allege this action fits category 23(b)(3).

A Rule 23(b)(3) class action may be maintained if Rule 23(a) is satisfied and if the court finds that the questions of law or fact common to class members predominate over any

questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). Considerations include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Id.

### a. Predominance

"The predominance requirement is met if [a] common question is at the heart of the litigation." Powers v. Hamilton County Public Defender Com'm, 501 F.3d 592, 619 (6th Cir. 2007). "[A] plaintiff must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, ... predominate over those issues that are subject only to individualized proof.'" Beattie v. CenturyTel, Inc., 511 F.3d at 564 (internal citations omitted). Individual questions may remain after the common questions are resolved.

> "[T]he mere fact that questions peculiar to each individual member of the class action remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." Cases alleging a

single course of wrongful conduct are particularly well-suited to class certification.

Id. (citing Sterling v. Velsicol Chem. Corp., 855 F.2d 1188, 1197 (6th Cir. 1988)).

Common questions of law and fact predominate over individual questions. Plaintiffs allege that Defendants engaged in the same course of illegal conduct in managing each of the three Open-End Funds and violated the same securities laws in managing each fund. (SCACAC, ECF No. 395 at ¶¶ 1163-1261.) Certain Defendants allegedly violated restrictions placed on the three Open-End Funds that limited the types of investments allowed. (Id. at ¶¶ 184-261; 368-71.) Defendants allegedly made the same misleading and fraudulent disclosures and omissions as to all three Open-End Funds. (Id. at ¶¶ 266-99; 400-01; 1163-1261.) Losses in all three Open-End Funds were allegedly caused by the same course of mismanagement. (Id. at ¶127-28; 430-58.) Although some individual questions about the extent of harm suffered by each Class member will remain after the common questions are answered, the common questions predominate.

### b. Superiority

"The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action

prosecuting his or her rights." Amchem Prods., Inc., 521 U.S. at 617.   In considering whether the superiority requirement of Rule 23(b)(3) is satisfied, the Sixth Circuit considers three criteria: (1) the difficulties of managing a class action; (2) how a class action compares to other means of disposing of the suit; and (3) the value of individual damage awards, with small awards weighing in favor of a class suit.   Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich., 654 F.3d 618, 630-31 (6th Cir. 2011) (citing Beattie, 511 F.3d at 566-67).

A class action is the superior method for adjudicating this action.   First, a class action would not be difficult to manage. The Defendants allegedly engaged in the same course of conduct for each of the three Open-End Funds, and the conduct violated the same securities laws.   (Id. at ¶¶ 1163-1261.)   There is a clearly established period of time during which the alleged injury occurred.   (Class Settlement Agreement, ECF No. 415-1 at 12.)   The Class Settlement Agreement develops a system by which Class members may submit information to become Authorized Claimants entitled to collect from the Class Settlement Fund. (Proof of Claim, ECF No. 415-1 at 116-24.)   Second, the complexity of the action, the large number of Defendants, and the large number of Class members makes a class action a better means of adjudicating the action than individual actions. Litigation costs would be likely to deter many individuals from

20

filing separate suits.  Finally, given the number of shareholder accounts and the outstanding shares that existed during the Settlement Class Period, there may be thousands of Class members seeking to recover from the Class Settlement Fund.  Some recoveries are likely to be small amounts.  Overall, the factors weigh in favor of adjudicating this matter as a class action. The Class meets the Rule 23(b)(3) requirements.

### 3. Class Counsel Appointment

Plaintiffs seek appointment of Lockridge as class counsel under Federal Rule of Civil Procedure 23.  (Motion, ECF No. 415 at 24.)

When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4).  Fed. R. Civ. P. 23(g)(2). In appointing class counsel, the court must consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv)  the resources that counsel will commit to representing the class; . . .

Fed. R. Civ. P. 23(g)(1)(A).  The court may consider any other matter pertinent to counsel's ability to represent the interests of the class fairly and adequately.  Fed. R. Civ. P.

23(g)(1)(B).   Although Rule 23(g) replaces the adequacy test originally developed under Rule (23)(a)(4), Rule 23(g) largely incorporates the adequacy standards developed under Rule 23(a)(4), so that class counsel decisions premised on Rule 23(a)(4) remain relevant.   Jones v. Ford Motor Credit Co., No. 00Civ.8330RJHKNF, 2005 WL 743213, at *26 (S.D.N.Y. Mar. 21, 2005).

The Court must consider the work Class Counsel has done in identifying or investigating potential claims in the action. Fed. R. Civ. P. 23(g)(1)(A)(i).   Lockridge is counsel for the Lead Plaintiffs and assisted in drafting both the first and second consolidated class action complaints on Plaintiffs' behalf.   (SCACAC, ECF No. 395 at 541; CACAC, ECF No. 218 at 367.)   Lockridge has represented the Lead Plaintiffs throughout the action "vigorously and effectively" and done substantial work in reaching a settlement.   (Motion, ECF No. 415 at 22;25.)

The Court must consider Class Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action.   Fed. R. Civ. P. 23(g)(1)(A)(ii).   As a firm, Lockridge has been lead counsel or co-lead counsel on a long list of class actions and other complex litigation.   (Motion, ECF No. 415 at 22; Lockridge Résumé, ECF No. 415-3 at 6.)   Its clients include a variety of businesses such as banks, trade and industry associations, real

estate developers, telecommunications providers, health care professionals, casualty insurers, union pension funds, publishers and authors, and computer manufacturers. (Lockridge Résumé, ECF No. 415-3 at 6.) Each of the three attorneys of record, Richard A. Lockridge, Gregg M. Fishbein, and Vernon J. Vander Weide, has experience in litigating complex class actions. (Motion, ECF No. 415 at 22; Lockridge Résumé, ECF No. 415-3 at 10-19.) Many of their cases have arisen from securities transactions. (Id.)

The Court must consider Class Counsel's knowledge of the applicable law. Fed. R. Civ. P. 23(g)(1)(A)(iii). Lockridge's attorneys have extensive experience in this area of law. Their past representation in securities litigation demonstrates the required knowledge of the applicable law. (Id.)

The Court must consider the resources Class Counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(iv). Lockridge has played an integral role in the course of this case as evidenced by its work on the filings in the case and the settlement negotiations. It has committed the necessary resources to representing the Class, and the Court expects that it will continue to do so. Lockridge is adequate class counsel under Rule 23(g).

**B. Preliminary Approval of Proposed Settlement**

In preliminarily approving a class action settlement, a court decides whether notice of the proposed settlement is appropriate, but makes no final determination about the settlement's fairness. "[T]he Settlement Agreement should be preliminarily approved if it (1) 'does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys,' and (2) 'appears to fall within the range of possible approval.'" Sheick, 2010 WL 3070130, at *11 (internal citations omitted.)

The Class Settlement Agreement does not disclose grounds to doubt its fairness or other obvious deficiencies. It appears to have resulted from arm's-length negotiations among the Parties and their counsel. Beginning in 2013, the Parties worked with United States District Court Judge Layn Phillips (Ret.) to negotiate a resolution of Plaintiffs' claims. (Motion, ECF No. 415 at 8.) Judge Phillips is an experienced mediator in complex class actions. (Id.) As a result of the negotiations, the Parties agreed on a Proposed Term Sheet that served as the basis for the Class Settlement Agreement. (Id.) The negotiations required exchanges of comprehensive statements, expert analysis, and documents containing pertinent information about the case. (Id. at 13.) The motion to preliminarily approve the Class Settlement Agreement is unopposed. (Id. at 2.)

24

There is no unduly preferential treatment of any member of the Class or excessive compensation for counsel. The Class Settlement Fund will be placed into an interest bearing escrow account. (Id. at 9; Class Settlement Agreement, ECF No. 415-1 at 31.) Part of the Class Settlement Fund and earned interest will be used to pay costs, fees, and expenses awarded to attorneys and Lead Plaintiffs. Attorneys' fees and expenses will only be paid out of the Fund to the extent that they are awarded by the Court. (Motion, ECF No. 415 at 31.) The amount taken from the Fund to cover this amount may not exceed more than 30% of the Fund. (Id. at 34.) Thirty percent is slightly more than the average attorneys' fees awarded for a settlement of this size, but the Court will have discretion over the final amount. (Recent Trends in Securities Transactions, ECF No. 415-2 at 41.) Costs and expenses awarded to Lead Plaintiffs will only be to the extent allowed by the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 (1995), amending the 1933 Act and the 1934 Act (the "PSLRA"), and the Court. (Class Settlement Agreement, ECF No. 415-1 at 31.) Each Class Member will recover its pro rata share of the remaining amount. (Motion, ECF No. 415 at 15.)

A court may finally approve a settlement only if the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). The Class Settlement Agreement falls within the range

of possible approval.  Recent studies on securities class action trends suggest that the Class Settlement Agreement is comparable to other, similar cases.  (Motion, ECF No. 415 at 15; Recent Trends in Securities Transactions; Securities Class Action Settlements, ECF No. 415-2.)  The proposed award of $110 million is slightly higher than the average securities settlement award during 2013.  (Securities Class Action Settlements, ECF No. 415-2 at 56 Fig. 5.)  Given the duration of this action, Plaintiffs are especially concerned with resolving it in a timely matter and with a certainty that the Class receives cash payment.  (Motion, ECF No. 415 at 17.)  Attempts to re-negotiate the Class Settlement Agreement or continue with litigation would result in significantly higher attorneys' fees and other expenses.  The Class Settlement Agreement offers an amount comparable to similar class actions and resolves the action quickly and effectively in accordance with the Class's interests.

The Class Settlement Agreement offers an efficient and reliable means of ensuring that Class members receive a fair amount for the alleged injury suffered.  All possible claimants will submit a Proof of Claim that will be approved by a Claims Administrator, overseen by Lead Counsel.  (Class Settlement Agreement, ECF No. 415-1 at 37-38.)  The Class Settlement Fund will then be divided pro rata as determined by the Claims

Administrator.   (Id. at 37.)   The Proposed Settlement falls within the range of possible approval.

### C. Adequacy of Notice of Proposed Settlement

Rule 23(b)(3) provides for what is sometimes called an "opt out" class because of the special requirements of Rule 23(c)(2) that all potential class members be provided reasonable notice and the opportunity to decline to participate.  Coleman v. Gen. Motors Acceptance Corp., 296 F.3d 443, 448 (6th Cir. 2002) (citing Fed. R. Civ. P. 23(c)(2)).  The additional requirements of notice and the opportunity to opt out are necessary because claims for money damages implicate individual interests that are necessarily heterogeneous.  Id. at 448.  The class treatment of claims for money damages also implicates the Seventh Amendment and due process rights of individual class members.  Id.

When a class is certified under Rule 23(b)(3), the district court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B).  The notice must clearly and concisely state in plain, easily understood language:

   (i)    the nature of the action;

   (ii)   the definition of the class certified;

   (iii)  the class claims, issues, or defenses;

     (iv)    that a class member may enter an appearance
            through an attorney if the member so desires;

     (v)     that the court will exclude from the class any
            member who requests exclusion;

     (vi)    the time and manner for requesting exclusion;
            and

     (vii)   the binding effect of a class judgment on
            members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

In private securities litigation, the PSLRA requires that
the Notice contain a cover page summarizing the following:

> (i) the amount of proposed settlement both in the aggregate and on an average per share basis; (ii) a joint statement or, if necessary, separate statements setting forth plaintiffs' and defendants' view on the average amount of damages per share that would be recoverable if the plaintiffs prevailed on each claim alleged; (iii) a statement indicating which parties or counsel intend to seek an award of attorneys' fees and costs, the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought; (iv) the name, telephone number and address of class counsel designated to answer any questions from class members concerning the proposed settlement; and (v) a brief statement explaining the reasons why the parties are proposing the settlement, and any other information required to be disclosed in the supervising court's discretion.

2 McLaughlin on Class Actions ("McLaughlin") § 6:17 (11th ed.);
15 U.S.C.A. §§ 77z-1(a)(7); 78u-4(a)(7).

The Notice is substantively adequate pursuant to Rule 23.
It will be directly mailed.  It clearly states what the action
is about and its procedural history.  (Notice, ECF No. 415-1 at

85-89.)   The beginning of the Notice states who is entitled to possible payment as a result of the settlement.  (Id. at 80.) It states that information in bold type on the first page. (Id.)  It includes a schedule of each step of the process to claim part of the Class Settlement Fund and lists the Class members' rights as to the Class Settlement Agreement.  (Id. at 81-82.)  It identifies the time and manner for requesting exclusion.  (Id.)  It lists contact information for Class Members to obtain further information about the action.  (Id. at 84.)  It explains how to file a claim to share in the Class Settlement Fund.  (Id. at 93.)  All information is presented in an easy-to-read manner with section headings such as "Why did I get this Notice," "How do I opt out of the proposed Settlement Class," and "How do I know if I am part of the Settlement." (Id. at 89-107.)

The Notice is accompanied by instructions on how to complete the Proof of Claim and Release Form (the "Proof of Claim").  (Id. at 116-24.)  The Proof of Claim is direct and easy to fill out.  It provides the Claim Administrator's contact information for Class member in need of assistance.  (Id. at 116.)

The Open-End Funds will provide or cause to be provided to Lead Counsel the names and addresses of people satisfying the

requirements of the Class.  (Class Settlement Agreement, ECF No. 415-1 at 29-30.)

The parties have agreed to supplement the direct mailing with the Summary Notice.  (Id. at 24.)  The parties commit to publish the Summary Notice in Investor's Business Daily and to transmit it over PR Newswire.  (Motion, ECF No. 415 at 4.)  The Summary Notice states the nature of the action; the Class's definition; the time and manner of opting-out, submitting claims, and objecting to the Settlement; the binding effect of a judgment on Class members; and contact information for inquiries.  (Summary Notice, ECF No. 415-1 at 126-28.)  It provides information about how to obtain a copy of the Notice if a Class member does not already have one.  (Id. at 127.)

On the submitted copy of the Notice, the dollar amount of the litigation expenses to be requested, the total percentage of the Class Settlement Fund to be paid to cover attorneys' fees and litigation expenses, and the percentage of the aggregate loss of all Class members entitled to be recovered by Funds Shareholders are left blank.  (Notice, ECF No. 415-1 at 82-84.) The Notice is otherwise adequate pursuant to the PLSRA.  The Notice contains a cover page that summarizes the amount of the proposed settlement to the best of the Parties' ability, the intent to seek an award of attorneys' fees and costs, contact information for Lead Counsel if Class members wish to make

further inquiries, and the reasons the Parties are proposing the settlement. (Id.)

For purposes of a Preliminary Approval Order, minor deviations from the PLSRA requirements, including the lack of exact numerical values, "do[] not justify upsetting the notice procedure used" as long as the Class will receive sufficient, comprehensive notice such that members can intelligently evaluate the proposed settlement. In re Independent Energy Holdings PLC Securities Litig., 302 F. Supp. 2d 180, 184 (S.D.N.Y. 2003) (citing S. Rep. No. 104-98 at 12 (1995)). The amount of fees and costs to be sought need not be stated as a numerical value as long as the Class receives notice that an amount will be requested. In re AT&T Mobility Wireless Data Services Sales Tax Litig., 789 F. Supp. 2d 935, 973 (N.D. Ill. 2011) (citing In re Mut. Funds Inv. Litig., Nos. 04-MD-15863, 04-CV-560, 2010 WL 4780244 at *2 (D. Md. Nov. 15, 2010)). The Notice is otherwise highly detailed and explains to the best of the Parties' abilities the information known about the total settlement amount and the fees and expenses to be requested. There is sufficient information available in the Notice to allow Class members to evaluate the Class Settlement Agreement intelligently. The Notice provides Class members with contact information for Lead Counsel should Class members wish to inquire further.

31

The Notice, Proof of Claim, and the Summary Notice adequately apprise the Class members of the Class Settlement Agreement and afford them the opportunity to make informed decisions. The Notice and Proof of Claim must be sent by March 7, 2016 (the "Notice Date").

**D. Preliminary Hearing on the Motion**

The Parties request a hearing on the Motion pursuant to Fed. R. Civ. P. 16(a)(5). (Motion for Preliminary Hearing, ECF No. 417.) Because the applicable inquiry supports granting the Motion, the Motion for Preliminary Hearing is DENIED as moot.

**E. Final Approval Hearing**

The Court will hold the Final Approval Hearing on <u>May 27, 2016</u>, at <u>9:00 a.m. (Central Time Zone)</u>, at <u>Clifford Davis / Odell Horton Federal Building, 167 N. Main Street, 11th Floor, Courtroom #2, Memphis, TN 38103</u>, in the manner set forth in the Notice.

**V.   Conclusion**

For the foregoing reasons, the Motion is GRANTED.

1.   The Settlement is conditionally APPROVED as fair, reasonable, and adequate to all members of the Class, subject to further consideration at the Final Approval Hearing.

2.   The Motion for Preliminary Hearing is DENIED as moot.

3.    The Parties are DIRECTED to provide notice of the proposed Settlement to the Class as provided in this Preliminary Approval Order and the Class Settlement Agreement.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally CERTIFIES the following Class for purposes of this Settlement only and subject to further consideration at the Final Approval Hearing:

> All persons who (1) purchased any class of redeemable shares of STF, IBF, or HIF at any time during the period from December 6, 2004, through December 6, 2007, inclusive; or (2) held and/or redeemed on or after July 3, 2006, through the end of the Settlement Class Period (December 6, 2004, through May 29, 2009) shares of STF, IBF, or HIF and were damaged thereby, with the exceptions as listed above in Section I., supra at 5 n.5.

5.    The Court preliminarily FINDS, solely for purposes of the Settlement, that: (a) the Class is so numerous that joinder of all Class members in the action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the action.

6.   Lead Plaintiffs Cashdollar, Dajalis, J. Landers, A. Landers, and Tutor are conditionally APPROVED as representatives of the Class.

7.   Lockridge is APPROVED as Class Counsel, and the Court finds that Class Counsel has and will fairly and adequately protect the interests of the Class.

8.   The Court FINDS and APPROVES the Notice, Proof of Claim, and Summary Notice in substantially the forms annexed as Exhibits A-1;A-2;A-3 to the Class Settlement Agreement, and FINDS that the mailing and distribution of the Notice and Proof of Claim and publishing of the Summary Notice, as set forth herein, meets the requirements of Rule 23, due process, and 15 U.S.C. §§ 77z-1(a)(7); 78u-4(a)(7).

9.   The Court appoints The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of the claims, as more fully set forth below and as set forth in the Class Settlement Agreement:

(a)   Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibit A-1;A-2 to the Settlement, be mailed, by first-class mail, postage prepaid, to all Class members who can be identified with reasonable effort within ninety (90) calendar days after entry of this Order.  Within thirty (30) calendar

34

days after entry of this Order, Morgan Keegan and the Open-End
Funds, to the extent they have not already done so, shall
provide or cause to be provided to Lead Counsel and Claims
Administrator, at no cost to the Class, the information that
Morgan Keegan  and the Open-End Funds have agreed to provide
pursuant to paragraphs 8(a)-(c) of the Class Settlement
Agreement, including information about Excluded Persons, those
Persons who purchased and/or held shares of the Open-End Funds
during the Settlement Class Period, and the amount of the
distributions from the States' settlement fund and the SEC Fair
Fund.

(b)  The Claims Administrator shall use reasonable
efforts to give notice to nominee purchasers such as brokerage
firms and other persons or entities who purchased or otherwise
acquired the shares of the Open-End Funds during the Settlement
Class Period as record owners but not as beneficial owners.
Such nominee purchasers are directed, within seven (7) calendar
days of their receipt of the Notice, to (i) provide the Claims
Administrator with lists of the names and last known addresses
of the beneficial owners, and the Claims Administrator is
ordered to send the Notice and Proof of Claim promptly to such
identified beneficial owners by first-class mail, or (ii)
request additional copies of the Notice and Proof of Claim, and
within seven (7) calendar days of receipt of such copies send

35

them by first-class mail directly to the beneficial owners.
Nominee purchasers who elect to send the Notice and Proof of
Claim to their beneficial owners shall also send a statement to
the Claims Administrator confirming that the mailing has been
made as directed.  Additional copies of the Notice shall be made
available to any record holder requesting them for the purpose
of distribution to beneficial owners, and such record holders
shall be reimbursed from the Settlement Fund, after receipt by
the Claims Administrator of proper documentation, for their
reasonable expenses actually incurred in sending the Notices and
Proofs of Claim to beneficial owners.

10.  No later than fourteen (14) calendar days after entry
of this Order, the Claims Administrator shall cause the Summary
Notice, annexed as Exhibit A-3, to be published once in the
national edition of Investor's Business Daily, and over the PR
Newswire.

11.  No later than fifteen (15) business days after entry
of this Order, Claims Administrator shall cause the Class
Settlement Agreement and its Exhibits and a copy of the Notice
to be posted on the settlement website, which shall be created
and maintained by Claims Administrator or Lead Counsel.

12.  No later than seven (7) calendar days before the Final
Approval Hearing, Lead Counsel shall file with the Court and

serve on Defendants' counsel proof of the mailing, publishing, and posting as set forth above.

13. No later than seven (7) calendar days before the Final Approval Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration from the Claims Administrator, of the date and service upon the appropriate official(s) of the notice(s) set forth in 28 U.S.C. § 1715(b). This Court will not issue any final approval of the Class Settlement or enter the Judgment as provided in the Class Settlement Agreement until such proof has been filed with the Court, and in no event earlier than ninety (90) days after the date on which the appropriate official was served with the 28 U.S.C. § 1715(b) notice. Other than the notice(s) under 28 U.S.C. § 1715(b) and the provision of names and addresses, pursuant to paragraph 8 of the Class Settlement Agreement, Defendants are not obligated to bear any cost associated with mailing and publishing any notice as set forth above.

14. The information to be produced pursuant to paragraph 8 of the Class Settlement Agreement constitutes confidential and privacy protected business and personal information, and shall be treated as confidential by the Claims Administrator, Lead Counsel, and Funds' Counsel. As the Parties agreed to in the Class Settlement Agreement, the Claims Administrator, Lead

Counsel, and Funds' Counsel shall use this information solely for the purposes of providing notice, administering Proofs of Claim or requests for exclusion, communicating with members of the Class, responding to Excluded Persons, or otherwise administering the proposed Settlement pursuant to the Class Settlement Agreement and the Orders of the Court, and shall not disclose the information to anyone (other than the Class Member whose information is at issue) absent express authorization from the Court.

15. Unless otherwise ordered by the Court, all Class members (other than those persons or entities who shall timely and validly request exclusion from the Class) shall be bound by all determinations and judgments in the Class Action Lawsuit about the Class Settlement, whether favorable or unfavorable to the Class.

16. Class Members are hereby provided an opportunity to be excluded from the Class. The Parties have entered into a confidential supplemental agreement, which has been incorporated by reference into the Class Settlement Agreement, that provides that RFC and PwC shall each have the option to terminate the Settlement on behalf of all Defendants and render the Settlement null and void in the event that requests for exclusion from the Class exceed certain agreed-upon criteria.

17.  A Class member wishing to make an exclusion request shall mail a written request to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days before the Final Approval Hearing.  The request for exclusion must state the name, address, and telephone number of the person or entity seeking exclusion, that the person requests exclusion from the class "In re Regions Morgan Keegan Open-End Mutual Fund Litigation, Case No. 2:07-cv-02784-SHM-dkv," and must be signed and dated by such person.  Each person requesting exclusion is also directed to state: the date of each purchase or acquisition of Open-End Fund shares during the period from December 6, 2004, through May 29, 2009, inclusive; the number of shares purchased or acquired in each transaction; and the date(s) of each sale or redemption of said shares.  The request for exclusion shall not be effective unless it provides all the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court or allowed by Lead Counsel and counsel for the Morgan Keegan Defendants, RFC, and PwC.

18.  Class Members who timely and validly request exclusion from the Class as set forth shall not be eligible to receive any payment out of the Net Class Settlement Fund as described in the Class Settlement Agreement, unless otherwise ordered by the Court.

19.  To be eligible to receive a distribution from the Net Class Settlement Fund, in the event the Class Settlement is effected in accordance with the terms and conditions set forth in the Class Settlement Agreement, each Class member shall take the following actions and be subject to the following conditions:

(a)  A properly executed Proof of Claim, substantially in the form annexed as Exhibit A-2 to the Class Settlement Agreement, is received at the address indicated in the Notice, postmarked no later than one hundred fifty (150) calendar days from the Notice Date, unless that deadline is extended by order of the Court or Lead Counsel.  Each Proof of Claim shall be deemed to have been submitted when mailed (if received with a postmark and if mailed by first-class or overnight U.S. Mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion requesting Court approval of the distribution of the Net Class Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Class member who fails to submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Class Settlement Fund, unless otherwise ordered by the Court, but shall remain

bound by all determinations and judgments in this Class Action concerning the Settlement.

(b)  The Proof of Claim submitted by each Class member must satisfy the following conditions, unless otherwise ordered by the Court or specified in the instructions in the Proof of Claim: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class member must be included in the Proof of Claim; and (iii) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)  As part of the Proof of Claim, each Class member shall submit to the jurisdiction of the Court with respect to the claim submitted.

20.  Any member of the Class may enter an appearance in the Class Action Lawsuit at his, her, or its own expense, by appearing individually or through counsel of his, her, or its own choice. If a Class member does not enter an appearance, Lead Counsel will represent that member.

21.  Any member of the Class may appear at the Final Approval Hearing (other than those Persons or entities who

timely and validly request exclusion from the Class) and show cause as to why: (i) the proposed settlement of the Class Action Lawsuit should or should not be approved as fair, reasonable, and adequate; (ii) why a judgment should or should not be entered thereon; (iii) why the Plan of Allocation should or should not be approved; or (iv) why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Class Settlement, or the judgment to be entered thereon approving the same, or the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that person or entity has filed with the Clerk of the United States District Court for the Western District of Tennessee a written objection, papers, and briefs that comply with the requirements set forth in the Notice and has delivered by hand or sent by mail to the parties named below the written objection, papers, and briefs filed with the Court such that the papers are received by the Court and the parties no later than twenty-one (21) calendar days before the Final Approval Hearing:

**COURT:**

Clerk of the Court
United States District Court for the Western District of Tennessee
Clifford Davis/Odell Horton Federal Building
167 North Main Street, Room 242

Memphis, TN 38103

**LEAD COUNSEL:**

Richard A. Lockridge, Esq.
Vernon J. Vander Weide, Esq.
Gregg M. Fisbein, Esq.
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Minneapolis, MN 55401

**ATTORNEYS FOR REGIONS FINANCIAL CORPORATION, REGIONS BANK & MORGAN ASSET MANAGEMENT, INC.:**

Peter S. Fruin, Esq.
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, AL 35203

**ATTORNEYS FOR THE MORGAN KEEGAN DEFENDANTS:**

Britt K. Latham, Esq.
BASS BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN  37201

**ATTORNEYS FOR CARTER E. ANTHONY:**

R. Hal Meeks, Jr.
JAMES, BATES, BRANNAN & GROOVER LLP
3399 Peachtree Rd. NE, Suite 1700
Atlanta, GA 30326

**ATTORNEYS FOR JACK R. BLAIR, ALBERT C. JOHNSON, JAMES STILLMAN R. MCFADDEN, WILLIAM JEFFERIES MANN, W. RANDALL PITTMAN, MARY S. STONE, AND ARCHIE W. WILLIS, III:**

Jeffrey B. Maletta
K&L GATES LLP
1601 K. Street NW
Washington, DC 20006

**ATTORNEYS FOR ALLEN B. MORGAN, JR., J. KENNETH ALDERMAN, BRIAN B. SULLIVAN, JOSEPH C. WELLER, JAMES C. KELSOE, JR., J. THOMPSON WELLER, MICHELLE F. WOOD, DAVID TANNEHILL, G. DOUGLAS EDWARDS, CHARLES D. MAXWELL, DAVID M. GEORGE, AND THOMAS R. GAMBLE:**

S. Lawrence Polk, Esq.

SUTHERLAND ASBILL & BRENNAN, LLP
999 Peachtree Street, N.E.
Atlanta, GA 30309

**ATTORNEYS FOR PRICEWATERHOUSECOOPERS LLP:**

Timothy A. Duffy, Esq.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

**ATTORNEYS FOR THE OPEN-END FUNDS:**

Kevin C. Logue, Esq.
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022

Any member of the Class who does not object in the manner provided in this Order and in the Notice shall be deemed to have waived objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Class Settlement as set forth in the Class Settlement Agreement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

22. Attendance at the Final Approval Hearing by Class members is not necessary; however persons wishing to be heard orally in opposition to the approval of the Class Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses to Lead Counsel are required to state in their written objection filed with the Court that they intend to appear at the Final Approval Hearing, as set

forth in the Notice.   Persons who intend to object to the Class Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses to Lead Counsel and desire to present evidence at the Final Approval Hearing must include in their written objections filed with the Court the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing, and they must comply with the requirements in the Notice.   Class members who approve of the Class Settlement do not need to appear at the hearing or take any other action to indicate their approval.

23.   The passage of title and ownership of the Class Settlement Amount to the Escrow Agent in accordance with the terms and obligations of the Class Settlement Agreement is approved.   No person shall have any right to any portion of, or to any distribution of, the Class Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Class Settlement Agreement.

24.   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Class Settlement Agreement and/or further order of the Court.

25.   The administration of the proposed Class Settlement and the determination of all disputed questions of law and fact as to the validity of any claim or right of any person or entity to participate in the distribution of the Net Class Settlement Fund shall be under the authority of the Court.

26.   All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses, shall be filed and served not later than thirty-five (35) calendar days before the Final Approval Hearing.   Any reply papers in further support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses, shall be filed and served not later than ten (10) calendar days before the Final Approval Hearing.

27.   Neither the Defendants nor the Released Defendant Parties shall have any responsibility or liability for reviewing or challenging claims, the Plan of Allocation, the distribution of the Net Class Settlement Fund, or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and those matters will be considered separately from the fairness, reasonableness, and adequacy of the Class Settlement and will not affect any ruling on the approval of the Class Settlement or the effectiveness or finality of the Class Settlement.

28.  At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed in the Class Settlement Agreement and any application for attorneys' fees or reimbursement of expenses by Lead Counsel shall be approved.

29.  If the Class Settlement is terminated or fails to become effective for any reason, any portion of the Class Settlement Amount previously paid on behalf of or by Defendants, together with any earnings thereon, less any taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount shall be returned to the entities that made the payment(s) within ten (10) business days after written notification of the termination or failure. In such event, at the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after deduction of any fees or expenses incurred in the application(s), for refund to the applicable funder or as otherwise directed.

30.  This Preliminary Approval Order, the Class Settlement Agreement and its terms, the negotiations leading up to the Class Settlement Agreement, the fact of the Settlement and the proceedings taken pursuant to the Class Settlement, shall not: (1) be construed as an admission of liability or an admission of

any claim or defense on the part of any party, in any respect; (2) form the basis for any claim of estoppel by any third party against any of the Released Defendant Parties; or (3) be admissible in any action, suit, proceeding, or investigation as evidence, or as an admission, of any wrongdoing or liability whatsoever by any of the Released Defendant Parties or as evidence of the truth of any of the claims or allegations contained in any complaint filed in the Class Action Lawsuit or deemed to be evidence of or an admission or concession that Plaintiffs or any Class members have suffered any damages, harm, or loss.   Neither the Preliminary Approval Order, any Final Judgment, or Final Alternative Judgment, or the Class Settlement Agreement, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any action taken to carry out this Preliminary Approval Order, any Final Judgment or Final Alternative Judgment, or the Class Settlement Agreement by any of the Parties shall be offered into evidence, or received in evidence in any pending or future civil, criminal, or administrative action, arbitration, or proceeding, except: in a proceeding to enforce this Preliminary Approval Order, any Final Judgment, or Final Alternative Order, or the Class Settlement Agreement, or to enforce any insurance rights; to defend against the assertion of Released Claims (including to support a defense or counterclaim based on principles of res

judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction); or by Lead Counsel to demonstrate its adequacy to serve as class counsel pursuant to Federal Rule of Civil Procedure 23(g) (or its state law analogs); subject to the prohibited purposes identified in Paragraph 46 (a)-(e) of the Class Settlement Agreement and in (1)-(3) of this Paragraph, or as otherwise required by law.

31. Pending final determination by the Court as to whether the Class Settlement, as set forth in the Class Settlement Agreement, is fair, reasonable, and adequate and should be finally approved and whether the Judgment dismissing the Class Action with prejudice should be approved, no Class member shall commence or prosecute against any of the Defendants or Released Defendant Parties any of the Released Claims in this Class Action, or in any other proceeding or forum. This injunction is necessary to protect and effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

32. Pending the Final Approval Hearing, the Court stays all proceedings in the Class Action, other than the proceedings necessary to carry out or enforce the terms and conditions of the Class Settlement Agreement.

33. If the Class Settlement does not become effective in accordance with the terms of the Class Settlement Agreement or

the Effective Date does not occur, or if the Class Settlement Fund, or any portion thereof, is returned to the Defendants, this Order shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection with this Order shall be null and void.

34. The Court expressly reserves the right to adjourn the Final Approval Hearing without further notice to members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the Class Settlement Agreement. The Court may approve the Class Settlement Agreement and/or the Plan of Allocation, with modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

35. The Final Approval Hearing shall be held before the undersigned at 9:00 a.m. on Friday, May 27, 2016, in Courtroom 2, at the United States District Court for the Western District of Tennessee, 167 North Main Street, Memphis, Tennessee 38103, to consider whether:

> (a) the proposed Settlement on the terms and conditions provided in the Class Settlement Agreement is fair, reasonable and adequate, and should be approved by the Court;

> (b) to finally certify a settlement class;

(c) the Order and Final Judgment annexed as Exhibit B to the Settlement, should be entered;

(d) the proposed Plan of Allocation for the Class Settlement Fund, annexed as part of Exhibit A-1 to the Settlement, is fair and reasonable and should be approved by the Court;

(e) the amount of attorneys' fees and expenses that should be awarded to Lead Counsel; and

(f) to rule on such other matters as the Court may deem appropriate.

36. Class Counsel shall submit its filings in support of final approval of the Settlement, the Plan of Allocation, the request for an award of attorneys' fees and expenses no later than thirty-five (35) calendar days before the Final Approval Hearing.

So ordered this <u>30th</u> day of November, 2015.

<u>s/ Samuel H. Mays, Jr.</u>
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE